UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiffs,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

CLASS REPRESENTATION

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Erik Chavez, individually and on behalf of others similarly situated, sues Defendants, **Grill Enterprises, LLC**, a Florida limited liability company d/b/a "Los Parrilleros" and "Parrilleros Tavern", and; **Ruben Sierra,** individually, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover damages for unpaid wages, minimum wages, liquidated damages, and other relief brought under the laws of the United States of America and under Florida common law and statutes, including §448, Florida Statutes. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., §§201-219 ("FLSA"), §448, Florida Statutes, and § 24, Art. X of the Florida Constitution.

2. Plaintiff Erik Chavez is a resident of Miami-Dade County, Florida.

3. Defendant Grill Enterprises, LLC is a Florida limited liability company d/b/a "Los Parrilleros" and "Parrilleros Tavern", which is in the business of operating at least one restaurant and tavern.

4. Defendant Rueben Sierra is an individual who, together with other insiders, directly or indirectly, owns and operates Defendant Grill Enterprises, LLC under the monikers "Los Parrilleros" and "Parrilleros Tavern" as a restaurant and bar, and as part of a conglomerate of other related entities and persons.

5. Among the restaurants and bars operated by the Defendants is one located in Doral, Miami-Dade County, Florida, within the jurisdiction of this Court.

6. The Plaintiff worked as a waiter at the Doral restaurant owned and operated by the Defendants in Miami-Dade County from 2013 through June 2, 2020. He brings this action individually and on behalf of others similarly situated to recover from the Employer unpaid wages, minimum wages, liquidated damages, other relief, including compensatory damages, and attorney's fees and costs.

7. Defendants, individually and together as group, are a "person" and "employer" within the meanings provided by 29 U.S.C. §203(a) and (d). Defendants are referred to herein jointly as "Employer". Moreover, this same "Employer", individually and together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r) and (s). Further, in the course of employment with this Employer, Plaintiff Chavez, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was and were individually engaged in commerce because they were employed in a manner which required that they regularly use the implements of interstate commerce and directly interacted and served customers of the restaurant who traveled from other states and countries, and also by nature of the work Plaintiffs performed.

Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

8. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., Sections 203(r) and 203(s).

9. Federal jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, 1367 and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports goods and services in Florida to customers from all over the world.

## ATTORNEY'S FEES

10. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay a reasonable attorney's fee and costs related to their professional services.

## ENTITLEMENT TO ATTORNEY'S FEES

11. Plaintiff is entitled to an award of attorney's fees if he is the prevailing party in this action pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219 and other related authority, including §§448.08, 448.104 Florida Statutes.

## – COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Minimum Wages)

Plaintiff Erik Chavez, and others similarly situated, realleges paragraphs 1 through 11 as though fully set forth herein.

12. The Employer is a conglomerate of related persons or entities engaged in the business of operating at least one restaurant and tavern.

13. At all times during his employment, Plaintiff Chavez, and others similarly situated, were hourly wage wait staff employees required to be paid a minimum hourly wage for all work performed for the Employer.

14. During his employment with Defendants, the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to timely pay Plaintiff, and those similarly situated, at least the highest applicable minimum hourly rate during respective pay periods.

15. The Employer purported to pay Plaintiff, and those similarly situated, at a reduced wage rate of pay even though there is no applicable exception to the requirement that said Plaintiff or plaintiffs be paid at least the highest applicable minimum wage rate of pay. However, the Employer failed to actually pay Plaintiff at all, and rather let all of his compensation come from "tips" paid to Plaintiff by customers of the restaurant, such that Defendants actually took a "tip credit" against those tips which is greater than the "tip credit" allowed by law.

16. The Employer also failed to timely pay wages to Plaintiff, and those similarly situated, at the regularly scheduled pay date when those wages were earned.

17. The Employer is not entitled to any so-called "tip credit" toward the applicable minimum wage rate of pay and has actually paid less than required by law as the result of among other factors, the following: (a) Plaintiff and others similarly situated are not "tipped employees" within the meaning of the FLSA §3(m); (b) Plaintiffs and others similarly situated were not properly advised of any intention by the employer to take a "tip credit" toward the obligation to pay at least applicable minimum wage rate of pay, nor were they advised of the amount of such credit; (c) Defendant took a "tip credit" in excess actual tips received and kept by Plaintiff; (d) Defendant took a tip credit greater than permitted by law and regulations, including 29 CFR §531.59; (e) Defendants took a "tip credit" from revenues which are not "tips"; (f) took a "tip

4

credit" through an invalid tip pool which requires the sharing of tips with non-tipped employees, including "contractors" who are not employees at all; (g) taking possession of Plaintiff's tips without also taking a "tip credit"; (h) taking retroactive "tip credits"; (i) the Employer failed to timely disburse minimum wage during the applicable pay day for the corresponding pay period, and (j) requiring unlawful kick-backs to the Employer by requiring Plaintiff to use tips to pay operating costs of the employer.

18. At all times material to this action, the Employer failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R., §§516.2, 516.4, 516.28 *et seq.,* and §§531.35 and 531.50 *et seq.* and other applicable authority in that Plaintiff and those similarly situated performed services for the benefit of the Defendant for which they were paid well below the minimum wage rates required by both federal law, and under applicable Florida law and Florida Constitution (including §448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution.), whose occasionally higher minimum wage rates are made applicable under the FLSA.

19. Others who are similarly situated as the Plaintiff, also provided labor as hourly-rate wait staff employees and were also systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

20. The Employer knowingly and wilfully and/or with a reckless disregard of the provisions of the FLSA, failed to comply the applicable minimum wage provisions, and remains owing Plaintiff and other similarly situated employees a minimum wage for at least the extended three year period preceding this lawsuit.

WHEREFORE, Plaintiff and others similarly situated request damages equal to all unpaid minimum wages, liquidated damages in an amount equal to unpaid wages, together with reasonable attorney's fees and costs, to be proven at the time of trial.

## – COUNT II –
## BREACH OF AGREEMENT TO PAY WAGES AND FOR UNPAID WAGES

Plaintiff realleges ¶¶ 1 through 11 as though fully set forth herein.

21. At all times during their employment, the Plaintiff, and others similarly situated, were employees whom the Employer agreed to pay wages and commissions.

22. Plaintiff has satisfied any condition precedent to filing this action, if any.

23. The Employer breached the agreement by failing to pay the highest applicable minimum hourly wages, as agreed and required by law, including §448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution.

24. The Employer breached the agreement to pay wages by failing to pay all wages and commissions earned and due to be paid at the time his employment ended on June 2, 2020.

WHEREFORE, Plaintiff demands the following: payment of all accrued unpaid wages and commissions, in an amount to be proven at the time of trial; liquidated damages, accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## JURY DEMAND

Plaintiff, and those similarly situated, demand trial by jury of all issues, claims and defenses that are triable as of right by a jury.

Dated: June 23, 2020.

Anthony F. Sanchez, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:   305-328-4842
Email:   afs@laborlawfla.com

By:  /s/ Anthony F. Sanchez
       Anthony F. Sanchez
       Florida Bar No.0789925