UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-22603-CIV-COOKE/Goodman

| | |
|---|---|
| **Erik Chavez**, individually, and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;<br>**Ruben Sierra,** individually,<br><br>    Defendants. | CLASS REPRESENTATION |

### AMENDED FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Erik Chavez, individually and on behalf of others similarly situated, sues Defendants, **Grill Enterprises, LLC**, a Florida limited liability company d/b/a "Los Parrilleros" and "Parrilleros Tavern", and; **Ruben Sierra,** individually, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover damages for unpaid wages, minimum wages, liquidated damages, and other relief brought under the laws of the United States of America and under Florida common law and statutes. This Court enjoys jurisdiction pursuant to, *inter alia,* 28 U.S.C. §§1331 1337 and 1367; the Fair Labor Standards Act, 29 U.S.C., §§201-219 ("FLSA"), §448, Florida Statutes (the "Florida Minimum Wage Act" or "FMWA"), and § 24, Art. X of the Florida Constitution.

2. Plaintiff Erik Chavez is a resident of Miami-Dade County, Florida.

3. Defendant Grill Enterprises, LLC is a Florida limited liability company d/b/a "Los Parrilleros" and "Parrilleros Tavern", which is in the business of operating at least one restaurant and tavern.

4. Defendant Rueben Sierra is an individual who, together with other insiders, directly or indirectly, owns and operates Defendant Grill Enterprises, LLC under the

monikers "Los Parrilleros" and "Parrilleros Tavern" as a restaurant and bar, and as part of a conglomerate of other related entities and persons.

5. The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports goods and services in Florida to customers from all over the world.

6. Defendants, individually and together as group, are a "person" and "employer" within the meanings provided by 29 U.S.C. §203(a) and (d). Defendants are referred to herein jointly as "Employer". In the course of employment with this Employer, Plaintiff Chavez, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was and were individually engaged in commerce because they were employed in a manner which required that they regularly use the implements of interstate commerce and directly interacted and served customers of the restaurant who traveled from other states and countries, and also by nature of the work Plaintiffs performed.

7. The annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

8. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., Sections 203(r) and 203(s).

## CLASS ALLEGATIONS

9. Among the restaurants and bars operated by the Defendants is one located in Doral, Miami-Dade County, Florida, within the jurisdiction of this Court.

10. The Plaintiff worked as a waiter at the Doral restaurant owned and operated by the Defendants in Miami-Dade County from 2013 through June 2, 2020. He brings this action individually and on behalf of others similarly situated to recover unpaid wages, minimum wages, liquidated damages, and other legal and equitable relief, including attorney's fees and costs.

11. During periods of his employment, the Plaintiff and others similarly situated wait staff received no compensation from the Employer at all, and received all of their compensation by way of gratuities from customers of the Defendants restaurant and bar.

12. During periods of his employment, the Plaintiff and others similarly situated wait staff, were compensated at a reduced hourly wage rate of pay even though there is no applicable exception to the requirement that said Plaintiff or plaintiffs be paid at least the highest applicable minimum wage rate of pay directly from their employer.

13. During periods of Plaintiff's employment, the Employer unlawful took a "tip credit" against gratuities received by Plaintiffs, and/or took a "tip credit" which was greater than the "tip credit" allowed by law, if any.

14. The Employer is not entitled to any so-called "tip credit" toward the applicable minimum wage rate of pay and has actually paid less than required by law as the result of among other factors, the following: (a) Plaintiff and others similarly situated are not "tipped employees" within the meaning of the FLSA §3(m); (b) Plaintiffs and others similarly situated were not properly advised of any intention by the employer to take a "tip credit" toward the obligation to pay at least applicable minimum wage rate of pay, nor were they advised of the amount of such credit; (c) Defendant took a "tip credit" in excess actual tips received and kept by Plaintiff; (d) Defendant took a tip credit greater than permitted by law and regulations, including 29 CFR §531.59; (e) Defendants took a "tip credit" from revenues which are not "tips"; (f) took a "tip credit" through an invalid tip pool which requires the sharing of tips with non-tipped employees, including "contractors" who are not employees at all; (g) taking possession of Plaintiff's tips without also taking a "tip credit"; (h) taking retroactive "tip credits"; (i) the Employer failed to timely disburse minimum wage during the applicable pay day for the corresponding pay period, and (j) requiring unlawful kick-backs to the Employer by requiring Plaintiff to use tips to pay operating costs of the employer.

## ATTORNEY'S FEES

15. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay a reasonable attorney's fee and costs related to their professional services.

## ENTITLEMENT TO ATTORNEY'S FEES

16. Plaintiff is entitled to an award of attorney's fees if he is the prevailing party in this action pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219 and other related authority, including §§448.08, 448.104 Florida Statutes.

## – COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Minimum Wages)

Plaintiff Erik Chavez, and others similarly situated, realleges paragraphs 1 through 16 as though fully set forth herein.

17. The Employer is a conglomerate of related persons or entities engaged in the business of operating at least one restaurant and tavern.

18. At all times during his employment, Plaintiff Chavez, and others similarly situated, were hourly wage wait staff employees required to be paid a minimum hourly wage for all work performed for the Employer.

19. During his employment with Defendants, the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to timely pay Plaintiff, and those similarly situated, at least the highest applicable minimum hourly rate during respective pay periods.

20. The Employer also failed to timely pay wages to Plaintiff, and those similarly situated, on the regularly scheduled pay date when those wages were earned.

21. At all times material to this action, the Employer failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R., §§516.2, 516.4, 516.28 *et seq.,* and §§531.35 and 531.50 *et seq.* and other applicable authority in that Plaintiff and those similarly situated performed services for the benefit of the Defendant for which they were paid well below the minimum wage rates required by both federal law, and under applicable Florida law and Florida Constitution (including §448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution.), whose occasionally higher minimum wage rates are made applicable under the FLSA.

22. Others who are similarly situated as the Plaintiff, also provided labor as hourly-rate wait staff employees and were also systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

23. The Employer knowingly and wilfully and/or with a reckless disregard of the provisions of the FLSA, failed to comply the applicable minimum wage provisions, and remains owing Plaintiff and other similarly situated employees a minimum wage for at least the extended three year period preceding this lawsuit.

WHEREFORE, Plaintiff and others similarly situated request damages equal to all unpaid minimum wages, liquidated damages in an amount equal to unpaid wages, together with reasonable attorney's fees and costs, to be proven at the time of trial.

## -- COUNT II --
## VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### (Failure to Pay Minimum Wages)

Plaintiff adopts the allegations set forth in ¶¶1-16, as though set forth herein.

24. At all times during, the Plaintiff and others similarly situated were required to be paid a minimum hourly wage for every hour worked for the Employer.

25. At all times during their employment, Defendants violated the provisions of §448.110, Florida Statute by failing to timely pay Plaintiff and others similarly situated, anything on the scheduled pay date, and/or ultimately paying them less than the minimum wage rates required under both federal law, and under Florida law and the Florida Constitution.

26. Plaintiff has satisfied any condition precedent to filing this action, if any.

27. The Employer knew or showed a reckless and willful disregard for the provisions of the Florida Minimum Wage Act and the FLSA concerning the timely payment of minimum wages for all hours worked, and accordingly remains owing to the named Plaintiff and other similarly situated employees, unpaid minimum hourly wages for every hour worked during each respective pay period, and liquidated damages based upon the tardy or non-payment of wages due.

WHEREFORE, Plaintiff Jorge Luis del Toro, and others similarly situated demand the following: liquidated damages for the untimely payment of wages after the scheduled paydate; payment of unpaid minimum wages for every hour worked during applicable pay periods, together with reasonable attorney's fees and costs, to be proven at the time of trial. In the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

## – COUNT III –

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Retaliation by Employers)

Plaintiff realleges ¶¶ 1 through 10 and 15-16, as though fully set forth herein.

28.     Plaintiff exercised rights protected under the FLSA by complaining and demanding vindication of his right to payment of a minimum hourly wage for every hour worked.

29.     Shortly after exercising his protected rights under the FLSA, and as a result of the same, Plaintiff suffered adverse employment consequences, including termination.

30.     At all times material to this action, the Employer violated 29 U.S.C. §215(a)(3) in that Defendants retaliated against Plaintiff for asserting rights under the FLSA.

31.     The Employer knew and/or showed a reckless disregard of the provisions of the FLSA concerning the prohibition against retaliation against the assertion of FLSA rights and thus is liable to compensate the Plaintiffs for unpaid wages, compensatory damages, back wages, front wages, liquidated damages, punitive damages and other equitable relief.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demand the following: reinstatement of employment, promotion, lost wages, back pay, front pay, compensatory damages, pre-judgment interest, and punitive damages pursuant to the Fair Labor Standards Act to be proven at the time of trial and for such further relief as may be permitted by the FLSA, together with court costs and attorney's fees.

## JURY DEMAND

32.     Plaintiff, and those similarly situated, demand trial by jury of all issues, claims and defenses that are triable as of right by a jury.

Dated: July 17, 2020.

Anthony F. Sanchez, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:   305-328-4842
Email:   afs@laborlawfla.com

By:  /s/ Anthony F. Sanchez
       Anthony F. Sanchez
       Florida Bar No.0789925

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on July 17, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record and parties listed on the Service List below in the manner indicated therein.

Anthony F. Sanchez, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211
Fax: 305-328-4842
Email: afs@laborlawfla.com

By: /s/ Anthony F. Sanchez
   Anthony F. Sanchez
   Florida Bar No.789925

## SERVICE LIST

| | |
|---|---|
| Anthony F. Sanchez, Esq.<br>Florida Bar No.: 789925<br>Email: afs@laborlawfla.com<br>Email: faz@laborlawfla.com<br>*Counsel for Plaintiff*<br>ANTHONY F. SANCHEZ, P.A.<br>6701 Sunset Drive, Suite 101<br>Miami, Florida 33143<br>Tel: 305-665-9211<br>Fax: 305-328-4842 | Grill Enterprises, LLC c/o<br>Registered Agent Salver & Cook, LLP<br>*Party Defendant*<br>SALVER & COOK, LLP<br>2721 Executive Park Drive, Suite 4<br>Weston, Florida 33331<br>Tel: 954-389-1333<br>Email: cpas@psccpas.com<br>*Via First-Class U.S. Mail and Email*<br><br>Ruben Sierra<br>*Party Defendant*<br>10775 NW 41st Street<br>Doral, Florida 33178<br>*Via First-Class U.S. Mail* |