UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case NO. 20-Civ-22603-COOKE/DAMIAN

**ERIC CHAVEZ and LIONEL DIAZ**,

    Plaintiffs,

vs.

**GRILL ENTERPRISES, LLC and RUBEN SIERRA**,

    Defendants.

_____/

## ORDER ADOPTING AND AFFIRMING REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Report and Recommendation of the Honorable Melissa Damian, U.S. Magistrate Judge (the "Report") (ECF No. 111), regarding Defendants' Renewed Motion for Summary Judgment (ECF No. 95) and Plaintiffs' Renewed Motion for Summary Judgment (ECF No. 100) (collectively, the "Renewed Summary Judgment Motions").

## Background

This case has a bit of a complicated procedural background. Plaintiff Erik Chavez ("Plaintiff Chavez") filed this case on June 23, 2020. *See* ECF No. 1. Plaintiff Chavez brought this action on behalf of himself and those similarly situated. In his initial Complaint, Plaintiff Chavez alleged that Defendant Ruben Sierra "directly or indirectly, owns and operates Defendant Grill Enterprises, LLC under the monikers 'Los Parrilleros' and 'Parrilleros Tavern' as a restaurant and bar, and as part of a conglomerate of other related entities and persons." ECF No. 1, Compl. ¶ 4. Plaintiff Chavez further alleged that he worked as a waiter for Defendants at Defendants' restaurant location in Doral, Florida from 2013 through June 2, 2020. *Id.* at ¶ 6. According to Plaintiff

1

Chavez, during his employment with Defendants, Defendants failed to pay him at least the minimum wage. More specifically, Plaintiff Chavez alleged that Defendants "purported to pay [him], and those similarly situated, at a reduced wage rate of pay even though there is no applicable exception to the requirement that said Plaintiff or plaintiffs be paid at least the highest applicable minimum wage rate of pay. . . . [Defendants] failed to actually pay Plaintiff at all, and rather let all of his compensation come from 'tips' paid to Plaintiff by customers of the restaurant, such that Defendants actually took a 'tip credit' against those tips which is greater than the 'tip credit' allowed by law." *Id.* at ¶ 15. Based upon these allegations, the initial Complaint asserted a claim for violation of the Fair Labor Standards Act ("FLSA") (Count I) and a claim for "breach[] [of] the agreement to pay wages" (Count II). *Id.* at ¶ 24.

Plaintiff served Defendant Grill Enterprises, LLC with the initial Complaint on June 29, 2020 at 10:30 am. ECF No. 10-1. Then, on July 17, 2020, Plaintiff Chavez filed the First Amended Complaint. ECF No. 7, Am. Compl. The gist of the factual allegations in the First Amended Complaint are the same as those asserted in the initial Complaint; however, in addition to the allegations that Defendants failed to properly pay Plaintiff Chavez and those similarly situated the minimum wage, the First Amended Complaint also alleges that "[s]hortly after exercising his protected rights under the FLSA, and as a result of the same, Plaintiff [Chavez] suffered adverse employment consequences, including termination." *Id.* at ¶ 29. Thus, the First Amended Complaint asserts claims for: (1) failure to pay the minimum wage in violation of the FLSA (Count I); (2) failure to pay the minimum wage in violation of the Florida Minimum Wage Act ("FMWA") (Count II); and (3) retaliation in violation of the FLSA (Count III).

On August 4, 2020, the Clerk of Court entered a Clerk's Default against Defendant Grill Enterprises, LLC due to its failure to appear, answer, or otherwise plead to the initial Complaint.

ECF No. 14. On that same date, this Court entered an Order to Show Cause directing Defendant Grill Enterprises, LLC to show cause, by August 11, 2020, why a default judgment should not be entered against it due to its failure to appear, answer or otherwise respond to the initial Complaint within the time required by law. ECF No. 15. Defendant Grill Enterprises, LLC did not file a timely response to the Court's Order to Show Cause. As a consequence, this Court granted Plaintiff Chavez's Motion for Default Judgment (as to the initial Complaint) on August 12, 2020. ECF No. 18. Meanwhile, on August 5, 2020, Plaintiff served Defendant Ruben Sierra with the First Amended Complaint. ECF No. 17. Notably, there is no return of service indicating that Defendant Ruben Sierra was ever served with the initial Complaint.

Then, on August 18, 2020, Defendant Grill Enterprises, LLC filed an answer and affirmative defenses to the First Amended Complaint. ECF No. 22. Thereafter, on August 19, 2020, Defendant Grill Enterprises, LLC filed a Motion to Set Aside the Default Judgment. ECF No. 24. After requiring additional briefing as to Defendant Grill Enterprises, LLC's Motion to Set Aside Default Judgment, the Court, on November 30, 2020, issued an order that set aside the default judgment against Defendant Grill Enterprises, LLC. ECF No. 37, Order Setting Aside Default Judgment. The Court set aside the default judgment as to Defendant Grill Enterprises, LLC to avoid the risk of inconsistent judgments because Defendant Grill Enterprises, LLC and Defendant Ruben Sierra could be held jointly and severally liable in this case, or, at the very least, would likely have closely related defenses. *Id.* at pp. 10-12. That Order also advised Plaintiff Chavez that he could move for entry of default judgment against Defendant Grill Enterprises, LLC for its failure to respond to the claims asserted in the initial Complaint, if appropriate, after the conclusion of this matter on the merits.[1] *See id.*

---

[1] In accordance with Rule 5(a)(2) of the Federal Rules of Civil Procedure, any such motion for default judgment must be confined to the claims and damages alleged in the initial Complaint. Pursuant to Rule 5(a)(2) no service

On December 9, 2020, Leonel Diaz filed a consent to join as an opt-in Plaintiff in this action. ECF No. 39. Then, on August 23, 2021, Defendants moved for summary judgment on all Counts of the First Amended Complaint. *See* ECF No. 64, Defs.' Mot. Summ. J. Likewise, on that same date, Plaintiffs moved for summary judgment. *See* ECF No. 69, Pls.' Mot. Summ. J. After considering both of those motions, on January 31, 2022, the Court denied both motions without prejudice. *See* ECF No. 94. The Court denied Plaintiffs' Motion for Summary Judgment without prejudice because it found that Plaintiffs failed to adduce evidence demonstrating that Defendants were covered employers under the FLSA and FMWA. *See* ECF No. 94, Order Denying Mot. for Summ. J. at p. 16. Similarly, the Court denied Defendants' Motion for Summary Judgment without prejudice because that motion failed altogether to even address coverage under the FLSA and FMWA. *See id.* That Order also directed Defendants and Plaintiffs to file renewed motions for summary judgment, on or before February 11, 2022, that addressed: coverage under the FLSA and FMWA, whether Defendant was entitled to summary judgment on Chavez's retaliation claim, and whether Defendants failed to pay Plaintiffs the minimum wage in accordance with the FLSA and FMWA. *Id.*

Plaintiffs and Defendants timely filed their Renewed Motions for Summary Judgment on February 11, 2022. *See* ECF No. 95 and 100. On February 24, 2022, the Court referred the Parties'

---

of a pleading filed after the original complaint is required on a party who is in default for failing to appear, unless the pleading asserts a new claim for relief. Fed. R. Civ. P. 5(a)(2). *See also Progressive Express Insurance Co. v. Faura*, 18-22116-CIV, 2019 WL 10092521, at *2 (S.D. Fla. Feb. 4, 2019). If the pleading asserts a new claim against a party that is in default, then service must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 5(a)(2). Here, because the First Amended Complaint includes a claim for retaliation (against both Defendants) that was not asserted in the initial Complaint, that amended pleading was required to be served on Defendant Grill Enterprises, LLC in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff Chavez, however, "served" the First Amended Complaint on Defendant Grill Enterprises, LLC via email and U.S. Mail. ECF No. 7 at p. 7. Notably, email and U.S. Mail are not authorized methods for serving a domestic corporate entity under Rule 4; as a result, service of the First Amended Complaint as to Defendant Grill Enterprises, LLC was improper. Therefore, any default judgment that may be entered against Defendant Grill Enterprises, LLC must be predicated only upon the claims asserted against it in the properly served initial Complaint.

Renewed Motions for Summary Judgment to U.S. Magistrate Judge Melissa Damian for a report and recommendation.

## Discussion

In their Renewed Motion for Summary Judgment, Plaintiffs argued: 1) both Defendants Grill Enterprises, LLC and Ruben Sierra are employers for purposes of the FLSA and the FMWA; and 2) Defendants failed to pay Plaintiffs the minimum wage in accordance with the FLSA and the FMWA. *See* ECF No. 100, Pls.' Mot. Summ. J. Meanwhile, in their Renewed Motion for Summary Judgment, Defendants argued: 1) Plaintiffs cannot establish enterprise coverage for purposes of their FLSA claims; 2) Plaintiff Leonel Diaz could not opt-in to Plaintiff Chavez's FMWA claim because there is no lawful mechanism to do so; 3) Defendants properly paid Plaintiffs all wages due in accordance with the FLSA and FMWA; and 4) Defendants did not retaliate against Plaintiff Chavez. *See* ECF No. 95, Defs.' Mot. Summ. J.

In her very thorough fifty-two page Report, Judge Damian recommends that this Court grant in part and deny in part the Parties' Renewed Summary Judgment Motions. More specifically, with respect to Plaintiffs' Renewed Motion for Summary Judgment, Judge Damian recommends that the Court grant Plaintiffs summary judgment on the issue of enterprise coverage under the FLSA (and, thereby, the FMWA[2]); deny Plaintiffs' request for summary judgment on the issue of whether Defendant Ruben Sierra is an FLSA employer; and deny

---

[2] "To prevail on a claim brought under the FMWA, a plaintiff must establish the same three elements needed to prevail under the FLSA, 29 U.S.C. § 206(a)(1)(C): that the plaintiff was employed by an employer covered by the FLSA during the pertinent time period; that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by the law." *Li v. Roger Holler Chevrolet Co.*, No. 6:19-CV-1249-GAP-EJK, 2021 WL 4935673, at *2 (M.D. Fla. May 5, 2021) (citing *Chuy v. Hilton Mgmt. LLC*, No. 6:10–cv–178, 2010 WL 1854120, at *2 (M.D. Fla. May 10, 2010)); *see also Wells v. Armored Holdings, Corp.*, No. 8:17-CV-779-T-30AEP, 2017 WL 3088115, at *1 (M.D. Fla. July 20, 2017) ("To benefit from the FLSA and FMWA, an employee must demonstrate either that he is covered individually or his employer is covered as an enterprise under the FLSA.") (citations omitted)).

Plaintiffs' request for summary judgment on their minimum wage claims. Additionally, Judge Damian recommends that the Court grant Defendants' Renewed Motion for Summary Judgment as to Plaintiff Chavez's retaliation claim but deny Defendants' request for summary judgment as to Plaintiffs' minimum wage claims. Judge Damian also recommends that this Court find, at least for purposes of summary judgment, that Plaintiff Diaz opted-in to Plaintiff Chavez's FMWA claim because Defendants failed to provide any case law or other legal authority to support their argument that Plaintiff Leonel Diaz cannot opt-in to an FMWA claim.

On August 29, 2022, Defendants and Plaintiffs filed their Objections to Judge Damian's Report. *See* ECF Nos. 112 and 113. Likewise, on September 12, 2022, Defendants and Plaintiffs filed responses to the Objections. *See* ECF Nos. 114 and 115.

"A district court may accept, reject, or modify a magistrate judge's report and recommendation." *Datto v. Univ. of Miami*, No. 18-CV-21053, 2020 WL 6389987, at *1 (S.D. Fla. Nov. 2, 2020) (citing 28 U.S.C. § 636(b)(1)). "Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections 'pinpoint the specific findings that the party disagrees with.'" *Id.* (*United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009)); *see also* Fed. R. Civ. P. 72(b)(3). "Any portions of the report and recommendation to which no specific objection is made are reviewed only for clear error." *Id.* (citing *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001) and *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)).

## Conclusion

After conducting a *de novo* review of the record, Judge Damian's Report, the Parties' Objections thereto, the Parties' respective responses to the Objections, the record, and the relevant case law, the Court agrees with the analysis and recommendations in Judge Damian's Report.

Accordingly, it is **ORDERED and ADJUDGED** that Judge Damian's Report and Recommendation (ECF No. 111) is **ADOPTED and AFFIRMED**.

Defendants' Renewed Motion for Summary Judgment (ECF No. 95) is **GRANTED IN PART and DENIED IN PART**. More specifically, Defendants' Renewed Motion for Summary Judgment is **GRANTED** as to Plaintiff Chavez's retaliation claim but **DENIED** as to Defendants' request for summary judgment on Plaintiffs' minimum wage claims. And this Court finds, for purposes of summary judgment, that Plaintiff Diaz opted-in to Plaintiff Chavez's FMWA claim.

Additionally, Plaintiffs' Renewed Motion for Summary Judgment (ECF No. 100) is **GRANTED IN PART and DENIED IN PART**. Thus, Plaintiffs' Renewed Motion for Summary Judgment is **GRANTED** on the issue of enterprise coverage under the FLSA (and, thereby, the FMWA[3]) but **DENIED** as to whether Defendant Ruben Sierra is an FLSA employer. And Plaintiffs' request for summary judgment on their minimum wage claims is also **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida, this 15th day of September 2022.

    _____
    **DARRIN P. GAYLES**
    **UNITED STATES DISTRICT COURT JUDGE**
    **For Marcia G. Cooke, U.S. District Judge**

Copies furnished to:
*Melissa Damian, U.S. Magistrate Judge*
*Counsel of record*

---

[3] *See supra* note 2.