UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22603-GOODMAN

ERIK CHAVEZ, individually, and
on behalf of others similarly situated,

       Plaintiff,

vs.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBEN SIERRA, individually,

       Defendants.
_____/

## DEFENDANTS' MOTION IN LIMINE

Defendants, GRILL ENTERPRISES, LLC, and RUBEN SIERRA, individually, by and through the undersigned counsel, and pursuant to the Court's "Order Specially Setting Civil Jury Trial …" (ECF No. 130), hereby file this Motion in Limine, and state as follows:

### PRELIMINARY STATEMENT

At issue in this lawsuit is whether Defendants properly compensated Plaintiffs for the minimum wage pursuant to the Fair labor Standards Acts, 29 U.S.C. § 201, *et seq.*, as amended (the "FLSA") and the Florida Minimum Wage Act ("FMWA"). Plaintiffs' claims are based on their contention that the tip credit provisions of the FLSA were violated, thereby invalidating the tip pool. In seeking to support their contentions and/or to otherwise persuade the jury to rule in their favor, Defendants anticipate that Plaintiffs will seek to introduce evidence related to: (1) presumed undocumented workers working for Defendants and (2) Defendants' finances and/or income. Through this motion, Defendants seek to exclude this evidence pursuant to Fed.R.Evid.

401, 402, and 403, on the grounds that this information is not relevant, not probative, and will unduly prejudice Defendants and confuse the jury as to the matters at issue.

## LEGAL STANDARD

"The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 U.S. Dist. LEXIS 62969, 2-3 (S.D. Fla. June 7, 2011)(citing *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)). Any evidence, tending to make the existence of any fact of consequence more probably or less probably, is relevant and admissible, except as the Federal Rules of Evidence otherwise provide. Fed.R.Evid. 401 & 402. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" Fed.R.Evid.403.

## EVIDENCE SOUGHT TO BE EXCLUDED

**I.   Evidence Concerning Undocumented Workers and Independent Contractors.**

Defendants anticipate that Plaintiffs will seek to introduce evidence related to presumed undocumented workers and independent contractors working for Defendants. This issue has been raised repeatedly by Plaintiffs throughout the course of the litigation.

Plaintiffs have listed a number of witnesses who Plaintiffs will contend were independent contractors and/or undocumented workers for Defendants. However, whether these persons or entities were independent contractors or undocumented workers is irrelevant to the issues in this case unless they participated in the tip pool from which Plaintiffs were paid. The only person Plaintiff has identified and argues was an independent contractor and supposedly should not have been part of the tip pool is Cesar Pacheco (a/k/a "Cesar" or "VIP Crew"). Defendants do

2

not object to him testifying as a witness (but for reasons discussed below, his presumed status as an undocumented worker should be excluded from evidence). However, Defendants do object to all other "independent contractor" witnesses including Alejandro C. Chef, Consultora Latinoamerica, Global Castle, Jacob Supply, Lux Pro Detail, and Troxx. Allowing such evidence would be highly prejudicial to Defendants and may cause confusion and/or cause the jury to question Defendants' business practices and/or use of undocumented employees in other areas of Defendants' business, which have nothing to do with the issues in this case.

Plaintiffs list as an exhibit several "Sunbiz" records for entities Plaintiffs contend were independent contractors and/or undocumented workers for Defendants. However, whether these persons or entities were independent contractors or undocumented workers is irrelevant to the issues in this case unless they participated in the tip pool from which Plaintiffs were paid. The only person Plaintiff has identified and argues was an independent contractor and should not have been part of the tip pool is Cesar Pacheco (a/k/a "Cesar" or "VIP Crew"). Defendants do not object to him testifying as a witness. However, Defendants do object to all other "independent contractor" documents or evidence, including the Sunbiz records of Alejandro C. Chef, LLC, At Your Fingertips 81, LLC, Consultora Latinoamerica T I, Inc., Global Castle LLC, Jacob Supply LLC, Lux-Pro Detail, LLC, T&S Supplies, Inc., and Troxx LLC. Defendants object to the introduction of all evidence, testimony and documents regarding independent contractors or undocumented workers who worked for Defendants with the exception of Cesar Pacheco (a/k/a "Cesar" or "VIP Crew") as there is no evidence nor any allegation that any other independent contractor participated in the tip pool. Allowing such evidence would be highly prejudicial to Defendants and may cause confusion and/or cause the jury to question Defendants' business practices and/or use of undocumented employees in other areas of Defendants' business, which has nothing to do with the issues in this case.

Lastly, as to Cesar Pacheco's alleged status as an "undocumented" worker and the claim that this disqualifies him as an "employee" and from participation in the tip pool and thereby invalidates the tip pool, this is a red herring. The law in the Eleventh Circuit is clear that the FLSA's definition of "employee" includes undocumented workers. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013); *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988). So, whether Pacheco was undocumented or not, so long as he was an "employee" as defined by the FLSA, he could participate in the tip pool.

Evidence concerning the presumed undocumented status of Cesar Pacheco and/or the other workers or independent contractors at Defendants' restaurant is not relevant to any issue at stake in this trial. To the extent that the Court finds that the undocumented status of workers has some marginal relevance, it would be unduly prejudicial to Defendant to allow such evidence at trial, thereby potentially influencing and/or confusing the jury on actual issues at stake in this case.

## II. Evidence Concerning Defendants' Finances and/or Income.

Defendants anticipate that Plaintiffs will seek to introduce evidence related to the finances and/or income of Defendants. This issue has been raised repeatedly by Plaintiffs throughout the course of the litigation including in Plaintiff's exhibit list where they list numerous financial records of Defendants as trial exhibits.

Under "enterprise coverage," an employee is protected by virtue of working for an enterprise that is engaged in "commerce" within the meaning of the statute ***and*** that has at least $500,000.00 in gross annual sales. *See Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d

4

1217, 1220 (11th Cir. 2010)(citing 29 U.S.C. § 203(s)(1)(A))(emphasis added). Enterprise coverage under the FLSA applies only if the defendant employer: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, ***and*** (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]" 29 U.S.C. §203(s)(1)(A)(i)-(ii)(emphasis added).

As to the second element (i.e. whether Defendants had gross sales of $500,000), on June 3, 2021 Defendants filed a motion and amended complaint admitting they had gross sales over $500,000 (ECF No. 52). Notwithstanding Defendants' concession almost two (2) years ago that it had gross annual sales of $500,000, Plaintiffs continuously make arguments concerning Defendants' finances and income and include their gross revenues in numerous pleadings. Again, Defendants do not contest that they had gross sales over $500,000. The second element of enterprise coverage is not an issue in this case. In the joint pretrial stipulation, the fact that Defendant Grill Enterprises had over $500,000 in gross sales is an uncontested issue of fact.

Nevertheless, Plaintiffs include numerous exhibits on their exhibit list, including tax returns and related documents, quarterly revenue reports, RT-6 forms, K-1 forms, 1040 forms, and a PPP loan application. These documents and the information contained therein concerning Defendants' finances and income is completely irrelevant to the issues at stake in this case. Allowing such evidence would be highly prejudicial to Defendants and may cause confusion and/or cause the jury to see Defendants in a negative light because of their financial status and/or other businesses, which have nothing to do with the issues in this case. The financial information is also confidential and highly sensitive and, as a general rule, privileged and protected from disclosure with only narrow exceptions, none of which are applicable in this case.

Other than meeting the $500,000 threshold, there is no other relevance to Defendants' finances and/or income in this case and it must therefore be excluded from evidence at trial. Plaintiffs raise the issue of Defendants' wealth, presumably, to send a message to the Court and/or jury that Defendants can afford the verdict that Plaintiffs hope to receive and to persuade the jury to award damages to Plaintiffs not because of the merits of their case, but because of financial disparity and the wealth of Defendants. To the extent that the Court finds that Defendants' income and/or finances has some marginal relevance, it would be unduly prejudicial to Defendants to allow such evidence at trial, thereby potentially influencing and/or confusing the jury on actual issues at stake in this case.

## CERTIFICATE OF CONFERRAL

Counsel for Defendants conferred with Plaintiff's counsel regarding the subjects raised in this motion and Plaintiff's counsel confirmed that they do intend to introduce the subject evidence and that they object to this motion in limine to exclude such evidence. The matters raised herein were raised when the case was originally set for trial and Plaintiffs' detailed position on these matters was set forth in the Parties' previously filed Joint Summary of Parties Motions in Limine (ECF No. 82). Plaintiff's counsel confirmed that their position on these matters is the same.

Dated this 23rd day of March, 2023.

Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendants

By:    /s/Todd W. Shulby, Esq.
       Florida Bar No.: 068365

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Anthony F. Sanchez, Esq.

I HEREBY CERTIFY that on March 23, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will mail a copy of the foregoing and notice of electronic filing to the following non-CM/ECF participants: None.

By:    /s/Todd W. Shulby, Esq.
       For Todd W. Shulby, P.A.