UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN
[CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

      Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

      Defendants.

## PLAINTIFFS' MOTION *IN LIMINE*

Plaintiffs, by and through undersigned counsel and in accordance with this Court's "Order Specially Setting Civil Jury Trial . . ." [ECF No. 130], hereby file the instant Motion *in Limine*, as follows:

## EVIDENCE SOUGHT TO BE EXCLUDED

Plaintiffs seek to exclude the following described evidence:

**I.     Lay Trial Witnesses.**

In the course of discovery, Plaintiffs propounded Interrogatories to Defendants inquiring as to the identity of persons with knowledge regarding this case. The Defendants answered the interrogatories and provided the names of only certain witnesses which did not include sufficient identifying information for witnesses.

This required relief by way of discovery hearing with U.S. Magistrate Goodman who ordered:

> Defendants will not be permitted to call any person who is not listed in Defendants'
> original or supplemental answer to Interrogatory No. 13 as a witness at trial.

[ECF No. 61, p. 2].

The Defendants have submitted a Defendants' Witness List which includes a number of persons and entities not previously listed "in Defendants' original or supplemental answer to Interrogatory No. 13."

In response to Interrogatories, Defendants listed 25 witness; Defendants' first draft of proposed Trial Witness List listed 78 witness; the Defendants' revised draft of witness list, filed as ECF No. 81-3, lists 34 individuals or entities.

## Reason why this Evidence Should be Excluded

The Court has already issued an order indicating that the Defendants would not be permitted to present any witness not identified in their answers to interrogatories. Specifically, the Court ordered:

> Defendants will not be permitted to call any person who is not listed in Defendants'
> original or supplemental answer to Interrogatory No. 13 as a witness at trial.

[ECF No. 61, p. 2].

The discovery period is now over and has been since prior to the time when Defendants last listed its trial witnesses. As such, the introduction of testimony from witnesses not previously listed by the Defendants must be excluded.

## II.    Expert Trial Witnesses and Testimony.

On March 9, 2021, the Court established a deadline of July 8, 2021 by which the Defendant must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the 14-day period thereafter, Defendant must make its experts available for deposition by Plaintiff.

The Defendants have never listed any expert witnesses or corresponding reports within the now two-year-old deadline within which to provide such disclosures.

Upon information and belief, the Plaintiffs believe that the Defendants will attempt to introduce expert testimony from lay witnesses, and that such testimony will be predicated either upon hearsay or other inadmissible evidence, including predicate documents which have not previously been listed by the Defendants nor provided in the course of discovery. Specifically, Plaintiffs believe that the Defendants will seek to establish, through forensic accounting testimony and other inadmissible evidence, a suggestion that they paid the Plaintiffs a reduced hourly wage during "Phase I" of Plaintiffs' employment, notwithstanding the fact that their own pay records clearly state that Plaintiffs were not paid any hourly wage, reduced or otherwise. Plaintiffs believe that Defendants will attempt to do so by suggesting that they paid withholding taxes to federal taxing authorities and that for some reason that by doing so this obviated their obligation to pay Plaintiffs a reduced hourly wage as a condition of their taking a tip credit applicable to tipped employees.

## Reason why this Evidence Should be Excluded

Defendants' own pay records show they paid no hourly wage to Plaintiffs during "Phase I" of their employment. Defendants will likely try to contradict their own pay records through hearsay testimony and through fabricating through some cryptic accounting legerdemain or legal rationale that the payment of withholding taxes somehow obviates an employer's obligation to pay tipped employees at least their applicable reduced minimum hourly wage.

## III.    Charge of Discrimination.

Defendants list as Exhibits for Trial documents related to a Charge of Discrimination filed by Plaintiff Erik Chavez pertaining to national origin discrimination. However, national origin discrimination is not within the pleadings and IS irrelevant to the matters before the Court. In fact,

the only remaining claims before the Court pertain to wage and hour matters under the Fair Labor Standards Act and the Florida Minimum Wage Act.

**<u>Reasons why this Evidence Should be Excluded</u>**

There is not legitimate reason to introduce evidence of Plaintiff's attempts to exhaust administrative remedies which are conditions precedent to causes of action which are not before the Court. The sole purpose of introducing such evidence would be to prejudice or confuse the jury with evidence or suggestions which are entirely immaterial remaining to the questions of fact for the jury.

**IV.     Hearsay Statements.**

Upon information and belief, Defendants will try to introduce hearsay testimony regarding out of court statements made by various people, including self-serving statements by Defendants themselves, or other witnesses they list, or failed to timely list. Specifically, Defendants will attempt to testify, in the absence of documentary evidence in support, the notion that they at some point advised the Plaintiffs that the Defendants would take a tip credit from the Plaintiffs' tips.

**<u>Reason why this Evidence Should be Excluded</u>**

It is clear from the applicable law that in order to take a tip credit, a defendant is required to provide notice of their intent to do so. There is no such evidence in the record, otherwise, except other than a statement made by Defendant Ruben Sierra that he orally provided this notice one time many years ago during a meeting, which never actually took place and which neither of the Plaintiffs would have been in attendance. Such an attempt would represent the introduction of an out-of-Court statement offered for the truth of the matter asserted and therefor barred under Federal Rules of Evidence, Rule 801, *et seq*.

## MEMORANDUM OF LAW

In order to prevail on a motion *in limine*, the moving party bears "the burden of demonstrating that the evidence is inadmissible on any relevant ground," *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). The evidence identified above is, by definition, inadmissible, since it would be offered in contradiction of the Court's pretrial order, a prior ruling regarding discovery, and would serve only to deprive the Plaintiffs of due process of law in that such evidence would be submitted for the first time at trial without affording the Plaintiffs any opportunity to challenge the authenticity, relevance, and applicability of the same. To be granted, a motion *in limine* must be directed to *specific* items of evidence. *Holley v. Carnival Corp.*, No. 20-CV-20495, 2021 WL 5299836 (S.D. Fla. Nov. 15, 2021), at *4 ("To be appropriate, motions in limine should address specific pieces of evidence that are inadmissible on any relevant ground." (emphasis in original)); *Mowbray v. Carnival Corp.*, No. 08-20931-CIV, 2009 WL 10667070 (S.D. Fla. Apr. 13, 2009), at *2; *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-Civ, 2018 WL 5886663, at *7 (S.D. Fla. Nov. 9, 2018) ("The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded." (citation and quotation marks omitted)); *Southpoint Condo. Assoc., Inc. v. Lexington Ins. Co.*, No. 19-cv-61365, 2020 WL 3547028, at *4 (S.D. Fla. June 30, 2020) (same).

## CONCLUSION

For the reasons stated above, Plaintiffs seek to exclude evidence detailed above from being introduced by Defendants at trial.

WHEREFORE, Plaintiffs pray this Honorable Court grant the Plaintiffs' instant Motion *in Limine* and preclude Defendants from introducing the evidence described above at trial.

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that he conferred with opposing counsel regarding the relief sought herein, but that the parties have been unable to resolve their differences as of the time of filing.

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

> ANTHONY F. SANCHEZ, P.A.
> ATTORNEYS FOR PLAINTIFFS
> 6701 SUNSET DRIVE, SUITE 101
> MIAMI, FLORIDA 33143
> TEL.: 305-665-9211
>
> BY: /s/ ANTHONY F. SANCHEZ
> ANTHONY F. SANCHEZ
> FLORIDA BAR NO.789925
> AFS@LABORLAWFLA.COM

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
afs@laborlawfla.com
faz@laborlawfla.com
***Counsel for Plaintiffs***
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: 305-665-9211

Todd W. Shulby, Esq.
Florida Bar No.: 068365
tshulby@shulbylaw.com
llangford@shulbylaw.com
***Counsel for Defendants***
TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Tel: 954-530-2236
Fax: 954-530-6628
*Via Notice of Electronic Filing*