# EXHIBIT "3"

 

**WAGE AND HOUR DIVISION**
UNITED STATES DEPARTMENT OF LABOR

# Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA)

Under the FLSA, a tipped employee is an employee engaged in an occupation in which they customarily and regularly receive more than $30 a month in tips.  This Fact Sheet provides general information concerning the application of the FLSA to tipped employees, whether an employer pays the full minimum wage or takes a credit against the tips earned by the employee towards its minimum wage obligations.

**Tip Credit:** The FLSA permits an employer to take a tip credit toward its minimum wage and overtime obligation(s) for tipped employees per Section 3(m)(2)(A).  An employer that claims a tip credit must ensure that the employee receives enough tips from customers, and direct (or cash) wages per workweek to equal at least the minimum wage and overtime compensation required under the FLSA.

An employer must pay a tipped worker at least $2.13 per hour under the FLSA.  An employer can take an FLSA tip credit equal to the difference between the direct wage, or the cash wage it pays directly to the tipped employee, and the federal minimum wage, which is currently $7.25 per hour.  The maximum tip credit that an employer can currently claim is $5.12 per hour: ($7.25 - $2.13 direct (or cash) wage = $5.12).  Only tips *actually received* by the employee count when determining whether the employee is a tipped employee and in applying the tip credit.

Employers claiming a tip credit must be able to show in each workweek that tipped employees receive at least the full federal minimum wage when direct (or cash) wages and the tip credit amount are combined.  If an employee's tips combined with the employer's direct (or cash) wages do not equal the minimum hourly wage of $7.25 per hour in each workweek, the employer must make up the difference.

**Notice to Tipped Employees:** Employers must provide the following information to tipped employees before taking a tip credit under the FLSA:

1. the amount of the direct (or cash) wage the employer is paying a tipped employee, which must be at least $2.13 per hour;
2. the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required direct (or cash) wage of $2.13 and the current minimum wage of $7.25);
3. that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;
4. that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and
5. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

Employers may provide oral or written notice to tipped employees informing them of items 1-5 above.  An employer that fails to provide the required information cannot take the section 3(m)(2)(A) tip credit.

**Interaction with State Laws:** When state law differs from the federal FLSA, an employer must comply with the standard most protective to employees.  For example, some states require a higher cash wage than the federal direct (or cash) wage of $2.13 per hour or in some cases prohibit the taking of a tip credit.  Links to your state labor department can be found at https://www.dol.gov/agencies/whd/state/contacts.

**Employers, Including Managers and Supervisors, May Not "Keep" Tips:** Regardless of whether an employer takes a tip credit, the FLSA prohibits employers from keeping any portion of employees' tips for any purpose, whether directly or through a tip pool. An employer may not require an employee to give their tips to the employer, a supervisor, or a manager, even where a tipped employee receives at least the federal minimum wage (currently $7.25) per hour in wages directly from the employer and the employer takes no tip credit.

Managers and supervisors include any employee (1) whose primary duty is managing the enterprise or a customarily recognized department or subdivision of the enterprise; (2) who customarily and regularly directs the work of at least two or more other full-time employees or their equivalent; and (3) who has the authority to hire or fire other employees, or whose suggestions and recommendations as to the hiring or firing are given particular weight. Business owners who own at least a bona fide 20 percent equity interest in the enterprise in which they are employed and who are actively engaged in its management are also managers and supervisors who may not keep employees' tips.

A manager or supervisor may keep only those tips that they receive directly from a customer for the service they directly and solely provide. For example, a restaurant manager who serves their own tables may keep their own tips from customers they served but would not be able to receive other employees' tips by participating in a tip pool.

**Tip pooling:** The FLSA allows employers to require employees to share or "pool" tips with other eligible employees. The FLSA does not impose a limit on the percentage or amount of the contribution of each employee in valid mandatory tip pools. As explained below, the rules governing tip pools depend on whether the employer pays a direct (or cash) wage equal to the full minimum wage to tipped employees or not.

*Traditional Tip Pooling:* An employer that takes a tip credit can require tipped employees to contribute tips only

to a tip pool which is limited to employees in occupations in which they customarily and regularly receive tips, such as waiters, bellhops, counter personnel (who serve customers), bussers, and service bartenders. This is sometimes known as a "traditional" tip pool. An employer that implements a traditional tip pool must notify tipped employees of any required tip pool contribution amount, may only take a tip credit for tips each tipped employee ultimately receives, and may not retain any of the employees' tips for any other purpose. An employer may not receive tips from such a tip pool and may not allow managers and supervisors to receive tips from the pool.

*Other Tip Pooling:* When an employer pays its employees a cash wage of at least the federal minimum wage (currently $7.25) per hour, the employer may impose a mandatory tip pooling arrangement that includes employees who are not employed in an occupation in which employees customarily and regularly receive tips. This is sometimes known as a "nontraditional" tip pool. For example, an employer that implements a nontraditional tip pool may require tipped employees, such as servers, to share tips with non-tipped employees, such as dishwashers and cooks, but only if all workers receive a direct cash wage of at least the federal minimum wage. In addition, an employer may not receive tips from such a tip pool and may not allow managers and supervisors to receive tips from the pool.

*Distributing Tips from Tip Pools:* When an employer collects tips to administer a tip pool, the employer must fully distribute any collected tips at the regular payday for the workweek, or, for pay periods of more than one workweek, at the regular payday for the period in which the particular workweek ends. To the extent an employer cannot determine the amount of tips received or how tips should be distributed before processing payroll, those tips must be distributed to employees as soon as practicable after the regular payday.

**Credit Cards:** Under the FLSA, when tips are charged on customers' credit cards and the employer can show that it pays the credit card company a percentage on such sales as a fee for payment using a credit card, the employer may pay the employee the tip, less that percentage. For example, where a credit card company charges an employer 3 percent on all sales charged to its credit service, the employer may pay the tipped employee 97 percent of the tips without violating the FLSA.

However, the employer cannot reduce the amount of tips paid to the employee by any amount greater than the transactional fee charged by the credit card company, regardless of whether or not it takes a tip credit. Doing so would be a keeping violation under section 3(m)(2)(B). Additionally, this transactional fee may not reduce the employee's wage below the required <u>minimum wage</u>, including the amount of any tip credit claimed. Under federal law, the amount due the employee must be paid no later than the

regular pay day and may not be held while the employer is awaiting reimbursement from the credit card company.  Note: Some states may have more protective laws regarding tips charged to credit cards which do not allow the employer to deduct credit card fees from employees' tips.

**Service Charges:** A compulsory charge for service, for example, 15 percent of the bill, is not considered a tip under the FLSA.  Sums distributed to employees from service charges are not tips, but may be used to satisfy the employer's <u>minimum wage</u> and overtime pay obligations under the FLSA.  Further, these sums are part of the employee's total compensation and must be included in the regular rate of pay for computing <u>overtime.</u>  If an employee receives tips in addition to the compulsory service charge, those tips may be considered in determining whether the employee is a tipped employee and in the application of the tip credit.

**Recordkeeping:** An employer that takes a tip credit must keep records of: (1) each employee whose wage is determined in part by tips; (2) the weekly or monthly amount reported by the employee, to the employer, of tips received; (3) the amount by which the wages of each tipped employee have been deemed to be increased by tips as determined by the employer; (4) hours worked each workday in any occupation in which the employee does not receive tips, and total daily or weekly straight-time payment made by the employer for such hours; and (5) hours worked each workday in occupations in which the employee receives tips, and total daily or weekly straight-time earnings for such hours.

An employer that does not take a tip credit, but still operates a mandatory tip pool, must keep records of each employee who receives tips, and the weekly or monthly amount of tips received by each employee.

# Typical Problems

## Minimum Wage Problems:

- An employee does not receive sufficient tips to make up the difference between the direct (or cash) wage payment (which must be at least $2.13 per hour) and the <u>minimum wage</u> in each workweek.   The employer must make up the difference at the regular payday for the period in which the workweek ends.
- An employee receives only tips and is paid no direct (or cash) wage.  The employer must comply with the requirements for taking a tip credit and pay a direct (cash) wage of at least $2.13 an hour or must pay a direct (or cash) wage equal to the full minimum wage, which is currently $7.25 an hour.
- Deductions for walkouts, breakage, or cash register shortages reduce the employee's wages below the minimum wage.  Such deductions are illegal where an employer claims an FLSA 3(m)(2)(A) tip credit because any such deduction would reduce the tipped employee's wages below the minimum wage.

## Overtime Problems:

- An employer that takes a tip credit by paying a direct (or cash) wage less than the minimum wage erroneously calculates the overtime premium using only the reduced direct (or cash) wage paid.  When an employer takes a tip credit, overtime must be calculated based on the full minimum wage, which is currently $7.25 an hour, not the lower direct (or cash) wage payment.  The employer may not take a larger FLSA 3(m)(2)(A) tip credit for an overtime hour than for a straight time hour.  Under certain circumstances, an employer may be able to claim an additional overtime tip credit against its overtime obligations.
- An employer does not include all service charges, commissions, bonuses, and other remuneration in the regular rate for purposes of computing overtime pay.

## Tip Pooling Problems:

- A tipped employee receives less than the federal minimum wage (currently $7.25) per hour as a direct (or cash) wage and is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, such as cook or dishwasher.  When the employer takes a tip credit, the employer can require the employee to share tips only with those employees who customarily and regularly receive tips, such as a server or bartender.

- An employee is required to share tips with a manager or supervisor, regardless of whether the employer takes a tip credit for the tipped employee.  An employer who violates the FLSA by requiring tipped employees to share their tips with a manager or supervisor may be required to return the tips to the employee and pay the full minimum wage.

### Where to Obtain Additional Information

**For additional information, visit our Wage and Hour Division Website: http://www.dol.gov/agencies/whd and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.



The contents of this document do not have the force and effect of law and are not meant to bind the public in any way. This document is intended only to provide clarity to the public regarding existing requirements under the law or agency policies.