UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22603-GOODMAN
[CONSENT]

ERIC CHAVEZ and
LEONEL DIAZ,

    Plaintiffs,

v.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBEN SIERRA, individually,

    Defendants.
_____/

### ORDER ON PLAINTIFFS' MOTION *IN LIMINE*

Plaintiffs filed [ECF No. 138] a motion *in limine* and Defendants filed [ECF No. 139] an opposition response.

The Court denies the motion's request to exclude witnesses. With the exception of only one witness (i.e., Cesar Pacheco), all witnesses on Defendants' updated trial list were, in fact, identified in Defendants' original or supplemental answer to Interrogatory No. 13. So there is no reason to exclude them.

Concerning Mr. Pacheco, Defendants claim that they did not appreciate his "significance" to the case until after they served their original and supplemental answers

to Interrogatory No. 13. This is not persuasive. Defendants should have timely disclosed him in their interrogatory answers. However, given that Plaintiffs listed him on their own witness list and therefore know (and have known) of his involvement, Defendants' omission does not generate prejudice to Plaintiffs. Therefore, the Court will not exclude Mr. Pacheco as a trial witness for Defendants.

Plaintiffs also seek to exclude expert testimony from lay witnesses. But they do not provide any specifics. The request is vague and conclusory. At bottom, Plaintiffs say they are concerned that Defendants *might* do this, but they have not mentioned any specific witnesses or testimony.

Defendants' principals and executives may testify about how payroll was processed and if they believed the payroll procedures used were lawful. Of course, Plaintiffs are entitled to vigorously cross-examine these defense witnesses about their beliefs and may also introduce a contrary view from a timely and adequately disclosed expert (and the expert report).

The Court denies, as moot, Plaintiffs' request to exclude evidence about a national origin charge of discrimination filed by Plaintiff Erik Chavez, as Defendants have acknowledged publicly and in writing that they do not intend to use the charge as an exhibit. Although Defendants' response does not also *expressly* say that they will not seek to *question* witnesses about the discrimination charge, the Undersigned views that scenario as an implicit representation (from the concession to not use the exhibit) that

such attempts will not in fact be made.

Plaintiffs' motion also seeks to exclude hearsay, though it mentions only one specific circumstance: Defendant Ruben Sierra's purported oral statement to some employees, including Plaintiffs, of the tip credit. This statement, assuming it was made, is not hearsay, though. It is not evidence designed to prove that Defendants actually *took* the tip credit. Instead, it is merely being offered to prove that Mr. Sierra provided the requisite oral notice through his comments. This is not being offered for the truth of the matter asserted. It is being provided to establish notice. The Undersigned therefore rejects this portion of Plaintiffs' motion *in limine* (concerning statements allegedly made by Sierra to employees about the tip credit).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on April 13, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record