UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN
[CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

## JOINT PRETRIAL STIPULATION

Plaintiffs and Defendants, pursuant to the Court's "Order Specially Setting Civil Jury Trial and Pretrial Scheduling . . ." [ECF No. 130] and S.D. Fla. L.R. 16.1(e), hereby submit their Joint Pretrial Stipulation, as follows:

1.    **A short concise statement of the case by each party in the action.**

    a. <u>Plaintiffs' statement of the case.</u>

This is an action brought under the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"). The action is premised upon their employers' failure to comply with the requirements of the FLSA by failing to pay at least a minimum hourly wage for every hour worked during every pay period. Plaintiffs maintain that during a period of their employment, they were not paid any wages at all for hours worked, but rather that all of their compensation came from a less than total distribution from the employer of the "tips" given to Plaintiffs from customers of the restaurant. Additionally, during all periods of employment, the Plaintiffs were

required to pay into an invalid "tip pool" used by which the Employer required Plaintiffs' to pay non-employees, contractors, and undocumented workers who provided labor to the Employers.

b. <u>Defendants' statement of the case.</u>

Mr. Sierra denies that he was the "employer" of either Mr. Chavez or Mr. Diaz, as those terms are used under the law. Mr. Sierra's position is that he was not their employer and did not manage the day-to-day operations of "Los Parrerillos" or supervise either Plaintiff in his work. Both Defendants deny that they violated either the minimum wage laws and submit that neither of the Plaintiffs can proceed with their claims under the FMWA because they failed to comply with the pre-suit requirements imposed by Fla. Stat. §448.110. Until Defendants required all tips paid to Plaintiffs to be included in the pay issued by ADP, Defendants maintain that Plaintiffs determined the tips they wanted to share and with whom they wanted to share those tips. [Plaintiff objects to this highlighted statement being read to the jury during voir dire] Defendants maintain that the Plaintiffs were paid correctly under the law, that the deductions for taxes taken from the hourly wages paid to Plaintiffs and from the tips that Plaintiffs reported were lawful and appropriate, and that all money deducted for taxes was paid to the government and not retained by Defendants. The Defendants maintain that they did not violate the law, and so are not liable to either Mr. Chavez or Mr. Diaz for any unpaid or underpaid minimum wages and that they are entitled to the entry of a judgment in their favor. Defendants also believe that they did not willfully or intentionally violate the the law because when the Department of Labor, Wage and Hour Division, investigated their pay practices, it did not find any violation of the FMWA or the FLSA's minimum wage provisions as it related to the tip credit or tip pool. [Plaintiff objects to this highlighted statement being read to the jury during voir dire]

2. **The basis of federal jurisdiction.**

   This Court has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1367 and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

3. **The pleadings raising the issues.**

   a. "Amended Fair Labor Standards Act Complaint" [ECF No. 7];

   b. "Defendants' Answer and Affirmative Defenses" [ECF No. 22].

4. **List of all undisposed motions or other matters requiring action by the Court.**

   a. None.

5. **Concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

   a. Plaintiff, Erik Chavez, began working for "Los Parrilleros" in 2013. [ECF No. 111 at 6.]

   b. Defendant, Grill Enterprises, LLC, purchased Los Parrilleros in 2015. [ECF No. 111 at 6.]

   c. Plaintiff, Erik Chavez, worked at Los Parrilleros as a server until June 2, 2020. [ECF No. 111 at 6.]

   d. Opt-In Plaintiff, Leonel Diaz, worked at Los Parrilleros from August, 2015, until November 2019. [ECF No. 111 at 6.].(Defendants maintain this fact is immaterial)

   e. Opt-In Plaintiff, Leonel Diaz, worked at Los Parrilleros as a server from April 5, 2018, until November 2019. [ECF No. 111 at 6.]

   f. Leonel Diaz filed a consent to join as an opt-in Plaintiff in this case on December 9, 2020, pursuant to 29 U.S.C. §216(b). [ECF No. 39.].

   g. Defendant, Grill Enterprises, LLC, employed Chavez and Diaz.

    h. Defendant Grill Enterprises, LLC, is an enterprise subject to the FLSA. [Plaintiff maintains this is not an intelligible fact issue for trial].

    i. Customers of the restaurant regularly provided "tips" or "gratuities" ("tips") to the Plaintiffs for their service as waiters. ["R&R": ECF No. 111, p. 10]

    j. From January 2, 2019, through the end of Employment ("Phase II"), Defendant Grill Enterprises, LLC, would issue a single check or make a direct deposit on the regularly scheduled payday.

    k. Defendant Grill Enterprises, LLC took a "tip credit" conditionally allowed by law during the time period relevant to this lawsuit and memorialized this practice in the Plaintiffs' paystubs. ["R&R": ECF No. 111, p. 10-11].

**6.** **A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

    a. Whether Defendant Grill Enterprises, LLC took a greater "tip credit" than conditionally allowed by law during parts of the years at issue in this lawsuit and whether it memorialized this practice in the Plaintiffs' paystubs.

    b. Whether any difference in the tip credit taken was *de minimis*. [Plaintiff disputes whether this an issue raised in the pleadings].

    c. Whether from January 2, 2017, through January 2, 2019 ("Phase I"), Defendant, Grill Enterprises, LLC, issued paychecks or pay stubs to Plaintiffs in uniform "net zero" amounts, purporting to pay them for hours worked during the corresponding pay period. [Defendants maintain this is not an issue to be litigated at trial in the manner described.]

4

d. Whether Ruben Sierra had operational control of the operations of Grill Enterprises. [Plaintiffs maintain the appropriate time period is "ever" while Defendants maintain the appropriate time period is "during the applicable limitations period".]

e. Whether Sierra presided over any meetings of employees of the restaurant. . ["R&R": ECF No. 111, p. 8] [Plaintiffs maintain the appropriate time period is "ever" while Defendants maintain the appropriate time period is "during the applicable limitations period".]

f. Whether Sierra personally introduced the managers to staff at meetings. ["R&R": ECF No. 111, p. 8]. [Plaintiffs maintain the appropriate time period is "ever" while Defendants maintain the appropriate time period is "during the applicable limitations period".]

g. Whether and when Sierra hired his wife as a manager of Grill Enterprises. ["R&R": ECF No. 111, p. 8]. [Plaintiffs maintain the appropriate time period is "ever" while Defendants maintain the appropriate time period is "during the applicable limitations period".]

h. Whether and when Sierra hired his sister-in-law as a manager of Grill Enterprises. ["R&R": ECF No. 111, p. 8]. [Plaintiffs maintain the appropriate time period is "ever" while Defendants maintain the appropriate time period is "during the applicable limitations period".]

i. Whether Plaintiff, Erik Chavez, complied with the FMWA pre-suit requirements imposed by Fla. Stat. §448.110. [Plaintiff disputes that this is an issue for trial]

j. Whether Opt-In Plaintiff, Leonel Diaz, complied with the FMWA pre-suit requirements imposed by Fla. Stat. §448.110. [Plaintiff disputes that this is an issue for trial]

k. Whether Defendants violated the tip credit provisions of the FLSA/ FMWA by requiring Plaintiffs to share their tips with any person not lawfully employed by Defendant. [Defendants contend that the "tip pool" is not violated as a result of an employee's immigration status, and so denies that the "lawfully employed" language is appropriate. Plaintiff maintains the immigration status of "tip pool" recipients may invalidate whether they "customarily" receive tips for purposes of the Act.] [Plaintiffs maintain the appropriate time period is "ever" while Defendants maintain the appropriate time period is "during the applicable limitations period".]

l. Whether Defendants violated the tip credit provisions of the FLSA/ FMWA by requiring Plaintiffs to share their tips with any management employee of the Defendant[Plaintiffs maintain the appropriate time period is "ever" while Defendants maintain the appropriate time period is "during the applicable limitations period".]

m. Whether Plaintiffs were required to "tip out" 20% of their tips to the bussers, and an additional flat amount to each "bartender" who worked during each shift? [Plaintiff maintains this issue is moot by the Court's MSJ order]

n. Whether Plaintiffs "tipped out" separate amounts to the bartenders. ["R&R": ECF No. 111, p. 11] [Plaintiff disputes whether this statement is intelligible or an issue of fact].

o. Whether during Phase II, Defendants also prepared handwritten calculations for every pay period which purport to account for Plaintiffs' tip pool contributions ("Tip Pool Calculations") and whether these calculations reflected that Plaintiffs' total tips were

6

    reduced by the 20% tip out to bussers, the flat tip out to "bartenders," and an additional flat 3% reduction taken from Plaintiffs' tips to account for credit card vendor charges. By documenting the amounts each server paid for all of those "tip out" and vendor charges, Defendants then purported to disburse to Plaintiffs the "cash tips owed" reflected in their paystubs, which was the total tips less those described charges against tips retained by the restaurant.

p. Whether Defendant Grill Enterprises, LLC issued an IRS Form W-2 to Plaintiff Erik Chavez during the time period relevant to this lawsuit. [Plaintiff does njot agree this is a fact issue for trial]

q. Whether Defendant Grill Enterprises, LLC issued an IRS Form W-2 to Opt-In Plaintiff Leonel Diaz during the time period relevant to this lawsuit. [Plaintiff does njot agree this is a fact issue for trial]

r. Whether Defendant Grill Enterprises, LLC included all amounts deducted from the Plaintiffs' paychecks for the taxes and withholdings in the W-2 issued to each Plaintiff each year. [Plaintiff does not agree this is a fact issue for trial]

s. Whether Defendant disbursed tax withholdings to taxing authorities in accordance with the pay stubs and W-2 forms issued to Plaintiffs?

t. Whether Defendant complied with the notice requirements for the taking of a "tip credit" under the FLSA and FMWA.

u. Whether Defendant complied with the "all tips disbursed" requirements for the taking of a "tip credit" under the FLSA and FMWA.

v. Who determined the amount that Plaintiffs tipped out to the bartenders. [Plaintiffs maintain this fact is undisputed or moot].

w. Whether Defendants controlled the disbursement of the tip revenues back to the Plaintiffs. [Plaintiffs maintain this fact is undisputed and deemed admitted: "R&R": ECF No. 111, p. 11].

x. During Phase I, at the end of each shift, whether Defendants would disburse cash payments to the Plaintiffs. [Plaintiffs maintain this fact is undisputed and deemed admitted: "R&R": ECF No. 111, p. 11].

y. Whether Defendants improperly included any persons or entities in the "tip pool" during the applicable limitations period. Whether Defendant, Grill Enterprises, LLC, properly deducted amounts from Plaintiffs' paychecks to pay taxes and withholdings.

z. Whether Plaintiffs are owed any minimum wages and, if so, the amount of minimum wages owed to each Plaintiff under the FLSA and/or FMWA.

aa. Whether Defendant, Grill Enterprises, LLC, retained any tips for itself or for its benefit during the applicable limitations period.

bb. Whether Defendants intentionally or willfully failed to pay either Plaintiff the minimum wage required by law

cc. Whether Defendants' reliance on the results of the DOL's investigation is sufficient to satisfy the "good faith" requirement to avoid the imposition of liquidated damages for any FLSA and/or FMWA violation proven by Plaintiffs. [Plaintiff disputes whether this is an issue properly before the Court]

dd. Whether Defendants' reliance on the results of the DOL's investigation is sufficient to preclude any finding that they intentionally or willfully failed to pay the minimum wage required by law. [Plaintiff disputes whether this is an issue properly before the Court]

7. **Concise statement of issues of law on which there is agreement.**

   a. Jurisdiction is proper under 28 U.S.C. §§1331, 1337, 1367, and by 29 U.S.C. §216(b).

   b. Defendant, Grill Enterprises, LLC, was required to deduct taxes and withholdings from the wages paid and tips disbursed to paid to Plaintiffs.

8. **Concise statement of issues of law which remain for determination by the Court.**

   a. Whether FMWA requires each Plaintiff to comply with the pre-suit notice provisions contained in Fla. Stat. §448.110(6) as a prerequisite to bringing a claim in court for unpaid/underpaid minimum wages. [PLAINTIFF DISAGREES THIS IS AN ISSUE OF FACT OR LAW BEFORE THE COURT].

   b. What was the applicable minimum wage rate under the FLSA in this jurisdiction? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

   c. Whether the applicable minimum wage under the FLSA in this jurisdiction was $7.25 per hour at all times material or the higher minimum wage set by the State of Florida. [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.] Whether the applicable MW in this jurisdiction in 2017 in this jurisdiction was $8.10 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

   c. Whether the highest applicable "reduced minimum wage" in this jurisdiction for 2017 in this jurisdiction was $5.08 under the FLSA as well as Florida law? [Defendants

maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

d. Whether the maximum, conditional "tip credit" for 2017 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

e. Whether the applicable MW in 2018 in this jurisdiction was $8.25 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

f. Whether the highest applicable "reduced minimum wage" for 2018 in this jurisdiction was $5.08 under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

g. Whether the maximum, conditional "tip credit" for 2018 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

h. Whether the applicable MW in 2019 in this jurisdiction was $8.46 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

i. Whether the highest applicable "reduced minimum wage" for 2019 in this jurisdiction was $5.44 under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

j. Whether the maximum, conditional "tip credit" for 2019 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

k. Whether the applicable MW in 2020 in this jurisdiction was $8.46 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

l. Whether the highest applicable "reduced minimum wage" in this jurisdiction for 2020 was $5.44 under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]

m. Whether the maximum, conditional "tip credit" in this jurisdiction for 2020 was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]Whether Plaintiff, Erik Chavez, was required to comply with any FMWA's pre-suit requirement imposed by Fla. Stat. §448.110.

n. Whether Plaintiff, Leonel Diaz, was required to comply with any FMWA's pre-suit requirement imposed by Fla. Stat. §448.110.

o. Whether any "pre-suit requirement imposed by Fla. Stat. §448.110" is constitutional under the Florida Constitution.

p. Whether Plaintiffs reported their gross or net tips to the restaurant through an automated computer program and when. [Plaintiff objects to this characterization of the issue since only total tips are reported.]

q. Whether Plaintiffs' "Total tips" reported on the "Shift Reports" during any given pay period were recorded in shift report records maintained by the restaurant. ["R&R": ECF No. 111, p. 10]

r. Whether Defendants have properly pleaded non-compliance with any condition precedent. [Defendants submit Plaintiffs must carry the burden of compliance with conditions precedent.]

s. Whether the failure by one or both Plaintiffs to comply with the pre-suit requirements imposed by Fla. Stat. §448.110 prevents them from pursuing claims under the Florida Minimum Wage Act.

t. Whether the FMWA provides a mechanism to alter Fed. R. Civ. P. 17 and/or the ability to "opt-in" or join a FMWA claim under Florida state law. [Plaintiffs do not agree this is an issue raised by the pleadings].

u. Whether the Consent to Join form filed by Opt-In Plaintiff, Leonel Diaz, operates to join him as a party plaintiff to the FMWA claim filed by Plaintiff, Erik Chavez.

v. The type and amount of "unpaid minimum wages" that Plaintiffs can seek to recover in Count I, if any. [Plaintiff disputes that this statement is intelligible].

w. The type and amount of "unpaid minimum wages" that Plaintiffs can seek to recover in Count II, if any. [Plaintiff disputes that this statement is intelligible].

    x. Whether Defendants' reliance on the DOL's investigation is sufficient to satisfy the "good faith" requirement to avoid the imposition of liquidated damages for any FLSA and/or FMWA violation proven by Plaintiffs. [Plaintiffs deny this is a legal issue before the Court, or that as a matter of fact or law, there was any such reliance upon any, supposed finding, or opinion made the DOL.]

    y. Whether liquidated damages apply to any minimum wage and/or FLSA violations established by Plaintiffs

    z. What is the applicable statute of limitation? [Defendants believe this is a mixed issue of fact and law.]

    aa. What is the period of recovery for wages under the applicable statutes of limitation: two years or three years from the date the Complaint was filed for Mr. Chavez and from the date when Mr. Diaz filed his Consent to Join, and for which claim(s). [Plaintiff disputes whether this is a correct or redundant statement of the legal issue]

    bb. Whether the filing of the Amended Complaint that contains claims not pled in the initial Complaint requires the Court to determine that Grill Enterprises, LLC, cannot be found to be in default of the initial Complaint due to the additional claims contained in the Amended Complaint as a matter of law. [Plaintiff disagrees this is an issue for the court at trial.]

    gg. Whether the FLSA is enacted in part to curtail unfair methods of competition. 29 U.S.C. §202. [Defendants do not believe this is an issue of law to be decided by the Court.]

**9-10.** **Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing.**

    a. Plaintiffs' Exhibit and Witness List is attached hereto as **Exhibit A**.

b. Defendants' Exhibit List is attached hereto as **Exhibit B.**

c. Defendants' Witness List is attached hereto as **Exhibit C.**

11. **Estimated trial time.**

The parties anticipate that a jury trial will last approximately three (3) to four (4) days.

Dated:  April 24, 2023

Respectfully submitted,

| | |
|---|---|
| By:   Anthony F. Sanchez | By: _____ |
| Anthony F. Sanchez, Esq. | Todd W. Shulby, Esq. |
| Florida Bar No.: 789925 | Florida Bar No.: 068365 |
| afs@laborlawfla.com | tshulby@shulbylaw.com |
| faz@laborlawfla.com | llangford@shulbylaw.com |
| ANTHONY F. SANCHEZ, P.A. | TODD W. SHULBY, P.A. |
| 6701 Sunset Drive, Suite 101 | 1792 Bell Tower Lane |
| Miami, Florida 33143 | Weston, Florida 33326 |
| Tel:  305-665-9211 | Tel.: 954-530-2236 |
| | Fax: 954-530-6628 |
| ***Counsel for Plaintiffs*** | ***Counsel for Defendants*** |
| | |
| | s/Brian H. Pollock, Esq. |
| | Brian H. Pollock, Esq. (174742) |
| | brian@fairlawattorney.com |
| | FAIRLAW FIRM |
| | 135 San Lorenzo Avenue |
| | Suite 770 |
| | Coral Gables, FL 33146 |
| | Tel: (305) 230-4884 |
| | ***Co-Counsel for Defendants*** |