UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22603-GOODMAN

**[CONSENT]**

ERIC CHAVEZ and
LEONEL DIAZ

    Plaintiffs,

v.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBEN SIERRA, individually,

    Defendants.

_____/

## POST-PRETRIAL CONFERENCE ADMINISTRATIVE ORDER

On April 26, 2023, the Undersigned held an extensive, two-hour-and-fifteen-minute Zoom Pretrial Conference. [ECF Nos. 130; 134; 146]. At the pretrial conference, the Undersigned **ordered** as follows:

## JOINT NEUTRAL SUMMARY

By **5:00 PM** on **Friday, April 28, 2023** the parties will file "a joint, neutral summary of the claims and defenses in the case, **not to exceed one short paragraph per claim**, to be read as an introduction for voir dire examination," in compliance with the Scheduling

Order [ECF No. 130, p. 2].

**JOINT PROPOSED JURY INSTRUCTIONS (AND VERDICT FORM)**

The parties will submit joint, proposed jury instructions (and a verdict form) by **Monday, May 1, 2023**, as required by the Scheduling Order [ECF No. 130]. A flash drive containing saved drafts of the proposed jury instructions and verdict form (in Microsoft Word format) shall be delivered to Chambers by **4:00 PM**. The parties' joint submission will be in the format set forth in the Scheduling Order (i.e., Palatino Linotype 14-point typeface, italics/bold-face for objected-to instructions, etc.).

Plaintiffs contend that "[w]hether the FLSA [was] enacted in part to curtail unfair methods of competition," [ECF No. 144, p. 13], is a legal issue to be determined by the Court. At the Pretrial Conference, the Court ruled that this was *not* a legal issue in this case. Nonetheless, to the extent Plaintiffs wish to *persuade* the Court that it should give a jury instruction on this issue (a position urged by Plaintiffs' counsel), they may include a proposed jury instruction (supported by legal authority) as part of the parties' May 1, 2023 proposed jury instructions/verdict form submission. If the proposed jury instruction is opposed, then Plaintiffs will submit the proposed jury instruction in italics. *See* [ECF No. 130, p. 3 ("Instructions and questions proposed only by Plaintiff[(s)] to which Defendant(s) objects shall be *italicized*." (emphasis in original))].

**OMNIBUS MEMORANDUM OF LAW ON LEGAL ISSUES**

By **Thursday, May 4, 2023**, each side will submit an omnibus memorandum of law (supported by applicable legal authority) addressing all 28 legal issues listed in section 8 (paragraphs a through bb, but not "gg") of the parties' Joint Pretrial Stipulation [ECF No. 144]. The parties will devote no more than half a page per issue (i.e., no more than 19 pages, per side). For each issue, the party will answer the legal question "yes" or "no" and state why, based on applicable legal authority, the Court should rule in that party's favor. If the parties agree on any of the 28 legal issues, then they may omit the half-page answer and advise the Court of their agreement in their submission.

**ELECTRONIC EQUIPMENT**

By **Wednesday, May 3, 2023**, any party wishing to bring electronic equipment into the Courtroom will file a motion for leave on CM/ECF (accompanied by a certificate of conferral) and a proposed Order. The proposed Order will list by name the persons bringing the electronic equipment and shall include a detailed description of the equipment. A copy of the proposed Order will be submitted to the Undersigned's CM/ECF mailbox (goodman@flsd.uscourts.gov) in Microsoft Word format.

**ACCESS AND AMENDED OBJECTIONS TO EXHIBITS**

Each side has the right to examine, before trial, all exhibits (other than exhibits for purely impeachment purposes) which the other side intends to introduce. By **Thursday, May 4, 2023**, each party will make available to the other side all exhibits -- other than

exhibits solely for impeachment purposes -- which that party intends to offer at trial.

The exhibits will be in numerical order, organized according to the exhibit numbers on the exhibit list. Payroll records will be organized in chronological order. If a party or its counsel does not wish to physically inspect the exhibits at an off-site location, then counsel can obtain a master copy of all exhibits, in appropriate numerical order, at counsel's expense.

By **Friday, May 5, 2023** at **noon**, each side will file a revised set of objections to the other side's exhibit list. The Court expects the parties to file streamlined, amended objections to the other side's exhibits. The objections must be sound objections and cannot be asserted on a tit-for-tat basis, merely because opposing counsel interposed objections to the exhibits.

**MEMORANDUM OF LAW CONCERNING THE WH-58 FORM**

By **Tuesday, May 2, 2023**, Defendants will submit a memorandum of law explaining why the WH-58 form and other documents from the Department of Labor ("DOL") investigation are admissible. Defendants may include affidavits or declarations to support their argument. The memorandum should also explain how these documents will be properly authenticated in the absence of a DOL witness or an attestation or other authentication from the DOL.

Plaintiffs will file a response memorandum by no later than **Thursday, May 4, 2023**. Plaintiffs may include supporting affidavits or declarations. No further briefing on this issue is permitted, absent further and specific Court Order.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on April 26, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record