UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN
[CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

**PLAINTIFFS' RESPONSE TO "DEFENDANTS' MOTION FOR CLARIFICATION" [ECF NO. 148]**

Plaintiffs, by and through undersigned counsel, submit the instant Response to "Defendants' Motion for Clarification" [ECF No. 148], as follows:

**REQUEST FOR HEARING**

In accordance with Local Rule 7.1(b)(2), Plaintiffs respectfully request a hearing on this matter because there are looming deadlines established by the Court, including 4:00 p.m. today and the close of business on Monday (May 1st), regarding neutral statements and proposed jury instructions and verdict form. Plaintiffs estimate a hearing would last approximately 15 minutes.

**PRETRIAL CONFERENCE**

1.    The pretrial conference in this case occurred only two days ago (April 26th) and there was no suggestion or reason to believe that any party did not understand what was required by the trial order. Following the pretrial conference, the Court memorialized all matters discussed

and required that the parties complete various tasks, to include the preparation of jury instructions and a neutral statement of claims and defenses.

2. Almost immediately following the conclusion of the pretrial conference, undersigned counsel received a stream of at least 10 emails from one of the lawyers for the Defendants, all of them accusing undersigned counsel of making "false accusations" and none of them addressing the specific tasks required by the Court as a result of the pretrial conference, to which we now must memorialize are exceptions and communicate our umbrage to the same. Plaintiffs believe that all of the above is done to create unnecessary burdens and expenses, and to cause delay.

## **JURY INSTRUCTIONS**

3. Defendants seek not to "clarify" the Court's pretrial conference Orders, but rather to retroactively allow them to disregard the clear dictates of those Orders, which are unambiguous and consistent. Indeed, the original Scheduling Order [ECF No. 42, p. 3], as prepared by the late Judge Cooke is substantively identical (with respect to jury instructions) to the Court's recent Order Specially Setting Civil Jury Trial . . . [ECF No. 130, pp. 2-3]. Indeed, no ambiguity in the Court's Order is identified in the Motion.

4. A final form of jury instructions was already previously prepared and filed in the record when this case was originally set for trial before the late Judge Cooke. See ECF No. 84. That originally-filed set of proposed jury instructions presented jury instructions in the required format, distinguishing between agreed instructions, Plaintiffs' instructions, and Defendants' instructions. It also included respective competing verdict forms.

5. Yesterday (April 27th), undersigned counsel received from counsel for Defendants what he suggests should be the new starting point for jury instructions. However, this draft (attached as **Exhibit 1**) does not conform to the current trial order, and while purporting to have

used the original set as a starting point, effectively obliterates the original set of instructions by wholesale deletion of agreed instructions and Plaintiffs' proposed instructions in favor of "proposed" hybrid instructions. A perfect illustration of the chaos is reflected in the draft proposed jury instruction #24 at p. 56 of the attached Exhibit 1. In this proposed instruction, the Defendants both proposes an altered version of a previous instruction *and objects to it*, while striking the previous Plaintiffs proposed instruction in its entirety (See ECF No. 84, pp. 45-48). It is not clear whether the starting point is the prior Plaintiffs' proposed instruction or the Defendants' proposed instructions, since both of those are no longer provided. This is especially egregious since it is clear that there is not an agreement on this instruction anymore. Defendants essentially exclude both Plaintiffs' and Defendants' prior competing instructions in favor of a single proposed instruction which Defendants then object to.

6. The vast majority of the new instructions proposed by Defendants are neither agreed instructions, Defendants' instructions, or Plaintiffs' instructions, but rather complex, altered versions of previous instructions that had either been agreed to or submitted as Plaintiffs' proposed instructions, which Defendants now refer to as a "proposed instruction" without leaving a trace of the previous instructions.

7. Thus, Defendants' revised version of the originally-submitted jury instructions now includes mostly "hybrid" instructions which quixotically includes deletions of portions of the prior drafts, insertions of prior drafts, and then partial italicization and/or partial boldfacing as if to describe, for both parties, the portion of the proposed instruction which each party objects to. Defendants then provide objections to the very instruction proposed by them as neither a Plaintiffs' or Defendants' instruction.

8.      In short, Defendants seek not to clarify the Court's clear and unambiguous orders, but rather to permit them to obliterate work already accomplished and to instead allow them to follow alternative procedures which, they say, are followed "in other Courts". However, no reference to any other Court order is made, so Plaintiffs do not know what "custom" the Defendants are referring to or why they are asking to deviate from the Court orders in *this* case, which were previously followed without controversy.

## JOINT PROPOSED NEUTRAL STATEMENT

9.      Similarly, with respect to the required "neutral statement of claim and defenses," Plaintiffs submitted an original to both counsels for the Defendants on Wednesday, April 26th at 5:36 p.m., to which Plaintiffs received a response the same day at 9:57 p.m. Plaintiffs then made revisions and returned them to both opposing counsels on Thursday, April 27th at 4:47 p.m. Then, Defendants responded April 27th at 7:56 p.m. with a draft which appears to be working from a different draft than the one provided to them three hours before.

10.     The Motion for Clarification filed by Defendants is an attempt to buy time by creating chaos and wasting the energy and resources of the Plaintiffs so that the Court will continue to trial without their having to even request a continuance. The Defendants' refusal and failure to follow the trial order is materially prejudicial to the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Motion for Clarification and, rather, compel the Defendants to abide by the clear language of the trial order in this case, which the parties have already previously followed, and that the Court award such further relief as the Court may deem meet and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

ANTHONY F. SANCHEZ, P.A.
ATTORNEYS FOR PLAINTIFFS
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.: 305-665-9211

BY:  /S/ ANTHONY F. SANCHEZ
ANTHONY F. SANCHEZ
FLORIDA BAR NO.789925
AFS@LABORLAWFLA.COM

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
afs@laborlawfla.com
faz@laborlawfla.com
***Counsel for Plaintiffs***
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: 305-665-9211

Todd W. Shulby, Esq.
Florida Bar No.: 068365
tshulby@shulbylaw.com
llangford@shulbylaw.com
***Counsel for Defendants***
TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Tel: 954-530-2236
Fax: 954-530-6628
*Via Notice of Electronic Filing*

Brian H. Pollock, Esq.
Florida Bar No.: 174742
brian@fairlawattorney.com
***Co-Counsel for Defendants***
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Tel: 305-230-4884
*Via Notice of Electronic Filing*