UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN
[CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

## JOINT NEUTRAL SUMMARY OF THE CLAIMS AND DEFENSES IN THIS CASE TO BE READ AS AN INTRODUCTION FOR VOIR DIRE EXAMINATION

Plaintiffs and Defendants, by and through their respective undersigned counsel and in compliance with the Court's Post-Pretrial Conference Administrative Order (ECF No. 147) requiring that the Parties file a "joint, neutral summary of the claims and defenses in the case, **not to exceed one short paragraph per claim,** to be read as an introduction for voir dire examination," submit the following:

## **SUMMARY OF THE CLAIMS AND DEFENSES**

This is an action brought by Plaintiffs, Erik Chavez and Leonel Diaz, and against Grill Enterprises, LLC and Ruben Sierra, for alleged unpaid minimum wages. Plaintiffs were servers at a restaurant known as "Los Parrilleros" in Doral, Florida. The restaurant is owned by Defendant Grill Enterprises, LLC. Plaintiffs maintain that during a period of their employment, the restaurant failed to pay them any wages at all for hours they worked, but rather that all of their compensation came from a less than total distribution from the employer of the "tips" given to Plaintiffs by customers of the restaurant. Defendants, on the other hand, contend that Plaintiffs were in fact paid the wages required by the law for servers, after deducting federal withholdings and taxes, as shown on their paystubs. Additionally, Plaintiffs maintain that during all periods of employment, they were required to share their tips with persons or entities not eligible to participate in a valid "tip pool" arrangement. Defendants also dispute this claim and maintain that every person who received tips from the tip pool was legally entitled to receive tips as a tipped employee. Plaintiffs maintain that Defendant Ruben Sierra, is also liable because he exercised the necessary control over the restaurant's operations. Defendants deny that Mr. Sierra is personally liable to the Plaintiffs or exercised the type of control required to make him an employer under the law. An employer of tipped employees is permitted by law to take no more than a $3.02 per hour "tip credit" and pay tipped employees, such as servers, a reduced minimum wage, but only when certain conditions are met. Plaintiffs maintain that these conditions were not met by the employer, whereas Defendants maintain that they complied with the requirements to take a "tip credit" and properly paid all wages and tips earned by Plaintiffs.

Respectfully submitted this 28th day of April 2023,,

By: s/Anthony F. Sanchez, Esq.
Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
afs@laborlawfla.com
faz@laborlawfla.com
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: 305-665-9211

*Counsel for Plaintiffs*

By: s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq.
Florida Bar No.: 068365
tshulby@shulbylaw.com
llangford@shulbylaw.com
TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Tel.: 954-530-2236
Fax: 954-530-6628

*Counsel for Defendants*

By: s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884

*Co-Counsel for Defendants*