UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-CV-22603-GOODMAN [*CONSENT CASE*]

**Erik Chavez**, individually, and on
behalf of others similarly situated,

      Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida
limited liability company, d/b/a "Los
Parrilleros" and "Parrilleros Tavern",
and;
**Ruben Sierra,** individually,

      Defendants.

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

Instructions proposed only by Plaintiffs (to which Defendants

object) are <u>*italicized*</u>.

Instructions proposed only by Defendants (to which

Defendants object) are **bold-faced**.

## PROPOSED JURY INSTRUCTION NO. 1
(General Preliminary Instruction)

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles

about a civil trial and your duty as jurors. These are preliminary

instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and

apply the law to the facts. It's my job to provide you with the law you must

apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the

courtroom. Evidence comes in many forms. It can be testimony about what

someone saw, heard, or smelled. It can be an exhibit or a photograph. It can

be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw

wet grass outside and people walking into the courthouse carrying wet

umbrellas. This may be indirect evidence that it rained, even though the

witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true

just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, [<u>Erik Chavez and Leonel Diaz</u>], claim the Defendants, Grill Enterprises, LLC and Ruben Sierra, [failed to pay them *a minimum hourly wage for every hour they worked as required by law* **the minimum wage required by law by taking improper deductions from their pay for taxes, withholdings, and credit card fees, and by including non-tipped employees or managers in the tip pool**]. Grill Enterprises, LLC and Ruben Sierra deny those claims and contend that *they* **Grill Enteprises, LLC** properly paid Plaintiffs in accordance with the law, that the only people who received tips from a tip pool were tipped employees, that all deductions from Plaintiffs' tips and wages were appropriate, that Mr. Sierra was not Plaintiffs' "employer", and that they did not recklessly or willfully fail violate the minimum wage laws.

<u>Burden of proof</u>:

[<u>Erik Chavez and Leonel Diaz</u>] have the burden of proving [their] case by what the law calls a "preponderance of the evidence." That means [<u>Erik Chavez and Leonel Diaz</u>] must prove that, in light of all the evidence, what [they] claim is more likely true than not. So, if you could put the evidence favoring [<u>Erik Chavez and Leonel Diaz</u>] and the evidence favoring Grill Enterprises, LLC and Ruben Sierra on opposite sides of balancing scales, [<u>Erik Chavez and Leonel Diaz</u>] need to make the scales tip to [their] side. If [<u>Erik Chavez and Leonel Diaz</u>] fail to meet this burden, you must find in favor of Grill Enterprises, LLC and Ruben Sierra.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Grill Enterprises, LLC and Ruben Sierra have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Grill Enterprises, LLC and Ruben Sierra must prove for any affirmative defense. After considering all the evidence, if you decide that Grill Enterprises, LLC and Ruben Sierra have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind

until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk

with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, [Erik Chavez and Leonel Diaz] will present [their] witnesses and ask them questions. After [Erik Chavez and Leonel Diaz] questions the witness, Grill Enterprises, LLC and Ruben Sierra may ask the witness questions – this is called "cross-examining" the witness. Then Grill Enterprises, LLC and Ruben Sierra will present their witnesses, and [Erik Chavez and Leonel Diaz] may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 1.1 (2020)

## PROPOSED JURY INSTRUCTION NO. 2
(Jury Questions)

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If

I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 1.4 (2020)

## <u>PROPOSED JURY INSTRUCTION NO. 3</u>
### (Official English Translation/Interpretation)

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [Spanish], you must accept the English [interpretation/translation] provided and disregard any different meaning.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 1.3 (2020)

## PROPOSED JURY INSTRUCTION NO. 4
### (Interim Statements)

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 1.5 (2020)

## <u>PROPOSED JURY INSTRUCTION NO. 5</u>
### (Stipulations)

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 2.1 (2020)

## PROPOSED JURY INSTRUCTION NO. 6
### (Use of Depositions)

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 2.2 (2020)

## PROPOSED JURY INSTRUCTION NO. 7
(Interim Statements)

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he] anticipates the evidence will be, but isn't itself evidence.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 2.4 (2020)

## <u>PROPOSED JURY INSTRUCTION NO. 8</u>
### (Judicial Notice)

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 2.5 (2020)

## PROPOSED JURY INSTRUCTION NO. 9
(Use of Interrogatories)

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 2.6 (2020)

## <u>PROPOSED JURY INSTRUCTION NO. 10</u>
(Introduction – Court's Instructions to the Jury)

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in

deciding this case.

When I have finished you will go to the jury room and begin your

discussions, sometimes called deliberations.

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 3.1 (2020)

## PROPOSED JURY INSTRUCTION NO. 11

(Duty to Follow Instructions –
Corporate Party Involved)

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 3.2.2 (2020)

## PROPOSED JURY INSTRUCTION NO. 12
(Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court)

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 3.3 (2020)

## <u>PROPOSED JURY INSTRUCTION NO. 13</u>
(Credibility of Witnesses)

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.  Did the witness impress you as one who was telling the truth?

2.  Did the witness have any particular reason not to tell the truth?

3.  Did the witness have a personal interest in the outcome of the case?

4.  Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 3.4 (2020)

## <u>PROPOSED JURY INSTRUCTION NO. 14</u>

(Impeachment of Witnesses Because of Inconsistent Statements)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 3.5.1 (2020)

## *PROPOSED JURY INSTRUCTION NO. 15*
*(Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction)*

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**DEFENDANTS' OBJECTION(S):** This instruction is likely irrelevant because the parties did not exchange any discovery and there is not likely to be any evidence that any witness was convicted of a felony. *Sec. & Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury").

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 3.5.2 (2020)

## <u>PROPOSED JURY INSTRUCTION NO. 16</u>
(Responsibility for Proof – Plaintiff's Claims –
Preponderance of the Evidence)

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

[When more than one claim is involved, you should consider each claim separately.]

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claim[s] by a preponderance of the evidence, you should find for the Defendants as to that claim.

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 3.7.1 (2020)

## PROPOSED JURY INSTRUCTION NO. 17
## (Responsibility for Proof – Affirmative Defense
## Preponderance of the Evidence)

In this case, the Defendants assert the affirmative defenses of:

1.      **Plaintiff was paid for all hours worked in accordance with applicable statutes.**

2.      **The action and/or the damages claimed in this action are barred by res judicata, waiver, estoppel (collateral or otherwise), laches, satisfaction, release or agreement.**

3.      **Plaintiff is not entitled to liquidated damages because Defendants did not willfully or otherwise violate the law; and, if any violation is established, Defendants had a good faith belief that they were in compliance with the law.**

4.      **Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to file suit within the applicable statute of limitations period.**

5.      **The amounts owed, if any, are de minimis and may be cured.**

**6.      The number of hours claimed by Plaintiff should be reduced, and Plaintiff's claims should be denied, due to Plaintiff's unclean hands.**

When more than one affirmative defense is involved, you should considereach one separately

Even if the Plaintiffs proves their claim(s) by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

I caution you that the Defendants do not have to disprove the Plaintiffs' claim, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.


**PLAINTIFFS' OBJECTION**: Defendants attempt to identify legal defenses which are not properly raised by the pleadings or pretrial stipulations.

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 3.7.2 (2022)

## <u>PROPOSED JURY INSTRUCTION NO. 18</u>
(Duty to Deliberate When Only the Plaintiff Claims Damages)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 3.8.1 (2020)

## <u>PROPOSED JURY INSTRUCTION NO. 19</u>
(Election of Foreperson Explanation of Verdict Form[s])

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the

jury room and not be shared with anyone, including me, in your note or

question.

**AUTHORITY:**    11th Circuit Pattern Jury Instructions, 3.9 (2020)

### *PROPOSED JURY INSTRUCTION NO. 20*

*(Fair Labor Standards Act – Statutory Statement of Policy (29 U.S.C. § 202))*

*The FLSA was enacted to remedy unfair methods of competition and to eliminate labor conditions that are detrimental to the maintenance of a minimum standard of wellbeing for workers in the economy.*

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted a pattern jury instructions for FLSA Claims, and this language is not included in it. The proposed instruction is superfluous, does not relate to any specific issue in this case not covered by other instructions, will not assist the jury in the determinations it must make in this case, may confuse the jury, and is prejudicial to Defendants. *Sec. & Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury"). *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"). In addition, the proposed instruction is an incomplete recitation of 29 U.S.C. §202. The

purpose of the FLSA is not a disputed issue in this case for resolution by the jury.

**AUTHORITY:**    *29 U.S.C. § 202(a), (a)(3), (b)*

## PROPOSED JURY INSTRUCTION NO. 21
(Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.)

In this case, Erik Chavez and Leonel Diaz claim that Grill Enterprises, LLC and Ruben Sierra did not pay Erik Chavez and Leonel Diaz the minimum wages required by the federal Fair Labor Standards Act, also known as the FLSA.

**To succeed on their claim against Grill Enterprises, LLC and Ruben Sierra, Erik Chavez and Leonel Diaz must prove by a preponderance of the evidence that Grill Enterprises, LLC failed to pay each of them the minimum wages required by the law**.

*To succeed on their claim against Grill Enterprises, LLC and Ruben Sierra, Erik Chavez and Leonel Diaz must prove by a preponderance of the evidence*:

*First: [Erik Chavez and Leonel Diaz] were employed by [Grill Enterprises, LLC] and were [engaged in commerce or in the production of goods for commerce] or [employed by an enterprise engaged in commerce or in the production of goods for commerce];*

*Second:      [Grill Enterprises, LLC] failed to pay [Erik Chavez and Leonel Diaz] the [minimum wage required by law.*

**First: Erik Chavez and Leonel Diaz were each employees of Grill Enterprises, LLC and Ruben Sierra; and**

**Second: Grill Enterprises, LLC and Ruben Sierra failed to pay Erik Chavez and Leonel Diaz the minimum wages required by law**.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

*For the first element, [Erik Chavez and Leonel Diaz] had to prove by a preponderance of the evidence that [they] were employees [engaged in commerce or in the production of goods for commerce or that they were employed by an enterprise engaged in commerce or in the production of goods for commerce].*

*The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. [Erik Chavez and Leonel Diaz] were engaged in the "production of goods" if [they] were employed in handling, or transporting goods or materials, or in any other manner worked on goods or materials, or any closely related process or occupation directly essential to the production of goods. [An employer is an "enterprise engaged in commerce or the production of goods for*

commerce" if it has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.] An employer is "engaged in commerce" whenever there is evidence reflecting that two or more of its employees recurrently handle goods or materials that have previously moved through interstate commerce. "The most essential 'materials' required to operate a typical restaurant like this one have undoubtedly traveled in interstate or foreign commerce." I instruct you that the Court has already determined that Plaintiffs met this burden, so you do npot have to resolve this question. Accordingly, you must decide whether Grill Enterprises, LLC complied with the minimum wage requirements of law.

The minimum wage required by law during the periods involved in this case varied from year to year, and this amount is also variable in cases like this because the employer may be entitled to take a limited conditional hourly tip credit from the tips Erik Chavez and Leonel Diaz received from customers, as I will detail shortly.

**Minimum wage claim: The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour. To determine whether the employers have paid the minimum wage, each is entitled to**

**a credit for the reasonable costs of furnishing certain non-cash items to Plaintiffs, such as meals for the employee's benefit, and the employee voluntarily accepts them.**

The amount of damages is the difference between the amount each Erik Chavez and Leonel Diaz should have been paid and the amount each was actually paid.

- Erik Chavez is entitled to recover lost wages **from his last day of work** back to no more than two years before he filed this lawsuit [June 23, 2020] unless you find that the employer(s) either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the employer(s) knew or showed reckless disregard for whether the FLSA prohibited their conduct, then Erik Chavez is entitled to recover lost wages from **his last day of work** back to no more than three years before he filed this lawsuit [June 23, 2020].

- *Leonel Diaz is likewise entitled to recover lost wages dating back from two or three years from the date he joined this lawsuit which was on December 9, 2020.*

- **Leonel Diaz is entitled to recover lost wages from his last day of work back to no more than March 10, 2019.**

*[Inadequate Records: The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, Erik Chavez and Leonel Diaz claims that Grill Enterprises, LLC and Ruben Sierra failed to keep and maintain adequate records of their hours and pay. Erik Chavez and Leonel Diaz also claim that Grill Enterprises, LLC's and Ruben Sierra's failure to keep and maintain adequate records has made it difficult for Erik Chavez and Leonel Diaz to prove the exact amount of their claim. If you find that Grill Enterprises, LLC and Ruben Sierra failed to keep adequate time and pay records for Erik Chavez and Leonel Diaz and that Erik Chavez and Leonel Diaz performed work for which they should have been paid, Erik Chavez and Leonel Diaz may recover a reasonable estimation of the amount of their damages. But to recover this amount Erik Chavez and Leonel Diaz*

*must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.]*

An individual can also be liable for *Plaintiffs'* **a plaintiff's** *minimum wage* damages under **the FLSA** *applicable law* if the individual played a substantial role in causing the *minimum wage violations* **FLSA violation**. To determine whether an individual *such as Ruben Sierra* is liable, you must consider all the relevant circumstances rather than any one technical factor. Erik Chavez and Leonel Diaz must prove that Ruben Sierra had operational control over Grill Enterprises, LLC. In other words, Ruben Sierra must have controlled significant aspects of Grill Enterprise, LLC's day-to-day functions, including employee compensation, or had direct responsibility for the supervision of Plaintiffs.

[PLAINTIFFS' OBJECTION; Defendants deviate from the pattern instruction by deleting pertinent portions related to their failure to keep proper pay and time records, and by incorrectly representing the period of employment for the Plaintiff Leo Diaz which attempts to nullify the jury's ability to find

"willfulness" as to Diaz and to incorrectly state the applicable statute of limitations for Diaz. It also misinforms the jury regarding the applicable minimum wage rate, which essentially purports to require that the jury apply an unconstitutionally low minimum wage rate. Additionally, the Defendants' proposal Includes language regarding the furnishing of "facilities" such as "meals" which Is not raised in the pleadings, and for which the Defendants have never provided any record or accounting throughout the course of discovery. The Instruction also Incorrectly suggests that Plaintiffs must prove that both Defendants failed to play them their minimum wages. The liability of Ruben Sierra Is derivative which Is explained In the portion of the Instruction pertaining to "operational control" here and elsewhere In the Instructions. Further, the Defendants attempt to both mischaracterize and limit the allegations of the Plaintiffs' complaint and the evidence Plaintiffs will present. For example, Defendants mischaracterize the tip pool violations and Ignore that Plaintiffs allege they were paid no wages at all during Phase I.

[DEFENDANTS' OBJECTION; Defendants do not believe there is an issue of inadequate recordkeeping, as they maintained the records required by the FLSA, and so object to the inclusion of the inadequate recordkeeping portion of this standard instruction as irrelevant and confusing. *Sec. & Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury"). Moreover, the evidence in the case is that Defendants complied with the recordkeeping requirements imposed by 29 C.F.R. §516.2, making the recordkeeping portion of the instruction unnecessary.]

**AUTHORITY:**   11th Circuit Pattern Jury Instructions, 4.14 (2022). *Diaz v. Jaguar Rest. Grp., LLC*, 649 F. Supp. 2d 1343, 1347 (S.D. Fla. 2009) *citing* 29 C.F.R. § 779.238; . *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265- 66 (11th Cir. 2006); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010)(citing 29 U.S.C. § 203(s)(1)(A)); 29 U.S.C. §203(s)(1)(A)(i)-(ii)(emphasis added)

## PROPOSED JURY INSTRUCTION NO. 22 (Plaintiffs' Supplement)
### (Individual Liability)

The Fair Labor Standards Act contemplates at least some individual liability, and it is consistent with Congress's intent to impose liability upon those who control a corporation's financial affairs and can cause the corporation to compensate, or not to compensate, employees in accordance with federal law. An individual's ownership interest in the corporation and control over the corporation's day-to-day functions are relevant to this inquiry because they are indicative of the owner's role in causing the violation, if any.

 "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable for unpaid minimum wages." This is not to say that individual liability depends upon an individual's status as a corporate officer. The law provides an expansively broad definition of "employer" and the determination of whether an individual fits that definition "does not depend on technical or isolated factors but rather on the circumstances of the whole activity." Individuals may be considered "employers" when they have significant ownership interests, or operational control over the company, such that he could cause the company to violate the law. The individual need

*not have exclusive control over the company to be considered an employer; rather, he need only have control over "significant aspects" of the company's operations. The term employer "must be liberally construed to effectuate Congress' remedial intent."*

**[DEFENDANTS' OBJECTION(S):** The March 2022 Civil Pattern Jury Instruction 4.14 covers the issue of individual liability. The proposed instruction is duplicative of and inconsistent with the standard instruction, and there is no need to deviate from the pattern instruction. *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"). If any supplemental instruction is to be given, it should include the other pertinent information necessary for the jury to decide the issue, including whether Mr. Sierra had "operational control of significant aspects of [Grill Enterprise, LLC's] day-to-day functions, including compensation of employees or other matters 'in relation to an employee.'" *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). Defendants do not believe that any such instruction beyond the Standard Jury Instructions should be given.]

AUTHORITY: *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir.1986) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983)); *Lamonica v. Safe Hurricane Shutters*, *2013 U.S. App. LEXIS 4599* (11th Cir. 2013); *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir.2008) (quoting Hodgson v. Griffin & Brand of McAllen, Inc., 471 F.2d 235, 237 (5th Cir.1973)) (internal quotation marks omitted); *Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983); *Reich v. Circle C. Invs., Inc.*, 998 F 2d 324, 329 (5th Cir. 1993).

## *PROPOSED JURY INSTRUCTION NO. 23*
### *(Minimum Wage Claim)*

In accordance with the FLSA and the FMWA, employers are required to pay their employees a minimum hourly wage for every hour they work.

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted a pattern jury instruction for the FLSA (4.14) and this language is not included in it, it is superfluous, it does not relate to any specific issue in this case not covered by other instructions, it will not assist the jury in the determinations it must make in this case, may confuse the jury, and it is prejudicial to Defendants. *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"). Further, as proposed, the instruction does not identify permitted deductions such as for payment of taxes and withholdings or the "tip credit" wage and so also is incomplete as stated. Ultimately, there is no dispute that employers are required to pay a minimum wage. *Exch. Comm'n v. Complete Bus. Sols. Group,*

*Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury").

**AUTHORITY:**   *29 U.S.C. § 206(a); Florida Constitution Article X, § 24(c); Fla. Stat. §448.110.*

## PROPOSED JURY INSTRUCTION NO. 24
### (Applicable Minimum Wage)

*Under those minimum wage laws, in this jurisdiction, the required minimum hourly wage required to be paid to eligible employees was as follows:*

   *a. $8.10 in 2017;*

   *b. $8.25 in 2018;*

   *c. $8.46 in 2019;*

   *d. $8.56 in 2020.*

*However, in this case, it is undisputed that the Plaintiffs were "tipped employees" in that they "customarily and regularly received" a certain amount every month from in tips or gratuities directly or indirectly from customers of the restaurant where they worked. Accordingly, in calculating the minimum amounts that an employer must pay to eligible "tipped employees", the minimum wage laws recognize that under certain circumstances, employers of "tipped employees" may include a limited part (but not all) of such tips as wage payments for purposes of meeting the minimum wage requirements.*

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted pattern jury instructions and this language is not included in it and certain language in it is superfluous, it does not relate to any specific issue in this case not covered by other instructions, will not assist the jury in the determinations it must make in this case, may confuse the jury, it is confusing, and it is prejudicial to Defendants. *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"). In addition, the federal minimum wage remains at $7.25/hour, making this instruction inaccurate as a matter of law for Plaintiffs' FLSA claim. 29 U.S.C. §206(a)(1)(C). *Malivuk v. Ameripark, LLC*, 694 Fed. Appx. 705, 706 (11th Cir. 2017) (citing 29 U.S.C. § 203(m)); and *P&k Rest. Enter., LLC v. Jackson*, 758 Fed. Appx. 844, 847 (11th Cir. 2019) ("The federal minimum wage is $7.25 per hour.") *See also Parker Drilling Mgt. Svc., Ltd. v. Netwon*, 139 S.Ct. 1881 (2019). The instruction is confusing and not accurate as drafted. *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a

confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.) Plus, there is no dispute that Plaintiffs were "tipped employees," obviating the need for an instruction on the undisputed issue. *Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury").

**AUTHORITY:**   29 U.S.C. § 203(m)(2); 29 USC §541.4; Fla. Stat. §448.110; Florida Constitution, § 24, Article X; *Adams v. Fritz Martin Cabinetry, LLC*, No. 2:18-CV-83-FTM-99MRM, 2018 WL 4215892 at *2 (M.D. Fla. Sept. 5, 2018).

## PROPOSED JURY INSTRUCTION NO. 25
### (Reduced Minimum Wage for "Tipped Employees")

*The maximum amount of "tip credit" which an employer may take is $3.02 for each hour worked by a "tipped employee", but only if they meet the requirements for taking a tip credit for the period covered by this lawsuit. Accordingly, if the Employer complied with the "tip credit" requirements, they would be entitled to may at least a reduced minimum hourly wage which varies for each year of employment, as follows:*

     *a. $5.08 in 2017 ($8.10 less $3.02);*

     *b. $5.23 in 2018 ($8.25 less $3.02);*

     *c. $5.44 in 2019 ($8.46 less $3.02);*

     *d. $5.54 In 2020 ($8.56 less $3.02).*

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted pattern jury instructions and this language is not included in it and certain language in it is superfluous, it is duplicative if proposed instruction No. 23, it does not relate to any specific issue in this case not covered by other instructions, will not assist the jury in the determinations it must make in this case, may

confuse the jury, and it is prejudicial to Defendants. *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"); *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). In addition, the federal minimum wage remains at $7.25/hour, making this instruction inaccurate as a matter of law for Plaintiffs' FLSA claim. 29 U.S.C. §206(a)(1)(C). *Malivuk v. Ameripark, LLC*, 694 Fed. Appx. 705, 706 (11th Cir. 2017) (citing 29 U.S.C. § 203(m)); and *P&k Rest. Enter., LLC v. Jackson*, 758 Fed. Appx. 844, 847 (11th Cir. 2019) ("The federal minimum wage is $7.25 per hour.") *See also Parker Drilling Mgt. Svc., Ltd. v. Netwon*, 139 S.Ct. 1881 (2019). The instruction is confusing and not accurate as drafted. *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a

whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)"


**AUTHORITY:**   29 U.S.C. § 203(m)(2); 29 USC §541.4; Fla. Stat. §448.110; Florida Constitution, § 24, Article X; *Adams v. Fritz Martin Cabinetry, LLC*, No. 2:18-CV-83-FTM-99MRM, 2018 WL 4215892 at *2 (M.D. Fla. Sept. 5, 2018).

## PROPOSED JURY INSTRUCTION NO. 26
### *(Tips Belong to the Tipped Employees)*

In this regard, it is important to understand that the tips received by "tipped employees" belong entirely to said "tipped employee"; an employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit.

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted a pattern jury instructions and this language is not included in it and certain language in it is superfluous, it does not relate to any specific issue in the case not covered by other instructions, it will not assist the jury in the determinations it must make in this case, it may confuse the jury, and it is prejudicial to Defendants. *U.S. v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"). Plaintiffs did not allege in the operative Complaint a claim for tip confiscation under 29 U.S.C. §203(m)(2)(B) and instead only alleged a claim for unpaid or underpaid minimum wages. *Compare Rodriguez v. City*

*Buffet Mongolian Barbeque, Inc.*, 2020 WL 2476043 (M.D. Fla. Apr. 22, 2020) with  [ECF No. 7]. Therefore, there is no need to include an instruction on an issue that is not to be litigated to the jury on the ownership of tips. *Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury"). Furthermore, prior to March 2018, the FLSA did not even permit the recovery of minimum wages and tips. *Groeschel v. Casey Key Fish House, Inc.*, 2019 WL 1093450, at \*4 (M.D. Fla. Feb. 27, 2019).

**AUTHORITY:**     *29 U.S.C. § 203(m)(2)(B); 29 CFR 531.52(b).*

## *PROPOSED JURY INSTRUCTION NO. 27*
### *(Tip Credit Conditions)*

*In order for the employer to lawfully take the $3.02 per hour "tip credit", each of the following must be true:*

(a) *The employer must have informed the "tipped employee" that they will take such a "tip credit" and the amount of the "tip credit" they would take;*

(b) *The employer must actually pay the "tipped employee" the reduced hourly wage described previously (i.e.: the difference between the established minimum hourly wage and the "tip credit" employer informed he would take); and*

(c) *"all tips received by such tipped employee must be retained (kept) by the employee…".*

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted a pattern jury instructions and this language is not included in it and certain language in it is superfluous, it is duplicative, it does not relate to any specific issue in the case not covered by other instructions, it will not assist the jury in the

determinations it must make in this case, it may confuse the jury, and it is prejudicial to Defendants. *U.S. v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions") ; *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). The FLSA allows employers to pay a direct hourly wage of $2.13 per hour plus tips. *Nail v. Shipp*, 2019 WL 3719397, at *3 (S.D. Ala. Aug. 6, 2019) ("The maximum tip credit against minimum wage is $5.12/hour and the minimum cash wage is $2.13/hour (to total the federal minimum wage rate of $7.25/hour))." Put another way, "§ 203(m) authorizes the employer to pay the employee (1) an hourly wage of $2.13 plus (2) an additional amount in tips that brings the total wage up to the federal minimum wage of $7.25 an hour. 29 U.S.C. § 203(m)." *Malivuk*, 694 Fed. Appx. at 706; and *P&k Rest. Enter., LLC*, 758 Fed. Appx. at 847. *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction,

*U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)".) Therefore, there is no need to include an instruction on an issue not to be litigated to the jury on the ownership of tips. *Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury"). Furthermore, prior to March 2018, the FLSA did not even permit the recovery of minimum wages and tips. *Groeschel v. Casey Key Fish House, Inc.*, 2019 WL 1093450, at *4 (M.D. Fla. Feb. 27, 2019).

**AUTHORITY:**     *29 U.S.C. § 203(m)(2).*

*PROPOSED JURY INSTRUCTION NO. 28*
*(Tip Pool)*

*When an employer that takes a "tip credit" and actually pays the "tipped employee" the "reduced hourly wage":*

1. *The employer may require the "tipped employee" for whom the employer takes a tip credit to contribute tips to a tip pool, but only if the tip pool is limited to other employees who customarily and regularly receive tips; and*

2. *The employer must notify its employees of any required tip pool contribution amount,* **may only take a tip credit for the amount of tips each employee ultimately receives,** *and may not retain any of the employees' tips for any other purpose.*

3. *An employer may not participate in such a tip pool and may not include managers and supervisors in the pool.*

**Where employees practice tip splitting, as where waiters give a portion of their tips to the busser, both the amounts retained by the waiters and those given the bussers are considered tips of the individuals who retain them [omitted]. Similarly, where an accounting is made to an employer for his or her information only or in furtherance of a pooling arrangement**

**whereby the employer redistributes the tips to the employees upon some basis to which they have mutually agreed among themselves, the amounts received and retained by each individual as his or her own are counted as his or her tips for purposes of the Act.**

**An employer does not violate [the] prohibition against keeping tips if it requires employees to share tips with other employees who are eligible to receive tips.**

PLAINTIFFS' OBJECTIONS: The Defendants purport to add language that would erroneously instruct the jury that an employer "may take a tip credit for the amount of tips each employee ultimately receives. Further, Defendants attempt to suggest that the tip pool was governed by employees, rather than the employer. This is contrary to the record, and even the Court's fact finding. [ECF No. 111, p. 11, fn. 15].

DEFENDANTS' OBJECTION(S): The proposed instruction is an inaccurate recitation of the law in effect at the time, as it ignores the entirety of 29 C.F.R. §§531.52(b)(1) and 531.54. *U.S. v. Mayweather*, 991 F.3d 1163, 1183

(11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)".) The Eleventh Circuit enacted a pattern jury instructions, this language is not included in it, and certain language in it is superfluous, it is duplicative, it does not relate to any specific issue in the case not covered by other instructions, it will not assist the jury in the determinations it must make in this case, it may confuse the jury, and it is prejudicial to Defendants. *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"). If the instruction is to be given, the language proposed by Defendants as contained in 29 C.F.R. §531.54 should also be included.

**AUTHORITY:**   29 U.S.C. § 203(m)(2)(A); 29 CFR 531.54(c).

## *PROPOSED JURY INSTRUCTION NO. 29*
### *(Tip Credit/Tip Pool)*

An employer that takes a tip credit against its minimum wage obligations is prohibited from using an employee's tips for any reason other than that which is permitted by [§203(m)(2)(A) of the FLSA], namely:

1. As a limited credit against its minimum wage obligations to the employee, or;

2. In furtherance of a valid tip pool limited to employees who customarily and regularly receive tips.

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted a pattern jury instructions, and this language is not included in it, and certain language in it is superfluous, it is duplicative, it does not relate to any specific issue in the case not covered by other instructions, it will not assist the jury in the determinations it must make in this case, it may confuse the jury, and it is prejudicial to Defendants. *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the

Eleventh Circuit Pattern Jury Instructions"); *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)".)

**AUTHORITY:**     *29 USC § 203(e), (m)*

## PROPOSED JURY INSTRUCTION NO. 30
### (Tip Credit/Tip Pool)

An employer may exert control over an employee's tips only temporarily and only for the following reasons:

1. to distribute tips to the employee who received them; or

2. to distribute tips to employees in a valid tip pool.

**DEFENDANTS' OBJECTION(S):** The proposed instruction is an inaccurate recitation of the law in effect at the time, as it ignores the entirety of 29 C.F.R. §§531.52(b)(1) and 531.54. The Eleventh Circuit enacted a pattern jury instructions, and this language is not included in it, and certain language in it is superfluous, it is duplicative, it does not relate to any specific issue in the case not covered by other instructions, it will not assist the jury in the determinations it must make in this case, it may confuse the jury, and it is prejudicial to Defendants. *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"); *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*,

2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)".)

**AUTHORITY:**   29 U.S.C. § 203(m)(2)(B); 29 CFR 531.52(b)(1); 29 CFR 531.54(b)(1), (2).

## PROPOSED JURY INSTRUCTION NO. 31
(Tax Withholding)

Employers have an obligation to withhold the plaintiffs' share of taxes from the wages paid to their employees, including from the tips they disburse, and to pay over the withheld amounts to the United States.

AUTHORITY:    26 U.S.C. §§ 3102(a) (imposing on employer duty to collect employee's share of FICA), 3102(b) (imposing on employer duty to pay over employee FICA), 3402 (imposing on employer duty to withhold income taxes from employee's wages), 3403 (imposing on employer duty to pay over income taxes required to be withheld from employee's wages).

## *PROPOSED JURY INSTRUCTION NO. 32*
*(Tip Ownership)*

Even when an employer exerts control over a tipped employee's tips for one
of the reasons just mentioned, the tips remain property of the tipped employee; thus
tips include – in addition to the cash sums presented by customers directly to the
Plaintiffs – amounts redistributed to tipped employees by the employer pursuant to
credit card payments by customers who designate amounts on their bills as tips or
gratuities

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted a pattern
jury instructions and this language is not included in it and certain
language in it is superfluous, duplicative, it does not relate to any specific
issue in the case not covered by other instructions, it will not assist the jury
in the determinations it must make in this case, it may confuse the jury, and
it is prejudicial to Defendants. *U.S. v. Green*, 2016 WL 3866567, at *4 (S.D.
Ga. July 13, 2016) ("these instructions were superfluous as the Court
provided the proper warnings to the jury pursuant to the Eleventh Circuit
Pattern Jury Instructions"); *Gov't Employees Ins. Co. v. Right Spinal Clinic,*

*Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). Furthermore, the proposed instruction is an inaccurate recitation of the law. *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)".) This amended language was in effect for only a portion of the workweeks at issue (following the amendment of the Consolidated Appropriations Act of 2018 on March 23, 2018), which amended §203(m) of the FLSA. *Rodriguez v. City Buffet Mongolian Barbeque, Inc.*, 2020 WL 2476043, at *5 (M.D. Fla. Apr. 22, 2020), report and recommendation adopted, 2020 WL 2473452 (M.D. Fla. May 13, 2020).

**AUTHORITY:**    *29 U.S.C. § 203(m)(2)(B); 29 CFR §531.53.*

## PROPOSED JURY INSTRUCTION NO. 33
*(Tip Ownership)*

*However, an employer that facilitates tip pooling by collecting and redistributing employees' tips must distribute those tips no later than the regular payday for the workweek in which the tips were collected. If an employer fails to so timely distribute tips so collected, the employer will be deemed to have violated the rule against keeping any portion of the employees' tips.*

**An employer that facilitates tip pooling by collecting and redistributing employees' tips does not violate the prohibition against keeping tips if it fully distributes any tips the employer collects no later than the regular payday for the workweek in which the tips were collected, or when the pay period covers more than a single workweek, the regular payday for the period in which the workweek ends. To the extent that it is not possible for an employer to ascertain the amount of tips that have been received or how tips should be distributed prior to processing payroll, tips must be distributed to employees as soon as practicable after the regular payday.**

**PLAINTIFFS' OBJECTION**: There is no suggestion in the record, the discovery, or the evidence that there is any difficulty in ascertaining the amount of tips collected or distributed. In fact, the evidence suggests that during PHASE I Defendant purported to disburse tips in cash at the conclusion of each shift worked.


**DEFENDANTS' OBJECTION(S):** Plaintiffs' proposed instruction is not an accurate recitation of 29 C.F.R. §531.54(b)(2), the contents of which is provided in boldface, above. *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)".)


**AUTHORITY:**     *29 U.S.C. § 203(m)(2)(B); 29 CFR 531.52(b)(1); 29 CFR 531.54(b)(2)*

## *PROPOSED JURY INSTRUCTION NO. 34*
*(Tip Pool/Tip Credit)*

*Only an employer that pays its tipped employees the full minimum wage and does not take a tip credit may impose a tip pooling arrangement that includes dishwashers, cooks, or other employees in the establishment who are not employed in an occupation in which employees customarily and regularly receive tips. However, in this case, it is undisputed that the employer does take a tip credit, therefore the employers in this case may not impose a tip pooling arrangement that includes dishwashers, cooks, or other employees in the establishment who are not employed in an occupation in which employees customarily and regularly receive tips.*

**DEFENDANTS' OBJECTION(S):** This language is not found within 29 C.F.R. 531.54, and it purports to use the amended language in effect for only a portion of the workweeks at issue (following the amendment of the Consolidated Appropriations Act of 2018 on March 23, 2018), which amended §203(m) of the FLSA. *Rodriguez v. City Buffet Mongolian Barbeque, Inc.*, 2020 WL 2476043, at *5 (M.D. Fla. Apr. 22, 2020), report and

recommendation adopted, 2020 WL 2473452 (M.D. Fla. May 13, 2020). *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)".)

**AUTHORITY:**    *29 U.S.C. § 203(m)(2)(A); 29 CFR 531.54(d).*

## *PROPOSED JURY INSTRUCTION NO. 35*

*(Unlawful Retention of Employees' Tips and Invalid Tip Pool Participation)*

In this case the Plaintiffs maintain that their Employers (the Defendants) were not entitled to take a "tip credit" because a) Defendants frequently did not pay the reduced minimum hourly wage; b) Defendants unlawfully kept portions of the Plaintiffs' tips; c) required that Plaintiffs contribute portions of their tips toward an invalid tip pool; and d) used Plaintiffs' tips to underwrite Defendants business operations. In this regard, Plaintiffs maintain that the tip pool they had to contribute into was invalid because it required they make payments to persons who were not lawfully employed by the Defendants and could not accordingly be "employees who customarily and regularly received tips" as required for valid tip pools. Plaintiffs also maintain the tip pool was invalid because it included management and supervisory employees, and other workers that do not "customarily and regularly receive tips". The Plaintiffs maintain that they should not have to pay any portion of their tips to pay wages of people or entities who are not lawfully or actually employed by the Defendants as employees, and they should not have to pay any portion of their tips to persons or entities who are management or supervisory employees of the Defendants or who otherwise are not tipped

*employees. Accordingly, in considering whether the tip pool is valid you may consider the following to determine whether the tip pool included ineligible participants.*

**DEFENDANTS' OBJECTION(S):** The proposed instruction is partisan and argumentative and therefore, inappropriate. *U.S. v. Maxwell*, 579 F.3d 1282, 1304 (11th Cir. 2009) ("proposed jury instructions contain partisan and argumentative statements of law and fact, and the district court was not obliged to present them to the jury in that form….") The Eleventh Circuit enacted a pattern jury instructions, and this language is not included in it and certain language in it is superfluous, it does not relate to any specific issue in the case not covered by other instructions, it will not assist the jury in the determinations it must make in this case, it may confuse the jury, and it is prejudicial to Defendants. *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In particular, a district court may refuse to give a confusing jury instruction, *U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v. Silverman*, 745 F.2d

1386, 1396 (11th Cir. 1984), and 'the charge as a whole [must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)".) The instruction is duplicative of other proposed instructions. *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury")

**AUTHORITY:**   *29 U.S.C. § 202(a), (a)(3), (b); 29 U.S.C. § 203(e)(1); 29 U.S.C. § 203(m); 29 U.S.C. § 203(m)(2)(A); 29 U.S.C. § 203(m)(2)(B); 29 CFR 531.52(b). 29 CFR 531.54(c); 29 CFR 531.52(b)(1); 29 CFR 531.54(b)(1), (2); 29 CFR 531.53. 29 CFR 531.54(d).*

## PROPOSED JURY INSTRUCTION NO. 36
### *(Tip Pool Participation)*

*It is unlawful for any employer —*

> *(A) to hire… for employment in the United States an alien knowing*
>
> *them not at that time to be either (A) <u>lawfully admitted for</u>*
>
> *<u>permanent residence,</u> or (B) authorized to be so employed by*
>
> *immigration law or by the <u>U.S. Attorney General.,</u> or*
>
> *(B)*
>
>> *(i) to hire for employment in the United States an individual*
>>
>> *without first verifying their eligibility for employment in*
>>
>> *accordance with applicable immigration law.*

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs for this instruction does not apply to FLSA cases. Courts routinely disregard immigration status in determining a workers' status as an employee under the FLSA. *Perez v 1st United Funding, LLC*, 2019 WL 13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant"); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013"

("undocumented workers are "employees" within the meaning of the FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn South*, 846 F.2d 700, 704-05 (11th Cir. 1988) (undocumented aliens are employees The instruction is duplicative of other proposed instructions and contrary to the Court's prior ruling(s). *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). In *Lucas*, cited by Plaintiffs, the Court recognized as follows:

> there is no "reason why the fact that" the employers unlawfully hired the workers "should exempt" them "from paying the" wages "that if lawful" they "would have to pay." *Id.* "Certainly there is no reason for treating" the employers "more leniently." *Rutkin v. United States,* 343 U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

*Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013)

**AUTHORITY:**   *Hoffman Plastic Compounds v. 'at'l Labor Relations Bd., 535 U.S. 137, 141 (2002); 8 U.S.C. § 1324a (a), (b), (h)(3).*

## PROPOSED JURY INSTRUCTION NO. 37
### *(Tip Pool Participation)*

*It is unlawful for employers to knowingly hire undocumented workers or to hire any individual without verifying their eligibility for employment.*

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs for this instruction does not apply to FLSA cases. Courts routinely disregard immigration status in determining a workers' status as an employee under the FLSA. *Perez v 1st United Funding, LLC*, 2019 WL 13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant"); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013" ("undocumented workers are "employees" within the meaning of the FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn South*, 846 F.2d 700, 704-05 (11th Cir. 1988) (undocumented aliens are employees). The instruction is duplicative of other proposed instructions and contrary to the Court's prior ruling(s). *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022)

("Duplicative and potentially conflicting instructions would in no way help the jury"). In *Lucas*, cited by Plaintiffs, the Court recognized as follows:

> there is no "reason why the fact that" the employers unlawfully hired the workers "should exempt" them "from paying the" wages "that if lawful" they "would have to pay." *Id.* "Certainly there is no reason for treating" the employers "more leniently." *Rutkin v. United States,* 343 U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

*Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013).

**AUTHORITY:**   *Hoffman Plastic Compounds v. 'at'l Labor Relations Bd., 535 U.S. 137, 141 (2002); 8 U.S.C. § 1324a (a), (b), (h)(3)*

## *PROPOSED JURY INSTRUCTION NO. 38*
*(Tip Pool Participation)*

Immigration Law "forcefully" combats the employment of undocumented workers by establishing an extensive "employment verification system," designed to deny employment to aliens who (a) are not lawfully present in the United States, or (b) who are not lawfully authorized to work in the United States. This verification system is critical to both Immigration Law and Labor Law. Enforcement of Immigration Laws mandates that employers verify the identity and eligibility of their workforce by examining specified documents before they begin work. If an undocumented alien applicant is unable to present the required documentation, the undocumented alien cannot be lawfully hired, and the employer alone is liable for the payment of their minimum wages; no lawful employee should be required to contribute to the payment of an undocumented worker's wages, by paying the undocumented alien any portion of their tips or other wages.

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs for this instruction does not apply to FLSA cases. Courts routinely

disregard immigration status in determining a workers' status as an

employee under the FLSA. *Perez v. 1st United Funding, LLC*, 2019 WL

13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant");

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013"

("undocumented workers are "employees" within the meaning of the

FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn

South*, 846 F.2d 700, 704-05 (11th Cir. 1988) (undocumented aliens are

employees). The instruction is duplicative of other proposed instructions

and contrary to the Court's prior ruling(s).  *Gov't Employees Ins. Co. v. Right

Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022)

("Duplicative and potentially conflicting instructions would in no way help

the jury"). It also is likely to confuse the jury, and it is prejudicial to

Defendants. *U.S. v. Mayweather*, 991 F.3d 1163, 1183 (11th Cir. 2021) ("In

particular, a district court may refuse to give a confusing jury instruction,

*U.S. v. Rodriguez-Suarez*, 856 F.2d 135, at 140 (11 Cir. 1988); *see U.S. v.

Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984), and 'the charge as a whole

[must] accurately reflect[ ] the law in the context of a case's facts,' *U.S. v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014.)"

**AUTHORITY:**    *Hoffman Plastic Compounds v. 'at'l Labor Relations Bd., 535 U.S. 137, 147-8 (2002); INS v. National Center for Immigra'ts' Rights, Inc., 502 U.S. 183, 194, and n. 8 (1991); Patel v. Quality Inn South, 846 F.2d 700, 704-05 ('1th Cir. 1988); 8 U.S.C. § 1324a (a), (b), (h)(3).*

## PROPOSED JURY INSTRUCTION NO. 39
*(Tip Pool Participation)*

*The FLSA does not allow employers to exploit a worker's immigration status or to profit from utilizing an undocumented workforce in violation of federal immigration law.*

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs for this instruction does not apply to FLSA cases. Courts routinely disregard immigration status in determining a workers' status as an employee under the FLSA. *Perez v. 1st United Funding, LLC,* 2019 WL 13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant"); *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299 (11th Cir. 2013" ("undocumented workers are "employees" within the meaning of the FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn South,* 846 F.2d 700, 704-05 (11th Cir. 1988) (undocumented aliens are employees). The instruction is duplicative of other proposed instructions and contrary to the Court's prior ruling(s).  *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.,* 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022)

("Duplicative and potentially conflicting instructions would in no way help

the jury"). In *Lucas*, cited by Plaintiffs, the Court recognized as follows:

> there is no "reason why the fact that" the employers unlawfully hired
> the workers "should exempt" them "from paying the" wages "that if
> lawful" they "would have to pay." *Id.* "Certainly there is no reason for
> treating" the employers "more leniently." *Rutkin v. United States,* 343
> U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

*Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013)

**AUTHORITY:**    *Patel v. Quality Inn South, 846 F.2d 700, 704-05 (11th Cir.*

*1988); Lucas v. Jerusalem Cafe, LLC, 721 F.3d 927, 930 (8th Cir. 2013); 8 U.S.C. §*

*1324a (a), (b), (h)(3)*

## PROPOSED JURY INSTRUCTION NO. 40
### *(Tip Pool Participation)*

*The United States Citizenship and Immigration Services require all employers to verify employment eligibility by properly completing a Form I-9 for all employees.*

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs for this instruction does not apply to FLSA cases. Courts routinely disregard immigration status in determining a worker's status as an employee under the FLSA. *Perez v 1st United Funding, LLC,* 2019 WL 13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant"); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013" ("undocumented workers are "employees" within the meaning of the FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn South, 846 F.2d 700, 704-05* (11th Cir. 1988) (undocumented aliens are employees). The instruction is duplicative of other proposed instructions and contrary to the Court's prior ruling(s). *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022)

("Duplicative and potentially conflicting instructions would in no way help

the jury"). In *Lucas*, cited by Plaintiffs, the Court recognized as follows:

> there is no "reason why the fact that" the employers unlawfully hired
> the workers "should exempt" them "from paying the" wages "that if
> lawful" they "would have to pay." *Id.* "Certainly there is no reason for
> treating" the employers "more leniently." *Rutkin v. United States,* 343
> U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

*Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013)

**AUTHORITY:**    *Lucas v. Jerusalem Cafe, LLC, 721 F.3d 927, 932, fn. 3 (8th Cir.*

*2013); 8 U.S.C. § 1324a (a), (b), (h)(3).*

## PROPOSED JURY INSTRUCTION NO. 41
### (Tip Pool Participation)

"[T]here is no reason for treating" employers "more leniently" under the FLSA as a result of their use of undocumented workers.

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs for this instruction does not apply to FLSA cases. Courts routinely disregard immigration status in determining a workers' status as an employee under the FLSA. *Perez v. 1st United Funding, LLC*, 2019 WL 13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant"); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013" ("undocumented workers are "employees" within the meaning of the FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn South, 846 F.2d 700, 704-05* (11th Cir. 1988) (undocumented aliens are employees). The instruction is duplicative of other proposed instructions and contrary to the Court's prior ruling(s). *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022)

("Duplicative and potentially conflicting instructions would in no way help the jury"). In *Lucas*, cited by Plaintiffs, the Court recognized as follows:

> there is no "reason why the fact that" the employers unlawfully hired the workers "should exempt" them "from paying the" wages "that if lawful" they "would have to pay." *Id.* "Certainly there is no reason for treating" the employers "more leniently." *Rutkin v. United States,* 343 U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

*Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013)

**AUTHORITY:** *Rutkin v. United States, 343 U.S. 130, 137, (1952); Lucas v. Jerusalem Cafe, LLC, 721 F.3d 927, 933 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3)*

## PROPOSED JURY INSTRUCTION NO. 42
### *(Tip Pool Participation)*

*Labor Laws work in tandem with Immigration Laws to discourage employers from hiring unauthorized workers by "assur[ing] that the wages and employment of lawful residents are not adversely affected by the competition of illegal alien employees who are not subject to the standard terms of employment…".*

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs for this instruction does not apply to FLSA cases. Courts routinely disregard immigration status in determining a worker's status as an employee under the FLSA. *Perez v. 1st United Funding, LLC*, 2019 WL 13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant"); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013" ("undocumented workers are "employees" within the meaning of the FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn South, 846 F.2d 700, 704-05* (11th Cir. 1988) (undocumented aliens are employees). The instruction is duplicative of other proposed instructions

and contrary to the Court's prior ruling(s).  *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). In *Lucas*, cited by Plaintiffs, the Court recognized as follows:

> there is no "reason why the fact that" the employers unlawfully hired the workers "should exempt" them "from paying the" wages "that if lawful" they "would have to pay." *Id.* "Certainly there is no reason for treating" the employers "more leniently." *Rutkin v. United States,* 343 U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

*Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013)

**AUTHORITY:**     *See Sure- Tan, 467 U.S. 883, 893 (1984); Lucas v. Jerusalem Cafe, LLC, 721 F.3d 927, 933 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3).*

## PROPOSED JURY INSTRUCTION NO. 43
*(Tip Pool Participation)*

*Labor Laws work in tandem with Immigration Laws to together promote dignified employment conditions for those working in this country while firmly discouraging the employment of individuals who lack work authorization. If an employer realizes that there will be no advantage under Labor Laws in preferring unauthorized workers over legal resident workers, any incentive to hire such a workforce is correspondingly reduced.*

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs for this instruction does not apply to FLSA cases. Courts routinely disregard immigration status in determining a worker's status as an employee under the FLSA. *Perez v. 1st United Funding, LLC*, 2019 WL 13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant"); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013" ("undocumented workers are "employees" within the meaning of the FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn South, 846 F.2d 700, 704-05* (11th Cir. 1988) (undocumented aliens are

employees). The instruction is duplicative of other proposed instructions and contrary to the Court's prior ruling(s).  *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). In *Lucas*, cited by Plaintiffs, the Court recognized as follows:

> there is no "reason why the fact that" the employers unlawfully hired the workers "should exempt" them "from paying the" wages "that if lawful" they "would have to pay." *Id.* "Certainly there is no reason for treating" the employers "more leniently." *Rutkin v. United States,* 343 U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

*Lucas v. Jerusalem Cafe, LLC,* 721 F.3d 927, 933 (8th Cir. 2013)


**AUTHORITY:**     *Sure-Tan, 467 U.S. 883, 893 (1984); Lucas v. Jerusalem Cafe, LLC, 721 F.3d 927, 933 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3).*

## PROPOSED JURY INSTRUCTION NO. 44
*(Tip Pool Participation)*

*Holding employers who violate federal immigration law and federal
employment law liable for both violations advances the purpose of federal
immigration policy by "offset[ting] what is perhaps the most attractive feature of
[unauthorized] workers– -- their willingness to work for less than the minimum
wage."*

**DEFENDANTS' OBJECTION(S):** The *Hoffman* case relied on by Plaintiffs
for this instruction does not apply to FLSA cases. Courts routinely
disregard immigration status in determining a worker's status as an
employee under the FLSA. *Perez v 1st United Funding, LLC*, 2019 WL
13256773, at *2 (S.D. Fla. Jan. 3, 2019) ("immigration status is irrelevant");
*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (¹1th Cir. 2013"
("undocumented workers are "employees" within the meaning of the
FLSA" even after Supreme Court's *Hoffman* decision); *Patel v. Quality Inn
South, 846 F.2d 700, 704-05* (¹1th Cir. 1988) (undocumented aliens are
employees). The instruction is duplicative of other proposed instructions

and contrary to the Court's prior ruling(s).  *Gov't Employees Ins. Co. v. Right*

*Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022)

("Duplicative and potentially conflicting instructions would in no way help

the jury"). In *Lucas*, cited by Plaintiffs, the Court recognized as follows:

> there is no "reason why the fact that" the employers unlawfully hired
> the workers "should exempt" them "from paying the" wages "that if
> lawful" they "would have to pay." *Id.* "Certainly there is no reason for
> treating" the employers "more leniently." *Rutkin v. United States,* 343
> U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

*Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013)


**AUTHORITY:**    *Patel v. Quality Inn South, 846 F.2d 700, 704 (11th Cir. 1988).*

*Sure-Tan, 467 467 U.S. 883, 893 (1984). Lucas v. Jerusalem Cafe, LLC, 721 F.3d*

*927, 936 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3).*

## PROPOSED JURY INSTRUCTION NO. 45
### *(Statute of Limitations)*

If you find that Defendants failed to pay either Plaintiff their minimum wages due for any pay period occurring before June 2018, then you must consider, for those pay periods only, whether Defendants either knew, or showed reckless disregard for whether they had complied with the minimum wage requirements under the FLSA . "Reckless disregard" is defined as failure to make adequate inquiry into whether conduct is in compliance with the Act. If you find that the employers knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA, then Plaintiffs are entitled to recover damages for unpaid minimum wages occurring from June 2017, through the end of their employment. If, on the other hand, you find that Defendants failed to pay Plaintiffs minimum wages in accordance with applicable law, but Defendants did not know and did not show reckless disregard for whether it failed to comply with applicable law, then Plaintiffs are entitled to recover only for minimum wages due on or after June 23, 2018.

If you find a violation of the FLSA by Defendants, or any one of them, you must also decide whether the violation was willful.  To prove willfulness, Plaintiffs must establish that the employer knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA.

Reckless disregard is the failure to make adequate inquiry into whether conduct is in compliance with the FLSA. Even if an employer acted unreasonably, if the employer's action was not reckless in determining its legal obligations under the FLSA, such action is not willful.

**PLAINTIFFS' OBJECTION: The Plaintiff's proposed instruction follows the Pattern Jury instruction, which the Defendants' does not.**

**DEFENDANTS' OBJECTION(S):** The issue of damages is already covered in Plaintiff's proposed instruction #20 and covering it again is duplicative, redundant and prejudicial.  Additionally, the Eleventh Circuit enacted a pattern jury instructions and portions of this language is not included in it and certain language in it is superfluous, it does not relate to any specific issue in the case not covered by other instructions, it will not

assist the jury in the determinations it must make in this case, it may confuse the jury, and it is prejudicial to Defendants. Also, the Complaint was filed on June 23, 2020, and Leonel Diaz did not file his Consent to Join until December 9, 2020 (and waived any FLSA claim before the workweek ending March 9, 2019 in the WH-58 Form he signed). *Cappelli v. Miami Beach Hosp., LLC,* 2017 WL 945187, at *3 (S.D. Fla. Jan. 10, 2017) )" We find that by signing the WH-58 form, Plaintiff waived his right to sue Defendant for the time period included on the release.") The proposed instruction contains argumentative language and does not track the language used in *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008). *U.S. v. Maxwell,* 579 F.3d 1282, 1304 (11th Cir. 2009) ("proposed jury instructions contain partisan and argumentative statements of law and fact, and the district court was not obliged to present them to the jury in that form….")

**AUTHORITY:**    *11th Circuit Pattern Jury Instructions, 4.14 (2020) (Modified)*

**By Defendants:  11th Cir. Pattern Jury Instructions, Annotations and Comments;  *Morgan v. Family Dollar Stores, Inc.*, 551 F 3d 1233 (11th Cir.**

2008); 5 C.F.R. § 551.104; *Powell v. Carey International, Inc.*, 483 F. Supp.

2d 1168 (S.D. Fla. 2007)(citation omitted).

## *PROPOSED JURY INSTRUCTION NO. 46*
*(Recordkeeping)*

The FLSA requires employers to keep records of the number of hours worked by its employees, like the Plaintiff.  This obligation includes the requirement that employers maintain records of the dates when wage payments were made and records of retroactive payment of wages when wages were not paid on time.  It is the employer, not the employee that has the duty under the FLSA to maintain proper and accurate records of when wages were paid.

If you find that Defendants have kept inaccurate or inadequate records of when the Plaintiff's wages were paid and because of such inaccurate or inadequate records, the Plaintiff cannot offer any convincing substitutes for the inaccurate or inadequate records, the burden of proof on each Plaintiff only requires that each Plaintiff has, in fact, performed work for which he or she was paid late.

If a Plaintiff shows that he or she performed work for which he or she was paid after the designated pay date as a matter of just and reasonable inference, the Plaintiff has satisfied his or her burden of proof since the FLSA does not require that a Plaintiff prove damages with exactness or precision.  In this event, the

*burden of proof shifts to Defendants to come forward with evidence of the precise dates on which a Plaintiff was paid for work performed.*

**DEFENDANTS' OBJECTION(S):** This proposed instruction is redundant of Eleventh Circuit Pattern 4.14 at No. 21. *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). Plus, Defendants do not believe there is an issue of inadequate recordkeeping, as they maintained the records required by the FLSA, and so object to the inclusion of the inadequate recordkeeping portion of this standard instruction as irrelevant and confusing. *Sec. & Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury"). Moreover, the evidence in the case is that Defendants complied with the recordkeeping requirements imposed by 29 C.F.R. §516.2, making the recordkeeping portion of the instruction unnecessary.

**AUTHORITY:**    *29 U.S.C. §211(c); 29 C.F.R. §§516.2(1)(12) and 516.2(b)*

### *PROPOSED JURY INSTRUCTION NO. 47*
*(Record Keeping Obligation Under the FLSA)*

*Inadequate Records: The law requires [an] employer(s) to keep records of how many hours [his/her/its/their] employees work and the amount they are paid.*

*In this case, Plaintiffs claims that Grill Enterprises, LLC and Ruben Sierra failed to keep and maintain adequate records of their hours and pay. Plaintiffs also claims that Grill Enterprises, LLC's and Ruben Sierra's failure to keep and maintain adequate records has made it difficult for Plaitniffs to prove the exact amount of their claim.*

*If you find that Grill Enterprises, LLC and Ruben Sierra failed to keep adequate time and pay records for Plaintiffs and that Plaintiffs performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.*

*[Verbatim from 4.14 – 2022 version)*

**DEFENDANTS' OBJECTION(S):** The Eleventh Circuit enacted a pattern jury instructions, which incorporates this language; therefore, it is superfluous. *United States v. Green*, 2016 WL 3866567, at *4 (S.D. Ga. July 13, 2016) ("these instructions were superfluous as the Court provided the proper warnings to the jury pursuant to the Eleventh Circuit Pattern Jury Instructions"). This proposed instruction is duplicative. *Gov't Employees Ins. Co. v. Right Spinal Clinic, Inc.*, 2022 WL 743800, at *7 (M.D. Fla. Mar. 11, 2022) ("Duplicative and potentially conflicting instructions would in no way help the jury"). Defendants do not believe there is an issue of inadequate recordkeeping, as they maintained the records required by the FLSA and so object to the inclusion of the inadequate recordkeeping portion of this standard instruction as irrelevant and confusing. *Sec. & Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, 608 F. Supp. 3d 1231, 1248 (S.D. Fla. 2022) ("not entitled to a jury instruction on an issue that is not before the jury"). Moreover, the evidence in the case is that Defendants complied with the recordkeeping requirements imposed by 29 C.F.R. §516.2, making the recordkeeping portion of the instruction unnecessary

**AUTHORITY:** *[1]1th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14 (modified); 29 U.S.C. §211(c); 29 C.F.R. §516.2; Gaylord v. Miami-Dade County, 78 F.Supp.2d 1320 (S.D. Fla. 1999); Reich v. 'ep't of Conservation & Natural Res., State of Ala., 28 F.3d 1076, 1081 ([1]1th Cir. 1994); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946; Jackson v. Corrections Corp. of America, 606 Fed. Appx. 945, 952 ([1]1th Cir. 2015); Ojeda-Sanchez v. Bland Farms, LLC, 499 Fed. Appx. 897, 901 ([1]1th Cir. 2012) Pino v. Universal Used Pallets, Inc., 16-24747-CIV, 2017 WL 4777546 at \*2 (S.D. Fla. Oct. 23, 2017).*

## PROPOSED JURY INSTRUCTION NO. 48

An employer was not reckless and did not willfully violate the FLSA and is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor, Wage and Hour Division.

**PLAINTIFFS OBJECTIONS:** There is no admissible evidence of such an investigation by the Department of Labor, and this issue is not properly raised in the pleadings. Neither has the Defendant produced admissible Department of Labor records in the course of discovery. Neither does their Trial Witness list include a DOL custodian of government records. [ECF 144-3].

**AUTHORITY:**   *Garcia v. J&J, Inc.,* 2020 WL 209732, at \*3 (S.D. Fla. Jan. 14, 2020).

## PROPOSED JURY INSTRUCTION NO. 49

Taxes that are assessed against the employee and which are collected by the employer and forwarded to the appropriate governmental agency may be included as "wages" although they do not technically constitute "board, lodging, or other facilities" within the meaning of the FLSA. This principle is applicable to the employee's share of social security and State unemployment insurance taxes, as well as other Federal, State, or local taxes, levies, and assessments. No deduction may be made for any tax or share of a tax which the law requires to be borne by the employer.

**PLAINTIFFS OBJECTIONS:** There is no admissible evidence of such payment of taxes to government agencies. Neither do Defendants list any document or witness in their Exhibit list to support their payment of taxes on behalf of either or the calculation of the amounts supposedly paid on their behalf.

**AUTHORITY: 29 C.F.R. § 531.38**

## PROPOSED JURY INSTRUCTION NO. 50

"[A]n employer may subtract a sum from an employee's charged gratuity which reasonably compensates it for its outlays sustained in clearing that tip, without" violating the law. "For example, where a credit card company charges an employer 5 percent on all sales charged to its credit service, the employer may pay the employee 95 percent of the tips without violating FLSA."

[T]he employer may, consistent with the letter and spirit of the FLSA, withhold a standard composite percentage from each credit card tip, even if, as a consequence, some deductions will exceed the expense actually incurred in collecting the subject gratuity, *as long as* the employer proves by a preponderance of evidence that, *in the aggregate*, the amounts collected from its employees, over a definable time period, have reasonably reimbursed it for no more than its total expenditures associated with credit card tip collections.[15] Stated differently, *555* the employer must prove that its total deductions from employees' tip

incomes did not enrich it, but instead, at most, merely restored it to the approximate financial posture it would have occupied if it had not undertaken to collect credit card tips for its employees during the relevant period."

**PLAINTIFFS OBJECTIONS:** There is no evidence provided in discovery to substantiate the amounts paid by Defendants on account of vendor charges, and no witness listed competent to substantiate those payments.or the reasonableness of the same.

**AUTHORITY:** *Vega v. Ya Guan USA LLC*, 2020 WL 13413699, at *3 (S.D. Fla. Sept. 23, 2020); and *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 553-555 (6th Cir. 1999)

## PROPOSED JURY INSTRUCTION NO. 51

Plaintiffs allege that Cesar Pacheco occasionally participated in the tip pool but was not an employee. Plaintiffs contend that if Cesar Pacheco was not an employee of Defendants, the tip pool would be invalidated, and Defendants could not take the "tip credit."

Determining whether an individual is an employee or an independent contractor does not depend on isolated factors; the determination is based on the "underlying economic realities" as exposed by the "circumstances of the whole activity." The factors you should use as a guide are:

(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;

(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

(4) whether the service rendered requires a special skill;

(5) the degree of permanency and duration of the working relationship; and

(6) the extent to which the service rendered is an integral part of the alleged employer's business.

While these factors serve as guides, the overarching focus of the inquiry is economic dependence. Ultimately, in considering economic dependence, you should focus on whether Mr. Pacheco was "in business for himself" or was "dependent upon Grill Enterprises, LLC."

Thus, if you find that Cesar Pacheco qualifies as an employee, he may participate in the tip pool without invalidating the tip pool.

A valid tip pooling or sharing arrangement is allowable among employees who customarily and regularly receive more than $30 a month in tips, such as waiters, waitresses, bellhops, counter personnel (who serve customers), bussers, and service bartenders. A valid tip pool may not include employees who do not customarily and regularly receive tips, such as dishwashers, cooks, chefs, and janitors.

When an employee is employed by one employer in both a tipped and a non-tipped occupation, such as an employee employed both as a maintenance person and a waitperson, the tip credit is available only for the hours spent by the employee in the tipped occupation.

If you find that Plaintiffs have not proven by a preponderance of the evidence that Cesar Pacheco was not an employee, then his participation in the tip pool does not invalidate the tip pool. However, if you find that Plaintiffs have proven by a preponderance of the evidence that Cesar Pacheco was not an employee, then his participation in the tip pool does invalidate the tip pool, but only for the pay periods that Cesar Pacheco participated in the tip pool.

In this case, Plaintiffs also allege that Marianna Pinto was a manager or supervisor when, on some occasions, she participated in the tip pool. If Marianna Pinto was a manager or supervisor when she participated in the tip pool, the tip pool would be invalidated and Defendants could not take the tip credit. Only executive-level personnel

must be excluded from the tip pool. Low-level managers and/or assistant managers can participate in the tip pool without invalidating it because they do not meet the definition of an "executive." The term "manager" or "supervisor" means any employee:

(1) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(2) Who customarily and regularly directs the work of two or more other employees; and

(3) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

If you find that Plaintiffs have not proven by a preponderance of the evidence that Marianna Pinto was a manager or supervisor, then her participation in the tip pool does not invalidate the tip pool. However, if you find that Plaintiffs have proven by a preponderance of the evidence

that Marianna Pinto was a manager or supervisor, then her participation

in the tip pool does invalidate the tip pool, but only for the pay periods

that Marianna Pinto participated in the tip pool.

**PLAINTIFFS' OBJECTION: The proposed instruction is a complete**

**misstatement of the law which essentially refers to the statutory**

**definitition if "employee" for purposes of standing to assert claims,**

**rather than any explanation of what is required to be considererd a**

**"tipped employee" or the eligibility requirements for participation in a**

**valid tip pool. An "employee" does not become a "tipped employee"**

**because s/he participates in a tip pool. He or she must "customarily and**

**regularly" receive tips.**

**AUTHORITY:**   *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 727, 730, 67

S.Ct. 1473, 91 L.Ed. 1772 (1947); *Freund v. Hi–Tech Satellite, Inc.,* 185

Fed.Appx. 782, 783 (11th Cir. 2006); *Scantland v. Jeffry Knight, Inc.,* 721 F.3d

1308, 1311 (11th Cir. 2013)*see also* 29 C.F.R. § 500.20(h)(4) (adopting the

economic realities test and the guiding factors as articulated by the federal courts to determine employment status under the FLSA; *Patel v. Quality Inn South, 846 F.2d 700, 704-05* (11th Cir. 1988)(undocumented aliens are employees)*;* 29 C.F.R. 531.52(b)(2)(manager and supervisor participation in tip pools); 29 C.F.R. 541.100(a)(2)-(4)(executive level managers and supervisors); 29 C.F.R. 541.101; U.S. Department of Justice, WHD Fact Sheet #15 (Amended April 2018)(customarily and regularly receives tips and dual jobs).

## PROPOSED JURY INSTRUCTION NO. 52

"[A] charged gratuity becomes a "tip" only after the employer has liquidated it and transferred the proceeds to the tipped employee; prior to that transfer, the employer has an obvious legal right to deduct the cost of converting the credited tip to cash."


PLAINTIFFS OBJECTIONS: There is no evidence provided in discovery to substantiate the amounts paid by Defendants on account of vendor charges, and no witness listed competent to substantiate those payments or the reasonableness of the same.


AUTHORITY: *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 554 (6th Cir. 1999)

## <u>PROPOSED JURY INSTRUCTION NO. 53</u>

The FLSA does not prohibit employers from requiring tipped employees to share tips with other tipped employees through a tip pool. However, "[o]nly tipped employees can participate in a valid tip pool."

**PLAINTIFFS' OBJECTION:** This is duplicative and an incomplete and therefore confusing statement of the tip pool requirements.

**AUTHORITY:** *Chavez v. Grill Enterprises, LLC*, 12022 WL 6568970, at *17 (S.D. Fla. Aug. 15, 2022), *report and recommendation adopted*, 2022 WL 4244017 (S.D. Fla. Sept. 15, 2022); *Ash v. Sambodromo*, LLC, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009 (citing 29 U.S.C. § 203(m); and *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294 (6th Cir. 1998)).

## PROPOSED JURY INSTRUCTION NO. 54

"Tipped employee" means any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips.

**PLAINTIFFS OBJECTIONS: This is duplicative and an incomplete and therefore confusing statement of the tip pool requirements.**

**AUTHORITY:   29 U.S.C. §203(t).**

## PROPOSED JURY INSTRUCTION NO. 55

***Employers are still required to pay undocumented workers their wages in amounts required by law and through permissible methods, such as a tip pool (with notice to employees), if correctly carried out.***

PLAINTIFFS OBJECTION: There is no issue raised in the pleadings regarding an employers' obligation to pay undocumented workers. An issue is whether employers may subsidize their obligation by use of the tips earned by other employees. Further, an undocumented worker cannot be said to "customarily" receive tips or any other unlawful earnings.

DEFENDANTS' OBJECTION: Defendants object to this instruction on the basis that Plaintiffs must first lay a proper foundation at trial to establish that Defendants employed undocumented workers. *Navelski v. Int'l Paper Co.*, 2018 WL 11413303, at *2 (N.D. Fla. Feb. 16, 2018) ("Assuming a proper evidentiary foundation is laid at trial, the Court will instruct the jury….")

AUTHORITY: ECF No. 142 at 2.

## <u>PROPOSED JURY INSTRUCTION NO. 56</u>

**The jury may not show bias in favor of, or against, any party based on that party's financial status, wealth, and/or income.**

AUTHORITY: ECF No. 142 at 2.

PLAINTIFFS' OBJECTION: This is not a fact issue raised in the pleadings. Moreover, where the obligation to pay minimum wages are concerned, the apparent ability to pay them is relevant to the issue of willfullness.

## PROPOSED JURY INSTRUCTION NO. 57
### (Joint Employment)

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors. Others are clearly employees. But it may not always be clear who is an employer of the employee. Sometimes an employee may have more than one employer at the same time.

So, in this case, you must decide: Was Erick Chavez and Leonel Diaz Grill Enterprises, LLC's employee as well as an employee of Ruben Sierra? You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence. Consider all the following factors to the extent you decide that each applies to this case:

(a) the nature and degree of control over the employee and who exercises that control;

(b) the degree of supervision, direct or indirect, over the employee's work and who exercises that supervision;

(c) who exercises the power to determine the employee's pay rate or method of payment;

(d) who has the right, directly or indirectly, to hire, fire, or modify the employee's employment conditions;

(e) who is responsible for preparing the payroll and paying wages;

(f) who made the investment in the equipment and facilities the employee uses;

(g) who has the opportunity for profit and loss;

(h) the employment's permanence and exclusiveness;

(i) the degree of skill the job requires;

(j) the ownership of the property or facilities where the employee works; and

(k) the performance of a specialty job within the production line integral to the business.

Consideration of all the circumstances surrounding the work relationship is essential. No single factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

PLAINTIFFS' OBJECTION: This is not an issue raised in the pleadings and would result in confusion for the jury. "Joint Employment" is a situation when ostensibly unrelated entities might exercise control over an employee, such as in situations involving Professional Employer Organizations ("PEOs") or other outsourcing firms. The proposed instruction conflates this inapplicable situation to the very different issue pertaining to the liability of an individual owner/officer who exercises operational control as alleged. The latter issue is addressed elsewhere in these instructions).

AUTHORITY: 11th Circuit Pattern Jury Instructions, 4.25 (2022)