UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22603-GOODMAN

ERIK CHAVEZ, individually, and
on behalf of others similarly situated,

   Plaintiff,

vs.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBEN SIERRA, individually,

   Defendants.
_____/

**DEFENDANTS' MEMORANDUM ON THE ADMISSIBILITY OF DOL FORM WH-58**

  Defendants, GRILL ENTERPRISES, LLC, and RUBEN SIERRA, individually, by and through the undersigned counsel, and pursuant to the Court's Post-Pretrial Conference Administrative Order (ECF No. 147), hereby file this Memorandum on the Admissibility of DOL Form WH-58, and state as follows:

**I. RELEVANT FACTUAL AND PROCEDURAL HISTORY**

  1. Plaintiff Leonel Diaz makes a claim for alleged unpaid minimum wages under the FLSA for the period spanning from the workweek ending 5/9/18 to the workweek ending 11/6/19. See Leonel Diaz's Phase I and Phase II Calculations [ECF Nos. 99-9 and 99-10]; Cf. Joint Pretrial Stipulation, ¶¶5.d and 5.e [ECF No. 144.]

  2. On April 24, 2023, Defendants' Exhibit List was filed with the Court [ECF No. 144-2.]

  3. Defendants identified the "WH-58 Signed by Diaz" as a trial exhibit. *Id.*

According to Exhibit 1, Mr. Diaz received all compensation that he was required to receive for his work at Grill Enterprises, LLC, for work performed through the workweek ending March 9, 2019.

> I, **Diaz, Leonel** (typed or printed name of employee), have received payment of wages, liquidated damages, employment benefits, or other compensation due to me from **GRILL ENTERPRISES, LLC** (name and location of the establishment) **10775 NW 41st Street Miami FL 33178**
>
> for the period beginning with the workweek ending **03/11/2017** through the workweek ending **03/09/2019**. The amount of the payment I received is shown below. This payment of wages and other compensation was calculated or approved by the U.S. Department of Labor Wage and Hour Division (WHD) and is based on the findings of a WHD investigation. This payment is required by the Act(s) indicated below in the marked box(es):
>
> ☒ Fair Labor Standards Act (FLSA)

4.  The "WH-58 Signed by Diaz" also provides as follows, in relevant part, regarding the payment of the wages to him and the preclusive effect of payment and/or receipt of the required wages:

> NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA or Section 107 of the FMLA. Generally, a suit for unpaid wages or other compensation, including liquidated damages, must be filed within two years of a violation of the FLSA or FMLA. Do not sign this receipt unless you have actually received this payment in the amount indicated above.
>
> ** ** ** **
>
> You may contact the WHD by calling 1-866-4879243 or 305-598-6607.
>
> Signature of employee _____ Date **05/06/2019**
> Address **380 SW 85 Fl Apt 6**
>
> I understand that my signature on this receipt and waiver attests to the fact that I have actually received the payment in the amount indicated above of the wages, liquidated damages, or other compensation due to me, and that I waive my right to bring suit as described above, and covering the period set forth above.
>
> EMPLOYER'S CERTIFICATION TO WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR:
>
> I hereby certify that I have on this (Date) **5/6/19** paid the above-named employee in full covering lost or denied wages, liquidated damages, or other compensation as stated above. I further certify that I have not and will not retaliate against the above-named employee for accepting this payment and I have not and will not ask the employee to return all or part of this payment to me.
>
> Signature _____ Title **President**
> (employer or authorized representative)

(Exhibit 1.)

5. Plaintiffs asserted the following objections to the introduction at trial of the WH-58 Form that Diaz signed: (a) A – Authenticity; (b) I – Contains inadmissible matter; (c) R – Relevance; (d) H – Hearsay; and (e) UP – Unduly prejudicial. [ECF No. 144-2.]

6. During the Pretrial Conference, the Plaintiffs acknowledged receipt of the "WH-58 Form Signed By Diaz" and of the remainder of the file produced by the Department of Labor, Wage and Hour Division ("DOL") relative to its investigation of Defendants but claimed that Defendants could not authenticate the documents for admission into evidence.

7. Following the Pretrial Conference, the Court entered a Post-Pretrial Conference Administrative Order, ruling as follows:

> By **Tuesday, May 2, 2023**, Defendants will submit a memorandum of law explaining why the WH-58 form and other documents from the Department of Labor ("DOL") investigation are admissible. Defendants may include affidavits or declarations to support their argument. The memorandum should also explain how these documents will be properly authenticated in the absence of a DOL witness or an attestation or other authentication from the DOL.

See Order (ECF No. 147).

## II. ADMISSIBILITY OF THE WH-58 FORM DIAZ SIGNED

The Plaintiffs seek to avoid the introduction of the WH-58 Form that Diaz signed because of its preclusive effects on any claim by him under the FLSA that predates the workweek ending March 9, 2019. "A WH–58 is a standard form used by the DOL to inform an employee that, although he has the right to file suit under 29 U.S.C. § 216(b), acceptance of the back wages offered will result in waiver of those rights." *Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1248 (11th Cir. 2004) (plaintiff waived the right to sue by signing the WH-58 Form). "[T]he WH-58 form serves as a receipt…." *Rivers v. Zeno Office Sols.*, 2020 WL 6434515, at *2 (N.D. Fla. Oct. 2, 2020), *report and recommendation adopted*, 2020 WL 6430354 (N.D. Fla. Nov. 2, 2020). Once admitted into evidence, the signed WH-58 Form Diaz, accompanied by proof of

3

payment, operates as a complete to any claim by Diaz under the FLSA before the "workweek ending 03/09/2019." (Exhibit 1.)

Defendants seek to introduce the WH-58 Form and the accompanying payment confirmation documents required by 29 C.F.R. §516.2(b) to establish their defenses that Diaz waived, released, and was paid in full for any FLSA claim before the workweek ending March 9, 2019. *See e.g.*, *Cappelli v. Miami Beach Hosp., LLC*, 2017 WL 945187, at *3 (S.D. Fla. Jan. 10, 2017) (finding waiver and release of FLSA claim covered by WH-58 Form); and *Blackwell v. United Drywall Supply*, 362 Fed. Appx. 56, 58 (11th Cir. 2010) (affirming summary judgment for employer based on WH-58 Form). Diaz doesn't need to admit that signing the WH-58 Form for it to operate as a waiver since "An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). In other words, whether a plaintiff signs the WH-58 form is irrelevant if the plaintiff accepted the required payment. *See Mion v. Aftermarket Tool & Equipment Group*, 990 F. Supp. 535 (W.D. Mich.1997); *Heavenridge v. Ace-Tex Corp.*, 1993 WL 603201 (E.D. Mich. Sept. 3, 1993); *Selz v. Investools, Inc.*, 2010 WL 1451347 (D. Utah Apr. 8, 2010).

    A.    <u>**The "WH-58 Form Signed by Diaz" Is Admissible As Authentic.**</u>

At the Pretrial Conference, the Plaintiffs' counsel represented that he inquired of Mr. Diaz about the WH-58 Form and that Mr. Diaz responded that he did not recall signing it and did not recognize the signature as his own. As will be shown below in the deposition testimony of Leonel Diaz, this is untrue. The Plaintiffs further objected to introducing the WH-58 Form

because it did not bear a seal from the DOL. Plaintiffs identified no other authenticity objection at the Pretrial Conference, so Defendants reserve the right to supplement this memorandum upon Plaintiffs asserting any other objection to not previously identified and explained during the Pretrial Conference.

Defendants submit that the documents at issue are authentic, because they were received from the DOL. Fed. R. Evid. 901(7)(B). In this regard, Defendants will seek to introduce their written public records request and the responsive documents provided by the DOL. (Exhibits 2 and 3.)

Defendants intend to authenticate the WH-58 Form in three different ways if required:

    i.     Through Leonel Diaz.

    ii.    Through Ruben Sierra;

    iii.   Through Yeison Gonzalez; and

i. <u>Through Leonel Diaz.</u> Defendants intend to confront Mr. Diaz with the "WH-58 Form Signed By Diaz" during cross-examination. During this questioning, Mr. Diaz will be presented with the document and asked questions about whether he recognizes the document, whether his handwriting appears on the document, whether his signature appears on the document, and whether he received the payment required of the document. If Mr. Diaz were to concede each of these points, then the objection to authenticity vanishes. In fact, Plaintiff already unequivocally testified in his deposition that he signed the WH-58 and received the payment. <u>See</u> Exhibit 2, Deposition of Leonel Diaz, Pgs. 42-44 and 66-70. Although Plaintiffs' counsel represented at the hearing that Diaz did not remember signing the document and did not know if that was his signature on the document, that is seemingly not the case, based on Mr. Diaz's deposition testimony.

ii. <u>Through Ruben Sierra.</u> Ruben Sierra will testify that the document is signed by himself and also by Leonel Diaz. In fact, Sierra will testify that he personally witnessed Diaz sign the document in front of him, right before he gave Diaz the payment. Aside from authenticating the document, Sierra will also be able to testify to its relevance and admissibility. <u>See</u> Exhibit 3 (Declaration of Sierra).

iii. <u>Through Yeison Gonzalez.</u> Defendants proffer that Mr. Gonzalez can testify that he is familiar with Mr. Diaz's handwriting and that the signature on the WH-58 is, in fact, Mr. Diaz's signature, and also that Mr. Sierra's signature is his signature, having seen numerous documents during the course of his employment penned by each person. Fed. R. Evid. 901(2).

**B.     The "WH Form Signed By Diaz" Does Not "Contain Inadmissible Matter."**

Although Plaintiff objects to the exhibit as containing inadmissible matter, Plaintiffs' counsel made no effort at the Pretrial Conference to identify the inadmissible matter to be excluded and did not file a motion in limine to exclude the document nor any inadmissible matter in the document, despite having known about the document for several years and having included the document on Plaintiff's own prior exhibit list (ECF No. 81-1, Pg 2).

**C.     The "WH Form Signed By Diaz" Is Relevant To The Claims And Defenses.**

The "WH-58 Form Signed By Diaz" is relevant to Mr. Diaz's claim at Count I and the Defendants' defenses asserted thereto. Mr. Diaz joined the claim by Mr. Chavez at Count I, alleging that Defendants failed to pay him the minimum wage required by the FLSA. [ECF No. 7.] The document also is relevant to the Defendants' seventh affirmative defense (waiver, satisfaction, release, or agreement) because the document will tend to prove that Mr. Diaz waived, released, or was paid in full for all wages that predate the workweek ending March 9, 2019, while the DOL supervised the process. [ECF No. 22 at 6.] *See also* Fed. R. Evid. 401. The

document also will relate to the Defendants' ninth affirmative defense (and to the Plaintiffs' claim of willfulness) because it will tend to prove how and why Defendants reasonably believed that they paid their employees the minimum wages required by the law. [ECF No. 22 at 6.] No other rule of evidence, federal statute, or provision of the United States Constitution precludes the admissibility of the "WH-58 Form Signed By Diaz". *See* Fed. R. Civ. P. 402.

> Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.' "); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013).

*Gov't Employees Ins. Co. v. Seco*, 2022 WL 17551449, at *2 (S.D. Fla. Dec. 8, 2022). The WH-58 Form will prove that Grill Enterprises, LLC, paid Mr. Diaz all the money that the DOL required to be paid to him under the FLSA up to March 9, 2019, and that any claim by him under the FLSA through the workweek ending March 9, 2019, was released, waived, and/or satisfied by the payment made by Grill Enterprise, LLC. (Exhibit 1.)

In this regard, Mr. Sierra can testify as to the discussions he had with the DOL's investigator, the nature of the investigation that was conducted, the findings, why he entered into an agreement to pay the wages required by the DOL to employees of Grill Enterprises, LLC, the payment of the wages required by the DOL, and the process by which he confirmed that each affected employee knew of the payment required by the DOL, that each affected employee signed the WH-58 Form, and that all payments required were in fact made. See Exhibit 3 (Declaration of Sierra).

    **D.**    **The WH-58 Form Is Not Hearsay At All And/Or Falls Within A Recognized Hearsay Exception.**

The Defendants anticipate that Mr. Sierra will testify at trial that the DOL conducted an extensive and intrusive investigation into the pay practices at the "Los Parrilleros" restaurant

7

operated by Grill Enterprises, LLC, that the DOL was provided with its time and pay records, that the DOL interviewed employees, and that the DOL calculated that overtime wages were not being properly paid to certain employees because overtime was not calculated weekly.  See Exhibit 3 (Declaration of Sierra). Mr. Sierra also is expected to testify at trial that on behalf of Grill Enterprises, LLC, he agreed for it to pay the overtime wages required by the DOL to the affected employees, in the manner required by the DOL, and that Plaintiff Diaz was one of the affected employees owed overtime wages. See Exhibit 3 (Declaration of Sierra).

      Mr. Sierra intends to testify at trial that the DOL provided pre-filled forms (WH-58 Forms) for each affected employee and that it instructed him to have each affected employee sign the appropriate WH-58 Form in order to receive payment, and for Mr. Sierra to counter-sign it as confirmation that each payment was made. See Exhibit 3 (Declaration of Sierra). Mr. Sierra will then testify that the documents appended hereto as Exhibit 1 include the WH-58 Form that Plaintiff Diaz signed (in front of Mr. Sierra) and that Mr. Sierra counter-signed it to confirm that payment was made to Plaintiff Diaz. See Exhibit 3 (Declaration of Sierra). Mr. Sierra will testify that as a result of the DOL investigation, and the small amounts paid under the WH-58, he was under the impression that no payroll changes whatsoever were needed to comply with the FLSA. Id.

      All of the witnesses are listed on Defendants' witness list (see ECF No. 144-3), will be present at trial to present live testimony and lay the necessary foundation to show the admissibility of the exhibit, and it is proffered that they will be able to testify from personal knowledge as to the exhibit and authenticate the exhibit. The witnesses will be able to establish a *prima facie* showing of authenticity, relevance and admissibility through testimony based on their personal knowledge that:

    a.    The exhibit is what Defendants claim it is (i.e. a Form WH-58 signed by Ruben Sierra and Leonel Diaz purporting to release FLSA minimum wage claims for the period beginning with the workweek ending 3/11/2017 through the workweek ending 3/9/2019);

    b.    That Ruben Sierra's signature is in fact Ruben Sierra's signature;

    c.    That Leonel Diaz's signature is in fact his signature, based on the testimony of Leonel Diaz or, if he denies it, based on nonexpert's opinions that the signature is genuine based on familiarity with his signature that was not acquired for the current litigation;

    d.    That there were conversations between Leonel Diaz and Ruben Sierra concerning the WH-58 Form and the payment to Leonel Diaz, confirming that Leonel Diaz had signed the form and accepted the payroll check attached to the exhibit in satisfaction of the claims;

    e.    That the two (s) attachments to the WH-58 were created by Grill Enterprises;

    f.    That the payroll check attached to the WH-58 Form was in fact provided to Leonel Diaz and deposited by Leonel Diaz; and

    g.    The appearance, contents, substance, internal patterns, or other distinctive characteristics of the exhibit, taken together with all the circumstances, show it is genuine.

See Rule 901, Fed.R.Evid. "Rule 901 requires only the presentation of 'sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be.'" *United States v. Harris*, 338 Fed. Appx. 892, 894 (11th Cir. 2009) (citing *United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir. 1985)); see also Rule 801(d)(1)(A Declarant-Witness's Prior Statement); Rule 801(d)(2) (An Opposing Party's Statement); Rule 803(1) (Present Sense Impression); Rule 803(5) (Recorded Recollection); Rule 803(6) (Records of Regularly Conducted Activity); and Rule 803(8) Public Records.

    It is also worth noting that this WH-58 Form comes as no surprise to Plaintiffs. Plaintiffs were provided the document years ago during discovery and, in fact, Plaintiffs previously listed the exhibit on their exhibit list (see ECF No. 81-1, Pg 2) at which time Plaintiffs

had no objections to the exhibit or its authenticity given that it was on Plaintiffs' own exhibit list.

### E. The WH-58 Form Signed By Diaz Is Not Unduly Prejudicial And Is Properly Admitted.

Plaintiffs object to the admissibility of the "WH-58 Form Signed By Diaz" by claiming that it is unduly prejudicial, *i.e.*, that its probative value is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

> "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function ... is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

*Gonzalez v. Ross Dress for Less, Inc.*, 2022 WL 17070828, at *1 (S.D. Fla. Nov. 17, 2022). Plaintiffs failed to articulate how or why the danger of unfair prejudice would substantially outweigh the probative value of the "WH-58 Form Diaz Signed" because they cannot. While damaging, there is no rule against the admission of damaging evidence at trial.

Dated this 2nd day of May, 2023.

Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendants

By: /s/Todd W. Shulby, Esq.
Florida Bar No.: 068365

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 2, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Anthony F. Sanchez, Esq.

I HEREBY CERTIFY that on May 2, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will mail a copy of the foregoing and notice of electronic filing to the following non-CM/ECF participants: None.

By:   /s/Todd W. Shulby, Esq.
      For Todd W. Shulby, P.A.