# EXHIBIT "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22603-GOODMAN
(Consent Case)

ERIK CHAVEZ, individually, and
on behalf of others similarly situated,

      Plaintiff,

vs.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBIN SIERRA, individually,

      Defendants.
_____/

## UNSWORN DECLARATION OF RUBEN SIERRA

1. My name is Ruben Sierra and I have personal knowledge of the matters stated herein.

2. I am the owner of Los Parrilleros restaurant, but the restaurant is operated on a day-to-day basis by its manager. I sometimes speak to the manager as little as once per month.

3. Leonel Diaz signed the attached "WH-58 Signed by Diaz." See Exhibit 1, Mr. Diaz received all compensation that he was required to receive for his work at Grill Enterprises, LLC, for work performed through the workweek ending March 9, 2019.

I, __Diaz, Leonel__, have received payment of wages, liquidated damages, employment
(typed or printed name of employee)
benefits, or other compensation due to me from __GRILL ENTERPRISES, LLC__
(name and location of the establishment)
__10775 NW 41st Street Miami FL 33178__

for the period beginning with the workweek ending __03/11/2017__ through the
workweek ending __03/09/2019__. The amount of the payment I received is shown below.

This payment of wages and other compensation was calculated or approved by the U.S. Department of Labor Wage and Hour Division (WHD) and is based on the findings of a WHD investigation. This payment is required by the Act(s) indicated below in the marked box(es):

☒ Fair Labor Standards Act (FLSA)

4.  The "WH-58 Signed by Diaz" also provides as follows, in relevant part, regarding the payment of the wages to him and the preclusive effect of payment and/or receipt of the required wages:

NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA or Section 107 of the FMLA. Generally, a suit for unpaid wages or other compensation, including liquidated damages, must be filed within two years of a violation of the FLSA or FMLA. Do not sign this receipt unless you have actually received this payment in the amount indicated above.

** ** ** **

You may contact the WHD by calling 1-866-487-9243 or 305-598-6607.
Signature of employee _____  Date __05/06/2019__
Address __380 SW 85 Pl Apt 6__

I understand that my signature on this receipt and waiver attests to the fact that I have actually received the payment in the amount indicated above of the wages, liquidated damages, or other compensation due to me, and that I waive my right to bring suit as described above, and covering the period set forth above.

EMPLOYER'S CERTIFICATION TO WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR:
I hereby certify that I have on this (Date) __5/6/19__ paid the above-named employee in full covering lost or denied wages, liquidated damages, or other compensation as stated above. I further certify that I have not and will not retaliate against the above-named employee for accepting this payment and I have not and will not ask the employee to return all or part of this payment to me.
Signature __Ruben__ Title __President__
(employer or authorized representative)

2

5. Not only did I sign the document myself, but it is also signed by Leonel Diaz. I personally witnessed Diaz sign the document in front of me, right before I gave Diaz the payment, which is also attached as Exhibit 1.

6. I had communications with the DOL's investigator regarding the nature of the investigation that was conducted, the findings, and also communications with the DOL and Diaz concerning why I entered into an agreement to pay the wages required by the DOL to employees of Grill Enterprises, LLC, the payment of the wages required by the DOL, and the process by which we confirmed that each affected employee knew of the payment required by the DOL, that each affected employee signed the WH-58 Form, and that all payments required were in fact made.

7. The DOL conducted an extensive and intrusive investigation into the pay practices at the "Los Parrilleros" restaurant operated by Grill Enterprises, LLC. During this process, we provided the DOL with time and pay records, including all records of hours worked, wages paid, tips received, the tip credit, and disbursal of tips to servers and all other employees. The DOL interviewed employees and the DOL calculated that overtime wages were not being properly paid to certain employees because overtime was not calculated weekly. On behalf of Grill Enterprises, LLC, I agreed to the wages calculated and required by the DOL to the affected employees, including Diaz, in the manner required by the DOL, and that Plaintiff Diaz was one of the affected employees owed overtime wages. As a result of the DOL investigation, and the small amounts paid under the WH-58, I was under the impression that no payroll changes whatsoever were needed to comply with the FLSA.

8. The DOL provided pre-filled forms (WH-58 Forms) for each affected employee and instructed us to have each affected employee sign the appropriate WH-58 Form in order

to receive payment and required that we countersign it as confirmation that each payment was made. The documents appended hereto as Exhibit 1 include the WH-58 Form that Plaintiff Diaz signed (in front of me) and that I countersigned to confirm that payment was made to Plaintiff Diaz as well as documentation of the payment made to Diaz.

## DECLARATION

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

**RUBEN SIERRA**

Signature: _Ruben Sierra_

Date: 5/2/23