UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN
[CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

## **PLAINTIFFS' [PROPOSED] SPECIAL VERDICT FORM**

PAYMENT OF MINIMUM HOURLY WAGE

Do you find from a preponderance of the evidence:

    1.    That Plaintiffs were engaged in commerce, or employed by an enterprise engaged in commerce?

              Answer Yes or No    _____

    2.    That Defendants required or facilitated the Plaintiffs' participation in an invalid "tip pool"?

              Answer Yes or No    _____

    3.    That Defendants kept any portion of Plaintiffs' tips?

              Answer Yes or No    _____

4. That Defendants failed to fully pay Erik Chavez the minimum hourly wage due on any regularly scheduled pay day, as required by law?

        Answer Yes or No      _____

5. That Defendants failed to fully pay Leonel Diaz the minimum hourly wage due on any regularly scheduled pay day, as required by law?

        Answer Yes or No      _____

6. If you answered "Yes" to either question 4 or question 5, above, do you find that the Defendants acted willfully?

        Answer Yes or No      _____

7. If your answer is YES to question 4, above, how much is Erik Chavez due on account of unpaid minimum wages?

        $_____

8. If your answer is YES to question 5, above, how much is Leonel Diaz due on account of unpaid minimum wages?

        $_____

9. If you answered "Yes" to either question 4 or question 5, above, do you find Defendant Ruben Sierra should be individually liable for the corresponding damages as an owner or officer with operational control over the restaurant?

        Answer Yes or No      _____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____