UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN
[CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

## PLAINTIFFS' OMNIBUS MEMORANDUM OF LAW REGARDING "ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT" AS ITEMIZED IN THE PARTIES' RECENT "JOINT PRETRIAL STIPULATION"

Plaintiffs, in accordance with the Court's post-pretrial conference Orders [ECF Nos. 147 and 155], submit this Omnibus Memorandum of Law regarding "issues of law which remain for determination . . ." as detailed in the parties' Joint Pretrial Stipulation [ECF No. 144, § 8, pp. 9–13], as follows:

### BRIEF PROCEDURAL BACKGROUND

Following the pretrial conference held Wednesday, April 26, 2023, the Court required the parties each "submit an omnibus memorandum of law . . . addressing all 28 legal issues listed in section 8 . . . of the parties' Joint Pretrial Stipulation . . .". [ECF No. 147, p. 3].

In identifying legal issues for the *most recent* Joint Pretrial Stipulation[1], and again during the Pretrial Conference, the Defendants raised at least four (4) broad categories of issues, which Plaintiffs maintain are not properly before the Court from the pleadings, stipulations, or pending motions. These four (4) broad categories subsume 16 of the 28 issues the parties are now required to brief, plus at least one other issue briefed separately. The four (4) categories, and their corresponding sub-issues are identified here:

1. <u>Applicable Minimum Wage Issues</u>. Whereas the parties had previously agreed regarding the applicable minimum wage (See ECF No. 84 at pp. 41, 43) the Defendants now argue that only the federal minimum wage applies. This new issue subsumes 16 of the issues now required to be briefed, as identified in the following subparagraphs:

    a, b, c, (c-2), d, e, f, g, h, i, j, k, l, m, v, w

2. <u>Condition Precedent Issues</u>. This issue is not raised in pleading as required by Rule 9(c). This new issue subsumes nine (9) of the issues now required to be briefed, as identified in the following subparagraphs:

    m-2, n, o, r, s, t, u, v, w,

---

[1] / While cross-motions for summary judgment were still pending, the parties drafted an initial joint pretrial stipulation [ECF No. 81, p. 4, § 8] in November 2021 wherein they stipulated that only six (6) legal issues remained to be determined by the Court. None of the four (4) broad categories Defendants are trying to raise now (nor the subsumed 16 sub-issues) were listed in the original pretrial stipulation and they are only listed in the more recent version over the Plaintiffs' objections, which are noted in the recent pretrial stipulation. In fact, <u>one of the issues the Defendants are trying to raise at this late date (waiver) was not even listed in the more recent pretrial stipulation filed last week</u>. Therefore, it would appear that 18 months later, after the issues have been narrowed following the Court's ruling on cross-motions for summary judgment, that Defendants are attempting to introduce approximately 22 additional issues not originally raised and only ten (10) days before the scheduled trial. Stipulations, like settlement agreements, are enforceable contracts which should be enforced. See *Robbie v. City of Miami,* 469 So. 2d 1384, 1385 (Fla. 1985); *Pearson v. Ecological Science Corp.,* 522 F.2d 171 (5th Cir. 1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976); *Dorson v. Dorson,* 393 So.2d 632 (Fla. 4th DCA 1981); *Reed by and through Reed v. U.S.*, 717 F. Supp. 1511 (S.D. Fla. 1988).

3. <u>"Good Faith" Defense against Liquidated Damages, Arising from Reliance upon a supposed DOL Investigation issue</u>. This new issue, never pleaded, now subsumes at least four (4) of the issues now required to be briefed, as identified in the following subparagraphs:

   x, y, z, aa

4. <u>"Waiver" of Claims issue regarding a supposed Supervised DOL Settlement</u>. This new issue, never pleaded, is ***not even raised as a disputed legal issue (or factual issue) in the recent Pretrial Stipulation***. As such, the Defendants have already stipulated that it is **not** an issue, but they raised it anyway during the pretrial conference. This issue is now required to be briefed separately. [ECF No. 147, p. 4].

The introduction of new issues, not previously pleaded, or briefed, <u>*or which are not even among the stipulated legal issues*</u>, is an attempt by the Defendants to unduly burden and oppress the Plaintiffs with unnecessary burdens and expenses, and to force a continuance Defendants would like for strategic reasons. At a minimum, the unraised issues should be stricken, and the Defendants required to show cause why these issues are being raised so late in these proceedings. Nevertheless, Plaintiffs' Omnibus Memorandum follows:

### OMNIBUS MEMORANDUM OF LEGAL ISSUES

a. **Whether FMWA requires each Plaintiff to comply with the pre-suit notice provisions contained in Fla. Stat. §448.110(6) as a prerequisite to bringing a claim in court for unpaid/underpaid minimum wages. [PLAINTIFF DISAGREES THIS IS AN ISSUE OF FACT OR LAW . . . ].**

No. The issue is not proper for jury consideration. This issue is not properly framed by any pleading or motion. In accordance with Rule 9(c), Fed. R. Civ. P., Plaintiff alleged in general terms that he "satisfied any condition precedent . . .if applicable." [ECF No. 7, p. 5, ¶ 26]. Fed.R.Civ.P. 9(c). In contrast, the same rule requires that, in pleading ***denial*** "that a condition

3

precedent has occurred . . . a party must do so <u>with particularity</u>". *Id*. (emphasis added). Defendants failed to do this in their Answer [ECF No. 22, p. 4, ¶ 26] or in their Affirmative Defenses. The statutory provision "in question" does not appear in the Complaint, the Answer, or Affirmative Defenses. Neither is any fact alleged in support of their "denial". Thus, the pleadings are insufficient to raise this issue. Further, this issue is moot by virtue of the fact that, Plaintiff did, in fact, in the abundance of caution, send a demand letter by mail and email to the registered agent of the corporation, and by mail to the individual Defendant. Notably, Defendants have previously apologized on the record for their failure of communication with their R.A. [ECF No. 24, p. 4, ¶ 14, p. 5, ¶ 18]. This issue is also mooted by the fact that the FMWA expressly follows the requirements of the FLSA. Fla. Stat. § 448.110(3). Lastly, even if this were an element of Plaintiffs' claim, it should not be considered by the jury, but rather by the Court, since it purports to be in the way of inadmissible settlement communications including demands for, not only wages, but liquidated damages which are also not issues for the jury.

b. **What was the applicable minimum wage rate under the FLSA in this jurisdiction?**

This issue is relevant for damage calculations. The applicable MW varies every year, as follows: $8.10 per hour in 2017; $8.25 per hour in 2018; $8.46 per hour in 2019, and; $8.56 per hour in 2020.[2] The parties originally agreed to this in their joint proposed jury instructions filed in 2021. [ECF No. 84, pp. 41-43]. The FLSA's implementing regulations make clear that "Employers must comply [ ] with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage . . .". 29 C.F.R. § 541.4. See also *Adams v. Fritz Martin Cabinetry, LLC*, No. 2:18-CV-83-FTM-99MRM, 2018 WL 4215892 at *2 (M.D. Fla. Sept. 5, 2018) ("FLSA

---

[2]/ https://floridajobs.org/docs/default-source/business-growth-and-partnerships/for-employers/posters-and-required-notices/2021-minimum-wage/september-2021/florida-minimum-wage-history-2000-2021-sept-2021.pdf?sfvrsn=dd2151b0_4

4

requires employers to pay their employees at least the federal or state minimum wage, whichever is greater, for every hour worked."). The Defendants now argue that the Court should instruct the jury chaotically that two different minimum wage obligations apply simultaneously.

- c. **Whether the applicable minimum wage under the FLSA in this jurisdiction was $7.25 per hour at all times material or the higher minimum wage set by the State of Florida. [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.] Whether the applicable MW in this jurisdiction in 2017 in this jurisdiction was $8.10 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

    No, to the first question, and yes, to the second. The issue is a less neutral, inverted recasting of the previous issue. Plaintiff adopts the argument set forth in ¶b, above.

- c. **Whether the highest applicable "reduced minimum wage" in this jurisdiction for 2017 in this jurisdiction was $5.08 under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

    Yes. This issue could be relevant for damage calculations regarding work performed during the year mentioned. The conditional "reduced minimum wage" represents MW, less the conditionally applicable "tip credit". Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the corresponding conditional "reduced minimum wage". Plaintiff adopts the argument set forth in ¶b, above, as though fully set forth herein.

- d. **Whether the maximum, conditional "tip credit" for 2017 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

    Yes. This issue could be relevant for damage calculations regarding work performed during the year mentioned. Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the highest applicable conditional "reduced minimum wage". The Florida

Department of Economic Opportunity provides a poster which employers are required to make available to facilitate informing hourly wage employees of their rights. Plaintiff adopts the argument set forth in ¶ b, above, as though fully set forth herein.

e. **Whether the applicable MW in 2018 in this jurisdiction was $8.25 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

Yes. This issue is relevant for damage calculations regarding work performed during the year mentioned. Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the highest applicable conditional "reduced minimum wage". The Florida Department of Economic Opportunity provides a poster which employers are required to make available to facilitate informing hourly wage employees of their rights. Plaintiff adopts the argument set forth in ¶ b, above, as though fully set forth herein.

f. **Whether the highest applicable "reduced minimum wage" for 2018 in this jurisdiction was $5.08 under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

Yes. This issue could be relevant for damage calculations regarding work performed during the year mentioned. The conditional "reduced minimum wage" represents MW, less the conditionally applicable "tip credit". Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the corresponding conditional "reduced minimum wage". Plaintiff adopts the argument set forth in ¶ b, above, as though fully set forth herein.

g. **Whether the maximum, conditional "tip credit" for 2018 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

Yes. This issue could be relevant for damage calculations regarding work performed during the year mentioned. Per the Florida Constitution, the applicable minimum wage fluctuates every

year, as does the highest applicable conditional "reduced minimum wage". The Florida Department of Economic Opportunity provides a poster which employers are required to make available to facilitate informing hourly wage employees of their rights. Plaintiff adopts the argument set forth in ¶ b, above, as though fully set forth herein.

h. **Whether the applicable MW in 2019 in this jurisdiction was $8.46 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

Yes. This issue is relevant for damage calculations regarding work performed during the year mentioned. Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the highest applicable conditional "reduced minimum wage". The Florida Department of Economic Opportunity provides a poster which employers are required to make available to facilitate informing hourly wage employees of their rights. Plaintiff adopts the argument set forth in ¶ b, above, as though fully set forth herein.

i. **Whether the highest applicable "reduced minimum wage" for 2019 in this jurisdiction was $5.44 under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

Yes. This issue could be relevant for damage calculations regarding work performed during the year mentioned. The conditional "reduced minimum wage" represents MW, less the conditionally applicable "tip credit". Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the corresponding conditional "reduced minimum wage". Plaintiff adopts the argument set forth in ¶b, above, as though fully set forth herein.

**j.**     **Whether the maximum, conditional "tip credit" for 2019 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable [sic] to this jurisdiction for purposes of enforcing the federal minimum wage.]**

Yes. This issue could be relevant for damage calculations regarding work performed during the year mentioned. Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the highest applicable conditional "reduced minimum wage". The Florida Department of Economic Opportunity provides a poster which employers are required to make available to facilitate informing hourly wage employees of their rights. Plaintiff adopts the argument set forth in ¶ b, above, as though fully set forth herein.

**k.**     **Whether the applicable MW in 2020 in this jurisdiction was $8.46 [sic] per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

Yes, or more correctly stated, the wage rate was $8.56. This issue is relevant for damage calculations regarding work performed during the year mentioned. Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the highest applicable conditional "reduced minimum wage". The Florida Department of Economic Opportunity provides a poster which employers are required to make available to facilitate informing hourly wage employees of their rights. Plaintiff adopts the argument set forth in ¶ b, above, as though fully set forth herein.

**l.**     **Whether the highest applicable "reduced minimum wage" in this jurisdiction for 2020 was $5.44 under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**

Yes. This issue could be relevant for damage calculations regarding work performed during the year mentioned. The conditional "reduced minimum wage" represents MW, less the conditionally applicable "tip credit". Per the Florida Constitution, the applicable minimum wage

fluctuates every year, as does the corresponding conditional "reduced minimum wage". Plaintiff adopts the argument set forth in ¶b, above, as though fully set forth herein.

m.  **Whether the maximum, conditional "tip credit" in this jurisdiction for 2020 was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.] Whether Plaintiff, Erik Chavez, was required to comply with any FMWA's pre-suit requirement imposed by Fla. Stat. §448.110.[3]**

Yes, as to the first question; no as to the second. This first issue could be relevant for damage calculations regarding work performed during the year mentioned. Per the Florida Constitution, the applicable minimum wage fluctuates every year, as does the highest applicable conditional "reduced minimum wage". The Florida Department of Economic Opportunity publishes a poster which details the minimum wage, reduced minimum wage, and tip credit amounts to facilitate in informing hourly wage employees of their rights. Plaintiff adopts the argument set forth in ¶ b, above, as though fully set forth herein. The second question appears to be an imbedded repetition of an improperly already discussed in ¶ a, above. Plaintiffs adopt their argument set forth in ¶ a, above.

n.  **Whether Plaintiff, Leonel Diaz, was required to comply with any FMWA's pre-suit requirement imposed by Fla. Stat. §448.110.**

No. The issue is not proper for jury consideration, and appears to be yet another recasting of the improperly raised issue already discussed in ¶ a, above. Plaintiffs adopt their argument set forth in ¶ a, above. Further, the mechanism for joining an FLSA case is procedural and set forth in § 216(b) of the Act. See *Epic Systems Corp. v. Lewis*, 548 U.S. ___ n.3, 138 S.Ct. 1612, 1636 n.3 (2018); *see also Walthour v. Chipio Windshield Repair, LLC*, 745, 1337 (11th Cir. 2014). In federal court, federal procedures apply. See *Erie R. Co. v. Tompkins*, 304 U.S. 64, 92 (1938). Further, the

---

[3] /  Plaintiffs adopts the argument set forth in ¶ a, above, at pp. 3–4.

terms of the FMWA makes clear that it is inextricably intertwined with "the FLSA and its implementing regulations". Fla. Stat. § 448.110(3). FMWA is interpreted as consistent with the FLSA. *Llorca v. Sheriff, Collier County, Florida*, 893 F.3d 1319, 1328 (11th Cir. 2018).

**o.      Whether any "pre-suit requirement imposed by Fla. Stat. §448.110" is constitutional under the Florida Constitution.**

No. Further, the "pre-suit requirement" issue is not properly framed by any pleading. The right to payment of the Florida MW became law on November 2, 2004 when, by referendum, Florida citizens passed a constitutional amendment which became § 24, Art. X, of the Florida Constitution. Section 24, subsection (e) specifically creates a constitutional right entitling any person aggrieved to bring a lawsuit without any condition. Subsection (f) specifically made clear that "Implementing legislation is not required. . . to enforce this amendment." The pre-suit requirement found in Fla. Stat. § 448.110(6), which the Defendants have not even pleaded, purports to require a condition precedent to filing suit to remedy violation of Florida MW. This provision was not enacted until December 12, 2005. Amendments to the Florida Constitution are governed by provisions of the Constitution (*Thomas v. State ex rel. Cobb*, 58 So. 2d 173 (Fla. 1952)) which may not be modified amended or repealed by legislative enactments or even judicial interpretation. *Sparkman v. State ex rel. Scott*, 58 So. 2d 432, 432 (Fla. 1952). Moreover, the constitutionality of a statute should be determined by its practical operation and effect. *Gray v. Central Florida Lumber Co.*, 141 So. 604 (Fla. 1932). The practical effect of the statutory condition precedent requirement is to create a procedural barrier to remedy a self-executing constitutional right. *Alvarado v. Robo Enterprises, Inc.*, No. 615CV1420ORL40KRS, 2016 WL 11566330 (M.D. Fla. Jan. 6, 2016), report and recommendation adopted, No. 615CV1420ORL40KRS, 2016 WL 11566331 (M.D. Fla. June 2, 2016), citing *Bates v. Smuggler's Enters., Inc.*, No. 2:10-cv-136-FtM-29DNF, 2010 U.S. Dist. LEXIS 85378, at *8 (M.D. Fla. Aug.

19, 2010) ("Article 10, Section 24 [of the Florida Constitution] is self-executing and establishes a private cause of action.") and *Throw v. Republic Enter. Sys., Inc.*, No. 8:06-cv-724-T-30TBM, 2006 WL 1823783, at *2, 2006 U.S. Dist. LEXIS 46215, at *6 (M.D. Fla. June 30, 2006).

p. **Whether Plaintiffs reported their gross or net tips to the restaurant through an automated computer program and when. [Plaintiff objects to this characterization of the issue since only total tips are reported.]**

Plaintiffs disagree that this is a question of law or a relevant legal issue for the Court to decide. As a matter of *fact*, the "total tips" collected by each Plaintiff appears in the "shift detail" summaries produced by the Defendants in discovery and marked as Plaintiffs' exhibits for trial.

q. **Whether Plaintiffs' "Total tips" reported on the "Shift Reports" during any given pay period were recorded in shift report records maintained by the restaurant. ["R&R": ECF No. 111, p. 10]**

Plaintiffs disagree that this is a question of law for the Court to decide. Further, as a matter of *fact*, the "total tips" collected by each Plaintiff appears in the "shift detail" summaries produced by the Defendants in discovery and marked as Plaintiffs' exhibits 1a-114b for trial.

r. **Whether Defendants have properly pleaded non-compliance with any condition precedent. [Defendants submit Plaintiffs must carry the burden of compliance with conditions precedent.]**

No. This issue of a supposed failure by Plaintiff to comply with a condition precedent is raised for the first time by Defendants in this *second* PTS. The issue is not relevant for trial because there is no such factual or legal issue properly raised in the pleadings. Federal Rule 9(c) requires that Defendants plead, *with specificity*, that a condition precedent has **not** occurred, which Defendants have not done; neither did they touch upon this issue in two summary judgment briefings. The Court should enter judgment on the pleadings as to this issue in accordance with Rule 12(c). Further, Plaintiffs adopt the argument set forth in ¶ a, above, as if fully set forth herein.

    **s.**        **Whether the failure by one or both Plaintiffs to comply with the pre-suit requirements imposed by Fla. Stat. §448.110 prevents them from pursuing claims under the Florida Minimum Wage Act.**

No as to the question and the erroneously presumed factual predicate. This issue of a supposed failure by Plaintiff to comply with a condition precedent is raised for the first time by Defendants in this *second* PTS. The issue is not relevant for trial because there is no such factual or legal issue properly raised in the pleadings. Federal Rule 9(c) requires that Defendants plead, **with specificity**, that a condition precedent has **not** occurred, which Defendants have not done; neither did they touch upon this issue in two summary judgment briefings. The Court should enter judgment on the pleadings as to this issue in accordance with Rule 12(c). Further, Plaintiffs adopt the argument set forth in ¶ a, above, as if fully set forth herein.

    **t.**        **Whether the FMWA provides a mechanism to alter Fed. R. Civ. P. 17 and/or the ability to "opt-in" or join a FMWA claim under Florida state law. [Plaintiffs do not agree this is an issue raised by the pleadings].**

No, nor need it. Plaintiffs object to the idea that this issue is even intelligible, or that any Rule 17 or other "party" issue is before the Court. See Rule 12(b). Rule 17 is not cited in the pleadings or in any motion, nor is any issue pertaining to any party's status as a party. Notwithstanding that no issue regarding whether "the FMWA provides a mechanism to alter . . ." Rule 17 is before the Court, Plaintiffs answer the question by stating that it is fundamental that state laws **cannot** alter federal procedure. See *Erie R. Co. v. Tompkins*, 304 U.S. 64, 92 (1938). Plaintiff filed the Amended Complaint individually and on behalf of others in accordance with the statutory procedural mechanism of FLSA § 216(b); Plaintiff Diaz consented to join this action by filing a consent to join on December 9, 2020, also consistent with the *procedure* of § 216(b). See *Epic Systems Corp. v. Lewis*, 548 U.S. __ n.3, 138 S. Ct. 1612, 1636 n.3 (2018); *see also Walthour v. Chipio Windshield Repair, LLC*, 745, 1337 (11th Cir. 2014). Further, the procedure in § 216(b) is perfectly consistent with Rule 17(a)(1)(G), which permits the prosecution by a representative

party on behalf of others. Moreover, both the Florida Constitution and the FMWA expressly provide that eligibility to receive the state minimum wage under the Florida Constitution is limited to those individuals entitled to FLSA remedies. Florida Constitution, Art. X, s. 24. The statutes are expressly, inextricably intertwined. Fla. Stat. § 448.110(3); FMWA is interpreted as consistent with the FLSA. *Llorca v. Sheriff, Collier County, Florida*, 893 F.3d 1319, 1328 (11th Cir. 2018).

u. **Whether the Consent to Join form filed by Opt-In Plaintiff Diaz, operates to join him as a party plaintiff to the FMWA claim filed by Plaintiff, Erik Chavez.**

Yes. It is undisputed that Plaintiff Diaz filed a consent to join on December 9, 2020, which was well within the deadline to add parties established by the Court. The FLSA unambiguously provides that an action for unpaid minimum wages may be filed by any one or more employees for and on behalf of himself and other employees similarly situated. 29 USC §216(b). The FLSA also clearly provides that a person wishing to join an FLSA lawsuit may do so by filing a consent to join. *Id*. This is a procedural mechanism of the statute. See *Walthour v. Chipio Windshield Repair, LLC*, 745, 1337 (11th Cir. 2014); *Epic Systems Corp. v. Lewis*, 548 U.S. __ n.3, 138 S.Ct. 1612, 1636 n.3 (2018). The FMWA does not include a separate procedural mechanism for joining a minimum wage case. The statutes are expressly, inextricably intertwined. Fla. Stat. § 448.110(3). The FMWA is interpreted as consistent with the FLSA. *Llorca v. Sheriff, Collier County, Florida*, 893 F.3d 1319, 1328 (11th Cir. 2018). The consent to join provided that Plaintiff Diaz consented "to become a party plaintiff in this lawsuit" [ECF No. 39-1](emphasis added). Thus, "as of that date", the Court determined that Diaz is a party to this case. [ECF No. 111, p. 3]. Defendants have provided absolutely no authority to rebut this finding and have forfeited their argument.

v. **The type and amount of "unpaid minimum wages" that Plaintiffs can seek to recover in Count I, if any. [Plaintiff disputes that this statement is intelligible].**

Plaintiffs maintain that this supposed "legal issue" as framed is neither a question nor a sentence and, as such, this issue cannot be "answered". To the extent that this issue calls for

13

calculations, the Plaintiffs' respective calculations were set forth in exhibits to their respective affidavits filed in support of summary judgment [ECF Nos. 98-9 and 98-10 and ECF Nos. 99-9 and 99-10], which are adopted herein by reference. These calculations are premised upon the highest applicable required minimum wage.

w. **The type and amount of "unpaid minimum wages" that Plaintiffs can seek to recover in Count II, if any. [Plaintiff disputes that this statement is intelligible].**

Plaintiffs maintain that this supposed "legal issue" as framed is neither a question nor a sentence and, as such, this issue cannot be "answered". To the extent that this issue calls for calculations, the Plaintiffs' respective calculations were set forth in exhibits to their respective affidavits filed in support of summary judgment [ECF Nos. 98-9 and 98-10 and ECF Nos. 99-9 and 99-10], which are adopted herein by reference. These calculations are premised upon the highest applicable required minimum wage.

x. **Whether Defendants' reliance on the DOL's investigation is sufficient to satisfy the "good faith" requirement to avoid the imposition of liquidated damages for any FLSA and/or FMWA violation proven by Plaintiffs. [Plaintiffs deny this is a legal issue before the Court, or that as a matter of fact or law, there was any such reliance upon any, supposed finding, or opinion made the DOL.]**

No. As a preliminary matter, the supposed "DOL investigation" is not part of the record in this case, and is neither admissible evidence nor specifically identified, so it's not an issue for trial. The question cannot be answered in a vacuum. The good faith defense as it relates to liquidated damages is not even a jury question, but is rather one that is addressed by the Court after a verdict of judgment awarding unpaid statutory wages. Notably, this is a statutory defense which is ostensibly provided under FLSA § 260. However, this provision of the FLSA does not appear anywhere in the pleadings or in any motion before the Court. Even if Defendants had properly pleaded this defense, which they have not, they carry the burden of proving they are entitled to the safe harbor and must show that they acted with both objective and subjective good faith. *Dybach*

14

*v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566–67 (11th Cir. 1991); *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). To prove subjective good faith, the employer must show it had "an honest intention to ascertain what [the Act] requires and to act in accordance with it." *Dybach* at 1566. The employer shoulders the added burden to prove it had reasonable grounds for believing its conduct was based on statutory interpretation. Defendants have provided no admissible evidence regarding a Dept. of Labor investigation during discovery and even the inadmissible documents provided are insufficient to meet objective and subjective burdens.

y. **Whether liquidated damages apply to any minimum wage and/or FLSA violations established by Plaintiffs**

Yes. A district court's decision on whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith; in other words, liquidated damages are mandatory until the employer establishes good faith. *Joiner v. City of Macon*, 814 at 1539; see also 29 U.S.C. § 216(b) ("Any employer who violates . . . shall be liable to the employee . . . in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages".). Also, the supposed "DOL investigation" which Defendants now maintain forms the factual predicate of this "defense" is inadmissible, and to be briefed separately per Order. Moreover, no such findings or investigative report is even listed on Defendants' Exhibit List.

z. **What is the applicable statute of limitation? [Defendants believe this is a mixed issue of fact and law.]**

The applicable statute of limitations is 29 U.S.C. § 255(a). The statutory period is three years for willful violations of the statute or two years otherwise. This issue is relevant only for purposes of calculating damages.

**aa.**   **What is the period of recovery for wages under the applicable statutes of limitation: two years or three years from the date the Complaint was filed for Mr. Chavez and from the date when Mr. Diaz filed his Consent to Join, and for which claim(s). [Plaintiff disputes whether this is a correct or redundant statement of the legal issue]**

The applicable statute of limitations is 29 U.S.C. § 255(a). The statutory period is three years for willful violations of the statute or two years otherwise. This issue is relevant only for purposes of calculating damages. The operative dates when the statute began to toll are June 23, 2017 for Plaintiff Chavez, which is three years before the date he filed the Complaint, and December 9, 2017 for Plaintiff Diaz, which is three years before he filed his consent to join.

**bb.**   **Whether the filing of the Amended Complaint that contains claims not pled in the initial Complaint requires the Court to determine that Grill Enterprises, LLC, cannot be found to be in default of the initial Complaint due to the additional claims contained in the Amended Complaint as a matter of law. [Plaintiff disagrees this is an issue for the court at trial.]**

No. This issue, as framed by Defendant, is unintelligible; further the issue is not raised in any pleading or motion before the Court and is not relevant for trial. There was a Clerk's Default entered in this case against Defendant Grill Enterprises, LLC on the original complaint, but there is no pending motion for entry of Default Judgment. This is not a trial issue.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

Anthony F. Sanchez, P.A.
Attorneys for Plaintiffs
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211

By: /s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No. 789925
afs@laborlawfla.com

16

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
afs@laborlawfla.com
faz@laborlawfla.com
***Counsel for Plaintiffs***
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel:  305-665-9211

Todd W. Shulby, Esq.
Florida Bar No.: 068365
tshulby@shulbylaw.com
llangford@shulbylaw.com
***Counsel for Defendants***
TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Tel:  954-530-2236
Fax: 954-530-6628
*Via Notice of Electronic Filing*

Brian H. Pollock, Esq.
Florida Bar No.: 174742
brian@fairlawattorney.com
***Co-Counsel for Defendants***
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Tel:  305-230-4884
*Via Notice of Electronic Filing*