

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22603-MGC

ERIK CHAVEZ, individually, and
on behalf of others similarly situated,

      Plaintiff,

vs.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBEN SIERRA, individually,

      Defendants.
_____/

### DEFENDANT GRILL ENTERPRISES, LLC'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, GRILL ENTERPRISES, LLC, by and through the undersigned counsel, and pursuant to Rule 34, Federal Rules of Civil Procedure, serves this, its response to Plaintiff's First Interrogatories.

Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendants

By: /s/Todd W. Shulby, Esq.
      Florida Bar No.: 068365

RESPONSE:

Plaintiff's request for "the factual basis for each affirmative defense" is the epitome of an unabated fishing expedition aimed at purely harassing and burdening Defendant. At bottom, this request is not reasonably specific nor narrowly tailored and, as such, is inappropriate and improper as phrased. *See TIC Park Centre 9, LLC v. Cabot,* Case No. 16-24569-Civ-COOKE/TORRES, 2017 WL 3034547, at *4 (S.D. Fla. July 18, 2017) (finding many of plaintiff's discovery requests facially overbroad because there were no meaningful limitations on the documents requested) (citing to *Great Lakes Transp. Holding, LLC,* 2010 WL 5093746, at *6 (holding document requests were overly broad when the requests sought "all documents relating to claims and defenses")).

17.  State whether you or any attorney or representative on your behalf has obtained statements, reports, releases, waivers memoranda or recordings from any person, which in any way relate to the facts of this case or the matters alleged in the parties' pleadings. If your answer is in the affirmative, separately identify the author of each statement, report memoranda or recording; the person or persons to whom the statement, report memoranda or recording was issued, distributed, or otherwise provided; the present location and custodian of each such statement, report memoranda or recording; and state the date each such statement, report memoranda or recording was prepared.

RESPONSE:

No.

18.  For each Plaintiff, state the specific amount of the tip credit which the employer took during any distinct period of time during which a tip credit was taken, and detail the manner by which said Plaintiff was advised of the tip credit for each such period of time.

RESPONSE:

Pursuant to Rule 33(d), Fed.R.Civ.P., Defendant has already produced time and payroll records to Plaintiff showing that Plaintiff was paid the minimum wage and availed itself of the allowable tip credit under the FLSA. The payroll records show the tipped hours worked, the wage paid for tipped hours, and the tip credit taken for tipped hours. Further responding, Plaintiff was informed of the payroll procedures and tip credit, received his paychecks on a regular basis and never complained and/or asked questions about the tip credit and/or minimum wage that he was paid. Defendant availed itself of the full tip credit allowable under the FLSA.

19.  Describe the basis for Plaintiff's termination from employment with the Employer.

RESPONSE:

N/A. Plaintiff was not terminated he voluntarily resigned.

## DECLARATION OF DEFENDANT

I have read the foregoing answers to interrogatories and do declare under penalty of perjury that they are true and correct to the best of my knowledge and belief.

_____
REUBEN SIERRA, for
GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company,
d/b/a Los Parrilleros and Parrilleros Tavern

Date: 2/2/2021