UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-22606-GOODMAN [*CONSENT CASE*]

ERIC CHAVEZ, ET AL.,

    Plaintiff,
v.

GRILL ENTERPRISES, LLC AND
RUBEN SIERRA,

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW**
**REGARDING PARAGRAPH 8 OF THE JOINT PRE-TRIAL STIPULATION**

Defendants, Grill Enterprises, LLC and Ruben Sierra, pursuant to the Court's Post-Pretrial Conference Administrative Order [ECF No. 147] and its Paperless Order [ECF No. 155], submit the following Memorandum of Law:

**I. INTRODUCTION**

Defendants did not agree (or stipulate) that all the items identified in a. through gg. were disputed issues of law to be resolved by the Court. Rather, Defendants suggested the wholesale removal of many of the issues that were repetitive and derivative of the umbrella issue (for instance, whether the FLSA's minimum wage was $7.25 per hour or the Florida minimum wage, whether the "tip credit" wage should be based on the FLSA's $7.25 per hour or the higher Florida minimum wage, and so on). Plaintiffs insisted on identifying each granular, derivative issue (such as by identifying the minimum wage and "tip credit" wage on a year-by-year basis) as requiring determination by the Court.

## II. ISSUES OF LAW THAT REQUIRE THE RESOLUTION BY THE COURT

### a. Whether FMWA requires each Plaintiff to comply with the pre-suit notice provisions contained in Fla. Stat. §448.110(6) as a prerequisite to bringing a claim in court for unpaid/underpaid minimum wages.

<u>Yes.</u> Section 448.110(6), Florida Statutes, imposes a mandatory condition precedent on persons seeking to enforce the FMWA:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Resolution of this issue impacts the minimum wages at issue and the tip credit at issue, affecting the issues of liability and damages. If the Court determines that Fla. Stat. §448.110(6) required Plaintiffs to send pre-suit notice, but that they failed to do so, then such a finding would require dismissal of Count II. *Hayes v. Coco Dulce, Inc.*, 2019 WL 7371838, at *4 (S.D. Fla. Aug. 9, 2019) ("For failure to comply with the applicable statutory pre-suit notice requirements, Plaintiff's FMWA claims must be dismissed with prejudice.")

The resolution of this issue also will impact the Court's instructions to the jury on the applicable minimum wage (as being the $7.25 per hour minimum wage identified in the FLSA at 29 U.S.C. §206(a)(1)(C)), the direct hourly wage Defendants were required to pay, and the tip credit available.

### b. What was the applicable minimum wage rate under the FLSA in this jurisdiction?

<u>$7.25 per hour</u>. "For most employees, the minimum wage that an employer must pay an employee under the FLSA is $7.25 an hour." 29 U.S.C. § 206(a)(1)(C). "That rule gives way, however, if the employee is a 'tipped employee.' In that scenario, § 203(m) authorizes the employer to pay the employee (1) an hourly wage of $2.13 plus (2) an additional amount in tips that brings

the total wage up to the federal minimum wage of $7.25 an hour." *Malivuk v. Ameripark, LLC*, 694 Fed. Appx. 705, 706 (11th Cir. 2017) (citing 29 U.S.C. § 203(m).) *See also P&k Rest. Enter., LLC v. Jackson*, 758 Fed. Appx. 844, 847 (11th Cir. 2019) ("The federal minimum wage is $7.25 per hour.") The Department of Labor identifies the federal minimum wage as $7.25 per hour. *See* https://www.dol.gov/whd/state/tipped.htm#Florida.

In Count I, the Plaintiffs are only entitled to seek damages based on the federal minimum wage of $7.25 per hour. Although states can enact a higher minimum wage under 29 U.S.C. §218(a), "the FLSA does not incorporate state minimum or overtime requirements." *Villarino v. Pacesetter Pers. Serv., Inc.*, 2022 WL 18023213, at *3 (S.D. Fla. Dec. 1, 2022). In recognition of the principle that the FLSA establishes the ceiling for the federal minimum wage, the United States Supreme Court refused to supplant a higher state (California) minimum wage as the federal minimum wage in *Parker Drilling Mgmt. Services, Ltd. v. Newton*, 204 L. Ed. 2d 165 (2019) ("the FLSA already provides for a minimum wage, 29 U.S.C. § 206(a)(1), so the California minimum wage does not apply."); *see also Bonich v. NAS Component Maint., Inc.*, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020) ("The Fair Labor Standards Act only entitles Plaintiff to the federal minimum wage.") (citing *Moser v. Action Towing Inc. of Tampa*, 2017 WL 10276702, at *3 (M.D. Fla. Feb. 6, 2017).) Courts routinely determine minimum wage damages under the FLSA at a rate of $7.25 per hour. *Feliciano v. Styrofoam Moulding Company*, 2021 WL 3230683, at *4 (M.D. Fla. Jul. 9, 2021) (collecting cases).

This issue is relevant if the Court determines that the Plaintiffs cannot proceed with the FMWA claim at Count II because the Plaintiffs would be limited to seeking only the minimum wage established by and enforceable under the FLSA. Any liability of the Defendants would be limited to the difference between the direct hourly wage required by the FLSA and the direct hourly wage paid to Plaintiffs.

The resolution of the applicable minimum wage required by the FLSA will impact the Court's instructions to the jury, the "tip credit" wage that the Plaintiffs were required to receive, and any damages recoverable by the Plaintiffs.

### c. Whether the applicable minimum wage under the FLSA in this jurisdiction was $7.25 per hour at all times material or the higher minimum wage set by the State of Florida.

Yes to Part 1. Please refer to paragraph b., above for the response to the first question and the first part of the second question.

### c2. Whether the applicable MW in this jurisdiction in 2017 in this jurisdiction was $8.10 per hour under the FLSA as well as Florida law?

No to Part 2, as phrased. The Defendants agree that the minimum wage required by the FMWA was $8.10 per hour in 2017 but maintain that the minimum wage under the FLSA was $7.25 (see argument under section b, above).

If the Court determines that Plaintiffs can pursue their minimum wage claims under the FMWA, then the Defendants agree to use the Florida Minimum Wage rate in effect each week at issue as the "applicable minimum wage."

This issue is relevant because it would impact the hourly wage that Defendants were required to pay to Plaintiffs, the "tip credit" wage they were required to pay to Plaintiffs, and the damages that Plaintiffs could seek to recover.

### [c]. Whether the highest applicable "reduced minimum wage" in this jurisdiction for 2017 in this jurisdiction was $5.08 under the FLSA as well as Florida law?

No. Please refer to the Defendants' response to paragraph b., above for the response to the first part of the question.

Defendants agree that the applicable "reduced minimum wage" required by the FMWA was $5.08 per hour from January 1, 2017, to December 31, 2017. The applicable "reduced minimum wage" under the FLSA was $2.13 ($7.25 - $5.12 = $2.13).

The FLSA allows employers to pay a direct hourly wage of $2.13 plus tips. *Nail v. Shipp*, 2019 WL 3719397, at *3 (S.D. Ala. Aug. 6, 2019) ("The maximum tip credit against minimum wage is $5.12/hour and the minimum cash wage is $2.13/hour (to total the federal minimum wage rate of $7.25/hour))." Put another way, "§ 203(m) authorizes the employer to pay the employee (1) an hourly wage of $2.13 plus (2) an additional amount in tips that brings the total wage up to the federal minimum wage of $7.25 an hour. 29 U.S.C. § 203(m)." *Malivuk*, 694 Fed. Appx. at 706; and *P&k Rest. Enter., LLC*, 758 Fed. Appx. at 847.

If the Court determines that Plaintiffs are entitled to pursue their minimum wage claims under the FMWA, then the Defendants agree to use the Florida Minimum Wage rate in effect each week at issue as the "applicable minimum wage" and the tip credit of $3.02 per hour (or $5.08 per hour) in 2017. If not, and one or both Plaintiffs can only proceed under the FLSA, then the "applicable minimum wage" would be $2.13.

This issue is relevant because it impacts the hourly wage that Defendants were required to pay to Plaintiffs, the "tip credit" wage they were required to pay to Plaintiffs, and the damages that Plaintiffs could seek to recover.

**d. Whether the maximum, conditional "tip credit" for 2017 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law?**

<u>No.</u> Please refer to the Defendants' response to paragraph. d., above for the response to the question and the relevancy.

**e. Whether the applicable MW in 2018 in this jurisdiction was $8.25 per hour under the FLSA as well as Florida law?**

<u>No.</u> Please refer the Defendants' response to paragraph b., above for the response to the part of the question and the relevancy.

Defendants agree that the minimum wage required by the FMWA was $8.25 per hour in 2018 but maintain that the minimum wage under the FLSA was $7.25 (see argument under section b, above).

If the Court determines that Plaintiffs are entitled to pursue their minimum wage claims under the FLSA and the FMWA, then the Defendants agree to use the Florida Minimum Wage rate in effect each week at issue as the "applicable minimum wage" and the tip credit of $3.02 per hour (or $5.23 per hour) in 2018.

**f. Whether the highest applicable "reduced minimum wage" for 2018 in this jurisdiction was $5.08 under the FLSA as well as Florida law?**

<u>No.</u> Please refer to Defendants' response to paragraph d., above, above for the response to the part of the question and the relevancy.

Defendants agree that the minimum wage required by the FMWA was $8.25 per hour in 2018 but maintain that the minimum wage under the FLSA was $7.25 (see argument under section b, above).

If the Court determines that Plaintiffs are entitled to pursue their minimum wage claims under the FLSA and the FMWA, then the Defendants agree to use the Florida Minimum Wage rate in effect each week at issue as the "applicable minimum wage" and the tip credit of $3.02 per hour (or $5.23 per hour) in 2018.

**g. Whether the maximum, conditional "tip credit" for 2018 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law?**

<u>No.</u> Please refer to Defendants' response to paragraph d., above for the response to the question and the relevancy.

    **h. Whether the applicable MW in 2019 in this jurisdiction was $8.46 per hour under the FLSA as well as Florida law?**

<u>No.</u> Please refer to the Defendants' response to paragraph b., above for the response to the first part of the question and the relevancy.

Defendants agree that the minimum wage required by the FMWA was $8.46 per hour in 2019.

If the Court determines that Plaintiffs are entitled to pursue their minimum wage claims under the FLSA and the FMWA, then the Defendants agree to use the Florida Minimum Wage rate in effect each week at issue as the "applicable minimum wage" and the tip credit of $3.02 per hour (or $5.43 per hour) in 2019.

    **i. Whether the highest applicable "reduced minimum wage" for 2019 in this jurisdiction was $5.44 under the FLSA as well as Florida law?**

<u>No.</u> Please refer to the Defendants' response to paragraph b., above for the response to the first part of the question and the relevancy.

Defendants agree that the minimum wage required by the FMWA was $8.46 per hour in 2019.

If the Court determines that Plaintiffs are entitled to pursue their minimum wage claims under the FLSA and the FMWA, then the Defendants agree to use the Florida Minimum Wage rate in effect each week at issue as the "applicable minimum wage" and the tip credit of $3.02 per hour (or $5.44 per hour) in 2018.

    **j. Whether the maximum, conditional "tip credit" for 2019 in this jurisdiction was $3.02 per hour under the FLSA as well as Florida law?**

<u>No.</u> Please refer to the Defendants' response to paragraph d., above for the first part of the question and the relevancy.

    **k. Whether the applicable MW in 2020 in this jurisdiction was $8.46 per hour under the FLSA as well as Florida law?**

No. Please refer to the Defendants' response to paragraph 7., above for the first part of the question and the relevancy.

**l. Whether the highest applicable "reduced minimum wage" in this jurisdiction for 2020 was $5.44 under the FLSA as well as Florida law?**

No. Please refer to the Defendants' response to paragraph d., above for the first part of the question and the relevancy.

**m. Whether the maximum, conditional "tip credit" in this jurisdiction for 2020 was $3.02 per hour under the FLSA as well as Florida law?**

No. Please refer to the Defendants' response to paragraph d., above for the response to the first question and the relevancy. The FLSA allows employers to pay a direct hourly wage of $2.13 per hour plus tips. *Nail v. Shipp*, 2019 WL 3719397, at *3 (S.D. Ala. Aug. 6, 2019) ("The maximum tip credit against minimum wage is $5.12/hour and the minimum cash wage is $2.13/hour (to total the federal minimum wage rate of $7.25/hour))." Put another way, "§ 203(m) authorizes the employer to pay the employee (1) an hourly wage of $2.13 plus (2) an additional amount in tips that brings the total wage up to the federal minimum wage of $7.25 an hour. 29 U.S.C. § 203(m)." *Malivuk*, 694 Fed. Appx. at 706; and *P&k Rest. Enter., LLC*, 758 Fed. Appx. at 847.

If the Court determines that Plaintiffs are entitled to pursue their minimum wage claims under the FLSA and the FMWA, then the Defendants agree to use the Florida Minimum Wage rate in effect each week at issue as the "applicable minimum wage" and the tip credit of $3.02 per hour.

This issue is relevant because it impacts the hourly wage that Defendants were required to pay to Plaintiffs, the "tip credit" wage they were required to pay to Plaintiffs, and the damages that Plaintiffs could seek to recover.

**n2. Whether Plaintiff, Erik Chavez, was required to comply with any FMWA's pre-suit requirement imposed by Fla. Stat. §448.110.**

Yes. Please refer to the Defendants' response to paragraph a., above for an explanation and the relevancy.

### n. Whether Plaintiff, Leonel Diaz, was required to comply with any FMWA's pre-suit requirement imposed by Fla. Stat. §448.110.

Yes. Please refer to the Defendants' response to paragraph a., above and for the relevancy. Neither Plaintiff complied with the pre-suit requirements imposed by Fla. Stat. §448.110, and they confirmed in their discovery responses that they did not send any document to Defendants "regarding Defendants' pay practices or alleged failure to properly compensate persons for hours worked or wages earned." [ECF Nos. 70-1 at 6.] Plaintiffs did not produce any such notice sent in conformity with Fla. Stat. §448.110 to Defendants in discovery.

### o. Whether any "pre-suit requirement imposed by Fla. Stat. §448.110" is constitutional under the Florida Constitution.

Yes. Courts routinely find that the pre-suit notice requirement imposed by Fla. Stat. §448.110(6) is constitutional. *Epsilantis vs. Scozzari Roof Services Contracting & Consulting Inc.*, 2021 WL 10725013, at *3 (S.D. Fla. Nov. 19, 2021) (collecting cases).

This issue is relevant because it impacts the hourly wage that Defendants were required to pay to Plaintiffs, the "tip credit" wage they were required to pay to Plaintiffs, and the damages that Plaintiffs could seek to recover.

### p. Whether Plaintiffs reported their gross or net tips to the restaurant through an automated computer program and when.

Defendants do not believe this to be an issue of law for the Court. Defendants conferred with Plaintiffs on this issue, but they refused to agree that this question of law "q." is a question of fact and not a question of law to be determined by the Court. Plaintiffs insisted that the issue be preserved and included in the Joint Pre-Trial Stipulation. This appears to be a factual issue for determination at trial.

Defendants do not believe that this issue is relevant for trial purposes and submit that it should not have been submitted to the Court as an issue of fact or law.

### q. Whether Plaintiffs' "Total tips" reported on the "Shift Reports" during any given pay period were recorded in shift report records maintained by the restaurant.

Please refer to the Defendants' response to paragraph q., above for an explanation. It also is difficult to respond substantively to this question as it does not explain the distinction Plaintiffs are drawing between the words "reported" and "recorded" and the use of the terms "Shift Reports" and "shift report records." If "total tips" are "reported" on the "Shift Reports," then it is also true that they are "recorded in the shift report records" unless Plaintiffs are making a distinction between the words "reported" and "recorded" or between the terms "Shift Reports" and "shift report records." This appears to be a factual issue for determination at trial.

### r. Whether Defendants have properly pleaded non-compliance with any condition precedent.

<u>Yes</u>. Defendants specifically denied the allegation that Mr. Chavez complied with all conditions precedent at Count II. [ECF Nos. 7 at §26 and 47 at §26.] "The specific denial of performance of conditions precedent may be raised by motion **as well as by answer**." *Associated Mech. Contractors, Inc. v. Martin K. Eby Const. Co., Inc.*, 271 F.3d 1309, 1317 (11th Cir. 2001) [*emphasis added*.] Defendants specifically raised the issue of failure to provide pre-suit notice in their Fifth Affirmative Defense, wherein they alleged as follows: "**The action and/or the damages claimed in this action are barred by Plaintiff's failure to provide notice** of any alleged unlawful pay practice and/or alleged overtime hours worked." [ECF No. 22 at 6.] Defendants complied with the requirements imposed by Fed. R. Civ. P. 9(c) by raising the issue of "failure to provide notice" as an affirmative defense. [ECF No. 22 at 6.]

The *only* condition precedent to pursuing a claim under the Florida Minimum Wage Act is found in Fla. Stat. §448.110:

> (6)(a)   Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved **shall notify** the employer alleged to have violated this section, in writing, of an intent to initiate such an action. **The notice** must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of **the notice**. [*Emphasis added*.]

Mr. Chavez alleged that *he* complied with the pre-suit condition precedent in the Amended Complaint.[1] [ECF No. 7 at §26.] Defendants denied that he satisfied the (only) condition precedent in paragraph 27 of their Answer to the Count II of the Amended Complaint. Defendants again specifically raised the issue of "Plaintiff's failure to provide notice" in their Fifth Affirmative Defense. [ECF No. 22 at 6.] By asserting there was a "failure to provide notice," as contemplated by the language of Fla. Stat. §448.110 (referring to the pre-suit "notice"), Defendants pled the "failure to provide notice" required by Fla. Stat. §448.110(6) with sufficient particularity. Put another way, Defendants did not merely deny the allegation at paragraph 27 of Count II, but specifically denied that Plaintiff's claim was defective for "**failure to provide notice**". [ECF Nos. 6, 22.] By specifically identifying the "failure to provide notice" as a defense to Count II, Defendants properly pleaded non-compliance with the pre-suit notice condition precedent imposed by Fla. Stat. §448.110(6) in conformity with Fed. R. Civ. P. 9(c). *Compare Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1009 (11th Cir. 1982) ("Under this rule, if a party disagrees with a

---

[1]   Opt-In Plaintiff, Leonel Diaz, is never mentioned in the Amended Complaint. [ECF No. 6.] There is no allegation that Mr. Diaz complied with Fla. Stat. §448.110(6). By failing to follow the requirements imposed by Fed. R. Civ. P. 15 to further amend the operative Complaint so he could become a party to the claim at Count II brought pursuant to Florida law, in particular Fla. Stat. §448.110, Defendants were not given the opportunity to assert any defenses specific to Mr. Diaz.

general averment that the conditions precedent have been met, that party may raise the issue with a specific and particular denial.")

Once Defendants specifically denied that Plaintiff failed to provide the "notice" required by the law, "The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied." *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).

Determining that Defendants complied with Fed. R. Civ. P. 9(c) will shift the burden to Plaintiffs to establish through record evidence that they complied with pre-suit noticed requirements imposed by Fla. Stat. §448.110(6). Once the Court determines that they did not, applicable minimum wage rate, the "tip credit" wage, the Court's instructions to the jury, the questions to be answered by the jury, and the damages Plaintiffs can seek to recover, if any.

   s. **Whether the failure by one or both Plaintiffs to comply with the pre-suit requirements imposed by Fla. Stat. §448.110 prevents them from pursuing claims under the Florida Minimum Wage Act.**

<u>Yes.</u> Please refer to the Defendants' response to paragraphs b. and t., above. Neither Plaintiff complied with the pre-suit requirements imposed by Fla. Stat. §448.110. Defendants never produced any documents in discovery to establish that they notified Defendants in writing and in compliance with Fla. Stat. §448.110(6) at least 15 days before either Plaintiff asserted a claim under the FMWA, as evidenced by the following:

> 14.   All documents pertaining to any complaint made to Defendants regarding Defendants' pay practices or alleged failure to properly compensate persons for hours worked or wages earned.
>
> **Response**:
>
> None.

[ECF Nos. 70-1 at 7; 70-2 at 7.] Plaintiffs did not disclose any pre-suit notice letter they claim to have sent to Defendants in their Rule 26 Disclosures. They also failed to produce (and supplement

their production of) documents they intend to use at trial with any pre-suit notice in response to Request No. 21 directed to the Plaintiffs. [ECF Nos. 70-1 at 8; 70-2 at 8.]

Determining that Plaintiff failed to comply with Fla. Stat. §448.110(6) will preclude Plaintiffs from claiming entitled to a wage higher than that required by the FLSA ($7.25/hour) as it relates to the applicable minimum wage, the tip credit wage, the tip credit wage, and the damages that Plaintiffs can seek in this case, as well as the jury instructions to be given thereon.

### t. Whether the FMWA provides a mechanism to alter Fed. R. Civ. P. 17 and/or the ability to "opt-in" or join a FMWA claim under Florida state law.

No. Plaintiff Erik Chavez filed his initial Complaint on June 23, 2020 (ECF No. 1) and an Amended Complaint on July 17, 2020 (ECF No. 7). A Notice of Consent to Opt-In Pursuant to 29 U.S.C. §216(b) on behalf of Leonel Diaz was filed on December 9, 2020 [ECF No. 39.] Diaz only opted-in to the Fair Labor Standards Act (FLSA) minimum wage claim, not the Florida Minimum Wage Act (FMWA) claim. [ECF No. 39.] Mr. Diaz could have, but did not, invoke the Federal Rules of Civil Procedure to join the FMWA claim. The procedure to add a party to a claim not governed by the FLSA is as follows:

> "In order to amend a complaint to add additional parties ..., a plaintiff must satisfy both the requirements of Rule 15(a) and demonstrate compliance with one of the other rules governing the addition of parties, such as Rules 19, 20, or 21."). Id. (quoting Fincher v. Georgia-Pacific, LLC, No. 108-CV-3839, 2009 WL 2601332, at *1 (N.D. Ga. Aug. 24, 2009) ). Under Rule 15, a party who seeks to amend a complaint after the deadline in the Case Management and Scheduling Order may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

*Griffin v. Blanchette*, 2018 WL 8369386, at *1 (M.D. Fla. Dec. 7, 2018).

Plaintiffs could/should have sought leave to amend the pleading under Fed. R. Civ. P. 15 to add Mr. Diaz as a party to the case and/or as a party to Count II (the FMWA claim). Mr. Diaz could have sought leave to join the FMWA claim pursuant to Fed. R. Civ. P. 17-18 but did not.

The Court established a deadline of April 8, 2021, for "Joinder of parties and claims, and amendment of pleadings." [ECF No. 42.] Mr. Diaz never sought leave to join the FMWA claim by amending the complaint and is, therefore, not a part of that claim. Mr. Diaz's notice was expressly filed pursuant to the FLSA's procedural opt-in provision (29 U.S.C. §216(b)) and does not amount to a joinder of non-FLSA claims. Moreover, as Mr. Diaz admits, "The FMWA does not include a separate procedural mechanism for joining a minimum wage claim under the FMWA." *See* Plaintiffs' Response [ECF No. 105, §IV at 16.] In the absence of a statutory mechanism under the FMWA to join a claim (as exists under the FLSA for FLSA claims), it was incumbent upon Mr. Diaz to join the FMWA claim by other means (*e.g.* amended pleading, motion to join, motion to ratify), as allowed under the Federal Rules. Mr. Diaz did not pursue any such course of action and thus did not join in and is not a party to Count II.

**u. Whether the Consent to Join form filed by Opt-In Plaintiff, Leonel Diaz, operates to join him as a party plaintiff to the FMWA claim filed by Plaintiff, Erik Chavez.**

No. Please refer to the Defendants' response to paragraph u., above, and for the relevancy.

**v. The type and amount of "unpaid minimum wages" that Plaintiffs can seek to recover in Count I, if any.**

None. Plaintiffs are not entitled to recover any unpaid minimum wages under the FLSA because Defendants properly paid Plaintiffs their minimum wages in compliance with the FLSA, informed them of the tip credit, did not require Plaintiffs to share or pool their tips, did not improperly deduct any money from Plaintiffs' tips or wages, and did not include non-tipped employees in any tip pool. Please also refer to Defendants' responses to a., b., s., and t., above and for the relevancy. The only minimum wage claim at issue should be that required by the FLSA at Count I, pursuant to which Plaintiffs seek the difference between the hourly wage paid to them (as reflected on their pay stubs) and the hourly wage required by the FLSA, if any.

> **w. The type and amount of "unpaid minimum wages" that Plaintiffs can seek to recover in Count II, if any.**

<u>None</u>. If the Court determines that Plaintiffs can pursue their minimum wage claims under the FMWA, then the Defendants agree to use the Florida Minimum Wage rate in effect each week at issue as the "applicable minimum wage."

> **x. Whether Defendants' reliance on the DOL's investigation is sufficient to satisfy the "good faith" requirement to avoid the imposition of liquidated damages for any FLSA and/or FMWA violation proven by Plaintiffs.**

<u>Yes.</u> Defendants believe this is a mixed question of fact and law for the Court to decide post-trial. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008) ("…the Act assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes. *See* 29 U.S.C. §260.") As a matter of law, the Court can determine that the evidence adduced at trial is sufficient to find that Defendants reasonably and in good faith relied on an investigation and the findings by the DOL to avoid the imposition of liquidated damages.

There are two components that an employer must establish to satisfy the "good faith" requirement: objective and subjective. 29 C.F.R. §790.13, *et seq.*; see also *See Alvarez Perez*, 515 F.3d 1150.

In this case, it was objectively reasonable for a reasonable employer to believe that following the DOL's investigation into all of their payroll practices regarding all of their workers, where the employer provided the investigator all payroll records concerning all employees, including records of tip-outs and the tip credit taken for servers, and having settled and corrected the minimal overtime issues cited, that the remainder of their payroll practices comported with the FLSA. In this case, Defendants proffer that they met with the DOL, the DOL conducted interviews, the DOL was provided with all payroll records including records that showed the tip credit taken and

15

tip-outs, the DOL cited them for minimal overtime issues unrelated to any minimum wage issue in this case, and that they had conversations with the DOL investigator that assured them that their payroll practices (aside from the very limited overtime issue cited by the DOL, that was settled and corrected) complied with the FLSA, including their practices with regards to minimum wages, tip-outs and the tip credit. This all created the present sense impression on Defendants that their payroll practices complied with the law and did not require any change. This satisfies both the subjective and objective elements of the "good faith" analysis. *See Garcia v. J&J, Inc.*, 2020 WL 209732, at *3 (S.D. Fla. Jan. 14, 2020)( "[T]he Court determines that evidence of the DOL investigation is relevant to the good-faith defense and not outweighed by the risk of prejudice.").

### y. Whether liquidated damages apply to any minimum wage and/or FLSA violations established by Plaintiffs.

No. Defendants have asserted that they acted in "good faith" and that liquidated damages should not apply. For example, please see the argument above in relation to y.

### z. What is the applicable statute of limitation?

The statute of limitations for Mr. Chavez begins 2 years before the date he filed the Complaint in this case (June 23, 2020) [ECF No. 1] unless the jury finds that Defendants willfully violated the minimum wage provisions of the FLSA, which would allow the statute of limitations to extend to three years before he filed the Complaint. The statute of limitations for Mr. Diaz commences on the workweek beginning on March 10, 2019, by operation of the Department of Labor, Wage and Hour Division's supervision of payment to him, his waiver of any claims that predate the workweek ending March 9, 2019, and the WH-58 Form issued to and signed by him.

A WH–58 is a standard form used by the DOL to inform an employee that, although he has the right to file suit under 29 U.S.C. § 216(b), acceptance of the back wages offered will result in waiver of those rights." *Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1248 (11th Cir. 2004)

(plaintiff waived the right to sue by signing the WH-58 Form). "[T]he WH-58 form serves as a receipt...." *Rivers v. Zeno Office Sols.*, 2020 WL 6434515, at *2 (N.D. Fla. Oct. 2, 2020), *report and recommendation adopted*, 2020 WL 6430354 (N.D. Fla. Nov. 2, 2020). The signed WH-58 Form Diaz, accompanied by proof of payment, operates as a complete to any claim by Diaz under the FLSA before the "workweek ending 03/09/2019."

The WH-58 Form and the accompanying payment confirmation documents required by 29 C.F.R. §516.2(b) establish that Diaz waived, released, and was paid in full for any FLSA claim before the workweek ending March 9, 2019. *See e.g.*, *Cappelli v. Miami Beach Hosp., LLC*, 2017 WL 945187, at *3 (S.D. Fla. Jan. 10, 2017) (finding waiver and release of FLSA claim covered by WH-58 Form); and *Blackwell v. United Drywall Supply*, 362 Fed. Appx. 56, 58 (11th Cir. 2010) (affirming summary judgment for employer based on WH-58 Form). The WH-58 Form operate as a waiver, regardless of whether Mr. Diaz acknowledges signing it, since "An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). In other words, whether Mr. Diaz admits to signing the WH-58 form is irrelevant if he accepted the required payment. *See Mion v. Aftermarket Tool & Equipment Group*, 990 F. Supp. 535 (W.D. Mich.1997); *Heavenridge v. Ace-Tex Corp.*, 1993 WL 603201 (E.D. Mich. Sept. 3, 1993); *Selz v. Investools, Inc.*, 2010 WL 1451347 (D. Utah Apr. 8, 2010).

**aa. What is the period of recovery for wages under the applicable statutes of limitation: two years or three years from the date the Complaint was filed for Mr. Chavez and from the date when Mr. Diaz filed his Consent to Join, and for which claim(s).**

Please refer to the Defendants' response to paragraph aa., above and for the relevancy.

**bb.     Whether the filing of the Amended Complaint that contains claims not pled in the initial Complaint requires the Court to determine that Grill**

**Enterprises, LLC, cannot be found to be in default of the initial Complaint due to the additional claims contained in the Amended Complaint as a matter of law.**

Yes. "The filing of an amended pleading moots the entry of a default based on a prior pleading." *Barbuto v. Miami Herald Media Co.*, 2022 WL 2237164, at *2 (S.D. Fla. June 22, 2022) (refusing to enter default judgment because amended complaint asserted new claims and superseded initial complaint) (collecting cases).

Resolution of this issue will allow Defendant, Grill Enterprises, LLC, to continue to litigate this case on the merits and to present its defenses to Plaintiffs' claims.

Respectfully submitted this 4th day of May 2023.

| | |
|---|---|
| /s/Todd W. Shulby, Esq.<br>Todd W. Shulby, Esq. (068365)<br>Todd W. Shulby, P.A.<br>1792 Bell Tower Lane<br>Weston, FL 33326<br>Telephone: (954) 530-2236<br>E-mail: tshulby@shulbylaw.com<br>Co-Counsel for Defendants | /s/Brian H. Pollock, Esq.<br>Brian H. Pollock, Esq. (174742)<br>FairLaw Firm<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33146<br>Telephone: (305) 230-4884E-mail:<br>brian@fairlawattorney.com<br>Co-Counsel for Defendants |