UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22603-GOODMAN

[CONSENT]

ERIC CHAVEZ and
LEONEL DIAZ

    Plaintiffs,

v.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBEN SIERRA, individually,

    Defendants.

_____/

## ORDER DISMISSING WITHOUT PREJUDICE
## PLAINTIFF LEONEL DIAZ'S FLORIDA MINIMUM WAGE ACT
## CLAIM AND REQUIRING REVISED PROPOSED VERDICT FORMS

On May 5, 2023, the Undersigned issued an Order [ECF No. 169] requiring Plaintiffs to "file copies of the letters sent to the registered agent and individual Defendant concerning pre-suit notice." [ECF No. 170]. Plaintiffs filed a verified response [ECF No. 171] which includes a copy of a July 1, 2020 demand letter [ECF No. 171-1]. The demand letter was sent on behalf of only Plaintiff Erik Chavez. Plaintiff Leonel Diaz did not become part of this lawsuit until December 9, 2020, the date of his Notice of Consent to Opt-in Pursuant to 29 U.S.C. § 216(b) [ECF No. 39-1].

The Florida Minimum Wage Act ("FMWA") requires written pre-suit notice. Fla. Stat. § 448.110(6)(a)-(b). The Court finds that pre-suit notice is required for *both* a plaintiff **and** an opt-in plaintiff seeking to bring an FMWA claim. *See Johnson v. Nobu Assocs. S. Beach, LP*, No. 10-21691-CV, 2011 WL 772874, at *1 (S.D. Fla. Feb. 28, 2011) ("[T]he Court finds that Magistrate Judge Bandstra properly determined that Florida's Minimum Wage Act bars action by opt-in Plaintiffs Christiansen and Parra. **The Florida statute**, as noted by Magistrate Judge Bandstra, **requires that each aggrieved individual must provide their employer with pre-suit notification of any alleged violations of the FWMA**. Because Christiansen and Parra failed to do so, their claims must be dismissed at this time." (emphasis added)).

Here, Diaz has not submitted a copy of a written notice and Plaintiffs' verified response [ECF No. 170] does not claim he sent one.[1] Accordingly, Plaintiff Leonel Diaz's FMWA claim is **DISMISSED without prejudice** for failure to provide pre-suit, written notice under the FMWA. *See Fraser v. Env't Tracing, LLC*, No. 1:20-CV-22479-UU, 2020 WL 13652513, at *2 (S.D. Fla. July 24, 2020) (finding without-prejudice dismissal of FMWA claim was "warranted for failure to comply with the pre-suit demand requirement"); *Acosta v. Del Pino*,

---

[1]   Plaintiffs' verified response quotes the Undersigned's Report and Recommendations stating: "As of that date, 'there were two plaintiffs in this case.'" [ECF No. 171, p. 4 (quoting [ECF No. 111, p. 3])]. To the extent Plaintiffs suggest otherwise, the issue of whether Diaz joined both the FLSA and the FMWA counts was not *conclusively* decided on summary judgment. *See* [ECF Nos. 111, p. 34 ("Because Defendants have failed to properly support their argument, the Court should find, **at least for summary judgment purposes**, that Diaz joined in both the FLSA and FMWA claims (Counts I and II)." (emphasis added)); 116, p. 7 ("[T]his Court finds, **for purposes of summary judgment**, that Plaintiff Diaz opted-in to Plaintiff Chavez's FMWA claim" (emphasis added))].

No. 11-24046-CIV, 2012 WL 13129961, at *8 (S.D. Fla. May 25, 2012), report and recommendation adopted sub nom. *Acosta v. Rodriguez Del Pino*, No. 11-24046-CIV, 2012 WL 13129958 (S.D. Fla. July 9, 2012) (dismissing FMWA claim without prejudice where "the Court [could not] determine whether [the] [p]laintiff complied with the statutory pre-suit notification"). Diaz may proceed to trial on only his FLSA claim. Chavez may proceed to trial on both his FLSA claim and his FMWA claim.

Plaintiffs' verified response also states: "As a result of the Clerk's Default, all of the well pleaded allegations in the **Amended Complaint** against Grill Enterprises are deemed admitted. The only remaining issue with respect to Grill Enterprises pertain [sic] to damages." [ECF No. 171, p. 4 (emphasis added)]. Judge Cooke, in her Order setting aside the default judgment against Grill Enterprises, ruled that "Plaintiff[2] may renew his motion for default judgment against Defendant Grill Enterprises upon the conclusion of his case against Defendant Ruben Sierra if, at that juncture, doing so would not result in inconsistent judgments between the two jointly and severally liable Defendants" but "cautioned that, in accordance with Rule 5(a)(2) of the Federal Rules of Civil Procedure, **any such default judgment must be confined to the claims and damages alleged in the initial Complaint**." [ECF No. 37, p. 12 & n.4 (emphasis and footnote added)].

Thus, to the extent Plaintiffs elect to renew their motion for default judgment against Grill Enterprises, they would be able to proceed only on the *initial* Complaint (not the

---

[2] At the time, only Chavez was a plaintiff. Diaz joined the lawsuit on December 9, 2020. [ECF No. 39-1].

3

Amended Complaint) and any renewed motion could be brought by only Chavez (since Diaz was not a party to the case at the time of entry of the Clerk's Default).

Because Diaz's FMWA claim has been dismissed without prejudice, the Court will require the parties to submit revised proposed verdict forms. By **6:00 PM** on **Sunday, May 7, 2023**, each party will file on CM/ECF a notice of filing containing two (2) revised proposed verdict forms, **one for each Plaintiff**. The verdict forms will <u>not</u> include a question about whether enterprise coverage has been met, as the Court already ruled on this issue on summary judgment. *See* [ECF No. 116, p. 7 ("Plaintiffs' Renewed Motion for Summary Judgment is GRANTED on the issue of enterprise coverage under the FLSA (and, thereby, the FMWA)." (footnote omitted))]. Both proposed verdict forms will include a question about whether Defendant Ruben Sierra is an employer under the FLSA.

By the same deadline, the parties will also submit courtesy copies of their revised proposed verdict forms in Microsoft Word format to the Undersigned's CM/ECF mailbox (goodman@flsd.uscourts.gov). A flash drive need *not* be provided.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 5, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record