UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22603-GOODMAN

[CONSENT]

ERIC CHAVEZ and
LEONEL DIAZ

      Plaintiffs,

v.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBEN SIERRA, individually,

      Defendants.

_____/

**ORDER ON REMAINING LEGAL ISSUES**[1]
**LISTED IN THE PARTIES' JOINT PRETRIAL STIPULATION**

On April 24, 2023, the parties filed their Joint Pretrial Stipulation. [ECF No. 144].

Section 8 purports to be a "[c]oncise statement of issues of law which remain for

determination by the Court." *Id.* at 9. In a Post-Pretrial Conference Administrative Order,

the Court instructed the parties to submit memoranda on the remaining 28 legal issues

---

[1] As noted in this Order, some of the purported "legal" issues identified by the parties in their Joint Pretrial Stipulation are, in fact, **factual** questions for the jury.

listed in section 8. [ECF No. 147].[2] The parties filed timely briefs. [ECF Nos. 166; 168]. The Court rules as follows:

**Paragraphs a, m.2, n, and s**

The Florida Minimum Wage Act ("FMWA") requires written pre-suit notice. Fla. Stat. § 448.110(6)(a)-(b). The Court finds that pre-suit notice is required for *both* a plaintiff **and** an opt-in plaintiff seeking to bring an FMWA claim. *See Johnson v. Nobu Assocs. S. Beach, LP*, No. 10-21691-CV, 2011 WL 772874, at *1 (S.D. Fla. Feb. 28, 2011) ("[T]he Court finds that Magistrate Judge Bandstra properly determined that Florida's Minimum Wage Act bars action by opt-in Plaintiffs Christiansen and Parra. **The Florida statute**, as noted by Magistrate Judge Bandstra, **requires that each aggrieved individual must provide their employer with pre-suit notification of any alleged violations of the FWMA**. Because Christiansen and Parra failed to do so, their claims must be dismissed at this time." (emphasis added)).

Earlier today, the Court issue an Order **dismissing without prejudice** Plaintiff Diaz's FMWA claim for failure to provide pre-suit, written notice. [ECF No. 176]. Therefore, Plaintiff Diaz will be proceeding to trial on only his FLSA claim.

---

[2]    At the pretrial conference [ECF No. 146], the Court ruled that the issue incorrectly designated as paragraph "gg" in section 8 did not need to be ruled on because it was not an issue in the case.

**Paragraphs b through m.1**

"State minimum wage requirements are not incorporated into the FLSA's minimum wage law." *Alvarado v. Robo Enterprises, Inc.*, No. 15-CV-1420-ORL-40-KRS, 2016 WL 11566330, at *7 n.10 (M.D. Fla. Jan. 6, 2016), report and recommendation adopted, No. 615CV1420ORL40KRS, 2016 WL 11566331 (M.D. Fla. June 2, 2016).

The **federal** minimum wage applies to Diaz's FLSA claim. *See Villarino v. Pacesetter Pers. Serv., Inc.*, No. 20-60192-CIV, 2022 WL 18023213, at *3 n.4 (S.D. Fla. Dec. 1, 2022) ("[The] [p]laintiffs argue that Florida's minimum hourly wage applies to their FLSA claims as well. This is incorrect. Section 218(a) of the FLSA preserves the rights of states to enact a higher minimum wage or a lower maximum work week than those prescribed by the FLSA, but **the FLSA does not incorporate state minimum or overtime requirements**." (emphasis added)); *Lozano v. Datereybru Co.*, LLC, No. 6:19-CV-1783-CEM-LHP, 2022 WL 2317459, at *7 (M.D. Fla. Apr. 7, 2022), report and recommendation adopted, No. 6:19-CV-1783-CEM-LHP, 2022 WL 2802945 (M.D. Fla. July 18, 2022) ("To the extent that [the] [p]laintiff seeks to recover minimum wages under the FLSA at a rate of $8.46 per hour, the 2019 Florida minimum wage, I recommend that such request be denied, and the Court limit [the] [p]laintiff's recovery to $7.25 per hour, the current federal minimum wage.").

Because Plaintiff Chavez has asserted minimum wage claims under *both* the FLSA and the FMWA, Chavez (if he prevails) is entitled to recover the higher minimum wage

rate -- i.e., the *Florida* minimum wage ($8.10 in 2017; $8.25 in 2018; $8.46 in 2019; and $8.56 in 2020). Of course, the jury will still need to determine whether Defendants are entitled to a tip credit.

## Paragraph o

The Court finds that the FMWA's pre-suit, written notice requirement is constitutional. *See, e.g., Nichols v. Lab'y Corp. of Am.*, No. 2:13-CV-848-FTM-38, 2014 WL 820656, at *4 (M.D. Fla. Mar. 3, 2014) ("[T]he FMWA's notice requirement does not frustrate the intent of the constitutional scheme.").

## Paragraphs p, q, v, and w

No court ruling is necessary. The issues identified in these paragraphs are *not* legal issues. Additionally, with respect to paragraphs v and u, if the jury finds in Chavez and/or Diaz's favor, then the *jury* will calculate damages.

## Paragraph r

The Court finds that the issue of non-compliance with a condition precedent was raised as an affirmative defense in Defendants' Answer and Affirmative Defenses. *See* [ECF No. 22, pp. 5-6 (Fifth Affirmative Defense: "The action and/or the damages claimed in this action are barred by Plaintiff's[3] failure to provide notice of any alleged unlawful pay practice and/or alleged overtime hours worked." (footnote added)].

---

[3]     At the time, only Chavez was a plaintiff.

**Paragraphs t and u**

The issues identified in paragraphs t and u are moot. Paragraph t asks the Court to determine: "Whether the FMWA provides a mechanism to alter Fed. R. Civ. P. 17 and/or the ability to 'opt-in' or join a FMWA claim under Florida state law. [ECF No. 144, p. 12]. Paragraph u asks: "Whether the Consent to Join form filed by Opt-In Plaintiff, Leonel Diaz, operates to join him as a party plaintiff to the FMWA claim filed by Plaintiff, Erik Chavez." *Id.* Earlier today, the Court dismissed without prejudice Diaz's FMWA claim for failure to provide pre-suit notice. Therefore, it is not necessary for the Court to rule on whether Diaz's opt-in notice also served to join him in Chavez's FMWA count.

**Paragraphs x and y**

The issues identified in these paragraphs are premature (not ripe) because the good faith defense (liquidated damages) will need to be considered after trial by the Court based on all the relevant evidence. "After [the] jury has determined liability, then the [C]ourt must decide whether an employee is entitled to liquidated damages." *Williams v. Bigtop Inv. Grp., Inc.*, No. 3:20-CV-2377-TKW-HTC, 2021 WL 1329528, at *2 (N.D. Fla. Mar. 29, 2021).

**Paragraphs z and aa**

"The statute of limitations for FLSA actions is two years, three years for willful violations." *Villarino v. Pacesetter Pers. Serv., Inc.*, No. 20-60192-CIV, 2021 WL 8946180, at *1 (S.D. Fla. May 3, 2021). Moreover, "the statute of limitations in an FLSA collective

action continues to run for potential opt-in plaintiffs until they file written consent to join the lawsuit." *Id.* (citing 29 U.S.C. § 256(b)).

**Paragraph bb**

The Court does not need to rule on this issue; there is no pending motion for entry a of default judgment.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 5, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record