UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-22603-GOODMAN [*CONSENT CASE*]

ERIC CHAVEZ, ET AL.,

    Plaintiff,
v.

GRILL ENTERPRISES, LLC AND
RUBEN SIERRA,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF LEONEL DIAZ'S FLORIDA MINIMUM WAGE ACT CLAIM AND REQUIRING REVISED PROPOSED VERDICT FORMS, AND ORDER ON REMAINING LEGAL ISSUES LISTED IN THE PARTIES' JOINT PRETRIAL STIPULATION

Defendants, Grill Enterprises, LLC and Ruben Sierra, requests that the Court reconsider the Default Judgment, the Order Dismissing Without Prejudice Plaintiff Leonel Diaz's Florida Minimum Wage Act Claim and Requiring Revised Proposed Verdict Forms, and the Order on Remaining Legal Issues Listed in the Parties' Joint Pretrial Stipulation [ECF Nos. 176 and 177] based upon Fed. R. Civ. P. 54(b), 59(e), 60(a) and (b) and the following good cause:

### I. INTRODUCTION

The trial in this case starts on Monday, May 8, 2023. Plaintiffs did not disclose pursuant to Fed. R. Civ. 26 or produce in discovery any letter or email purportedly sent in compliance with Fla. Stat. §448.110 during the nearly three years this case has been pending. Plaintiffs ultimately (and only) produced a letter they claim to have sent to each Defendant on July 1, 2020. This letter raises an issue which the Court did not previously consider, which the Court overlooked, or which the Court misunderstood. In particular, the Court failed to consider whether the FMWA letter was

1

defective as a matter of law because the Defendants never saw that letter before the evening of May 3, 2023. The Defendants did not previously raise this issue because they had never seen the letter. Having seen the letter for the first time late in the evening on May 3, 2023, Defendants request for the Court to reconsider its ruling that Mr. Chavez may proceed with his claim under the FMWA because he violated the requirements of Fla. Stat. §448.110(6) by including liquidated damages as part of the money he demanded Defendants pay in satisfaction of the letter. *Johnson v. Nobu Associates South Beach, LP*, 2011 WL 772874 (S.D. Fla. 2011). While Mr. Chavez claims to have sent the letter he recently produced, he cannot avoid the determination that he failed to comply with the requirements imposed by the FMWA by including liquidated damages in his letter, rendering it defective notice as a matter of law, and precluding him from pursuing any claim based on the FMWA.

## II. THE LAW

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

A Fed. R. Civ. P 59(e) motion for reconsideration is appropriate when the Court has misunderstood a party. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990). "Under Rule 59(e) the court may reconsider issues before it, and generally may examine the correctness of the judgment itself. However, while a Rule 59(e) motion is a proper procedure for bringing to the court's attention legal errors in the proceedings, relief is not appropriate if the issue was not properly raised during the proceedings." *U.S. ex rel. Bidani v. Lewis*, 97 C 6502, 2001 WL 747524, at *2 (N.D. Ill. 2001).

Under Fed. R. Civ. P. 60(a) on motion and just terms, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(b)(1) and (6), in turn, permits the Court to reconsider its prior Order if based upon "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."

### III. FACTUAL AND PROCEDURAL HISTORY

1. Plaintiffs did not disclose any FMWA demand letter pursuant to Rule 26 and did not produce it in response to the Requests for Production served on them.

2. While Plaintiffs affixed a Bates Number on each page of each document they produce, the FMWA demand letter (and accompanying email) contain no such marks, confirming they were never previously produced. [ECF Nos. 171-1, 171-3.]

3. Mr. Chavez demands that he receive the following separate amounts for alleged unpaid wages under the FMWA, for liquidated damages, and for pre-suit attorneys' fees and costs, which he identified as follows:

   a. <u>Unpaid Minimum Wages</u> – "Mr. Chavez was due unpaid minimum wages in the amount of at least $56,230.77";

   b. <u>Liquidated Damages</u> - "Mr. Chavez was due liquidated damages in the amount of at least $56,230.77"; and

   c. <u>Statutory Fees and Costs</u> – "Mr. Chavez was due statutory fees and costs in the amount of $6,500.00."

[ECF No. 171-1.]

4. Mr. Chavez concluded his letter by demanding that Defendants pay the following amount to avoid his pursuing a claim under the FMWA: "Demand is hereby made for immediate payment in the amount of $118,961.54 as detailed above." *Id.*, at 2.

5. The parties did not brief the question of law for the Court on whether one or both Plaintiffs complied with the FMWA's pre-suit notice requirements, as the following were the pertinent issues of law to be determined by the Court:

   a. Whether FMWA requires each Plaintiff to comply with the pre-suit notice provisions contained in Fla. Stat. §448.110(6) as a prerequisite to bringing a claim in court for unpaid/underpaid minimum wages.

   and

   s. Whether the failure by one or both Plaintiffs to comply with the pre-suit requirements imposed by Fla. Stat. §448.110 prevents them from pursuing claims under the Florida Minimum Wage Act.

[ECF No. 144 at 9, 12.]

6. The Court determined as follows with respect to these legal issues:

The Court finds that pre-suit notice is required for both a plaintiff and an opt-in plaintiff seeking to bring an FMWA claim. *See Johnson v. Nobu Assocs. S. Beach, LP,* No. 10-21691-CV, *2011 WL 772874, at \*1* (S.D. Fla. Feb. 28, 2011) ("[T]he Court finds that Magistrate Judge Bandstra properly determined that Florida's Minimum Wage Act bars action by opt-in Plaintiffs Christiansen and Parra. The Florida statute, as noted by Magistrate Judge Bandstra, requires that each aggrieved individual must provide their employer with pre-suit notification of any alleged violations of the FWMA. Because Christiansen and Parra failed to do so, their claims must be dismissed at this time." (emphasis added)).

[ECF No. 176 at 2.]

7. The Court's Orders at ECF Nos. 176 and 177 went beyond addressing the legal issues of whether Plaintiffs were required to comply with the FMWA's requirements and whether that failure precludes them from pursuing claims under the FMWA.

8. The Court's Orders at ECF Nos. 176 and 177 resolved the following disputed issues of fact:

   i. Whether Plaintiff, Erik Chavez, complied with the FMWA pre-suit requirements imposed by Fla. Stat. §448.110.

   and

  j. Whether Opt-In Plaintiff, Leonel Diaz, complied with the FMWA pre-suit requirements imposed by Fla. Stat. §448.110.

[ECF No. 144 at 4-5.]

  9. The Court determined that Mr. Diaz did not send a letter, did not comply, and could not pursue an FMWA claim. [ECF No. 176 at 2.]

  10. The Court summarily found that "Chavez may proceed to trial on both his FLSA claim and his FMWA claim." *Id.*, at 3.

  11. In finding that Mr. Chavez complied with the requirements imposed by Fla. Stat. §448.110(6), the Court did not address and so failed to consider that the letter he sent was defective by demanding payment of liquidated damages and attorneys' fees and costs.

  12. Defendants thus request that the Court resolve this issue, as a comparison of his letter against the case cited by the Court (*Johnson v. Nobu Assocs. S. Beach, LP*, No. 10-21691-CV, 2011 WL 772874, at *1 (S.D. Fla. Feb. 28, 2011)) will confirm it was defective and requires that his claim under the FMWA also be dismissed with prejudice, as the Court in *Johnson* made the following determination:

> Magistrate Judge Bandstra also correctly determined that Plaintiff's own pre-suit notice violated the FMWA. Namely, the FMWA provides that a notice of deficiency must state "the total amount of the alleged unpaid wages through the date of the notice." Inherently, therefore, there is no allowance for inflating the amount allegedly owed by the inclusion of attorneys' fees, liquidated damages, or any other factor. The FMWA is primarily concerned with properly compensating an employee, and as such it provides an opportunity for an employer to "cure" upon receipt of proper notice. Permitting counsel to inflate the notice of deficiency would therefore undercut the statutory intent of the Florida Minimum Wage Act.

*Johnson*, *Id.*

## IV. ARGUMENT

"[T]he rule in Florida requires that statutes awarding attorney's fees must be strictly construed." *Gershuny v. Martin McFall Messenger Anethesia Prof'l Assn*, 539 So. 2d 1131, 1132 (Fla. 1989). Section 448.110, Florida Statutes, "…is in derogation of the common law rule that each party is responsible for its own fees." *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) (in discussing Fla. Stat. §768.79 and Fla. R. Civ. P. 1.442.) "As a fee-shifting statute in derogation of the common law, [§448.110] is 'strictly construed.'" *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 963 (11th Cir. 2023) (*quoting Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007).) Mr. Chavez's pre-suit FMWA demand letter is defective because it included liquidated damages and attorneys' fees. [ECF No. 171-1.] Section 448.110(6), Florida Statutes restricts a demand letter to contain only the minimum wages that an employee could recover:

> The notice must **identify the minimum wage** to which the person aggrieved claims entitlement, **the actual or estimated work dates and hours for which payment is sought**, and <u>**the total amount of alleged unpaid wages through the date of the notice**</u>.

Mr. Chavez's FMWA demand letter required Defendants to pay "liquidated damages" and "statutory attorneys' fees and costs" to satisfy his claim. [ECF No. 171-1.] Mr. Chavez's demand pre-suit letter was defective because it demanded payment of liquidated damages and attorneys' fees and costs:

> Simply put, liquidated damages and attorneys' fees are only available to a plaintiff who prevails in an action brought under FMWA. Florida Statute, Section 448.110(6)(c)(1) ("Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages and shall be awarded reasonable attorney's fees and costs.") An employer is not required to pay liquidated damages or attorneys' fees when it is tendering all unpaid wages in response to a plaintiff's statutorily mandated pre-suit demand. Therefore, unlike the Fair Labor Standards Act, the FMWA clearly contemplates that an employer who resolves FMWA claims within the prescribed time frame allowed in the statute would not be liable for liquidated damages or attorneys' fees. For these reasons, the undersigned finds that the August 1, 2010, and August 24, 2010 <u>**notices in which plaintiffs sought a lump sum which allegedly represented unpaid minimum**</u>

> **wages, liquidated damages and attorneys' fees was improper and violated the provisions of the FMWA**. Accordingly, the undersigned **recommends that Count III of the Amended Complaint be dismissed for failure to comply with the pre-suit notice requirement**. [*Emphasis added*.]

*Johnson v. Nobu Associates S. Beach, LP*, 2011 WL 780028, at *4 (S.D. Fla. Feb. 4, 2011), *report and recommendation adopted,* 2011 WL 772874 (S.D. Fla. Feb. 28, 2011).

The Court determined that the FMWA is constitutional and that the Plaintiffs were required to comply with its requirements. The Court determined that Mr. Diaz did not comply because he did not send a letter. The Court determined that Mr. Chavez complied because he sent a letter but did not address the remaining arguments set forth herein.

Defendants also request that the Court consider whether Plaintiff Chavez actually sent a letter pursuant by mail to Fla. Stat. §448.110(6), and that the Court also consider that the notice letter Mr. Chavez claims to have <u>sent</u> was defective because it failed to comply with the requirements of Fla. Stat. §448.110(6) by demanding payment of liquidated damages and attorneys' fees and costs in his demand letter. *See e.g.*, *Tadili v. Ferber*, 2013 WL 12101132, at *2 (S.D. Fla. Nov. 22, 2013) ("The demand for liquidated damages, attorneys fees, costs and the listing of other claims also renders the notice defective in that it demands more than the statute permits.")

## V. CONCLUSION

In light of the foregoing, the Defendants requests the Court determine that Mr. Chavez's failed to comply with the requirements imposed by Fla. Stat. §448.110 because his notice letter was defective by including liquidated damages and attorneys' fees and costs.

## **CERTIFICATE OF CONFERRAL**

Pursuant to S.D. Fla. L.R. 7.1, I hereby certify that I conferred with Plaintiffs' counsel on May 5, 2023, and that the Plaintiffs opposed the relief requested herein.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)

Respectfully submitted this 6th day of May 2023.

/s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq. (068365)
Todd W. Shulby, P.A.
1792 Bell Tower Lane
Weston, FL 33326
Telephone: (954) 530-2236
E-mail: tshulby@shulbylaw.com
*Co-Counsel for Defendants*

and

/s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Telephone: (305) 230-4884
E-mail: brian@fairlawattorney.com
*Co-Counsel for Defendants*