UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN
[CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

**PLAINTIFFS' MOTION FOR RELIEF FROM TRIAL ORDERS INTRODUCING NEW ISSUES AND EVIDENCE FOR SPECIAL SET TRIAL CONTRARY TO PRETRIAL STIPULATIONS WITHOUT FINDING OF "MANIFEST INJUSTICE", AND RESPONSE TO "PLAINTIFF'S [*SIC*] MOTION TO RECONSIDER ORDER DISMISSING . . . , AND ORDER ON REMAINING LEGAL ISSUES LISTED IN THE PARTIES' JOINT PRETRIAL STIPULATION" [ECF NO. 179]**

Plaintiffs, by and through undersigned counsel and in accordance with the Court's "Paperless Order" [ECF No. 180], submit the instant Motion for Relief from Trial Orders Introducing New Issues and Evidence for Special Set Trial Contrary to Pretrial Stipulations Without Finding of "Manifest Injustice", *and* Response to "Plaintiff's [*sic*] Motion to Reconsider Order Dismissing without Prejudice Plaintiff Leonel Diaz's Florida Minimum Wage Act Claim and Requiring Revised Proposed Verdict Forms, and Order on Remaining Legal Issues Listed in the Parties' Joint Pretrial Stipulation" [ECF No. 179], as follows:

## INTRODUCTION

As set forth in the recent "Plaintiffs' Verified Response to Paperless Order" [ECF No. 171], on July 1, 2020, undersigned counsel, on behalf of Plaintiff "Erik Chavez, individually and on behalf of others similarly situated", sent a Demand Letter by First-Class U.S. Mail and email to the Registered Agent of the corporation, and by First-Class U.S. Mail to the individual Defendant Ruben Sierra ("Sierra"). A copy of the Demand Letter is attached hereto as **Exhibit 1**. The Demand Letter included as an attached exhibit a "Preliminary Statement of Claim" detailing, on an Excel spreadsheet, the formula and calculation of the amount demanded. The letter conforms in every way with every supposed requirement of a statutory condition precedent to bringing a lawsuit under the Florida Minimum Wage Act ("FMWA"). Defendants suggest, without averment, that they never received this letter when it was mailed and emailed on July 1, 2020. Thus, the Plaintiffs averment is unrebutted by competent evidence.

As previously noted, the compliance with any and all conditions precedent was alleged by the Plaintiffs in accordance with the provisions of Rule 9(c), Fed. R. Civ. P., which specifically permits a party to allege compliance with a condition precedent generally. *Id*. By contrast, the denial of conditions precedent must be pleaded with specificity. *Id*. However, while the Defendants generally denied completion of conditions precedent, they did not *specifically* deny the completion of conditions precedent, as required by the rule. Defendants seem to suggest, without saying so, that they may plead the non-compliance with a supposed statutory condition precedent without even citing the statutory provision at issue. As Plaintiffs have previously noted, the Answer to the Amended Complaint does not cite to the Florida statute they rely on now and which they did not raise when the parties briefed cross-motions for summary judgment and which they did not mention in the original pretrial stipulation entered into between the parties in November 2021. See ECF No. 81. Neither did the Defendants ever request in the course of discovery a copy of any pre-

suit demand letter nor does Rule 26, as the Defendants suggest without citation, require the sharing of pre-suit settlement demands. It is notable that while the Defendants dare not aver that they did not receive the letter, they suggest that they have denied receiving it. Interestingly, even when served with a summons and Complaint, the Defendants did not respond to that either. Thus, Defendants scandalously suggest without any basis whatsoever that the letter is a recent fabrication. But this lame suggestion, which the Defendants know to be false, is not even the premise of their Motion. The premise of the Defendants' recent Motion is not that the letter does not comply with the supposed statutory condition precedent requirement of the FMWA, but rather that it asks for additional remedies provided under the applicable statutes, but which are not required by or mentioned in § 448.110(6), Fla. Stat. In other words, it is not that Plaintiff did not comply with the supposed statutory condition precedent, but rather that he asked for what the statutes entitle him to receive from the non-compliant employers, which include mandatory relief provided thereunder and which the pre-suit demand statute supposedly does not require to be in the demand letter.

      The suggestion made by the Defendants is that to comply with the pre-suit demand statute, an hourly wage worker may not demand all of the relief provided by the statutes, but must only demand and provide a calculation for the unpaid wages. Defendants essentially maintain that the pre-suit demand provisions are designed to encourage hourly wage workers to settle their claims with their employers by accepting only the unpaid wages and not the full complement of remedies available under the Fair Labor Standards Act ("FLSA") and the FMWA. To be clear, Defendants do not maintain that there is anything in the demand letter which asks for relief which is not available under the statutes. In support of this contention, the Defendants rely upon an unpublished opinion of a U.S. Magistrate Judge which essentially adds terms and limitations not contained or

3

even suggested within the text of the Florida statute. Relying on this unpublished opinion, Defendants maintain that when an hourly wage worker demands what the FMWA entitles him to receive, he fails to comply with the condition precedent by asking for more than what the statutory provision requires. Requesting full relief under the statute would negate the demand letter.

The necessary implication of what the Defendants suggest is that the supposed statutory condition precedent is designed to encourage an employer to settle minimum wage claims of their employees without providing the full relief required for employees whose statutory rights to a minimum wage are violated. This is an absurdity which ignores the foundational principles of the FLSA upon which the FMWA is expressly modeled. A Florida statute cannot require that an hourly wage worker demand less than what his employer owes him as a condition precedent to suing his employer for what his employer owes him.

## **MEMORANDUM OF LAW**

**I.    As a preliminary matter, the Defendants fail to raise any issue regarding the "non-compliance" with a condition precedent by failing to plead it with specificity as required by Rule 9(c).**

Fed. R. Civ. P. 9(c) clearly requires that, in pleading the denial of a condition precedent, a party is required to plead such a denial with specificity. In this case, the specific condition precedent is based upon a state statute. It would logically follow that if a party is going to plead the non-completion of a statutory condition precedent, the "specificity" required would necessarily include a reference to the statutory provision supposedly requiring it. In this case, neither Defendants' Answer nor their affirmative defenses therein make any reference to Florida Statute § 448.110(6). In fact, there is no federal or state statute cited anywhere in their pleading. See, generally, ECF No. 22. Defendants have suggested, erroneously, that they have complied with the specificity of pleading requirement with the following language contained in their Fifth Affirmative Defense, which reads in its entirety:

4

> The action and/or the damages claimed in this action are barred by Plaintiff's failure to provide notice of any **alleged unlawful pay practice** and/or **alleged overtime hours worked**.

ECF No. 22, p. 6 (emphasis added). As a preliminary matter, the Amended Complaint alleged three statutory causes of action. Count I alleged violation of the FLSA's minimum wage requirement; Count II alleged violation of the FMWA and Florida Constitution, and; Count III alleged violation of FLSA's anti-retaliation provisions. The proposed defense seems to be addressed to an overtime wage case which has never been alleged. Moreover, in addition to not making any reference to the statute in question, it does not even state to which Count of the Amended Complaint to which the defense may be directed. Further, the supposed defense, in addition to not being directed to any of the causes of action actually pleaded by the Plaintiff, purports to require notice of "any alleged unlawful pay practice". Defendants suppose that this pleading meets the specificity required to alert a party that they are raising a defense under Florida Statute § 448.110(6). However, the statute purports to require a written notice of "intent to initiate" a cause of action which is entirely different from whatever affirmative defense number five seems to plead. The words in the pleadings do not even match or resemble the words in the statute. Thus, the Plaintiffs specifically object to the fact that the Court has dismissed Plaintiff Leonel Diaz's minimum wage claim under the FMWA and Florida Constitution based upon his alleged non-compliance with a statutory condition precedent which does not appear in the pleadings. This applies with equal force to the suggestion raised in the subject Motion that Plaintiff Erik Chavez's claim under the same statute should likewise be dismissed based upon a statute and a defense which was never pleaded by any party.

Not only have the Defendants not pleaded any such defense at all, let alone with specificity, they never mentioned it in briefing motions for summary judgment or in discovery requests. In fact, when this case was originally set for trial, the parties had agreed that the case would go to

trial on the highest applicable Florida minimum wage, which was cited specifically by both the Plaintiffs and the Defendants proposed jury instructions. ECF No. 84, pp. 41-48. Neither was the issue raised in the original pretrial stipulation entered into between the parties. ECF No. 81. It is well settled by controlling authority that pretrial stipulations are enforceable and will not be disturbed absent a specific request and upon a showing of "manifest injustice". *G.I.C. Corp., Inc. v. U.S.*, 121 F.3d 1447, 1450 (11th Cir. 1997).

II. **The Court has permitted the Defendants to shoehorn issues for trial on the very eve of trial without even purporting to require a showing of "manifest injustice", as required by controlling authority.**

Over the Plaintiffs' objection, the Court has already entered an order permitting the Defendants to litigate at trial an issue which was not even raised in the *recent* pretrial stipulation [ECF No. 144].[1] Similarly, the Court has entered an order on the veritable eve of trial dismissing Plaintiff Leonel Diaz's FMWA claim and requiring that Plaintiffs litigate their claims at trial based upon different applicable minimum wages, when the parties had already previously agreed what the applicable minimum wage would be at trial. The Court is not permitted to interject such fundamental and prejudicial deviations from the parties' pretrial stipulations without making a finding that "manifest injustice" would result if the Court were to proceed as the parties had stipulated. The Eleventh Circuit has stated, unambiguously:

> [P]arties are bound by their stipulations and a pretrial stipulation frames the issues for trial. *See, e.g., Hodges v. United States,* 597 F.2d 1014 (5th Cir.1979) (district court did not abuse its discretion in precluding IRS from asserting defense to refund suit not raised in pretrial order). A district court, of course, has discretion to

---

[1] / Plaintiffs refer to the Court's recent "PAPERLESS ORDER regarding DOL Form WH-58" [ECF No. 169] which states "Defendants will be permitted to introduce into evidence DOL Form WH-58. It relates to the defense of 'waiver, satisfaction, release or agreement.'" This mixed issue of law and fact was not mentioned at all in even the most recent pretrial stipulation, yet the Court allows it without even requiring that Defendants meet their burden of showing "manifest injustice". Plaintiffs maintain, respectfully, that the manifest injustice results from the Court's requiring Plaintiffs to litigate an entirely different case than that which has long been litigated and stipulated.

>consider issues not raised in a pretrial stipulation or to disregard issues of law stipulated by the parties in order to grant a party relief from a stipulation in order to prevent "manifest injustice." Fed.R.Civ.P. 16(e).

*G.I.C. Corp., Inc. v. U.S.*, 121 F.3d 1447, 1450 (1997).

The Court relied upon an unpublished U.S. Magistrate Judge opinion in order to materially change the parameters and issues to be litigated at trial. U.S. Magistrate Judge Bandstra's opinion is not controlling authority on the issue of applicable minimum wage or on the application of conditions precedent under the FMWA. Not only does the Court deviate from prior stipulations without a finding of manifest injustice, it cannot have found manifest injustice under the circumstances of this case. The litigation of a minimum wage case in the Southern District of Florida by application of the highest applicable minimum wage in the jurisdiction does not represent a manifest injustice. Not permitting the Defendants to introduce an issue which they have not specifically pleaded does not represent a manifest injustice. On the contrary, letting the Defendants introduce new issues on the eve of trial, contrary to previous stipulations made on the record, certainly *does* represent a manifest injustice to the *Plaintiffs*, and more so in the context of litigating the rights of hourly wage workers under the most remedial of remedial statutes.

**III.** **The Florida statutory provision in question cannot require that litigants under the FMWA or the FLSA (after which it is designed) first attempt to settle their claims for less than the minimum provided by statute. Substantive rights under the FLSA and the FMWA cannot be waived.**

The premise of the Defendants' Motion is that a pre-suit demand for complete statutory relief is invalid because it requests complete statutory relief, rather than only minimum wage relief. The premise of this argument is that an employer who violates the minimum wage provisions of the statute should be permitted an opportunity to satisfy his liability by paying his hourly wage worker no more than the minimum wage it failed to pay on the regularly scheduled payday. In other words, according to Defendants, the statutory provision they rely upon is designed to provide

an escape hatch for the non-compliant employer and afford them an opportunity to avoid statutory liability by paying only the unpaid minimum wage. The fallacy of this argument is multi-fold, as will be described herein.

Both the Florida Constitution *and* the FMWA expressly refer to the FLSA and its implementing regulations as the foundation of the state provisions guaranteeing workers a right to a Florida minimum wage. Florida Constitution, Art. X, s. 24; Fla. Stat. § 448.110(3). The federal and state minimum wage obligations are expressly inextricably intertwined, as the Eleventh Circuit has stated:

> The FMWA is to be interpreted as consistent with the FLSA. The Act provides, "Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section." Fla. Stat. § 448.110(3); accord Fla. Const. art. X, § 24(f) ("It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations.")

*Llorca v. Sheriff, Collier Cnty., Fla.*, 893 F.3d 1319, 1328 (11th Cir. 2018). The argument advanced by Defendants would be inconsistent with the FLSA and therefore also the FMWA. Minimum wage claimants under these statutes are not permitted and cannot waive substantive rights under the statute.

Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight System*, *supra*, 101 S.Ct. at 1445 (citations omitted). Thus, the FLSA results from "a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population

required federal compulsory legislation to prevent private contracts" which endanger national health and efficiency. *Brooklyn Savings Bank* 324 U.S. at 706, 65 S.Ct. at 902.

It is well settled that a waiver of substantive FLSA rights can only be enforceable under one of two circumstances. The first circumstance is when a settlement is reached between parties litigating claims before a court of competent jurisdiction. Even in the context of litigation between represented parties, a settlement of substantive FLSA rights is only enforceable upon a judicial finding that the settlement is a fair compromise of a disputed issue of fact and law. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-3 (11th Cir. 1982). The other circumstance where substantive FLSA rights can be compromised arises when the U.S. Secretary of Labor supervises the payment of unpaid wages owed to them. *Id*.

In relying on an unpublished U.S. Magistrate Judge opinion, the Defendants attempt to interpret the Florida statutory provision in question in a manner which is diametrically opposed to the manner in which the FLSA must be interpreted. According to the Defendants, hourly wage works must first afford their employer the opportunity to pay them *only* the minimum wage before they can sue for the complete palette of statutory remedies. This turns the statutory design on its head. Notably, under controlling authority, the obligation to pay liquidated damages arises *immediately* upon the employer's failure to pay the required minimum wage on the regularly scheduled payday.

> Under this section, if an employer on any regular payment date fails to pay the full amount of the minimum wages and overtime compensation due an employee, there immediately arises an obligation upon the employer to pay the employee the difference between the wages paid and the wages due, plus an equal additional amount as liquidated damages; and the payment thereafter of the balance due as wages, even though made prior to suit, does not release the accrued liability for liquidated damages.6 Such damages are not inflicted as a penalty, but are allowed as compensation for detention of a workman's pay.

*Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1944). Thus, the Defendants' interpretation of the Florida statute essentially requires that wage-earners offer to sacrifice a substantive remedy available under the minimum wage statutes before they would be permitted to sue for statutory

9

remedies. Similarly, the consummation of said agreement would take place entirely between unequal bargaining partners and without supervision of any court or administrative agency created to protect their rights.

Further, the federal regulations which the state authority looks to for guidance specifically make clear that even in litigating an FLSA case in Florida, the highest applicable minimum wage would apply. 29 C.F.R. § 541.4 ("The Fair Labor Standards Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act.")

IV. **The statutory provision in question requires a claimant to give notice of their intent to sue.**

Absent from the Defendants' Motion (and from their affirmative defense as well) is any reference to the language from the statute in question, which purports to specifically require that wage-earners give their employers notice of their "intent to initiate" a lawsuit for statutory remedies. § 448.110(6), Fla. Stat. It is incongruous to suggest that providing notice of intent to sue is inconsistent with providing notice of what you intend to sue for.

V. **Defendants miscite authority by attempting to characterize the statutory provision in question as "fee-shifting" statute.**

The Defendants' argument seems to be premised upon the idea that the statutory provision they rely on, which purports to require a condition precedent to filing a lawsuit to collect statutory remedies must be strictly construed because it is, in fact, not a condition precedent statute but a fee-shifting statute. There is no case law purporting to treat the statutory provision in question as a fee-shifting statute. Neither is there any authority for the proposition that the statutory provision in question requires "strict construction". Moreover, given that the Plaintiff complied with every requirement of the statutory provision, there is no controlling authority and no Florida appellate

court authority to support the idea that a statutory "notice of intent to sue" must be strictly construed as a "fee-shifting statute". On the contrary, authority supports the proposition that the right to sue for the Florida minimum wage is derived from the Florida Constitution and that the right is self-executing, requiring no implementing legislation. *Alvarado v. Robo Enterprises, Inc.*, No. 615CV1420ORL40KRS, 2016 WL 11566330 (M.D. Fla. Jan. 6, 2016), report and recommendation adopted, No. 615CV1420ORL40KRS, 2016 WL 11566331 (M.D. Fla. June 2, 2016), citing *Bates v. Smuggler's Enters., Inc.*, No. 2:10-cv-136-FtM-29DNF, 2010 U.S. Dist. LEXIS 85378, at *8 (M.D. Fla. Aug. 19, 2010) ("Article 10, Section 24 [of the Florida Constitution] is self-executing and establishes a private cause of action.") and *Throw v. Republic Enter. Sys., Inc.*, No. 8:06-cv-724-T-30TBM, 2006 WL 1823783, at *2, 2006 U.S. Dist. LEXIS 46215, at *6 (M.D. Fla. June 30, 2006).

WHEREFORE, Plaintiffs request that the Court reconsider its pretrial Orders as follows:

a) that the Court reconsider the Orders requiring the Plaintiffs to litigate issues at trial which are contrary to enforceable stipulations between the parties and without any finding of "manifest injustice" as required by Rule 16, including issues pertaining to introduction of a purported supervised release of claims, issues relating to the supposed failure of the Plaintiffs to comply with any statutory condition precedent (which does not even appear in the pleadings), and the Order dismissing FMWA claims of Plaintiff Leonel Diaz and otherwise requiring that Plaintiffs proceed to trial only on unconstitutionally low minimum wage rates;

b) that in granting relief, the Court permit the Plaintiffs to proceed to trial in accordance with the highest applicable minimum wage, as was previously

stipulated between the parties and that the Court deny relief based upon insufficiently pleaded defenses which were not stipulated to by the parties;

c) that in granting relief, the Court deny the ability of the Defendants to introduce evidence of a supposed "DOL supervised" release which was never an issue raised in either of the pretrial stipulations at trial; and

d) that the Court deny Defendants' Motion seeking to dismiss the FMWA claim of Plaintiff Erik Chavez.

## CERTIFICATE ON CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that he has conferred with opposing counsel for the Defendants who, as of the time of filing, has not yet indicated whether Defendants oppose the relief requested herein.

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

Anthony F. Sanchez, P.A.
Attorneys for Plaintiffs
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211

By: /s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No. 789925
afs@laborlawfla.com

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
afs@laborlawfla.com
faz@laborlawfla.com
***Counsel for Plaintiffs***
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: 305-665-9211

Todd W. Shulby, Esq.
Florida Bar No.: 068365
tshulby@shulbylaw.com
llangford@shulbylaw.com
***Counsel for Defendants***
TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Tel: 954-530-2236
Fax: 954-530-6628
*Via Notice of Electronic Filing*

Brian H. Pollock, Esq.
Florida Bar No.: 174742
brian@fairlawattorney.com
***Co-Counsel for Defendants***
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Tel: 305-230-4884
*Via Notice of Electronic Filing*