UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22603-GOODMAN

[CONSENT]

ERIC CHAVEZ and
LEONEL DIAZ

      Plaintiffs,

v.

GRILL ENTERPRISES, LLC, a
Florida Limited Liability Company, d/b/a
Los Parrilleros and Parrilleros Tavern, and
RUBEN SIERRA, individually,

      Defendants.

_____/

## ORDER RE: TRIAL RESCHEDULING, BRIEFING AND QUESTIONS

This Order arises from the Court's decision to postpone and reschedule the trial. The Court will hold a Zoom hearing on Friday, May 12, 2023, at 9:30 a.m., to determine (with input from trial counsel) the date for the rescheduled trial. The Zoom instructions will follow in a later Order. The hearing will also lead to the establishment of a briefing schedule concerning issues listed in this Order.

Specifically, the Court would like a separate, double-spaced memorandum of law, not to exceed five pages, on each of the issues listed below in the "Issues to be Briefed" topic heading. In addition, counsel should be prepared to discuss, at the May 12, 2023 Zoom hearing, the questions listed below in the "Issues to be Discussed at the Hearing" topic heading.

Some of the issues to be briefed have already resulted in pre-trial rulings, but the Undersigned wants to make sure that the parties have submitted adequate legal argument on those points. Because a Court is always free to change its mind about a ruling before judgment, *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1231 (11th Cir. 2010), the mere fact that a ruling has been made does not mean that the Court is unwilling to modify the ruling.

## Issues to be Briefed

[Instructions to the parties: In responding to each of the questions below, the parties will first state "yes" or "no" to the question of whether there is any binding, on-point legal authority. If the answer is "yes," then the parties will cite that authority. If the answer is "no" (i.e., there are no **binding** decisions by the Supreme Court (or the Florida Supreme Court/Florida intermediate appellate courts, if the issue pertains to the FMWA) or the Eleventh Circuit), then the parties will cite to on-point decisions by other circuit courts, and then on-point decisions by district courts.]

1.      Whether an FMWA pre-suit demand letter is invalid if it seeks damages beyond those available in an FMWA claim?

2.      Whether a defendant must have *received* the pre-suit, written notice in order for an employee to comply with the pre-suit notice requirements of the FMWA (or is evidence that a plaintiff *sent* the notice adequate)?

3.      Whether a court (as opposed to a jury) determines before a jury trial whether the pre-suit written notice was sent and received?

4.      Whether an opt-in plaintiff needs to send a separate pre-suit demand to pursue an FMWA claim if the initial plaintiff has already sent a pre-suit demand letter?

5.      Whether a tip pool is invalidated by the participation of an undocumented co-worker? [In earlier submissions, the parties have cited either immigration law or cases addressing the FLSA's applicability to undocumented *plaintiffs.* The Court is looking for on-point legal authority on this specific topic involving an undocumented worker other than the plaintiff, not general recitations about the law.]

6.      Whether an invalid tip pool, improper tax withholdings, and/or credit card surcharges constitute tip confiscation under the FLSA?

7.      On the issue of willfulness, whether an employer is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor? [The case cited by Defendants as authority for Proposed Jury Instruction No. 48 states that "[E]vidence of the DOL investigation is **relevant** to the good-faith defense and not

outweighed by the risk of prejudice." *Garcia v. J&J, Inc.*, No. 19-CV-60728, 2020 WL 209732, at *3 (S.D. Fla. Jan. 14, 2020) (emphasis added). It does not stand for the proposition in the proposed jury instruction that: "An employer was not reckless and did not willfully violate the FLSA and is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor, Wage and Hour Division."]

8.      Whether the verdict form should include a special interrogatory asking the jury to determine if an employer is entitled to a tip credit or if the tip pool was valid/invalid (or questions about how the tip pool was invalidated)? Alternatively, if (after conferring) the parties agree that these types of questions do not need to be included in the verdict form, then the parties may state so in their submission.

9.      Whether a plaintiff's damages are calculated by using the date of the lawsuit or the date of the opt-in notice, or the last day of employment?

10.     Whether an initial joint pretrial stipulation can be superseded by a later joint pretrial stipulation when a court's operative scheduling order includes a deadline for the later-filed joint pretrial stipulation? In other words, must a party show "manifest injustice" before submitting changes in a later-filed joint pretrial stipulation, when the Court's operative scheduling order includes a deadline for the later-filed joint pretrial stipulation?

11.     Is "unclean hands" an affirmative defense in an action for damages (as opposed to a defense when the Court is sitting in equity, such as in connection with a

motion for injunctive relief)?

<u>**Issues to be Discussed at the Hearing**</u>

The parties should be prepared to answer and otherwise discuss these questions at the May 12, 2023 Trial Scheduling Conference:

1.      [To Plaintiffs] What evidence do you have of "tip confiscation" by Defendants?

2.      [To Plaintiffs] What evidence do you have that Defendants' records were inaccurate as to the number of *hours* worked by Chavez and/or Diaz (as opposed to the inaccuracy of the pay reflected)? In other words, is the accuracy of the hours disputed or just the accuracy of the pay?

3.      [To Defendants] What evidence do you have (from Sierra or anyone else) that Grill Enterprises, LLC paid some or all of Plaintiffs' payroll taxes during the relevant time period?

4.      [To Defendants] What evidence do you have (from Sierra or anyone else) concerning Grill Enterprises, LLC's payment of vendor card charges or credit card fees?

5.      [To Defendants] In Proposed Jury Instruction No. 17, paragraph 2, you list the following affirmative defenses: "The action and/or the damages claimed in this action are barred by res judicata, waiver, estoppel (collateral or otherwise), laches, satisfaction, release or agreement." [ECF No. 156-1, p. 34]. Are you withdrawing some of these affirmative defenses? For any that remain, cite to the record evidence supporting that

affirmative defense (or defenses).

6.      [To Defendants] In Proposed Jury Instruction No. 17, paragraph 4, you state: "Plaintiff's [sic] claims are barred in whole or in part due to Plaintiff's [sic] failure to file suit within the applicable statute of limitations period." Do you have any support for this affirmative defense, and, if so, what is it?

7.      [To Defendants] What evidence do you have to support the affirmative defense that either Plaintiff has "unclean hands"?

8.      [To Defendants] What evidence/legal authority do you have to support paragraph 5 of your Proposed Jury Instruction No. 17: "The amounts owed, if any, are de minimis and may be cured."

9.      [To Defendants] What evidence do you have that the tip pool was governed by the employees, rather than the employer? [Source: This is a dispute/objection raised by Plaintiffs to Jury Instruction No. 28.]

10.     [To both parties] What effect, if any, does the anti-tip retention provision of the FLSA enacted March 23, 2018 have on Plaintiffs' damages? [Source: Defendants' objections to Jury Instructions 26, 32 and 34, including citation to *Rodriguez v. City Buffet Mongolian Barbeque, Inc.*, No. 8:18-CV-2745-T-60CPT, 2020 WL 2476043, at *5 (M.D. Fla. Apr. 22, 2020), report and recommendation adopted, No. 8:18-CV-2745-T-60CPT, 2020 WL 2473452 (M.D. Fla. May 13, 2020).]

11.     [To both parties]: Will you be introducing any testimony at trial through deposition transcripts?

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 8, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record