UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-22603-GOODMAN [*CONSENT CASE*]

ERIC CHAVEZ, ET AL.,

    Plaintiff,

v.

GRILL ENTERPRISES, LLC AND
RUBEN SIERRA,

    Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM TRIAL ORDERS INTRODUCING NEW ISSUES AND EVIDENCE FOR SPECIAL SET TRIAL CONTRARY TO PRETRIAL STIPULATIONS WITHOUT FINDING OF "MANIFEST INJUSTICE", AND RESPONSE TO "PLAINTIFF'S [SIC] MOTION TO RECONSIDER ORDER DISMISSING . . . , AND ORDER ON REMAINING LEGAL ISSUES LISTED IN THE PARTIES' JOINT PRETRIAL STIPULATION"**

    Defendants, Grill Enterprises, LLC and Ruben Sierra, request that the Court deny the relief requested in the Plaintiffs' Motion for Relief from Trial Orders Introducing New Issues and Evidence For Special Set Trial Contrary to Pretrial Stipulations Without Finding of "Manifest Injustice" [ECF No. 181], based on the following good cause:

## I. INTRODUCTION

The Plaintiffs' Motion [ECF No. 181] is a rambling rehash of failed arguments that improperly seeks to relitigate issues without new evidence or arguments about any mistake, fraud, or manifest injustice. It is another example of the needless litigation that the Plaintiffs instigate in this case. Plaintiffs fail to cite the Federal Rule of Civil Procedure under which they seek relief, likely because the Rules preclude the Court from allowing wholesale relitigation of issues previously decided. The Plaintiffs mistakenly believe they can bolster their argument for another proverbial bite at the apple to relitigate issues previously decided against them by relying on the Joint Pretrial Stipulation filed on November 8, 2021. [ECF No. 81.] The Plaintiffs never explain why their arguments are not foreclosed by the Joint Pretrial Stipulation *they filed* on April 23, 2023 [ECF No. 144], how it subsequently and correctly identified the issues they now baselessly claim the Court improperly decided, and why the Court could grant the relief requested after already entertaining the same arguments they made previously. The Plaintiffs' Motion is due to be denied because they never alleged or demonstrated any basis upon which the Court can grant relief under Rule 60(b) or any other Rule, because they stipulated to the disputed issues that the Court addressed in advance of the May 8, 2023, trial period, and because they are not entitled to relitigate issues without meeting the applicable standard for rehearing.

## II. ARGUMENT

The Plaintiffs ask the Court to perform a complete rewind and relegate the efforts the Court (and the parties) expended between the Pretrial conference and the May 8, 2023, trial setting to meaningless trifles. Plaintiffs complain that the Court failed to comply with the law in its pre-trial Orders, but they cite no law with which the Court failed to comply, making their attempt to relitigate issues already decided by the Court improper. Plaintiffs do not title their Motion at ECF

No. 181 as one for reconsideration or rehearing and do not cite any Federal Rule of Civil Procedure they travel under, even though they ask the Court to reconsider previously decided issues. Their latest filing does little more than disagree with conclusions reached by the Court by making arguments already considered and rejected by the Court. Most of the motion lacks citation to any legal authority other than sporadic citations to Fla. Stat. §448.110 or *G.I.C. Corp., Inc. v. U.S.*, 121 F.3d 1447 (11th Cir. 2007). The Plaintiffs' failure to identify in their Motion seeking affirmative relief any rule or law permitting them to obtain the requested relief precludes any relief. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.")

### A. **The Court Properly Determines That Parties Already And Fully Litigated The Issues The Plaintiffs Contend Were Wrongly Decided.**

Plaintiffs improperly ask the Court to revisit numerous topics that it ruled on after considering the parties' arguments, including the following:

**Affirmative Defense Sufficiently Pled.** The parties submitted memoranda about whether Defendants sufficiently pled their affirmative defense of failure to comply with conditions precedent, and the Court ruled they had. [ECF Nos. 166, 168, and 177 at 4.]

**Plaintiffs Needed To Comply With Fla. Stat. §448.110.** The parties submitted legal arguments about whether the Plaintiffs were required to comply with the pre-suit notice requirements imposed by Fla. Stat. §448.110(6), and the Court ruled they were required to comply. [ECF Nos. 166, 168, and 177 at 2-3.]

**Fla. Stat. §448.110(6) Is Constitutional.** The parties submitted legal arguments about whether Fla. Stat. §448.110 is constitutional, and the Court ruled it is. [ECF Nos. 166, 168, and 177 at 4.]

**Mr. Diaz Failed To Comply With The FMWA.** The parties submitted legal (and factual) arguments about whether Mr. Diaz complied with the pre-suit notice requirements imposed by Fla. Stat. §448.110(6), and the Court ruled he had not and dismissed his FMWA claim. [ECF Nos. 166, 168, 170, and 176.]

**The WH-58 Form Is Admissible.** The parties submitted legal and factual arguments about the admissibility of the WH-58 Form that Mr. Diaz signed, and the Court determined it was admissible.[1] [ECF Nos. 159, 167, and 169.]

Plaintiffs do not dispute that the parties fully briefed the foregoing issues before the Court ruled on them. [ECF No. 181.] They do not identify any "manifest injustice" they suffered because of how or why the Court decided the foregoing issues. Instead, the Plaintiffs disagree with the Court's decisions, but their disagreement does not allow the Court to revisit the issues decided already. *United States v. Dean*, 838 Fed. Appx. 470, 472 (11th Cir. 2020) ("A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief.") Ultimately, the Plaintiffs do not provide the Court with even a semi-legitimate basis to revisit its decisions and so their Motion is due to be denied.

    **B.**    **The Plaintiffs' Failure To Identify A Legal Basis To Relitigate Issues Previously Decided Also Requires Their Motion To Be Denied.**

Presumably, Plaintiffs seek relief based on Fed. R. Civ. P. 60(b). "Under Rule 60(b), the

---

[1] Mr. Diaz testified in his deposition about signing the WH-58 Form and that his counsel translated the document for him (prior April 7, 2021), thereby precluding any claim of surprise. [ECF No. 159-2.]

Court may relieve a party from a final judgment, order, or proceeding if there is a showing of mistake, fraud, inadvertence, misconduct, newly discovered evidence, or if the judgment is void." *Rensel v. Centra Tech, Inc.*, 2020 WL 13536161, at *2 (S.D. Fla. Feb. 4, 2020) (*citing Am. Bankers Ins. Co. of Fla. V. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1337 n.4 (11th Cir. 1999).) The Plaintiffs' Motion does not seek relief on any basis that would entitle them to the "extraordinary relief" available under Rule 60(b) and is, instead, a barely cohesive patchwork of previously raised but unsuccessful arguments.

> "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). **"[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made."** *Id.* (quotation omitted). Stated differently, **"[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration."** *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). **To permit otherwise would "essentially afford[ ] a litigant two bites at the apple."** *Am. Home Assurance Co. v. Gleen Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted). Furthermore, it is without question that **mere disagreement with the Court's holding is not a proper basis for reconsideration**. *See Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." (internal alterations and quotation omitted)). [*Emphasis added*.]

*Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, 2023 WL 2039378, at *1 (M.D. Fla. Jan. 27, 2023) (denying the motion to relitigate matters already decided, or arguments that could have been raised previously, and finding "both wholly improper reasons to seek reconsideration.")

Plaintiffs fail to satisfy their burden to establish that "extraordinary circumstances" exist to warrant reconsideration under Rule 60(b). *Price v. Carnival Cruise Lines*, 2022 WL 2341167, at *1 (S.D. Fla. June 29, 2022). As this Court previously summarized in *Price* regarding motions for reconsideration:

> Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," **a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision."** *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, **a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction."** *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). [*Emphasis added*.]

2022 WL 2341167, at *2. Plaintiffs never attempt to satisfy the standard for reconsideration since they never identify any new evidence or error of law that would justify the grant of relief. *See e.g., Bey v. Carrington Mortgage Services, LLC*, 805 Fed. Appx. 981, 984 (11th Cir. 2020) (affirming denial of a motion for reconsideration because "Bey's motions for reconsideration failed to identify newly discovered evidence, manifest errors of law or fact, or any other ground for relief as required by Rule 60(b).") At best, the Plaintiffs' Motion attempts to relitigate their previously unsuccessful arguments. *But see Vient v. Highlands News-Sun*, 2023 WL 111056, at *4 (11th Cir. Jan. 5, 2023) ("A Rule 60(b) motion cannot be used to raise arguments that could have been raised before and also cannot be used to relitigate old arguments.") Plaintiffs make incoherent arguments, unsupported by any legal authority, precluding the Court from revisiting and changing its decisions.

Absent from the Plaintiffs' Motion is any new evidence, any fraud, or excuse about why they failed to present any evidence or argument to the Court before:

> The district court did not abuse its discretion in denying Defendants' motion for reconsideration. As it correctly explained, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior

to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Defendants attempted to introduce evidence, including new testimony from Atkinson, that was available at the summary judgment stage. The district court *1060 properly rejected Defendants' attempt.

*Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059–60 (11th Cir. 2020). Put another way:

> **"A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."** *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quotation marks omitted). A party moving for reconsideration must show "extraordinary circumstances justifying the reopening of a final judgment." *M.G. v. St. Lucie Cty. Sch. Bd*, 741 F.3d 1260, 1262 (11th Cir. 2014) (quotation marks omitted).

*Bey, LLC*, 805 Fed. Appx. at 984. The Plaintiffs' Motion is a poorly veiled attempt to improperly relitigate issues previously decided by the Court, and as such, it is appropriately denied.

### C. The Parties Stipulated In Their Joint Pretrial Stipulation Filed On April 24, 2023, That Numerous Disputed Issues Existed.

The Plaintiffs offer a myopic view of the disputed issues for trial by focusing their arguments only on the Joint Pretrial Stipulation submitted on November 8, 2021 [ECF No. 81], as if the parties did not thereafter serve another Joint Pretrial Stipulation on April 24, 2023 [ECF No. 144] in which they stipulated to additional issues of fact and law on which they agreed and disagreed. Despite their arguments to the Court, the Plaintiffs "waived the position…" that any new issues for trial existed "…by stipulating pre-trial…" that additional issues were disputed. *Kallberg Indus., LLC v. Auto. Experts, Inc.*, 861 Fed. Appx. 321, 323 (11th Cir. 2021). The Court need not address the "manifest injustice" standard mentioned by the Eleventh Circuit in *G.I.C. Corp., Inc. v. U.S.*, 121 F.3d 1447 (11th Cir. 2007) because, like the rest of the case, the parties stipulated that the issues to be addressed at trial evolved after they submitted their initial pre-trial stipulation on November 8, 2021 [*Compare* ECF Nos. 81, 144]. The Plaintiffs cite no rule, law, or case precluding parties from

filing an updated Pretrial Stipulation to include additional issues, just like they cite no rule, law, or case allowing them to avoid their subsequent/supplemental stipulations.

As a result of this evolution of issues and the parties' stipulations thereon, the most recent pretrial stipulation identified the following as issues for determination by the Court:

> a. Whether FMWA requires each Plaintiff to comply with the pre-suit notice provisions contained in Fla. Stat. §448.110(6) as a prerequisite to bringing a claim in court for unpaid/underpaid minimum wages. [PLAINTIFF DISAGREES THIS IS AN ISSUE OF FACT OR LAW BEFORE THE COURT].

** ** **

> m. Whether the maximum, conditional "tip credit" in this jurisdiction for 2020 was $3.02 per hour under the FLSA as well as Florida law? [Defendants maintain that the FLSA's minimum wage is not limited in its applicable to this jurisdiction for purposes of enforcing the federal minimum wage.]**Whether Plaintiff, Erik Chavez, was required to comply with any FMWA's pre-suit requirement imposed by Fla. Stat. §448.110**.
>
> n. Whether Plaintiff, Leonel Diaz, was required to comply with any FMWA's pre-suit requirement imposed by Fla. Stat. §448.110.
>
> o. Whether any "pre-suit requirement imposed by Fla. Stat. §448.110" is constitutional under the Florida Constitution.

** ** **

> s. Whether the failure by one or both Plaintiffs to comply with the pre-suit requirements imposed by Fla. Stat. §448.110 prevents them from pursuing claims under the Florida Minimum Wage Act.

[ECF No. 144.]

Besides the foregoing, the parties also stipulated that the Defendants' Answer and Affirmative Defenses to the Amended Complaint raised issues to be litigated at trial. [ECF No. 144 at 3.a.] Therein, the Defendants identified the defenses of waiver, satisfaction, release, and agreement as defenses to the claims asserted by Plaintiffs. [ECF No. 22 at 6.] Plus, the parties included proposed jury instructions and a verdict form to address the impact of Mr. Diaz's signing

the WH-58 Form (and his acceptance of the money the DOL required Grill Enteprises, LLC to pay him). [ECF Nos. 156-1 at 34, 156-2 at 2.]

Rule 16 of the Federal Rules of Civil Procedure allows the Court to "consider and take appropriate action" at the Pretrial Conference and to "…facilitate[] in other ways the just, speedy, and inexpensive disposition of the action." In this regard, the Court correctly determined that Mr. Diaz failed to comply with the requirements imposed by Fla. Stat. §448.110(6) as an issue raised in the most recent Pretrial Stipulation. [ECF Nos. 144, 176.] Deciding that Mr. Diaz failed to comply with the notice requirements imposed by Fla. Stat. §448.110(6) streamlines the issues for trial. Similarly, deciding that the WH-58 Form is admissible at trial streamlines the trial.

The admissibility of evidence is not a topic to be included in the joint pre-trial stipulation. Local Rule 16.1(e)(9) specifies that exhibits each party intends to offer at trial are to be identified on an Exhibit List that includes the opposing party's objections. Mr. Diaz knew that he signed the WH-58 Form and that it would not only serve as a release to his claims before the payroll period ending March 9, 2021, but would also impact the applicable statute of limitations and the imposition of liquidated damages. [ECF No. 144 at 8.][2] Rather than the Court taking time during what is likely to be an extended trial based on the Plaintiffs' counsel's antics, the Court made a pre-trial ruling on the admissibility of the WH-58 Form (as it had done concerning the other DOL documents) to streamline the trial of this case. The Court ruled as follows in finding the WH-58 Form admissible into evidence:

> It relates to the defense of "waiver, satisfaction, release or agreement." Plaintiffs' counsel has had this document for approximately a year and a half. In fact, he listed it on his own exhibit list in the first Pretrial Stipulation [ECF No. 81-1, p. 2 of 6 ("Composite of U.S.

---

[2] It would be manifestly unfair to allow Mr. Diaz to receive money from the Defendants as part of a DOL investigation, sign a written release of all claims he could bring under the FLSA through the payroll period ending March 9, 2021, and then come to Court and obtain a windfall or double-recovery.

>Department of Labor 'Receipt for Payment of Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation' forms ('Form WH-58') and accompanying proof of payment produced by Defendants during the course of discovery in this case.")]. In addition, Plaintiff Diaz testified about the form at his deposition.

[ECF No. 169.] Plaintiffs previously raised the same arguments against the admissibility of the WH-58 Form, which the Court rejected. [ECF Nos. 167, 169.]

The Plaintiffs cannot meet their burden at trial to offer any evidence that Mr. Diaz served notice on Defendants in conformity with Fla. Stat. §448.110(6) before he joined this case, so his claim was doomed for failure. The Plaintiffs' counsel already attested that no pre-suit notice letter was sent for Mr. Diaz before he joined the lawsuit. [ECF No. 171.] This pretrial ruling saved the parties and the Court from deciding the issue on a motion for a directed verdict.[3] The alternative would have been to have the Plaintiffs try and offer evidence at trial regarding having served a pre-trial notice for Mr. Diaz (which was not identified in their Exhibit List) before he joined the lawsuit, take up the Court's and the jury's time during the trial, and then have the Court rule on a motion for directed verdict at the close of the Plaintiffs' case (after they are precluded from offering documents at trial that were not disclosed in discovery and were not identified on their Exhibit List). [ECF No. 173 at P-137.] The Court's pretrial rulings comport with Fed. R. Civ. P. 1.

### D. The FLSA Does Not Preempt The FMWA's Pre-Suit Notice Requirements As The Plaintiffs Suggest.

Plaintiffs never previously argued that the FLSA preempts the FMWA, nor did they raise it as one of the issues in the parties' Joint Pretrial Stipulation, even though they could have (since they raised its constitutionality as an issue), and so they waived the issue. [ECF No.144.] Their new

---

[3] Although unclear from their Motion, the Plaintiffs seem to argue that Defendants waived certain issues because they were not raised in a motion for summary judgment. They cite no law supporting this argument, likely because none exists.

argument (which they could have raised before but did not) is that the FMWA's pre-suit notice provision is "inconsistent with the FLSA," but without any argument or explanation about why they did not previously raise this issue. [ECF No. 181 at 8.] Contrary to the Plaintiffs' argument, the text of the <u>FLSA explicitly permits</u> states to enact laws establishing their own minimum wages at 29 U.S.C. § 218(a):

> The FLSA does not preempt the notice requirements under § 448.110(6) for two reasons. First, Plaintiff chose to bring his minimum wage claim under the FMWA, which offers greater minimum wage relief than the FLSA ($8.65 versus $7.25 respectively). **The FLSA expressly states that "[n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter...."** 29 U.S.C. § 218(a); *see also Calderon v. Form Works/Baker JV, LLC*, No. 13-21438-CIV, 2013 WL 12086651, at *4 (S.D. Fla. Dec. 12, 2013), *rev'd on other grounds, Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807 (11th Cir. 2014) ("In enacting the FLSA, Congress chose not to preempt state wage laws providing employees with wages in excess of the federally-mandated minimum wage...."). Plaintiff could have and did in fact bring an FLSA claim (with a lower minimum wage but without the notice requirement) alongside his FMWA claim. **Thus, the Court does not find any "actual conflict" or "physical impossibility" caused by compliance with the FLSA based on the notice requirements.** *See Geier v. Am. Honda Motor Co., Inc.*, 529 U.S. 861, 884 (2000) ("[C]onflict pre-emption ... turns on the identification of [an] actual conflict....") (internal quotation omitted); *see also Arizona v. United States*, 567 U.S. 387, 399 (2012) (finding that state laws conflict with federal laws where "compliance with both federal and state regulations is a physical impossibility"). **Because it is not impossible to comply with both the FMWA and the FLSA, the two claims do not conflict.** [*Emphasis added*.]

*Epsilantis v. Scozzari Roof Services Contracting & Consulting Inc.*, 2021 WL 10725013, at *4 (S.D. Fla. Nov. 19, 2021). In sum, the FLSA does not preempt the FMWA or its pre-suit notice requirements.

Plaintiffs throw around the term "manifest injustice" in their Motion as a basis for the relief they seek, but without an explanation of *how* or *why* their motion of regurgitated arguments satisfies that standard to obtain the relief they seek.

> **To demonstrate clear error, or manifest injustice, "the movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived."** *Compania*

>*de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.,* 401 F.Supp.2d 1270, 1283 (S.D.Fla.2003) (citation omitted); *see also Colomar,* 242 F.R.D. at 684 ("to the extent Plaintiff ... tries to raise new arguments and point to new evidence that could have been raised earlier, this is insufficient grounds to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration"); *Disabled Americans,* 211 F.R.D. at 477 ("A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.")(quotation marks and citation omitted). Rather, clear error or manifest injustice occurs where the Court "has patently misunderstood a *1293 party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare." *Compania de Elaborados de Cafe, supra; Disabled Americans, supra* (citations and quotation marks omitted). Plaintiff makes no such claim here.

*Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (denying request for reconsideration).

The Plaintiffs now, after adverse decisions, seem to argue that the FLSA preempts the FMWA. Preemption of state law considers two factors:

>"[W]e follow two considerations when determining whether a federal statute *1322 preempts state law." *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1253 (11th Cir. 2022). "First, we look at Congress's purpose in enacting the federal law." *Id.* And "[s]econd, we are guided by the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Id.* (citation and internal quotation marks omitted).

*MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, 60 F.4th 1314, 1321–22 (11th Cir. 2023). Neither consideration is present in the case *sub judice* regarding the interplay between the FLSA and the FMWA. In finding no preemption of in an analogous situation, the Eleventh Circuit Court of Appeal determined as follows:

>The Act also does not give rise to conflict preemption. MSP does not assert that it is "physically impossible" to comply with both the Medicare Secondary Payer Act and the pre-suit demand requirement of Florida law. And the pre-suit demand requirement does not create an unconstitutional obstacle to a Medicare Advantage Organization's reimbursement.

*MSP Recovery Claims, Series LLC*, 60 F.4th at 1322. This Court could substitute the term "Medicare

Second Payer Act" with the term "Fair Labor Standards Act" and just as easily apply the Eleventh Circuit's decision to foreclose the Plaintiffs' arguments that the FLSA preempts the FMWA. Federal courts determine that pre-suit requirements imposed by Florida statute are substantive in nature. *See e.g.*, *Danhi v. Charlotte Cnty. Sheriff's Dept.*, 2006 WL 2226323, at *7 (M.D. Fla. Aug. 3, 2006) ("the Florida Medical Malpractice Statutes are substantive in nature."). Pre-suit requirements imposed by Florida statute are deemed substantive, regardless of whether they are before a District Court on diversity or supplemental jurisdiction. *Shipman v. United States*, 2017 WL 5736230, at *2 (N.D. Fla. Nov. 27, 2017) ("The Eleventh Circuit, in two unpublished opinions, has also applied the pre-suit requirements to Florida medical malpractice or negligence claims brought under supplemental jurisdiction. *See Johnson v. McNeil*, 278 Fed.Appx. 866, 871 (11th Cir. 2008) and *Gross v. White*, 340 Fed.Appx. 527, 532 (11th Cir. 2009).") The Court is duty-bound to require that Plaintiffs comply with the pre-suit requirements imposed by Fla. Stat. §448.110(6), regardless of whether they pursue minimum wage claims under the FLSA's different/lower minimum wage rate.

Because the Plaintiffs sought to recover under separate claims brought under the FLSA (Count I) and the FMWA's higher minimum wage (Count II), they were required to comply with the pre-suit notice provisions imposed by Fla. Stat. §448.110(6) to recover the higher minimum wage, but they did not. The Plaintiffs' failure to comply with Fla. Stat. §448.110(6) precludes them from pursuing claims under the Florida Minimum Wage Act, and those claims must be dismissed.

### E. **The Court Properly Determines That Both Plaintiffs Failed To Comply With The Pre-Suit Notice Requirements Imposed by Fla. Stat. §448.110(6).**

Two facts are not in dispute, and these two facts require that Mr. Chavez's FMWA claim be dismissed not only as to Mr. Sierra but as to both Defendants. The first undisputed fact is that

the Plaintiffs do not claim to have sent their FMWA letter to Mr. Sierra at his residence, only to the registered agent for Grill Enterprises, LLC and the address of the restaurant. [ECF No. 171]; *see also* https://losparrillerosdoral.com/ (identifying the address for Los Parrilleros as 10775 N.W. 41st Street, Doral, FL 33178). The second undisputed fact is that the Plaintiffs included liquidated damages and attorneys' fees in the pre-suit notice letter they claim to have sent to Grill Enterprises, LLC's registered agent.

> 1. <u>Service of the FMWA pre-suit demand letter on the registered agent for Grill Enterprises, LLC is not the same as having it sent to Mr. Sierra and his receipt.</u>

Service on the registered agent for a corporation is not the equivalent – legally or functionally – of service on an individual. Plaintiffs claim to have served a pre-suit notice letter on the registered agent for Grill Enterprises, LLC, but they do not claim to have sent and did not aver that they sent the letter to Mr. Chavez, individually. [ECF No. 170.] The FMWA requires that a pre-suit minimum wage demand letter be sent to each employer: "the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." Fla. Stat. §448.110(6)(a). Plaintiffs did not [ECF No. 170], and their failure to send a pre-suit notice letter to Mr. Sierra requires the Court to determine that Mr. Chavez cannot proceed with a claim against Mr. Sierra under the FMWA. *See Hyskaj v. New York New York Pizza, LLC*, 2018 WL 7458261, at *6 (M.D. Fla. Nov. 14, 2018) (Dismissing FMWA claim against an individual defendant after determining, "Despite attaching the pre-suit notices sent to the other defendants, Plaintiff has not pointed to any case law permitting satisfaction of the FMWA pre-suit notice requirement as to one defendant by virtue of notice sent to co-defendants.") There is no evidence in the case that Mr. Sierra's address was, or is, 10775 N.W. 41st Street, Doral, FL 33178. The only conclusion is that Mr. Sierra did not receive because the Plaintiffs did not send any written pre-suit notice to him.

> 2. <u>Mr. Chavez improperly included liquidated damages and attorneys' fees in his FMWA letter, rendering it a legal nullity.</u>

Plaintiffs (mis)state that Defendants did not request copies of the pre-suit notice letters in discovery. Although neither Plaintiff produced any responsive documents during discovery, Defendants requested the pre-suit notice letters in discovery:

> 14. All documents pertaining to any complaint made to Defendants regarding Defendants' pay practices or alleged failure to properly compensate persons for hours worked or wages earned.
>
> **Response**:
>
> None.

[ECF Nos. 70-1 at 7; 70-2 at 7.] Plaintiffs never disclosed any pre-suit notice letter they claim to have sent to Defendants in their Rule 26 Disclosures, although they were required to do so. Likewise, they never produced (or supplemented) the documents they intend to use at trial with any pre-suit notice in response to Request No. 21 directed to the Plaintiffs, despite the requirement to supplement their requests. [ECF Nos. 70-1 at 8; 70-2 at 8.] They ultimately disclosed the one letter they sent to Grill Enterprises, LLC on the evening of May 3, 2023.

The letter Mr. Chavez claims to have sent to Grill Enterprises, LLC (only) [ECF No. 171-1] is a defective legal nullity because it fails to comply with Fla. Stat. §448.110(6) by demanding payment of attorneys' fees and liquidated damages in addition to minimum wages under Fla. Stat. §448.110(6) ("The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.") *See Tadili v. Ferber*, 2013 WL 12101132, at *2 (S.D. Fla. Nov. 22, 2013) (Ryskamp, J.) (*citing Johnson v. Nobu Assocs. South Beach, LP*, 2011 WL 780028, at *3 (S.D. Fla. Feb. 4, 2011). The problem with Mr. Chavez's pre-suit

notice letter, like the fatal flaw with the notice letters sent in *Tadili* and in *Johnson*, is that it also does not allow an employer to tender the minimum wages claimed.

In *Johnson*, the plaintiff sent a pre-suit notice requesting damages he was not entitled to pursuant to the statute—i.e., liquidated damages and attorneys' fees—and Judge King noted that "permitting counsel to inflate the notice of deficiency would [ ] undercut the statutory intent of the [FMWA]" to properly compensate an employee. *Ferrer v. T K Promotions, Inc.*, 2022 WL 509044, at *2 (S.D. Fla. Jan. 4, 2022) (Martinez, J.) (*quoting Johnson v. Nobu Assoc. S. Beach*, 2011 WL 772874, at *1 (S.D. Fla. Feb. 28, 2011) (King, J.)

Likewise, in *Tadili*, "Plaintiff's pre-suit notice also requests liquidated damages, attorneys' fees and costs." 2013 WL 12101132, at *2. As a result, the Court decided that "Defendants are entitled to summary judgment on the Florida unpaid wages claim due to Plaintiff's defective pre-suit notice." *Id.* "Specifically, the statute requires the aggrieved person to include in the pre-suit notice 'the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of the alleged unpaid wages through the date of the notice.'" *Acosta v. Del Pino*, 2012 WL 13129961, at *8 (S.D. Fla. May 25, 2012), *report and recommendation adopted sub nom. Acosta v. Rodriguez Del Pino*, 2012 WL 13129958 (S.D. Fla. July 9, 2012) (citing Fla. Stat. § 448.110(6)(a).)

The express purpose of allowing an employer to avoid the imposition of liquidated damages and attorneys' fees assessed against an unsuccessful employer under the FMWA, and the incentive to tender the minimum wages owed, would be frustrated if employees could require these amounts to be demanded and paid pre-suit.

The Court properly dismissed the claim by Mr. Diaz for failing to comply with the pre-suit notice requirements imposed by Fla. Stat. §448.110(6), and it should dismiss the FMWA claim by

Mr. Chavez for failing to comply with the pre-suit notice requirements imposed by Fla. Stat. §448.110(6).

### F. **Plaintiffs' Analysis Of The FMWA Is Fatally Flawed.**

The Plaintiffs' statement, "There is no case law purporting to treat the statutory provision in question as a fee-shifting statute," is false. [ECF No. 181 at 10]; *compare Oreilly v. Art of Freedom Inc.*, 2018 WL 6616445, at *2 (S.D. Fla. Dec. 14, 2018), *report and recommendation adopted*, 2019 WL 1115879 (S.D. Fla. Jan. 8, 2019) ("Plaintiff's motion for attorney fees is predicated on the fee-shifting provisions of the FLSA and the FMWA.") Plaintiffs do not dispute that a prevailing plaintiff is entitled to attorneys' fees under Fla. Stat. §448.110. A statute awarding attorneys' fees is in derogation of the common law of Florida. *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 963 (11th Cir. 2023); *see also Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003) ("statute and rule are in derogation of the common law rule that each party pay its own fees" were required to be "strictly constructed") (*citing Major League Baseball v. Morsani*, 790 So.2d 1071, 1077–78 (Fla.2001) ("[A] statute enacted in derogation of the common law must be strictly construed...."); *Dade County v. Pena*, 664 So.2d 959, 960 (Fla.1995) ("[I]t is also a well-established rule in Florida that 'statutes awarding attorney's fees must be strictly construed.' *Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n*, 539 So.2d 1131, 1132 (Fla.1989).")) Plaintiffs were required to, but did not, strictly comply with Fla. Stat. §448.110(6).

Mr. Chavez's pre-suit minimum wage demand letter specifically sought the recovery of attorneys' fees of $6,500 to resolve his Florida Minimum Wage At Claim under Fla. Stat. §448.110(6), and so his claim that he proceeds only under Article X, Section 24 of the Florida Constitution is disingenuous at best:

> **3. Statutory Fees and Costs**
> At the conclusion of his employment, Mr. Chavez was due statutory fees and costs in the amount of $6,500.00.
>
> Accordingly, Mr. Chavez is owed at least **$118,961.54** in accrued wages, statutory damages, and awards.
>
> Demand is hereby made for immediate payment in the amount of **$118,961.54** as detailed above. This demand is made in satisfaction of any statutory or other condition precedent to bringing a lawsuit for unpaid minimum wages, whether or not any condition precedent to suit is applicable under Florida Statute §448.110(6) or other authority.
>
> PLEASE GOVERN YOURSELF ACCORDINGLY.
>
> Sincerely,
>
> Anthony F. Sanchez

[ECF No. 171-1 at 2.] Plaintiffs' argument, if accepted, would require employers to pay extortionate attorneys' fees – such as those claimed by Mr. Chavez – to resolve a claim under Fla. Stat. §448.110(6) before a lawsuit is filed. *Id.* Moreover, Mr. Chavez did not bring his claim only under Article X, Section 24 of the Florida Constitution, as he expressly referred to bringing his claim under Fla. Stat. §448.110 in the Amended Complaint. [ECF No. 7 at ¶¶1, 25.] Unlike in the cases he cited from the Middle District of Florida, Mr. Chavez did not confine his claim for minimum wages to one brought only under Article X, Section 24 of the Florida Constitution.[4]

### G.  Plaintiffs Cannot Offer New Arguments In Their Reply.

After having had the benefit of Defendants' Response in Opposition, the Plaintiffs cannot now offer new arguments in their reply to sandbag Defendants.

---

[4]  Plaintiffs erroneously cite to *Alvarado v. Robo Enterprises, Inc*, 2016 WL 11566330, at *6 (M.D. Fla. Jan. 6, 2016), *report and recommendation adopted*, 2016 WL 11566331 (M.D. Fla. June 2, 2016), to support their argument that the Florida Constitution creates its own private cause of action. "However, in this case it does not appear that Plaintiffs are trying to circumvent the FMWA's pre-suit notice requirement. To the contrary, Plaintiffs allege they complied with the requirement by sending Defendants a demand letter." *Id.*

> But it is improper for a party to raise a new argument in its reply. *See Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) ("Because it is improper for [the party] to raise this new argument in its Reply brief, the argument will not be considered") (citing *Herring v. Sec. Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court")).

*Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, 2016 WL 1756911, at *1 (S.D. Fla. May 3, 2016). The Court cannot properly consider any new argument by the Plaintiffs that they did not previously or timely raise in their Motion. *See e.g.*, *Kadylak v. Royal Caribbean Cruise, Ltd.*, 167 F. Supp. 3d 1301, 1308 (S.D. Fla. 2016) (refusing to consider an argument raised initially in reply memorandum); and *TCC Air Services, Inc. v. Schlesinger*, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009) (refusing to consider new evidence raised initially in reply); *accord Herring v. Sec'y, Dept. of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.") (citations omitted).

### III. CONCLUSION

The Plaintiffs now find themselves in the precarious position of having filed an Amended Complaint to include a claim at Count II under the FMWA without having first complied with the pre-suit notice requirements imposed by Fla. Stat. §448.110(6). After the Court entertained a full briefing on numerous issues pre-trial, the Plaintiffs disagree with the adverse rulings they received, and instead of accepting them, they improperly seek "relief" from the Orders without identifying a legal or factual basis for the grant of the "relief" they now request. The Plaintiffs' ham-fisted arguments are not persuasive, are unsupported in fact or law, and are foreclosed. The Court should proceed to deny the relief requested by the Plaintiffs and determine that Mr. Chavez's claim under the FMWA is appropriately dismissed because he failed to comply with the pre-suit notice requirements imposed by Fla. Stat. §448.110(6).

Respectfully submitted this 23rd day of May 2023.

/s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq. (068365)
Todd W. Shulby, P.A.
1792 Bell Tower Lane
Weston, FL 33326
Telephone: (954) 530-2236
E-mail: tshulby@shulbylaw.com
*Co-Counsel for Defendants*

and

/s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Telephone: (305) 230-4884
E-mail: brian@fairlawattorney.com
*Co-Counsel for Defendants*