UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN [CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

**PLAINTIFFS' REPLY TO "DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM TRIAL ORDERS . . ." [ECF NO. 192]**

Plaintiffs, by and through undersigned counsel, Reply to "Defendants' Response in Opposition to Plaintiffs' Motion for Relief from Trial Orders . . ." [ECF No. 192], as follows:

## I. REPLY TO "INTRODUCTION"

This Fair Labor Standards Act ("FLSA") case has been pending since 2020. It involves allegations entirely supported by the Defendants' own records clearly showing that, for years, the employer paid no wages to wait-staff but, rather, disbursed only portions of the tips they collected from customers of the restaurant. It is clear from the Defendants' records, and their handwritten annotations, that Defendants systemically confiscated Plaintiffs' tips by disbursing less than the total tips collected and by requiring that they contribute to an invalid tip pool. Defendants used these confiscated tips to subsidize their operations, using them to pay "contractors", management employees, and undocumented workers, none of whom are eligible participants in a tip pool.

**Original Trial Setting**. This case was originally scheduled for trial on December 13, 2021. The parties prepared a Joint Pretrial Stipulation [ECF No. 81], which included six (6) disputed legal issues. The parties also submitted joint proposed jury instructions [ECF No. 84, pp. 45–48] and proposed verdict forms. The jury instructions made clear that the parties understood the applicable minimum wage would refer to the minimum wage which all workers in Florida are entitled to under the Florida Constitution. There were no issues regarding any supposed failure to abide by any condition precedent. Indeed, it is unrebutted that the Plaintiff complied with any condition precedent to bringing these claims. See ECF No. 171. The original trial setting was canceled pending the Court's resolution of the pending cross-motions for summary judgment, which were substantially denied and thus reduced the disputed fact and legal issues to be resolved at trial. Accordingly, Plaintiffs sought to have the case returned to trial calendar.

**Special Trial Setting on Consent Jurisdiction**. On February 13, 2023, the parties appeared before the Honorable Robin L. Rosenberg for a status conference; the Court encouraged

the parties to consent to Magistrate jurisdiction and obtain a date certain for trial. Two days later, the parties agreed to Magistrate Judge jurisdiction. ECF No. 123. Within one week, the parties appeared for a scheduling conference before the Honorable Jonathan Goodman and it was determined that trial would be specially set to commence Monday, May 8, 2023.

Fully six (6) weeks later, another lawyer entered an appearance on behalf of Defendants as co-counsel. Approximately six (6) weeks after that, Defendants, for the first time, submitted a draft of a second proposed joint pretrial stipulation. Defendants sought to include *dozens* of new factual and legal issues which do not appear anywhere in the pleadings and which were never mentioned in the original joint pretrial stipulation. Plaintiffs indicated their objections in writing to this attempt to introduce new issues. To be clear, in this second pretrial stipulation filed on April 24, 2023, less than two weeks prior to the special trial setting, Defendants attempted to shoehorn dozens of new legal and factual issues over Plaintiffs' objections.

**Pretrial Conference**. Two days later, on April 26, 2023, counsel for the parties appeared before the Court for a pretrial conference. At that time, Plaintiffs brought to the Court's attention that, over the Plaintiffs' objection, Defendants were trying to introduce dozens of legal and factual issues not properly before the Court. The Court inquired of the Defendants words to the effect: "Is this the first time I'm hearing about these issues?" The Defendants admitted that it was, and apologized for attempting to raise new issues 12 days before the special set trial date. Further, Defendants also introduced, for the first time, an issue regarding a supposed U.S. Department of Labor ("DOL") waiver, which they had not even raised as a factual or legal issue (disputed or otherwise) in the pretrial stipulation filed two (2) days earlier.

The Defendants made no motion and proffered no basis for raising new issues into a three-year-old case scheduled to commence trial in 12 days. Defendants never filed a motion under

Rule 16(e), Fed. R. Civ. P., and they have never even proffered any basis upon to support the necessary finding of "manifest injustice" for the introduction of issues contrary to the pretrial stipulations, and so shortly before a specially set trial. Defendants made no motions at all to amend pleadings or to dismiss claims, but the Court ordered the parties to brief <u>28 disputed legal issues</u>, including at least 22 new issues raised over the Plaintiff's objections, and limited each argument to no more than a half-page to each issue. Additionally, the Court <u>also</u> required that the parties separately brief the issue regarding a supposed DOL-supervised release, not even mentioned in the second stipulation submitted only two (2) weeks prior to trial.

The parties submitted their Court-ordered memoranda of law on May 4, 2023, four (4) days before trial. ECF Nos. 166 and 168. The Plaintiffs submitted their memorandum of law regarding the DOL "Form WH-58" issue that same day [ECF No. 167], as ordered by the Court.

**<u>Court Orders Entered on the Eve of Trial</u>**. Without there being any pending motions before the Court, on the Thursday and Friday before a scheduled Monday trial, the Court entered numerous orders regarding the issues which were never properly before the Court in the first place. First, the Court entered an Order [ECF No. 169] indicating that it would admit into evidence a "DOL Form WH-58" over the Plaintiffs' objection and before any evidentiary predicate had been laid at trial; by so ruling, the Court essentially permitted the Defendants to raise a defense that does not appear in the pleadings, did not appear in the *first* pretrial stipulation, and did not appear in the *second* pretrial stipulation. On Friday, May 5th, the Court also required that Plaintiff file copies and provide evidence of mailing a "pre-suit notice". [ECF No. 170]. By doing so, the Court implicitly allowed the Defendants to introduce a defense which does not appear in the pleadings, and which did not appear in either of the pretrial stipulations (except over Plaintiffs' written objections). Plaintiffs complied with the Order by filing a verified response demonstrating

4

complete and utter compliance with the supposed pre-suit notice requirement. The verified response remains unrebutted [ECF No. 171]. Thereafter, the Court went so far as to enter an Order "dismissing without prejudice" the Florida Minimum Wage Act ("FMWA") claim of opt-in Plaintiff Leonel Diaz ("Diaz").[1] Thereafter, the Court also entered an "Order on Remaining Legal Issues" [ECF No. 177] in which it determined, among other things, that the case would proceed to trial as to both Plaintiffs, but that Plaintiff Erik Chavez ("Chavez") would be permitted to seek the highest available minimum wage in the jurisdiction, while the opt-in Plaintiff Diaz would only be able to seek the "federal" $7.25/hour.[2] This is plainly erroneous and prejudicial.

**Plaintiffs' Motion for Relief**. At 11:56 a.m. Sunday, May 7th (the day before trial), Plaintiffs filed the "Motion for Relief from Trial Orders" [ECF No. 181], given that the Court had ruled on issues not even properly before it, erroneously and clearly contrary to applicable law, and granted relief for Defendants without their even filing any motion, fundamentally changing the character of the trial without necessary findings, and in a manner which proves manifestly unjust and contrary to Plaintiffs' rights under the most remedial of remedial statutes.

**Trial Postponed**. One hour after Plaintiffs filed their motion for relief, the Court entered an Order [ECF No. 183] cancelling the May 8th jury trial and announcing the issuance of an order

---

[1] / Diaz joined [ECF 39-1] this lawsuit months after it was filed; he could not have prepared a "pre-suit notice of intent". *Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F.Supp.3d 1252 (2020).
[2] / In calculating FLSA damages, employers in Florida are held to the higher MW. *Quintero v. DTM Enterprises, Inc.*, 2022 WL 2392477 (S.D. Fla. 2022), citing 29 U.S.C. 206(a)(1) and 29 C.F.R. §541.4. Specifically, the minimum wage in 2018 was $8.25/hour; in 2019, $8.46/hour; and in 2020, $8.56/hour. *Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1183 (11th Cir. 2022). See also *Touzout v. Am. Bet Car Rental KF Corp.*, No. 15-61767-CV, 2017 WL 2541225 (S.D. Fla. June 12, 2017)("courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009).")

to follow to explain the postponement of the trial. Later that same day, the Court entered its "Order Re: Trial Postponement" [ECF No. 184] which provided, in pertinent part, as follows:

> Mistakes happen when decisions are rushed. They also occur with greater frequency when many last-minute decisions need to be made at one time. Mistakes are more likely to occur when decisions are made on incomplete information. And mistakes are made when the information which was provided at the last minute is fuzzy . . . this is why the Undersigned has decided to postpone the trial scheduled to start tomorrow.
>
> * * *
>
> Counsel for the parties have been scrambling to meet shortened deadlines in the past two weeks, and the Undersigned (and the law clerk working with me) have also been working around the clock in an effort to address myriad issues which have arisen at the eleventh hour.
>
> * * *
>
> Given the choice of postponing the trial and causing inconvenience to the parties or pushing forward with the trial in a rushed atmosphere with legal rulings being made at the last minute, based on an incomplete factual record and rushed legal briefing on issues of first impression, the Undersigned opts for a rescheduled trial.

ECF No. 184.

The case is rescheduled for trial on September 11, 2023. The parties are required to submit additional legal memoranda regarding 11 issues identified by the Court [ECF Nos. 185 and 190].

## II.     REPLY TO "ARGUMENT"

### A.   Reply to Defendants' Argument that "The Court Properly Determines That Parties Already And Fully Litigated The Issues . . ."

The premise of the Plaintiffs' underlying motion for relief is that the Court has essentially allowed the Defendants to introduce issues not properly before the Court, that have never been pleaded, preserved, or litigated, that the Court permitted the Defendants to do so without the Defendants having even filed a motion permitting them to do so, as required by Rule 16(e), Fed. R. Civ. P., and that the Court ruled on several of those issues erroneously, to the prejudice of the Plaintiffs. Within an hour of the filing of Plaintiffs' motion, the Court *sua sponte* postponed trial, and then entered a separate Order expressly stating that "mistakes happen" when decisions are rushed and when legal rulings are "made at the last minute, based on an incomplete factual

record and rushed legal briefing on issues of first impression . . ." [ECF No. 184, p. 3].

It is a pathetic and desperate plea to preserve a manifestly unjust *status quo* obtained by "gotcha" tactics for the Defendants to suggest, after they have unlawfully introduced so many issues "at the eleventh hour", that the issues have been "fully litigated". The Court itself has acknowledge that "mistakes happen" and has entered an Order asking for supplemental briefings, independent of the underlying Plaintiffs' motion for relief. [ECF No. 184, p. 3].[3] The issues have not been fully litigated; they have not been fully briefed, or even properly pleaded or preserved.

### B. Reply to Defendants' Argument that "The Plaintiffs' Failure To Identify A Legal Basis To Relitigate Issues . . ."

Relief from orders may be obtained in accordance with, *inter alia*, Fed. R. Civ. P. 60(a) and (b)(1), (3), and (6) for reasons which include the existence of mistake, inadvertence, surprise, fraud, misconduct by an opposing party, or any other reason which justifies relief. Specifically, Rule 60 provides in pertinent part as follows:

> Rule 60. Relief from a Judgment or Order
> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice . . .
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> \* \* \*
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> \* \* \*
> (6) any other reason that justifies relief.

Rule 60, Fed. R. Civ. P. The purpose of a motion under Rule 60 is "to permit the trial judge to

---

[3] / The Court has ordered the parties to provide five (5) pages of legal briefing regarding 11 different issues, including all of the issues that were the subject of the Plaintiffs' motion for relief.

reconsider . . . matters so that he can correct obvious errors or injustices . . ." *Carter ex rel. Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (11th Cir. 1977)). This includes the need to correct clear error or manifest injustice. *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993).

Here, Defendants have created chaos by unlawfully wedging new issues on the veritable eve of trial. The Court has acknowledged *sua sponte* that these issues were raised "at the eleventh hour" and has required that the parties submit memoranda regarding the very same issues which are the subject of the underlying motion. It is clear that Defendants have led the Court to error. For example, the Court dismissed the FMWA claim of Diaz, even though the only published authority on this point clearly suggests that putative class members do not have to meet the pre-suit notice requirements of the FMWA. *Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F.Supp.3d 1252, 1257 (2020). Moreover, the significance of this "pre-suit notice" issue is academic since the applicable MW in Florida for purposes of the FLSA *is* the higher Florida MW. See footnote 2, *supra*.

Similarly, the decision to admit evidence regarding a fact and legal issue which does not appear in the stipulations is contrary to law since the Defendants have not even requested relief under Rule 16(e) and cannot meet their burden to show "manifest injustice".

    **C.**    **Reply to Defendants' Argument that: "The Parties Stipulated. . .That Numerous Disputed Issues Existed."**

Defendants actively mislead the Court by suggesting that Plaintiffs agreed to entertain the Defendants' "eleventh hour" issues. Plaintiffs specifically objected that the "eleventh hour" issues were not properly before the Court. The issue pertaining to a supposed DOL-supervised waiver of claims, was not even mentioned as *either* a disputed issue of fact or a disputed issue of law in *either* the initial or subsequent pretrial stipulation.

**The "Statutory Condition Precedent" Defense**. The idea that any plaintiff is barred from

raising FMWA claims for their alleged failure to abide by a statutory condition precedent is not raised in the pleadings. Chavez's Complaint alleged compliance with any and all conditions precedent, which the Defendants did not plead or deny with specificity, as required by the rules of pleading. Rule 9(c), Fed. R. Civ. P. Defendants' pleadings fail to mention the statutory provisions they relied upon, fail make any reference to non-performance of a "condition precedent", fail to plead (or prove) any prejudiced resulting from this manufactured "lack of notice". *See Denton v. HSBC Bank USA, N.A.*, 290 So. 3d 72 (Fla. 4th DCA 2020)*; Gorel v. Bank of New York,* 165 So. 3d 44, 47 (Fla. 5th DCA 2015).

The Defendants' Response also fails to note that in the second pretrial stipulation, when they attempted to introduce as a disputed issue of fact whether Plaintiffs had complied with FMWA pre-suit requirements, the Plaintiffs specifically objected to the idea that these issues were before the Court. ECF No. 144, pp. 5–6, ¶¶ 6(i), (j) (emphasis added):

> 6. A statement in reasonable detail of issues of fact which remain to be litigated at trial.
> \* \* \*
> i. Whether Plaintiff, Erik Chavez, complied with the FMWA pre-suit requirements imposed by Fla. Stat. §448.110. [**Plaintiff disputes that this is an issue for trial**]
> j. Whether Opt-In Plaintiff, Leonel Diaz, complied with the FMWA pre-suit requirements imposed by Fla. Stat. §448.110. [**Plaintiff disputes that this is an issue for trial**]

Similarly, when the Defendants tried to introduce the issue even as a disputed issue of *law*, the Plaintiffs likewise specifically objected in writing. *Id.* at p. 9, ¶ 8(a) (emphasis added):

> 8. Concise statement of issues of law which remain for determination by the Court.
> a. Whether FMWA requires each Plaintiff to comply with the pre-suit notice provisions contained in Fla. Stat. §448.110(6) as a prerequisite to bringing a claim in court for unpaid/underpaid minimum wages. [**PLAINTIFF DISAGREES THIS IS AN ISSUE OF FACT OR LAW BEFORE THE COURT**].

Notwithstanding the Plaintiffs' objections, Defendants never sought to meet their burden under Rule 16(e). They filed no motion, and even now they proffer no evidence in support of any

manifest injustice. Further, as previously noted, the issue is academic: for purposes of the FLSA the minimum wage in 2018 was $8.25/hour; in 2019, $8.46/hour; and in 2020, $8.56/hour. *Compere v. Nusret Miami, LLC*, 28 F.4th at 1183 (11th Cir. 2022). See *inter alia* at fn. 2.

**The "DOL Supervised Release" Defense**. There is no disputed issue of fact or law raised pertaining to this similarly un-pleaded defense. No disputed issue of fact or law appears in the first pretrial stipulation or the second pretrial stipulation. This issue was raised for the first time during the pretrial conference. Thus, again, the Defendants fail to comply with their obligation to establish that this issue must be litigated to avoid manifest injustice. Defendants are bound by their pretrial stipulations and they have not even asked the Court to consider this issue as required by Rule 16(e).

**D.   Reply to "The FLSA Does Not Preempt The FMWA's Pre-Suit Notice . . ."**

The Plaintiffs have never suggested that the FLSA "preempts" the FMWA's pre-suit notice requirement. Rather, Plaintiffs *have* cited both the express language of the State statute and Constitution, as well as controlling authority, which all make clear that in *interpreting* the meaning of the FMWA, it must be read consistently with the FLSA. Florida Constitution, Art. X, §24; Fla. Stat. §448.110(3). *Llorca v. Sheriff, Collier Cnty., Fla.*, 893 F.3d 1319, 1328 (11th Cir. 2018).

Plaintiff **did** comply with the pre-suit notice requirement; this is unrebutted. However, the pre-suit notice requirement cannot be read in such a way as to require that protected employees waive substantive rights as a condition precedent to asserting those rights. *See, generally*, ECF No. 181, pp. 8–10, citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945); *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740, 101 S. Ct. 1437, 1445, 67 L. Ed. 2d 641 (1981); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1944).

### E.  Reply to "Court Determined That Both Plaintiffs Failed To Comply. . ."[4]

The record is verified and remains unrebutted for the proposition that Chavez complied with the supposed pre-suit notice requirement of the FMWA. Defendants have refused to verify with evidence their suggestion that they did not "receive" notice. Unwilling to verify a falsehood, Defendants now suggest that Defendant Ruben Sierra ("Sierra"), individually, was entitled to pre-suit notice only at his ***home residence***. Defendants are now inventing statutory requirements.

#### 1.  Reply to "registered agent" Argument.

Defendants' falsely say Plaintiffs did "not claim . . . did not aver they sent the letter to Mr. Chavez [sic] . . . " ECF No. 192, p. 14. This is false. Service by mail upon Sierra is clearly averred in the Verified Response of the Plaintiffs, which remains unrebutted. [ECF No. 171, p. 3, ¶¶ 7-8].

#### 2.  Reply to Defendants' "Mr. Chavez improperly included liquidated damages . . ." Argument.

**The FMWA Does Not Require that Plaintiffs Waive Substantive Rights.** Defendants hope to advance a nonsensical argument that prior to filing a lawsuit under the FMWA, protected employees must provide "notice of intent to sue", but they are forbidden from providing notice of *what* they intend to sue for. Liquidated damages and attorneys' fees are clearly substantive remedies under the FMWA and these cannot be waived. Defendants seem to believe that Plaintiffs are required to waive their substantive rights and afford their employer the opportunity to avoid statutory liability by "tendering" no more than the unpaid minimum wages which employers failed to timely pay on pay day. This suggestion is contrary to controlling authority. It is well settled that hourly wage workers are entitled to payment of their statutory wages on the regularly scheduled

---

[4] /   Defendants erroneously suggest the Court determined "that both Plaintiffs failed to comply with the pre-suit notice requirements." ECF No. 192, p. 13. This is patent untrue.

11

pay day, and that the liability for liquidated damages "arises immediately" when the minimum wage is not paid on the regularly scheduled pay day. *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1944). It is equally well settled under controlling authority that substantive rights under these remedial statutes cannot be waived. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981). In fact, settlements between employers and employees are entirely unenforceable unless they are the subject of scrutiny in the context of contested litigation or when supervised by the Secretary of the DOL. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, (11th Cir. 1982).

**The Plaintiff's Notice of Intent Does Not Prohibit the Defendants from Tendering Unpaid Minimum Wage**. Even if we were to give the FMWA a reading which would actually require what is expressly forbidden (*i.e.*, that employees must offer to waive substantive rights before suing), Defendants fail to explain how Plaintiff's notice "does not allow an employer to tender the minimum wages claimed." See ECF No. 192, p. 16:1–2. There is nothing about the words written on a page that could preclude an employer from tendering the MW due.

**Defendants do not Plead nor Establish any Prejudice**. It is a fundamental element of this "eleventh hour" defense that the proponent must plead and prove prejudice resulting from the so-called lack of notice. A party entitled to notice as a condition precedent to the exercise of a right must allege and establish that they were prejudiced by the supposed lack of notice. *See Gorel v. Bank of New York,* 165 So. 3d 44, 47 (Fla. 5th DCA 2015); *see also Denton v. HSBC Bank USA, N.A.*, 290 So. 3d 72 (Fla. 4th DCA 2020). Defendants have not alleged (as part of their duty to plead with specificity), nor do they now submit, that they were denied the opportunity to tender the unpaid minimum wage. *Id*. at p. 75, n.1 (". . . prejudice is an essential element of an affirmative defense that a condition precedent was materially breached. Thus, the burden would be on the

proponent of the defense to provide prejudice sufficient to warrant the avoidance . . ." of liability).

The notice of intent to sue [ECF No. 171-1, p. 4], served three years ago and again recently, clearly segregates the amounts sought for unpaid minimum wage, from statutory liquidated damages, and statutory attorneys' fees and costs. Since the Defendants have never tendered nor averred that they would like to tender the MW demanded[5], the defense is entirely unavailable.

**<u>Only Opt-In Plaintiff Diaz has had his Claim Dismissed</u>**. While the underlying Motion is addressed to the asserted error in the Court's having dismissed the FMWA claim of Diaz, Defendants' response avoids mentioning Diaz altogether. Rather, Defendants argue that the FMWA claim of *Chavez* should *also* be dismissed. This is because Diaz joined this lawsuit months after it was filed. The only published case on this point is studiously avoided by the Defendants. The Court has recognized that there is no authority requiring pre-suit notice by putative class members. *See Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F.Supp.3d 1252, 1257 (2020).

### F.     Reply to "Plaintiffs' Analysis Of The FMWA Is Fatally Flawed."

Defendants argue without authority that because the FMWA includes a statutory attorneys' fees provision under a separate subsection of the statute, that the notice of intent to sue provision is required to be "strictly construed" as an attorneys' fees statute. To be clear, there is no authority for the proposition that the pre-suit notice requirement found at § 448.110(6)(a), Fla. Stat., is required to be strictly construed. The attorneys' fees provision of the FMWA is provided under a separate subsection. § 448.110(6)(c)(1), Fla. Stat.

### G.     Reply to "Plaintiffs Cannot Offer New Arguments In Their Reply."

The legal arguments are entirely *a fortiori*. No reply is required.

---

[5] /     Because only the employer has the obligation to maintain pay and timekeeping records, it is often impossible for the Plaintiff to accurately quantify the amount of the unpaid MW until after litigation commences. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

ANTHONY F. SANCHEZ, P.A.
ATTORNEYS FOR PLAINTIFFS
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.: 305-665-9211

BY:  /S/ ANTHONY F. SANCHEZ
       ANTHONY F. SANCHEZ
       FLORIDA BAR NO.789925
       AFS@LABORLAWFLA.COM

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
afs@laborlawfla.com
faz@laborlawfla.com
***Counsel for Plaintiffs***
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: 305-665-9211

Todd W. Shulby, Esq.
Florida Bar No.: 068365
tshulby@shulbylaw.com
llangford@shulbylaw.com
***Counsel for Defendants***
TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Tel: 954-530-2236
Fax: 954-530-6628
*Via Notice of Electronic Filing*

Brian H. Pollock, Esq.
Florida Bar No.: 174742
brian@fairlawattorney.com
***Co-Counsel for Defendants***
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Tel: 305-230-4884
*Via Notice of Electronic Filing*