UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:20-cv-22603-GOODMAN
[CONSENT]

**Erik Chavez**, individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**Grill Enterprises, LLC**, a Florida limited liability company, d/b/a "Los Parrilleros" and "Parrilleros Tavern", and;
**Ruben Sierra,** individually,

    Defendants.

## PLAINTIFFS' NOTICE OF COMPLIANCE AND OF FILING MEMORANDA OF LAW

Plaintiffs, by and through undersigned counsel and in accordance with the Court's "Order Re: Trial Rescheduling, Briefing and Questions" [ECF No. 185] and "Post-Hearing Administrative Order" [ECF No. 190], hereby submit their respective Memoranda of Law, attached as **Exhibits 1-12**, pertaining to the following described issues:

| Exhibit | Issue No. and Description |
|---|---|
| 1 | **Issue 1**: Whether an FMWA pre-suit demand letter is invalid if it seeks damages beyond those available in an FMWA claim? |
| 2 | **Issue 2**: Whether a defendant must have *received* the pre-suit, written notice in order for an employee to comply with the pre-suit notice requirements of the FMWA (or is evidence that a plaintiff *sent* the notice adequate)? |
| 3 | **Issue 3**: Whether a court (as opposed to a jury) determines before a jury trial whether the pre-suit written notice was sent and received? |
| 4 | **Issue 4**: Whether an opt-in plaintiff needs to send a separate pre-suit demand to pursue an FMWA claim if the initial plaintiff has already sent a pre-suit demand letter? |

| Exhibit | Issue No. and Description |
|---|---|
| 5 | **Issue 5**: Whether a tip pool is invalidated by the participation of an undocumented co-worker? [In earlier submissions, the parties have cited either immigration law or cases addressing the FLSA's applicability to undocumented *plaintiffs*. The Court is looking for on-point legal authority on this specific topic involving an undocumented worker other than the plaintiff, not general recitations about the law.] |
| 6 | **Issue 6**: Whether an invalid tip pool, improper tax withholdings, and/or credit card surcharges constitute tip confiscation under the FLSA? |
| 7 | **Issue 7**: On the issue of willfulness, whether an employer is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor? [The case cited by Defendants as authority for Proposed Jury Instruction No. 48 states that "[E]vidence of the DOL investigation is **relevant** to the good-faith defense and not outweighed by the risk of prejudice." *Garcia v. J&J, Inc*., No. 19-CV-60728, 2020 WL 209732, at *3 (S.D. Fla. Jan. 14, 2020) (emphasis added). It does not stand for the proposition in the proposed jury instruction that: "An employer was not reckless and did not willfully violate the FLSA and is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor, Wage and Hour Division."] |
| 8 | **Issue 8**: Whether the verdict form should include a special interrogatory asking the jury to determine if an employer is entitled to a tip credit or if the tip pool was valid/invalid (or questions about how the tip pool was invalidated)? Alternatively, if (after conferring) the parties agree that these types of questions do not need to be included in the verdict form, then the parties may state so in their submission. |
| 9 | **Issue 9**: Whether a plaintiff's damages are calculated by using the date of the lawsuit or the date of the opt-in notice, or the last day of employment? |
| 10 | **Issue 10**: Whether an initial joint pretrial stipulation can be superseded by a later joint pretrial stipulation when a court's operative scheduling order includes a deadline for the later-filed joint pretrial stipulation? In other words, must a party show "manifest injustice" before submitting changes in a later-filed joint pretrial stipulation, when the Court's operative scheduling order includes a deadline for the later-filed joint pretrial stipulation? |
| 11 | **Issue 11**: Is "unclean hands" an affirmative defense in an action for damages (as opposed to a defense when the Court is sitting in equity, such as in connection with a motion for injunctive relief)?<br>　　　[The Court's "Post-Hearing Administrative Order"<br>　　　[ECF No. 190] directed the parties to skip over this issue<br>　　　and proceed to Issue No. 12.] |
| 12 | **Issue 12**: Did Plaintiffs timely seek a claim for tip confiscation and, if not, what impact does that have on their damages claim? |

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

ANTHONY F. SANCHEZ, P.A.
ATTORNEYS FOR PLAINTIFFS
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.: 305-665-9211

BY: /s/ Anthony F. Sanchez
ANTHONY F. SANCHEZ
FLORIDA BAR NO.789925
AFS@LABORLAWFLA.COM

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
afs@laborlawfla.com
faz@laborlawfla.com
***Counsel for Plaintiffs***
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: 305-665-9211

Todd W. Shulby, Esq.
Florida Bar No.: 068365
tshulby@shulbylaw.com
llangford@shulbylaw.com
***Counsel for Defendants***
TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Tel: 954-530-2236
Fax: 954-530-6628
*Via Notice of Electronic Filing*

Brian H. Pollock, Esq.
Florida Bar No.: 174742
brian@fairlawattorney.com
***Co-Counsel for Defendants***
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Tel: 305-230-4884
*Via Notice of Electronic Filing*