**PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 1**

**Issue No. 1**: Whether an FMWA pre-suit demand letter is invalid if it seeks damages beyond those available in an FMWA claim?[1]

**A.     No binding (or published) authority for the proposition asserted.**

No. As a preliminary matter the notice of intent to sue in this case does not seek remedies "beyond those available" in the FMWA. Further, such a reading contravenes the controlling authority applicable to these remedial statutes by impermissibly requiring unsupervised waiver of substantive statutory rights and permitting untimely payment of wages. Also, there is no controlling or published authority in support of the proposition that a pre-suit notice of intent to sue is invalidated by including a demand for remedies available under the statute. The FMWA plainly states that "[a]ny person aggrieved by a violation of this section may bring a civil action for unpaid minimum wages . . . against an employer violating this this section . . . However, prior to bringing any claim for unpaid minimum wages . . ., the person aggrieved **shall notify the employer** alleged to have violated this section, in writing, **of an intent to initiate such an action**."

---

[1] /     As set forth in the fully briefed Plaintiffs' motion for relief from recent trial orders [ECF No. 181, 193], this issue is not even properly before the Court. Further, to the extent that this and related questions [ECF No. 185, p. 1, ¶¶1-4] bear upon the applicable MW under the FLSA and FMWA, the applicable MW rate is the same because employers in Florida are held to the higher MW. *Quintero v. DTM Enterprises, Inc.*, 2022 WL 2392477 (S.D. Fla. 2022), citing 29 U.S.C. 206(a)(1) and 29 C.F.R. § 541.4. The minimum wage in 2018 was $8.25/hour; in 2019, $8.46/hour; and in 2020, $8.56/hour. *Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1183 (11th Cir. 2022). See also *Touzout v. Am. Bet Car Rental KF Corp.*, No. 15-61767-CV, 2017 WL 2541225 (S.D. Fla. June 12, 2017)("courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009)."). Moreover, as a regulation promulgated by the DOL following notice-and-comment procedures (see 69 Fed. Reg. 22,260), § 541.4 receives deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), meaning it receives "**controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute**," *Id.* at 844. *See, e.g., U.S. v. Mead Corp.*, 533 U.S. 218, 230–31 (2001) (describing "notice-and comment" procedures "as significant . . . in pointing to *Chevron* authority (emphasis added).

§ 448.110(6)(a), Fla. Stat. (emphasis added). The relief available under the statute expressly includes "**the full amount of unpaid back wages unlawfully withheld plus the same amount as liquidated damages and** shall be awarded **reasonable attorney's fees and costs**." § 448.110(c)1, Fla. Stat. Thus, a plain reading suggests that notifying the employer "**of an intent to initiate such an action**" would *require* notifying the employer of the remedies available in "such an action". Further, since the statute also purports to require that the later civil action "**must be consistent with the contents of the notice**" (§ 448.110(6)(b), Fla. Stat.), it follows that "any claim for unpaid minimum wages" necessarily must include liquidated damages and attorney's fees. The statute does not say the employer can avoid substantive statutory remedies, by tendering MW. The statute speaks in terms of what the notice "must identify", namely: 1. "the minimum wage . . . entitlement"; 2. "the actual or estimated work dates and hours... and"; 3. "the total amount" due. § 448.110(6)(a), Fla. Stat.  Plaintiffs' notice identifies only statutory remedies available under law and fully complies.

**B.     The text of the FMWA does not support the reading suggested by *Johnson*; such a reading in inconsistent with the primacy of the substantive rights to mw.**

The notice provided in this case was neither invalid nor did it request relief unavailable under the FMWA. Such a reading is not grounded in the text of the FMWA.  Moreover, a reading of the FMWA that requires or encourages unsupervised settlement or waiver of substantive rights (liquidated damages, fees and cost, timely payment of wages) is contrary to controlling authority.

  **1.     Plaintiff's "notice of intent" to sue identifies relief available under the FMWA and Florida Constitution.**

Plaintiff's "notice of intent to initiate" a lawsuit against the Defendants requested only remedies which are *expressly available under the FMWA* which mirrors the FLSA by providing:

> Upon prevailing in an action brought pursuant to this section, ***aggrieved persons shall recover the full amount of any unpaid back wages*** unlawfully withheld ***plus***

***the same amount as liquidated damages*** and ***shall be awarded reasonable attorney's fees and costs***.

Fla Stat. §448.110(6)(c)1 (emphasis added).[2]

The Defendants would invalidate the Plaintiff's notice, not because it seeks relief unavailable, but rather upon the unsupportable idea that notice of <u>all</u> available FMWA relief implicitly ("inherently") deprives an employer of a statutory right to "cure" their failure to pay MW at a discount. According to the unpublished authority relied upon, an employer has no obligation to pay at least the constitutionally required minimum wage on pay day. Rather, the obligation to pay MW arises only 15 days after an employee delivers written notice. According to Defendants, the FMWA is less concerned with securing for workers their constitutional right to timely MW pay, but rather, is primarily concerned with securing for employers their right to avoid substantive statutory remedies by embedding a right to "cure" at a discount in the statute:

> [T]he FMWA provides that a notice of deficiency must state "the total amount of the alleged unpaid wages through the date of the notice." ***Inherently***, therefore, there is no allowance for inflating the amount allegedly owed by the inclusion of attorneys' fees, liquidated damages, or any other factor. The FMWA is primarily concerned with properly compensating an employee, and as such it provides an *opportunity for an employer to **"cure"**[3] upon receipt of proper notice*. Permitting counsel to inflate the notice of deficiency would therefore undercut the statutory intent of the Florida Minimum Wage Act.

---

[2]/   The FLSA provides almost identical language:

**(b) Damages; right of action; attorney's fees and costs . . .**
Any employer who violates the provisions of section 206 or section 207 of this title ***shall be liable to the employee or employees*** affected ***in the amount of their unpaid minimum wages,*** . . . ***and in an additional equal amount as liquidated damages*** . . . An action to recover the liability prescribed in the preceding sentences may be maintained . . . ***The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action***.

29 U.S.C. §216(b).

[3] / The quoted word "cure" is not in the statute. See Fla. Stat. § 448.110.

*Johnson v. Nobu, LP*, 2011 WL 772874, at *1 (S.D. Fla. Feb. 28, 2011) (emphasis added).

The problems with the inverted reasoning of *Johnson* are multi-fold. For example, the "inherent" right to "cure" is absent from the text of the statute. The FMWA does not say anything about an employer's right to avoid substantive statutory liability by tendering unpaid MW only. Moreover, the FMWA does not preclude a demand for full statutory relief. What the statute purports to require is that a person aggrieved "shall notify the employer . . . in writing, of an intent to initiate such an action. § 448.110(6)(a), Fla. Stat. It is internally incongruous to *exclude* available remedies from the notice. Further, the suggestion that waiver of substantive rights is *required* as a condition precedent to demanding them is contrary to the mutual purpose of the remedial statutes.

It is clear from both the Florida Constitution and FMWA that Courts must look to the FLSA, case law, regulations to interpret their meaning. The Eleventh Circuit Court of Appeals has made clear, in a published opinion that the FMWA is interpreted as "consistent" with the FLSA:

> The FMWA is to be interpreted as consistent with the FLSA . . . accord Fla. Const. art. X, § 24(f) ("It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations.").

*Llorca v. Sheriff, Collier Cnty., Fla.*, 893 F.3d 1319, 1328 (11th Cir. 2018). Similarly, one of the few trial court opinions interpreting the statute specifically recognizes:

> In Florida, the FMWA expressly adopts the statutory and regulatory provisions of the FLSA, so the claims are co-extensive and will be considered together. Fla. Const. art. X, ¶ 24.

*Villarino v. Pacesetter Inc.*, No. 20-60192-CIV, 2023 WL 2471286 (S.D.Fla. Jan. 3, 2023).

### 2. The FMWA cannot be read to require the waiver of substantive rights as a condition precedent to asserting them.

The notion that hourly wage workers must offer to waive substantive rights as a condition precedent to asserting them is contrary to controlling authority establishing the purpose and remedial nature of the right to MW. Statutory rights and remedies (including awards of liquidated

4

damages and attorneys' fees) are substantive in nature and cannot be waived in unsupervised pre-suit bargaining. The premise of the Defendants' assertion is the Plaintiffs are required to waive their substantive rights and afford their employer the opportunity to avoid statutory liability by "tendering" no more than the unpaid minimum wages which employers failed to timely pay on pay day. This suggestion is contrary to controlling authority. It is well settled by controlling authority that substantive rights under these remedial statutes cannot be waived. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981). In fact, settlements between employers and employees are entirely unenforceable unless they are the subject of scrutiny in the context of contested litigation or when supervised by the Secretary of the DOL. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). It is also well-settled that hourly wage workers are entitled to payment of their statutory wages on pay day, and that liability for liquidated damages "arises immediately" when the minimum wage is not timely paid on pay day. *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1944).[4]

Where the U.S. Supreme Court and Eleventh Circuit have long recognized the disparate power structure inherent to negotiations between an employer and an hourly wage employee, the *Johnson* interpretation of the FMWA would ***require*** that an employee first approach his employer, hat in hand, and essentially offer to waive substantive rights as a condition precedent to seeking relief available under the very statute in question.

---

[4] / Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).