## PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 2

**Issue No. 2**: Whether a defendant must have *received* the pre-suit, written notice in order for an employee to comply with the pre-suit notice requirements of the FMWA (or is evidence that a plaintiff *sent* the notice adequate)?

**A.**   **There is no binding authority in support of the idea that an employee must prove that the defendant *received* an employee's "Notice of Intent".  There is no question of fact pertaining to Plaintiff's compliance with the "pre-suit notice" requirements since the allegation of compliance is deemed admitted by the failure of the Defendants to *deny* compliance "specifically and with particularity". Also, from an evidentiary standpoint, the fact of Plaintiff's compliance is unrebutted.**

There is no binding authority and no published authority (nor unpublished authority) that employees must prove their employer *received* a "notice of intent to sue" before filing suit. The FMWA only purports to require that "the person aggrieved shall ***notify*** the employer. . ., in writing, of an intent to initiate such an action." § 448.110(6)(**a**), Fla. Stat. (emphasis added). It is only the subsequent subsection of the FMWA that raises the idea of what *an employer* may do within 15 days of "receipt"; specifically: "[t]he employer shall have 15 calendar days after ***receipt*** of the notice **to pay** the total amount of the unpaid wages or otherwise resolve the claim **to the satisfaction of the person aggrieved**." § 448.110(6)(**b**), Fla. Stat. (emphasis added). The statute does not define the terms "notify" or "receipt" (Fla. Stat. § 448.101), nor does it prescribe a form of "notice of intent"[1], but it is clear that the statute uses "notify" in describing employee obligation, "receipt" to describe what the employer must due within 15 days thereof.

Since the statute fails to define "notify" or "notice" we turn to other sources to demonstrate Plaintiff's compliance. Rule 5, Fed. R. Civ. P., is instructive since it contemplates the manner in which notice is provided to litigants. The Rule specifically requires that "a written notice, . . . demand, offer of judgment, or any other similar paper" . . . "must be served on every party". Rule

---

[1] /   Compare statutes which specifically prescribe a form of pre-suit notice. Fla. Stat. § 772.11(1) Civil theft statute; Fla. Stat. § 68.065(4) Worthless check statute.

5(a)(e), Fed. R. Civ. P. The rule also provides service may be provided, *inter alia*, by: "(A) handing it to the person; (B) leaving it: (i) at the person's office . . . (C) **mailing it to the person's last known address—in which event <u>service is complete upon mailing</u>** . . ." Rule 5(a)(e), Fed. R. Civ. P. (emphasis added). Similarly, under the Florida Rules of General Practice and Judicial Administration service is accomplished by email which is "**complete on the date it is sent**" (Rule 2.516(b)(1)(E), Fla. R. Gen. Prac. & Jud. Admin.), or by mail which is likewise "**complete upon mailing**." Rule 2.516(b)(2), Fla. R. Gen. Prac. & Jud. Admin.

As will be discussed below, Plaintiff alleged in pleading that he complied with the "notice of intent" provision. That allegation is deemed admitted by the failure of the Defendants to deny "specifically and with particularity" in pleading. Moreover, from an evidentiary standpoint, compliance is averred by a verified response [ECF No. 171] to a Court Order. This remains unrebutted by Defendants. There is no allegation or evidence that Plaintiff has not complied with any condition precedent, so compliance is deemed admitted.

**B.      Plaintiff has complied with the "notice of intent to sue" requirement.**

Plaintiffs have complied with the pre-suit notice requirement which Defendants have failed to adequately deny, or rebut with evidence. Notice to the Defendants was completed in redundance by both mail and email which are complete upon mailing/sending, respectively. Moreover, the Defendants make clear that they are not prejudiced since they have not tendered any payment or indicated any desire to tender payment long after 15 days of their receipt of the notice.

**1.      Defendants are barred from raising any supposed "lack of statutory notice" by failing to plead "with particularity".**

Rule 9(c), Fed. R. Civ. P. makes clear that non-performance of a condition precedent must be plead "with particularity". The failure to do so nullifies the defense:

> If . . . the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.

*Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982), cited with approval by *Ingersoll v. Hoffman*, 589 So.2d 223, 225 (Fla. 1991). The result is the same under Rule 9(c), Fed. R. Civ. P., as under the Rule 1.120(c), Fla. R. Civ. P. *Id.* Thus, there is no question of law or fact pertaining to the performance of a condition precedent. Only once the defendant has made a specific denial of a condition precedent does the burden revert to the claimant to prove the satisfaction thereof. *Griffin v. Am. Gen. Life & Accident Ins. Co.*, 752 So.2d 621, 623 n.1 (Fla. 2d DCA 1999). For example, in the context of a Title VII case, where the plaintiff undisputedly filed his complaint more than 90 days following receipt of the notice of right to sue, the Court determined that it was insufficient pleading under Rule 9(c) for the defendant to have denied that plaintiff "timely filed his complaint" or that it had pleaded a defense alleging that "Plaintiff's claims are barred by his failure to exhaust administrative remedies and satisfy conditions precedent prior to instituting this action." *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360, 1369-70 (M.D. Ga. 2002), cited with approval by *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010). The pleading was insufficient for failure to mention "the ninety-one days, the date the right-to-sue was received, the date the Complaint was filed, or any other fact that could have indicated that the Defendant intended to assert that Plaintiff had failed to meet the condition precedent of filing within ninety days of receipt of the right-to-sue". *Wilshin*, 212 F. Supp. 2d at 1370.

In this case, the Defendants have, at the "eleventh hour", recently suggested non-compliance with a supposed condition precedent without making any reference to the statute[2],

---

[2] /    In the context of statutory notice under Fla. Stat. § 768.28(6), even mentioning the failure to give statutory notice in an affirmative defense is insufficient where the pleading lacks specificity and particularity. *Gardner v. Broward County*, 631 So. 2d 319, 321 at n.1 (Fla. 4th DCA 1994).

without pleading "condition precedent", and without mentioning any 15-day "cure" period, or alleging the nature or any prejudice. A party entitled to notice as a condition precedent must also allege and establish prejudice by the supposed lack of notice. *See Gorel v. Bank of New York,* 165 So. 3d 44, 47 (Fla. 5th DCA 2015); *see also Denton v. HSBC Bank USA, N.A.*, 290 So. 3d 72, 75, n. 1 (Fla. 4th DCA 2020) (". . . prejudice is an essential element of an affirmative defense that a condition precedent was materially breached. Thus, the burden would be on the proponent of the defense to provide prejudice sufficient to warrant the avoidance . . .").

> 2.      **The purpose of notice requirements is to ensure early notice happens and to encourage settlement. Fact questions must be resolved early.**

The Defendants attempt to reduce the litigation of remedial hourly wage claims into a "sport of clever knaves". *Jones v. Sec. & Ech. Comm'n*, 298 U.S. 1, 31-32 (1936) (Benjamin J. Cardoza, dissenting opinion). As many courts have emphasized, statutory notice requirements are not intended to provide special "gotcha" benefits to defendants hoping to "sandbag" plaintiffs. *See VonDrasek v. City of St. Petersburg*, 777 So. 2d 989, 991 (Fla. 2d DCA 2000).[3] Further, dismissal is not even an appropriate remedy for lack of "notice" since it causes prejudice. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018). The remedy for notice is notice, not dismissal. See *Beardsley v. Admiral Ins. Co.*, 647 So. 2d 327, 330 (3d DCA 1994). However, as detailed in the following section, evidence of compliance is unrebutted.

> 3.      **Compliance with the statutory requirement is established by pleading and unrebutted evidence.**

It is worth reiterating that the Plaintiff alleged compliance with all conditions precedent, and that Defendants', by failing to specifically plead otherwise, have effectively "admitted"

---

[3] /      *See also Cabot v. Clearwater Construction Co.*, 89 So.2d 662, 664 (Fla.1956) ("No longer are we concerned with the 'tricks and technicalities of the trade'".); *Gardner v. Broward County*, 631 So.2d at 321 ("The 'gotcha' school of litigation' will not be tolerated", quoting *Salcedo v. Asociacion Cubana, Inc.*, 368 So. 2d 1337 (Fla. 3d DCA 1979)).

compliance. *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d at 1010. Compliance with the pre-suit notice of intent to sue is also established by a *verified* response in the record [ECF No. 171] which remains unrebutted and is the only evidence before the Court on the point. Defendants have not provided any affidavit from Defendants or their registered agent.

       4.       **The Right to Florida MW is a self-executing Constitutional right.**

The right to Florida MW is derived from the Florida Constitution, amended by referendum in 2004. Section 24 (e) specifically creates an unconditional constitutional right to bring a lawsuit to collect unpaid MW. Subsection (f) makes clear that "Implementing legislation is not required... to enforce this amendment." The pre-suit requirement found in Fla. Stat. § 448.110(6)(a), which the Defendants do not even plead, was not enacted until December 12, 2005. Amendments to the Florida Constitution are governed by provisions of the Constitution (*Thomas v. State ex rel. Cobb*, 58 So. 2d 173 (Fla. 1952)) which may not be modified amended or repealed by legislative enactments or even judicial interpretation. *Sparkman v. State ex rel. Scott*, 58 So. 2d 432, 432 (Fla. 1952). Moreover, the constitutionality of a statute should be determined by its practical operation and effect. *Gray v. Central Florida Lumber Co.*, 141 So. 604 (Fla. 1932). The practical effect of the statutory condition precedent requirement is to create a procedural barrier to remedy a self-executing constitutional right. *Alvarado v. Robo Enterprises, Inc.*, No. 6:15-CV-1420-ORL-40KRS, 2016 WL 11566330 (M.D. Fla. Jan. 6, 2016), report and recommendation adopted, No. 6:15-CV-1420-ORL-40KRS, 2016 WL 11566331 (M.D. Fla. June 2, 2016), citing *Bates v. Smuggler's Enters., Inc.*, No. 2:10-cv-136-FtM-29DNF, 2010 U.S. Dist. LEXIS 85378, at *8 (M.D. Fla. Aug. 19, 2010) ("Article 10, Section 24 [of the Florida Constitution] is self-executing and establishes a private cause of action.") and *Throw v. Republic Enter. Sys., Inc.*, No. 8:06-cv-724-T-30TBM, 2006 WL 1823783, at *2, 2006 U.S. Dist. LEXIS 46215, at *6 (M.D. Fla. June 30, 2006).