**PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 3**

**Issue No. 3**: Whether a court (as opposed to a jury) determines before a jury trial whether the pre-suit written notice was sent and received?

A. **No binding (or published) authority determining who resolves any question of fact, since it is not jurisdictional or an element of any claim. The purpose of "notice" is to provide notice early in the case.**

There is no binding authority for the idea that a determination is required, or that it must be made by the Court or a jury. However, the issue is required to be raised early in the case to facilitate notice and avoid prejudice. *VonDrasek v. City of St. Petersburg*, 777 So. 2d 989, 991-92 (Fla. 2d DCA 2000). There *is* binding authority for the proposition that there is no question before the Court regarding the supposed non-performance of a condition precedent. Such a defense must be raised early pled "specifically and with particularity". *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982). This is true both under Rule 9(c), Fed. R. Civ. P., and under Rule 1.120(c), Fla. R. Civ. P., which are the same. *Id.*; *Ingersoll v. Hoffman*, 589 So. 2d 223, 225 (Fla. 1991); When a defendant fails to deny the occurrence of a condition "specifically and with particularity", they have no right to demand proof. *See Cooke v. Ins. Co. of N. Am.,* 652 So.2d 1154, 1156 (Fla. 2d DCA 1995); *Scarborough Assocs. v. Financial Federal Savings & Loan Ass'n of Dade Cnty.*, 647 So.2d 1001, 1004 (Fla. 3d DCA 1994). Only upon specific and particular denial does the burden revert to the claimant. *Griffin v. Am. Gen. Life & Accident Ins. Co.*, 752 So.2d 621, 623 n.1 (Fla. 2d DCA 1999). "[T]o construct a proper denial under the rule, a defendant must, at a minimum, identify both the nature of the condition precedent and the nature of the alleged non-compliance or nonoccurrence." *Deutsche Bank Nat'l Tr. Co. v. Quinion*, 198 So. 3d 701, 703-04 (Fla. 2d DCA 2016); *Bank of Am., Nat'l Ass'n v. Asbury*, 165 So. 3d 808, 810-11 (Fla. 2d DCA 2015); *Cooke v. Ins. Co. of N. Am.*, 652 So. 2d 1154, 1156 (Fla. 2d DCA 1995); *Paulk v. Peyton*, 648 So. 2d 772, 774 (Fla. 1st DCA 1994). In the context of a Title VII case, where the plaintiff

undisputedly filed his lawsuit more than 90 days following receipt of the notice of right to sue, the Court determined that it was insufficient pleading under Rule 9(c) for the defendant to have denied that plaintiff "timely filed his complaint" or for it to have pled a defense alleging that "Plaintiff's claims are barred by his failure to exhaust administrative remedies and satisfy conditions precedent prior to instituting this action." *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360, 1369-70 (M.D. Ga. 2002), *cited* with approval, *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010). There, the defense was held insufficient for failure to plead "the ninety-one days, the date the right-to-sue was received, the date the Complaint was filed, or any fact that could have indicated that the Defendant intended to assert that Plaintiff had failed to meet the condition precedent of filing within ninety days of receipt of the right-to-sue". *Wilshin*, 212 F. Supp. 2d at 1370.

**B.**     **The question of whether there has been noncompliance with a statutory notice requirement condition precedent almost always occurs upon timely motion to dismiss, however, the determination must occur before prejudice accrues.**

Statutory notice requirements are not jurisdictional. A properly raised defense typically arises early by way of a motion to dismiss. Plaintiffs are not aware of any authority suggesting that any asserted lack of statutory notice is properly determined by a jury because waiting until trial to properly frame or raise the issue defeats the purpose of statutory notice requirements.

**1.     By failing to plead non-occurrence of a condition precedent "specifically and with particularity", the Defense is barred.**

Under controlling authority, Rule 9(c) makes clear that the non-performance of a condition precedent must be pleaded specifically and "with particularity". Rule 9(c), Fed. R. Civ. P. The failure to so plead bars the defense:

> If . . . the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.

2

*Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982), cited with approval by *Ingersoll v. Hoffman*, 589 So.2d 223, 225 (Fla. 1991). The result is the same under Rule 9(c), Fed. R. Civ. P., as under the Rule 1.120(c), Fla. R. Civ. P. *Id.*

"[T]o construct a proper denial under the rule, a defendant must, at a minimum, identify both the nature of the condition precedent and the nature of the alleged non-compliance or nonoccurrence." *Deutsche Bank Nat'l Tr. Co. v. Quinion*, 198 So. 3d 701, 703-04 (Fla. 2d DCA 2016); *Bank of Am., Nat'l Ass'n v. Asbury*, 165 So. 3d 808, 810-11 (Fla. 2d DCA 2015); *Cooke v. Ins. Co. of N. Am.*, 652 So. 2d 1154, 1156 (Fla. 2d DCA 1995); *Paulk v. Peyton*, 648 So. 2d 772, 774 (Fla. 1st DCA 1994). In the context of a Title VII case, where the plaintiff undisputedly filed his complaint more than 90 days following receipt of the notice of right to sue, the Court determined that it was insufficient pleading under Rule 9(c) for the defendant to have denied that plaintiff "timely filed his complaint" or that it had pled a defense alleging that "Plaintiff's claims are barred by his failure to exhaust administrative remedies and satisfy conditions precedent prior to instituting this action." *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360, 1369-70 (M.D. Ga. 2002), cited with approval by *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010).

In this case, the Defendants fail to plead such non-compliance specifically and with particularity. Defendants purport to raise a statutory notice requirement as a condition precedent without making any reference to the statute[1] in question and without even articulating "condition precedent". In "eleventh hour" briefings on this supposed defense, Defendants allege they were entitled to receive a statutory "notice of intent to sue", and that they were entitled to be afforded a 15-day period within which to "tender" the full amount of a specifically calculated unpaid

---

[1] / In the context of statutory notice under Fla. Stat. § 768.28(6), mentioning the statute in an affirmative defense was insufficient; the defense still requires specificity and particularity in pleading. *Gardner v. Broward County*, 631 So. 2d 319, 321 at n.1 (Fla. 4th DCA 1994).

3

minimum wage only. However, the Defendants' pleadings make no reference to the 15-day period nor is there *any* suggestion that they are prejudiced. A party entitled to notice as a condition precedent to the exercise of a right must allege and establish that they were prejudiced. *See Gorel v. Bank of New York,* 165 So. 3d 44, 47 (Fla. 5th DCA 2015); *see also Denton v. HSBC Bank USA, N.A.*, 290 So. 3d 72 (Fla. 4th DCA 2020). Defendants have not alleged (as part of their duty to plead with specificity), nor do they now submit, that they were denied the opportunity to tender the unpaid minimum wage. *Id*. at p. 75, n.1 (". . . prejudice is an essential element of the affirmative defense that a condition precedent was materially breached. Thus, the burden would be on the proponent of the defense to provide prejudice sufficient to warrant the avoidance . . ."). Accordingly, Defendants are barred from raising this issue by failing to plead, and by failing to even proffer evidence of prejudice resulting from the falsely alleged lack of notice.

    **2.**    **The purpose of statutory notice requirements is to ensure early compliance and encourage early resolution of claims. As such, fact questions must be resolved early in the case.**

The Defendants attempt to reduce the litigation of remedial hourly wage claims into a "sport of clever knaves". *Jones v. Sec. & Ech. Comm'n*, 298 U.S. 1, 31-32 (1936) (Benjamin J. Cardoza, dissenting opinion). As many courts have emphasized, statutory notice requirements are not intended to provide special "gotcha" benefits to defendants hoping to "sandbag" plaintiffs on the eve of trial. *VonDrasek v. City of St. Petersburg*, 777 So. 2d at 991.[2] Rather, notice requirements represent a tool designed to identify and encourage settlement of claims without expensive, extended litigation. *Id*., citing *Kuper v. Perry*, 718 So. 2d 859, 860 (Fla. 5th DCA 1998); *Williams v. Henderson*, 687 So. 2d 838 (Fla. 2d DCA 1996); *Gardner v. Broward County*, 631

---

[2] /     *See also Cabot v. Clearwater Construction Co.*, 89 So.2d 662, 664 (Fla.1956) ("No longer are we concerned with the 'tricks and technicalities of the trade'".); *Gardner v. Broward County*, 631 So. 2d 319, 321 (Fla. 4th DCA 1994) ("The 'gotcha' school of litigation will not be tolerated", quoting *Salcedo v. Asociacion Cubana, Inc.*, 368 So. 2d 1337 (Fla. 3d DCA 1979)).

So. 2d 319, 321 (Fla. 4th DCA 1994). Pleadings are intended to disclose each party's positions on the legal issues involved in the lawsuit and, as such, particularly with respect to conditions precedent to sue, it is necessary that such pleadings be set forth "specifically and with particularity". *See VonDrasek v. City of St. Petersburg*, 777 So. 2d at 991, citing *Ingersoll v. Hoffman*, 589 So. 2d 223 (Fla. 1991). Waiting until the time for filing a motion for summary judgment was too late even for even a *valid* defense since courts are unwilling to wait over two years for Defendants to frame the issue. *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d at 1370.

However, as detailed below, in this case, the evidence is unrebutted and clear that Plaintiff complied with the pre-suit notice requirement.

### 3. Compliance with the statutory requirement is established by the Plaintiff's pleading and by a subsequent verified response to a Court order, which remains unrebutted.

Plaintiff alleged compliance with the pre-suit notice requirement. Defendants' failure to specifically plead otherwise works as an "admission". *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d at 1010. As such, there is no determination to be made. Further, compliance with the pre-suit notice of intent to sue requirement is also established by a *verified* response [ECF No. 171] which establishes Plaintiff's compliance. This evidence is unrebutted. Defendants have neither provided an affidavit from either Defendant or the registered agent, although they have had ample opportunity within which to do so. To be clear, there is absolutely no evidence before the Court that the Plaintiff has *not* complied with the statutory requirement. Compliance has been admitted by pleading and it is established by the only evidence before the Court.

Because compliance with the statute is admitted as a matter of pleading, and because compliance is established by evidence which remains unrebutted, there is no question on this defense to be determined by the Court, pretrial or post-trial, or by the jury at trial.