## PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 4

**Issue No. 4**: Whether an opt-in plaintiff needs to send a separate pre-suit demand to pursue an FMWA claim if the initial plaintiff has already sent a pre-suit demand letter?

A. **No. There is no authority for the idea that an opt-in plaintiff must provide pre-suit notice under FMWA. Published authority suggests otherwise.**

There is neither controlling nor published authority in support of the proposition that an opt-in plaintiff is required to send a separate "pre-suit demand" as a condition precedent to *joining* a lawsuit which has already been filed. The only published case addressing the issue specifically notes the absence of any case law on this point and specifically concluded that for purposes of a motion to dismiss, a representative plaintiff had satisfied the supposed pre-suit notice requirement when he delivered pre-suit notice on behalf of himself and on behalf of all putative class members as well. *Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F. Supp. 3d 1252, 1257 (S.D. Fla. 2020).

B. **An opt-in plaintiff is not required to provide pre-suit notice. An opt-in plaintiff may join the case by filing a written consent to join**.

There is no authority to support the idea that an Opt-in Plaintiff must provide "pre-suit notice. There *is* controlling authority to support that dismissal under the circumstances of this case is clear error since it prejudices a litigant unnecessarily. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280-81 (11th Cir. 2018). An opt-in plaintiff becomes a party in the action upon filing a consent to join and nothing else is required of him. *Id*. at 1278. The remedy for lack of notice is notice, not dismissal. See *Beardsley v. Admiral Ins. Co.*, 647 So. 2d 327, 330 (Fla. 3d DCA 1994).

   1. **There is no authority to support that an opt-in plaintiff must provide pre-suit notice.**

As a preliminary matter, the Plaintiffs note that the requirement of §448.110(6)(a), Fla. Stat., is not correctly characterized as a "pre-suit demand letter". Rather, the referenced provision is more aptly described as a "pre-suit notice" requirement. Indeed, the statute provides:

> *Any person aggrieved* by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved *shall notify* the employer alleged to have violated this section, in writing, *of an intent to initiate such an action*. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

§ 448.110(6)(a), Fla. Stat. After receiving the notice, the employer has 15 calendar days to resolve the matter to Plaintiffs satisfaction. *Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F.Supp.3d 1252, 1256 (2020), citing Fla. Stat. § 448.110(6)(b). It is notable that in the nearly 20 years since the statute was enacted by the Florida Legislature, there have been exactly zero published or unpublished opinions from state courts interpreting the meaning of the supposed statutory condition precedent provision of § 448.110(6)(a), Fla. Stat. Almost all of the authority interpreting this subsection is from unpublished federal cases. The only published authority recognizes that the Florida statute must be read consistently with its federal predecessor (the FLSA). *Llorca v. Sheriff, Collier Cnty., Fla.*, 893 F. 3d 1319, 1328 (11th Cir. 2018) ("The FMWA is to be interpreted as consistent with the FLSA.") Indeed, "the FMWA expressly adopts the statutory and regulatory provisions of the FLSA, so the claims are co-extensive" and must be considered together. *Villarino v. Pacesetter Pers. Serv., Inc.*, No. 20-60192-CIV, 2023 WL 2471286 at *1, fn. 2 (S.D. Fla. Jan. 3, 2023). *See also* Fla. Const. art X, s. 24(b) ("As used in this amendment, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations."); Fla. Const. art X, s. 24(f) ("... It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations."); § 448.110(3), Fla. Stat. ("Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall

be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein.").

In the *Villarino* case, the defendant employer filed a motion to dismiss based upon the alleged failure of a putative class member to provide pre-suit notice. The defendant maintained that while the named plaintiff had sent a notice letter, it did "not specifically list the other named or opt-in plaintiffs." *Id*. at 1257. The district court found that no such authority was provided:

> [T]he Court concludes that Plaintiffs have satisfied the notice requirement. Neither party has presented any case law concerning the statutory notice requirement and the realities of class action litigation. Taking Defendants' position to the extreme, maintenance of a class action under the FMWA would require notice from every putative class member before suit is filed.

*Id*.

In the case at hand, Plaintiff Erik Chavez complied with the supposed pre-suit notice requirement by delivering notice to the employer and its principle by email and U.S. mail to the employer's registered agent, and by U.S. mail to the employer's sole owner and principle. See ECF No. 171. The representative Plaintiff, Erik Chavez, provided "pre-suit notice" both on behalf of himself and on behalf of others similarly situated. However, the Court dismissed the FMWA and Florida Constitution claims of opt-in Plaintiff Leonel Diaz because he had not himself provided "pre-suit notice" before joining a lawsuit already pending before the Court.[1] The Court

---

[1] / The Court did so notwithstanding the fact that the supposed non-compliance with the statutory condition precedent provided under § 448.110(6)(a), Fla. Stat., is not mentioned anywhere in the pleadings. Neither did the Defendants file any motion to dismiss for such failure of an alleged condition precedent, and they did not raise it in two separate summary judgment briefings. Indeed, the issue was not part of a pretrial stipulation entered into between the parties in November 2021. Rather, the issue was raised for the first time only in a pretrial conference which took place fully two months after the case had been specially set for trial. Over the Plaintiffs' objections, during the pretrial conference, the Court ordered both parties to brief this issue and

did so *sua sponte* and without any motion having been filed seeking such relief. The basis for dismissing the FMWA claim was premised upon the idea that the opt-in Plaintiff, Leonel Diaz, who joined this lawsuit approximately six (6) months after it was filed, had failed to comply with the supposed pre-suit notice requirement. The Court relied on no authority whatsoever for the proposition that Plaintiff Diaz's FMWA claim should be dismissed. Moreover, the Court conspicuously failed to mention the published *Villarino* case making clear that there was *no authority* for the proposition that an opt-in plaintiff is required to provide "pre-suit notice".

2. **An opt-in plaintiff becomes a party by filing a consent to join under § 216(b) and nothing else is required.**

The FLSA expressly permits that a representative employee may maintain an action to recover unpaid minimum wages against any employer in any federal or state court, and that he may do so on behalf of himself and any "other employees similarly situated." 29 U.S.C. § 216(b). As an Opt-in Plaintiff Diaz became a party to this case upon filing his consent to join in accordance with §216(b). An Opt-in becomes a party in the action upon filing a consent to join and nothing else is required of him. *Mickles v. Country Club Inc.*, 887 F.3d at 1278 (11th Cir. 2018). Indeed "by referring to opt-in plaintiffs as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same *status in relation to the claims of the lawsuit as do named plaintiffs*". *Id*. quoting *Prickett v. DeKalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003) (emphasis added).

There is nothing in either the FLSA or the FMWA prohibiting a representative employee from providing notice to an employer of an intent to bring such an action on behalf of others similarly situated. In this case, the pre-suit notice delivered by the representative Plaintiff, Erik

---

dozens of other issues raised for the first time at the pretrial conference, and then *sua sponte* dismissed the opt-in Plaintiff's claim under the FMWA and Florida Constitution. However, within moments of receiving the Plaintiffs' motion for relief [ECF No. 181] from the Court's various trial orders entering relief for the Defendants on issues which had never been raised, the Court *sua sponte* canceled the special set trial the Sunday afternoon prior to the Monday morning trial date.

4

Chavez, specifically stated that he was providing notice both individually and on behalf of others similarly situated. He did not, and could not, have known who or when any other employee of the Defendants in this case might elect to join by filing their consent to join. Similarly, the opt-in Plaintiff Leonel Diaz could not have provided "pre-suit notice" as a condition precedent to joining a lawsuit which had already been filed by someone else. Plaintiff Diaz could not provide written notice of "an intent to initiate such an action" as contemplated by the statute when he did not intend to "initiate such an action" but, rather, intended to join a lawsuit which had already been filed. He became a party upon consenting to join and achieved the same status as the representative plaintiff.

### 3. Dismissal of Diaz's claim causes prejudice and in contrary to controlling authority.

Obviously, Diaz is prejudiced by the unlawful dismissal of his FMWA case. While the dismissal purports to be "without prejudice" the prejudice attaches since he might have to try the same case twice. Dismissal also prejudices both Plaintiffs because of the confusion created by the Courts order suggesting the Plaintiffs will be entitled to seek different MW rates for work at the same place during the same periods. Further, Defendant will argue that the FMWA statute of limitations continued to toll while Defendants pretended to have not "received" their "notice". Under these circumstances, dismissal without prejudice is highly prejudicial and tantamount to dismissal with prejudice. *Mickles v. Country Club Inc.*, 887 F.3d at 1280-81 (11th Cir. 2018); see also *Beardsley v. Admiral Ins. Co.*, 647 So. 2d at 330.

The Florida Constitution and FMWA expressly refer to the FLSA, its implementing regulations, and caselaw interpreting it, as the guiding framework to be adopted in interpreting FMWA. Dismissal of an opt-in plaintiff's claim essentially prohibits similarly situated employees from joining existing lawsuits. Diaz was not required to provide notice, he is a party by virtue of compliance with §216(b), and his case was dismissed in clear violation of controlling authority.