**PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 5**

**Issue No. 5**: Whether a tip pool is invalidated by the participation of an undocumented co-worker? [In earlier submissions, the parties have cited either immigration law or cases addressing the FLSA's applicability to undocumented *plaintiffs.* The Court is looking for on-point legal authority on this specific topic involving an undocumented worker other than the plaintiff, not general recitations about the law.]

A. **There is no controlling authority on point, as this is an issue of apparent first impression. However, there is controlling authority for the proposition that a tip pool is valid only when all participants are "employees who *customarily* and regularly receive tips." Since an undocumented worker cannot lawfully work or collect any remuneration from work, it cannot be said that such a worker "customarily" receives tips, or that he is "eligible" to participate. A worker who is not legally "eligible" to work is neither eligible to receive compensation. Employers may not require protected employees to compensate undocumented workers, and thereby implicate them in employer lawlessness.**

**Tip Pool Limitations.** The plain language of the statutes and regulations make clear that employers are prohibited from using their employees' tips for any purpose other than through required participation in a valid "tip pool". 29 U.S.C. § 203(m)(2)(A) and (B); 29 C.F.R. § 531.52; 29 C.F.R. § 531.59; 29 C.F.R. § 531.54; 29 C.F.R. § 531.35; 29 C.F.R. § 531.50.[1] The same authority makes clear that a tip pool is invalidated by participation of any person or entity who is not a "tipped employee". A "tipped employee" is one who "*customarily* and regularly receives . . . tips." 29 U.S.C. §203(t). Participants must be eligible to receive tips. 29 C.F.R. §531.54(b)(1)

**Undocumented Work is Unlawful**. It is unlawful for employers to knowingly hire undocumented workers or to hire any individual without verifying their eligibility for employment. *Hoffman Plastic Compounds v. Nat'l Labor Relations Bd.*, 535 U.S. 137, 141 (2002); 8 U.S.C. § 1324a (a), (b), (h)(3). Violations of these requirements subject violators to criminal penalties. 8 U.S.C. § 1324a (f).

---

[1] / See also Plaintiffs' Memorandum directed to "Issue to Briefed" Nos. 6 and 12 filed simultaneously herewith.

It is incongruous to suggest that a worker who is not legally eligible to work should nevertheless be considered eligible to receive tips or any other compensation from work. An undocumented worker cannot "customarily" receive tips since employing and compensating an undocumented person is unlawful, and by definition outside of acceptable custom. Only the Employer should be liable to fully pay the undocumented workers he hires, and the Employer is not permitted to use resources of his other employees to underwrite his unlawful conduct. Neither should protected employees be implicated in the unlawful conduct of their employers.

**B.    An unlawfully employed worker may not participate in a valid tip pool.**

One who is ineligible to work is neither eligible to receive tips as compensation for work.

1. **A tip pool participant must be "eligible" to receive tips and must "customarily" and regularly receive them. These requirements are inconsistent with, and mutually exclusive of, unlawful employment.**

   a. **Tips belong to the worker who collects them and employers may not take them for any purpose.**

Tips belong to the employees who receive them, and employers may not use their employees' tips for any purpose other than to require contributions into a valid tip pool. 29 U.S.C. § 203(m)(2)(A) and (B); 29 C.F.R. § 531.52; 29 C.F.R. § 531.59; 29 C.F.R. § 531.54; 29 C.F.R. § 531.35; 29 C.F.R. § 531.50. Only "eligible" employees who "customarily . . ." receive tips may legitimately participate in a tip pool. 29 U.S.C. §203(t); 29 C.F.R. §531.54(b)(1). In other words, only "*other employees who are eligible to receive tips*" may participate in a valid tip pool. *Id*.

   b. **It is unlawful to hire undocumented workers; the law requires employers verify employee "eligibility" to work.**

It is unlawful for employers to knowingly hire undocumented workers or to hire any individual without verifying their eligibility for employment. *Hoffman Plastic Compounds v. Nat'l Labor Relations Bd.*, 535 U.S. 137, 141 (2002); 8 U.S.C. § 1324a (a)(1), (a)(2), (b), (h)(3). Moreover, it "is unlawful for a person . . . to continue to employ" an undocumented worker (8

U.S.C. § 1324a (a), (2)), or to use "a contract, subcontract or exchange" to obtain the labor of an undocumented worker, which is considered the same as hiring them. 8 U.S.C. § 1324a (a), (4). The United States Citizenship and Immigration Services require *employers* to verify employment eligibility by properly completing a Form I-9 for all employees. *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 932, fn. 3 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3). Without such documented verification of eligibility, a person may not be lawfully hired. *Hoffman*, 535 U.S. at 148. Further, "[a]ny person or entity which engages in a pattern or practice of violations of subsection (a)(1)(A) [pertaining to hiring and verification] or (a)(2) [pertaining to "Continuing employment"]" is subject to criminal liability including imprisonment. 8 U.S.C. § 1324a (f).

   **c.**  **Employers are required under both labor laws and immigration law to keep and maintain records sufficient to verify "eligibility" for employment.**

  **FLSA Recordkeeping Requirements.** Under the FLSA, only employers have the statutory obligation to keep and maintain "proper records... and practices of employment" as they are in the best "position to know and to produce the most probative facts concerning the nature and amount of work performed." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). This obligation arises from the statute itself which makes clear that employers must "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him". 29 U.S.C. § 211(c). The implementing regulations also make clear that among the documents required are those which are necessary to establish the identity of persons in their employ. For example, controlling regulations require that "[e]very employer shall maintain and preserve payroll or other records containing (1) *Name in full, as used for Social Security* recordkeeping purposes . . .". 29 C.F.R. § 516.2.

  **Immigration Verification**. To verify eligibility for employment, Immigration law establishes an extensive "employment verification system," designed to deny employment to

persons not lawfully present in the United States, or persons who are not lawfully authorized to work in the United States. This includes a strict requirement that all employers verify employment eligibility by collecting identifying paperwork from employees and requiring that they complete a Form I-9 to verify eligibility for employment. *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 932, fn. 3 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3).

This verification system is critical to both immigration law and labor law. Enforcement of immigration laws mandates that employers verify the identity and eligibility of their workforce by examining specified documents before they begin work. If an undocumented alien applicant is unable to present the required documentation, the undocumented alien cannot customarily work. See *Hoffman Plastic Compounds v. Nat'l Labor Relations Bd.*, 535 U.S. 137, 147-8 (2002); *INS v. National Center for Immigrants' Rights, Inc.*, 502 U.S. 183, 194, and n. 8 (1991); *Patel v. Quality Inn South*, 846 F.2d 700, 704-05 (11th Cir. 1988); 8 U.S.C. § 1324a (a), (b), (h)(3).

### d. Labor laws and immigration laws work together to protect against exploitation of workers.

Labor laws work in tandem with immigration laws to discourage employers from hiring unauthorized workers by "assur[ing] that the wages and employment of lawful residents are not adversely affected by the competition of illegal alien employees who are not subject to the standard terms of employment . . .". See *Sure-Tan,* 467 U.S. 883, 893 (1984); *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3). Together, both realms of authority promote dignified employment conditions while firmly discouraging the employment of ineligible workers. If an employer realizes that there will be no advantage under labor laws in preferring unauthorized workers, any incentive to hire them is correspondingly reduced. *Sure-Tan,* 467 U.S. 883, 893 (1984); *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013). Holding employers who violate federal immigration law and federal employment law liable for

both violations advances their mutual policy objectives by "offset[ting] what is perhaps the most attractive feature of [unauthorized] workers – their willingness to work for less than the minimum wage." *Patel v. Quality Inn South,* 846 F.2d 700, 704 (11th Cir. 1988). *Sure-Tan,* 467 467 U.S. 883, 893 (1984). *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 936 (8th Cir. 2013).

### 2. Employers may not require their protected employees to participate in the employers' unlawful conduct.

No employer may use his employees' property to underwrite unlawful work. Neither should employers require employees to be implicated in the unlawful conduct of the employer.

#### a. Employers cannot use employees' property to pay wages of undocumented workers.

The FLSA does not allow employers to exploit any employee's immigration status or to profit from hiring unauthorized aliens in violation of federal immigration law. *Patel v. Quality Inn South*, 846 F.2d 700, 704-05 (11th Cir. 1988); *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 930 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3). "[T]here is no reason for treating" employers "more leniently" under the FLSA as a result of their use of undocumented workers. *Rutkin v. United States,* 343 U.S. 130, 137, (1952). *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 933 (8th Cir. 2013); 8 U.S.C. § 1324a (a), (b), (h)(3). Only the Employers must pay the unlawful wages.

#### b. Employers may not implicate their employees in employers' unlawful conduct.

Employers break the law when they hire ineligible workers, or fail to verify their eligibility to work. Employers are not permitted to benefit from their unlawful conduct by requiring that their employees be implicated in the illegality, and by passing even part of the costs associated with the unlawful conduct upon their lawfully employed employees.