## PLAINTIFFS' MEMORANDUM OF LAW[1] RE: "ISSUE TO BE BRIEFED" NO. 6

**Issue No. 6**: Whether an invalid tip pool, improper tax withholdings, and/or credit card surcharges constitute tip confiscation under the FLSA?

A. **There is no statutory or regulatory reference to the phrase "tip confiscation", nor is the phrase used in published or controlling caselaw. To the extent that the question asks whether Defendants' variously unlawful uses of Plaintiffs' tips constitute an unlawful taking, the answer is clearly "Yes".**

The statutes and regulations do not mention the phrase "tip confiscation", and neither does any controlling or published caselaw. We take the phrase to refer to employers taking tips belonging to employees.[2] Although there is no controlling authority answering the specific question posed, it is clear from the language of the statutes and controlling regulations that the Plaintiffs are entitled to retain all of their tips, and that employers are prohibited from taking their employees' tips for any purpose other than through participation in a valid "tip pool". 29 U.S.C. § 203(m)(2)(A) and (B); 29 C.F.R. § 531.52; 29 C.F.R. § 531.59; 29 C.F.R. § 531.54; 29 C.F.R. § 531.35; 29 C.F.R. § 531.50.

**Statute**. In interpretating a statute, a court's proper starting point is careful examination of the ordinary meaning of the statute. *Food Mktg. v. Argus Leader Media,* 588 U.S. __, 139 S. Ct. 2356, 2364 (2019) *citing Schindler Elevator Corp. v. United States ex rel. Kirk,* 563 U.S. 401, 407 (2011). Where a statute is clear, judges must stop. *Food Mktg. Inst. v. Argus Leader Media,* 139 S. Ct. at 2364 *citing Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 438 (1999).

**Regulations.** Regulations promulgated following notice-and-comment procedures (as were those cited above), are due deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), meaning the regulations are entitled to "controlling weight

---

[1] / This memorandum overlaps with one filed simultaneously regarding "Issue No. 12" [ECF No. 190, p. 3] which also uses "tip confiscation" as a predicate to the question posed.
[2] / According to the Merriam-Webster dictionary, "confiscate" means "to seize by or as if by authority". https://www.merriam-webster.com/dictionary/confiscate.

unless [they are] arbitrary, capricious, or manifestly contrary to the statute," *Id.* at 844.

B.   **The statutes and controlling regulations make clear that any use of tips by the employer (other than through a valid tip pool) is prohibited.**

   1.   **Historical FLSA prohibition against "tip confiscation".**

In 1966 and 1974 the FLSA was amended to protect restaurant workers and tipped employees. This was accomplished by amending how the Act defined the term "wage" for purposes of compliance with the Act. 29 USC § 203(m). In 1966 the "tip credit" was created, and in 1974 Congress again amended the Act to prohibit employers from taking tip credits unless "all tips received by [an] employee have been retained by the employee." 85 Fed. Reg. 86,756, 86,757 (Dec. 30, 2020). In 2018 the Act was amended again to expand the prohibition against taking tips to all employers "regardless of whether they take a tip credit" or pay a direct minimum wage. *Id*. at 86,756. This resulted in a renumbering of the tip credit language such that the 1974 prohibition became §203(m)(2)(A) and the 2018 expansion to all employers became §203(m)(2)(B). *Id*. Thus, both subsections prohibit "confiscation" of tips. Prior to 2018, tip theft was recoverable as unpaid minimum wage and in 2018 it remained recoverable, but irrespective of whether there was a minimum wage violation alleged.

   2.   **The statutory definition of "wage" makes clear that any use or taking of "tips" by the employer (other than through a valid tip pool) is prohibited.**

The FLSA, requires employers pay employees a minimum wage. 29 U.S.C. § 206(a). Accordingly, in determining compliance, what counts as a "wage" matters. It is the statutory definition of "wage"[3] which prohibits employers from taking employee tips, as follows:

> (2)(A) In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to —

---

[3] /   The Florida Constitution in creating a right to Florida MW defines "wage" identically and by reference to FLSA (Fla. Const., Art X, §24 (c)). Moreover, the FMWA is expressly interpreted consistently with the FLSA. *Llorca v. Sheriff, Collier Cnty.*, 893 F.3d 1319, 1328 (11th Cir. 2018).

>   (i) **the cash wage paid such employee** which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; **and**
>   (ii) **an additional amount on account of the tips received** by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.
>   The additional amount on account of tips may not exceed the value of the tips actually received by an employee. **The preceding 2 sentences shall not apply** with respect to any tipped employee **unless** such employee has been informed by the employer of the provisions of this subsection, and <u>**all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips**</u>.
>
>   (B) <u>**An employer may not keep tips**</u> received by its employees <u>**for any purposes**</u>, including allowing managers or supervisors to keep any portion of employees' tips, <u>**regardless of whether or not the employer takes a tip credit**</u>.

29 U.S.C. § 203(m)(2)(A) and (B) (emphasis added).

Thus, from the statutory language it is clear that Employers may not keep, use, or take their employees' tips, for any purpose other than participation in a <u>valid</u> tip pool. This is further clarified in the administrative interpretations as summarized below.

>   3.   **Regulations also make clear that any use or taking of "tips" by the employer (other than through valid tip pool) is prohibited.**

The regulations promulgated by the DOL also make clear that employers may not take employee tips for any reason other than for participation in a valid tip pool. A pertinent collection of administrative interpretations follows:

>   **29 CFR §531.52 General restrictions on employer's use of its employees' tips.**
>   (a) . . . An employer that takes a tip credit against its minimum wage obligations is *prohibited from using an employee's tips for any reason other than that which is statutorily permitted in section 3(m)(2)(A): As a credit against its minimum wage obligations to the employee, or in furtherance of a tip pool limited to employees who customarily and regularly receive tips* . . .
>   (b) *Section 3(m)(2)(B) of the Act provides that an employer may not keep tips received by its employees for any purposes*, regardless of whether the employer takes a tip credit.
>   (1) An *employer may exert control over an employee's tips only to distribute tips to the employee* who received them, require employees to share tips with other employees in compliance with § 531.54, *or, where the employer facilitates tip*

3

*pooling by collecting and redistributing employees' tips, distribute tips to employees in a tip pool* in compliance with § 531.54.

(2) An employer may not allow managers and supervisors to keep any portion of an employee's tips, regardless of whether the employer takes a tip credit. *A manager or supervisor may keep tips that he or she receives directly from customers* based on the service that he or she directly and solely provides . . .

\* \* \*

**29 C.F.R. §531.54 – Tip Pooling**
**(b)** *Prohibition against keeping tips—*
**(1)** *Meaning of "keep."* Section 3(m)(2)(B)'s *prohibition against keeping tips applies regardless of whether an employer takes a tip credit*. Section 3(m)(2)(B) expressly prohibits employers from requiring employees to share tips with managers or supervisors, as defined in § 531.52(b)(2), or employers, as defined in 29 U.S.C. 203(d). *An employer does not violate section 3(m)(2)(B)'s prohibition against keeping tips if it requires employees to share tips with other employees who are eligible* to receive tips.

(2) **Full and prompt distribution of tips.** An employer that facilitates *tip pooling* by collecting and redistributing employees' tips *does not violate* section 3(m)(2)(B)'s prohibition against keeping tips *if it fully distributes any tips the employer collects no later than the regular payday* for the workweek in which the tips were collected, or when the pay period covers more than a single workweek, the regular payday for the period in which the workweek ends . . .

\* \* \*

**29 C.F.R. §531.35 Free and Clear Payment; "kickbacks."**
Whether in cash or in facilities, *"wages"* cannot be considered to have been paid by the employer and received by the employee unless they are *paid finally and unconditionally or "free and clear."* The *wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit* the whole or part of the wage dgvered to the employee. *This is true whether the "kick-back" is made in cash or in other than cash…* For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a *violation of the Act in any workweek when the cost* of such tools purchased by the employee *cuts into* the minimum or overtime *wages required* to be paid him under the Act.

\* \* \*

**29 C.F.R. §531.50 "Statutory provisions with respect to tipped employees"**:
\* \* \*
(b) Section 3(m)(2)(A) also provides that an employer that takes a tip credit against its minimum wage obligations to its tipped employees must inform those employees of the provisions of that subsection, and that the **employees must retain all of their tips**, although the employer **may require those employees to**

4

> **participate in a tip pool with other tipped employees that customarily and regularly** receive tips.
>
> (c) Section 3(m)(2)(B) provides that **an employer may not keep tips** received by its employees **for any purposes**, including allowing managers and supervisors to keep any portion of employees' tips, regardless of whether the employer takes a tip credit under section 3(m)(2)(A).
>
> \* \* \*
>
> **29 C.F.R. § 531.59 The tip wage credit.**
>
> \* \* \*
>
> **(b)** . . . Pursuant to section 3(m)(2)(A), *an employer is not eligible to take the tip credit unless* it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m)(2)(A) of the Act, *i.e.:* The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that *all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips*; and that the tip credit shall not apply to any employee who has not been informed of the requirements in this section. . . . With the exception of tips contributed to a tip pool limited to employees who customarily and regularly receive tips as described in § 531.54, section 3(m)(2)(A) also requires employers that take a tip credit to permit employees to retain all tips received by the employee.

4. **Conclusion.**

Every pay stub produced in discovery for both Plaintiffs includes an indication that the employer took a tip credit. Likewise, the employers' pay records uniformly reflect that the employer exercised control over Plaintiffs tips before disbursing less than total portions thereof to the employees, without any accounting for the discrepancies. During "Phase I", these partial distributions were delivered in cash, and in "Phase II", via checks. Moreover, in Phase II – when the Employer kept records regarding these distributions – the employers' own records make clear that the tip pool included people and entities who were not employed and not eligible to receive tips, or to even legally work or receive any wages. These records also reflect deductions for credit card charges collected for the benefit of the employer who is not allowed to participate in the tip pool. Plaintiffs did not retain all of their tips and Defendants kept tips for invalid purposes.