## PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 7

**Issue No. 7**: On the issue of willfulness, whether an employer is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor? [The case cited by Defendants as authority for Proposed Jury Instruction No. 48 states that "[E]vidence of the DOL investigation is **relevant** to the good-faith defense and not outweighed by the risk of prejudice." *Garcia v. J&J, Inc.*, No. 19-CV-60728, 2020 WL 209732, at *3 (S.D. Fla. Jan. 14, 2020) (emphasis added). It does not stand for the proposition in the proposed jury instruction that: "An employer was not reckless and did not willfully violate the FLSA and is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor, Wage and Hour Division."]

**A.  No. There is no binding authority for the proposition that a "DOL investigation" may be relied upon for the issue of "willfulness". Neither is any Such evidence identified.**

As a threshold matter, we note that the question cannot be answered since it is made in reference to an unidentified "investigation", which does not even appear in the Defendants' own Trial Exhibit List. In order for the Defendants to "rely" upon evidence, the evidence would have to first be admissible, and it would have to pertain to some issue of fact or law properly before the Court. The "evidence" here is unidentified, so it is impossible to ascertain whether it is admissible, or whether anyone could reasonably rely upon it. Moreover, the question is not raised with respect to any defense or other issue properly before the Court.

The issue of "willfulness" pertains only to the whether longer or shorter statutes of limitations apply.[1] There is neither controlling nor published authority from either state or federal courts in support of the proposition that "an employer is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor" to avoid application of the longer statute of limitations for violation of the FLSA or the FMWA. However, the Defendants'

---

[1]/   The issue of "willfulness" is pertinent only to the application of the longer statutes of limitations under the FLSA and FMWA. Under the FLSA, the statute of limitations for "willful" violations is three years, otherwise two years. 29 U.S.C. § 255(a). Under the FMWA, the statute of limitations for "willful" violations is five (5) years, otherwise four (4) years. § 95.11(2)(d), Fla. Stat. and § 95.11(3)(q), Fla. Stat.

pleadings do not raise any issue pertaining to the applicable statutes of limitations, so it is not clear why the Defendants should be permitted to rely upon the unspecified "investigation of its pay practices conducted by" the DOL on the issue of "willfulness".

Neither is there any controlling nor published authority in support of the proposition that "an employer is entitled to rely on an investigation of its pay practices conducted by the United States Department of Labor" to avoid liability for liquidated damages.[2] On the contrary, controlling authority makes clear that liquidated damages are mandatory in the absence of an expressed judicial finding that Defendants acted in "good faith" when they violated the FLSA. *C.D. Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

**B.   The defendants may not rely upon an unidentified investigation or other evidence to support their supposed lack of "willfulness".**

    **1.   Threshold issues.**

        **a.   The evidence supposedly relied upon is unknown.**

We note that the question posed by the Court is made with reference to Defendants' proposed jury instruction No. 48 wherein Defendants incorrectly suggest that their supposed lack of "willfulness" is established by their reliance upon an unidentified "**investigation of its pay practices conducted**" by the DOL. However, the Defendants have not listed as an exhibit for trial any report of investigation or any specific document relating to any "investigation of its pay practices conducted" by the DOL[3]; in fact, Defendants have specifically and affirmatively

---

[2] / We mention this because Defendants' pleading [ECF No. 22, at p. 6 "Ninth Affirmative Defense"] erroneously suggests that a lack of willfulness is a defense to liquidated damages liability; to avoid liquidation, an employer must show good faith under § 260, which is not mentioned in their pleadings or stipulation. *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Defendants attempt to surreptitiously amend their pleadings – over the Plaintiffs' expressed written objection – by raising the unpled "good faith defense" in the recent [Second] Joint Pretrial Stipulation [ECF No. 144, p. 13, ¶ x].

[3] / The unpublished *Garcia* case cited above, involved a motion *in limine* directed to specific documents; the Court's ruling is premised upon the conclusion that the "DOL did not specifically

removed even the vaguely identified Defendants' Exhibit 15 ("Documents exchanged with the DOL Wage and Hour Division as redacted") from their recent Exhibit List [ECF No. 173-1, p. 2] and have therefore stipulated that no such documents would be offered as evidence. Neither have they produced any such evidence in the course of discovery. Neither have they listed any such reliance upon DOL documents in their pleadings. Thus, the question posed is cryptic and academic since it is made without reference to any identified evidence, or by reference to documents outside the putative record. There is certainly no caselaw supporting the idea that Defendants are entitled to rely upon evidence they do not seek to have admitted for purposes of the "issue of willfulness".

      **b.**     **The defendants have not pleaded any statute of limitations defense or other defense implicating "willfulness."**

Defendants have not alleged any statute of limitations defense or raised any other issue of fact pertaining to "willfulness". However, because it appears from their pleading that Defendants believe that their lack of "willfulness" is a defense to liquidated damages liability (see footnote 2), we will address the requirements of the "good faith" defense to liquidated damages liability, *infra*.

      **c.**     **The defendants have not pled a "good faith" defense.**

Neither have Defendants alleged any "good faith" defense under § 259 of the Act. However, in the abundance of caution, we will address the requirements of that defense, *infra*.

**2.**    **The unidentified "investigation" cannot advance "the issue of willfulness".**

The issue of "willfulness" is pertinent to the application of the longer statutes of limitations under the FLSA and FMWA.[4] Under the FLSA, the statute of limitations for "willful" violations

---

find [employer's] actions to be willful", and that it was "relevant" and not outweighed by "risk of prejudice". *Garcia* at *3. Indeed, motions *in limine* <u>must</u> be directed to specific items of evidence. *Holley v. Carnival Corp.*, No. 20-CV-20495, 2021 WL 5299836 (S.D. Fla. Nov. 15, 2021), at *4.

[4] /    "[I]n an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question." *Alvarez Perez v. Sanford-Orlando Kennel Club,*

is three years, otherwise two years. 29 U.S.C. § 255(a). Under the FMWA, the statute of limitations for "willful" violations is five (5) years, otherwise four (4) years. § 95.11(2)(d), Fla. Stat. and § 95.11(3)(q), Fla. Stat. To establish "willfulness" under § 255, an employee must prove by evidence that the employer knew it was in violation of the Act or acted in reckless disregard as to whether it was in violation of the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988). The Code of Federal Regulation defines reckless disregard as the "failure to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104. There is no authority for the idea that an employer can rely upon a "DOL investigation" to avoid liquidated damages for its unlawful pay practices. Moreover, it is not necessary to show that the employer "knew" it was in violation of the Act; rather, it is sufficient to show that the employer knew that the Act "was in the picture" and was aware of the Act's possible application to its employees. *Donovan v. McKissick Prods. Co.*, 719 F.2d 350, 354 (10th Cir. 1983).

### 3. The unidentified DOL investigation cannot advance any "issue of good faith" under § 260.

Controlling authority makes clear that liquidated damages are mandatory in the absence of an expressed judicial finding that Defendants acted in "good faith" when they violated the FLSA. *C.D. Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). The good faith defense to liquidated damages liability arises under § 260 of the Act, which provides that an employer can avoid liquidated damages if it "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29 U.S.C. § 260. In this case, no such defense raised in the pleadings, although Defendants attempts to raise such an issue over Plaintiffs' objection in

---

*Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008). In other words, a judicial finding of "good faith" is precluded by a jury's finding of "willfulness".

4

the pretrial stipulation, as mentioned above (at footnote 2).

Had Defendants properly pleaded this defense, which they have not, they carry the burden of proving they are entitled to the safe harbor and must show they acted with both objective and subjective good faith. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566–67 (11th Cir. 1991); *C.D. Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). To subjective good faith, the employer must show it had "an honest intention to ascertain what [the Act] requires and to act in accordance with it." *Dybach*, 942 F.2d at 1566. The employer shoulders the added burden to prove it had reasonable grounds for believing its conduct was based on statutory interpretation. *Id*.

The Defendants mislead the Court by suggesting that an employer does not act willfully by relying upon an unidentified "investigation" of its practices. As we have stated, there is no evidence of such investigation, or any reliance upon the same. Moreover, there is nothing about the fact of an investigation that furthers either the subjective or objective elements of the defense.

**4.    The unidentified DOL investigation cannot advance any "issue of good faith" under § 259.**

Under § 259 of the FLSA an employer can avoid liability under the FLSA "if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged." 29 U.S.C. § 260. No such defense is raised in the pleadings nor does any such issue appear in the Pre-trial Stipulations.

Moreover, there is no "written administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Division of the U.S. Department of Labor" provided in the record or discovery, nor is any writing identified by the Defendants.