## PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 9

**Issue No. 9**: Whether a plaintiff's damages are calculated by using the date of the lawsuit or the date of the opt-in notice, or the last day of employment?

**A.   There is clear and controlling authority establishing how wages and liquidated damages are calculated.**

To calculate damages available to an employee when his employer fails to pay their statutory wages, the Court and/or jury must know three things: 1) *when* were wages due; 2) what is the *statute of limitations*, and; 3) what *tolls* the statute. In other words, how long is the statutory period; when does it begin, and; when does it end? Clear and controlling authority establish how those three questions are answered and accordingly how wages and damages are calculated.

**Wages are due on payday**, which the employer must establish. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, (1945); *Olson v. Superior Pontiac-GMC, Inc.*, 765 F. 2d 1570, 1578 (1985); 29 C.F.R. §778.106.

**The statutes of limitation are three years and five years for "willful" violations, or two and four years, otherwise**. 29 U.S.C. §255(a); §95.11(2)(d), Fla. Stat; §95.11(3)(q), Fla. Stat. The statutes of limitation are tolled for the named party upon filing suit, and for the opt-in parties, upon filing written consent. 29 U.S.C. § 256; *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018). The FMWA says only that the statutory period begins upon violation, Fla. Stat. § 448.110(8), but the Florida Constitution makes clear through Article X, §24(f): "It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations."; *Llorca v. Sheriff, Collier Cnty., Fla.*, 893 F.3d 1319 (11th Cir. 2018).

**The statute is tolled** for the named party by filing suit, and for an opt-in, by written consent. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1276 (11th Cir. 2018); 29 U.S.C §§216(b), 256(b).

**B.     The manner for calculation of damages is clearly established.**

    **1.     Wages are due on payday, and liquidated damages immediately thereafter if wages are not paid.**

        **a.     Wages are due on payday.**

It is well settled that "compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends." 29 C.F.R. §778.106. The very framework of the FLSA requires a date certain upon which wages become due. *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993). When wages are not paid on the employee's regular payday the statute is violated. *Id*. Any distinction between "late payment" and "non-payment" is unworkable under the statute. *Id*., at p. 1544. In *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, (1945) the U.S. Supreme Court repeatedly emphasized the importance of the employer's obligation to pay employees on time. For example, the Court wrote that the liquidated damages provision of the FLSA "constitutes a Congressional recognition that failure to pay the statutory minimum wage on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and the free flow of commerce, that double payment must be made in the event of delay in order to ensure restoration of the worker to that minimum standard of well-being." *Id*. at 707, 65 S.Ct. at 902. Similarly, the Eleventh Circuit has held that the FLSA requires "that the employee receive 'prompt payment' of the minimum wage covering all hours worked during the pay period." *Olson v. Superior Pontiac-GMC, Inc.*, 765 F. 2d 1570, 1578 (1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944), cert. denied, 324 U.S. 883 (1945), (obligation to pay liquidated damages "immediately arises" when "an employer on any regular payment date fails to pay the full amount" due).[1]

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Other courts hold likewise. *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir.1961) ("While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities."); *Birbalas v. Cuneo Printing Industries, Inc.*, 140 F.2d 826, 828 (7th Cir.1944) (past due payment for overtime wages did not foreclose a suit for liquidated damages); *Rigopoulos v. Kervan*, 140 F.2d 506, 507 (2d Cir.1943) (overtime compensation "shall be paid in the course of employment and not accumulated beyond regular payday."); *Seneca Coal & Coke v. Lofton*, 136 F.2d 359, 363 (10th Cir.), cert. denied, 320 U.S. 772, 64 S.Ct. 77, 88 L.Ed. 462 (1943) (FLSA violated if overtime payments not made "when due in the regular course of employment"); *accord Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1299 (3d Cir.1991) ("liquidated damages . . . compensate employees for the losses they may have suffered by reason of not receiving their proper wages at the time they were due"); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944), cert. denied, 324 U.S. 883 (1945) (obligation to pay liquidated damages "immediately arises" when "an employer on any regular payment date fails to pay the full amount"); *Donovan v. Kaszycki & Sons Contractors, Inc.*, 599 F.Supp. 860, 869 (S.D.N.Y.1984) ("[t]he fact that defendants may have intended to pay the employees at some future date, or that some employees might have acquiesced, albeit grudgingly, to deferred payment, has no bearing on the fact that the statute was violated.").

      **b.**      **Liquidated damages "arise immediately" upon non-payment of wages.**

When "an employer on any regular payment date fails to pay the full amount of the minimum wages and overtime compensation due an employee, there ***immediately arises*** an obligation upon the employer to pay the employee the ***difference between the wages paid and the wages due***, plus an equal additional amount as liquidated damages; and the payment thereafter of the balance due as wage, even though made prior to suit, does not release the accrued liability for

liquidated damages. Such damages are not inflicted as a penalty, but are allowed as compensation for detention of a workman's pay." *Atlantic Co. v. Broughton*, 146 F.2d at 482 (5th Cir.1944) (emphasis added), cert. denied, 324 U.S. 883 (1945); Florida Constitution, Article X, §24(f) ("It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations."); *Llorca v. Sheriff, Collier Cnty., Fla.*, 893 F.3d 1319 (11th Cir. 2018) ("The FMWA is to be interpreted as consistent with the FLSA. The Act provides, 'Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section.' Fla. Stat. § 448.110(3); accord Fla. Const. art. X, § 24(f) ('It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations.')").

    **2.**    **The applicable statutes of limitations.**

Under the FLSA, the statute of limitations for "willful" violations is three years, otherwise two years. 29 U.S.C. § 255(a). Under the FMWA, the statute of limitations for "willful" violations is five (5) years, otherwise four (4) years. § 95.11(2)(d), Fla. Stat. and § 95.11(3)(q), Fla. Stat.

    **3.**    **The statutes of limitation toll for the named party upon filing suit and for opt-ins upon filing a consent to join.**

The authority for when an action is commenced begins with consideration of FLSA §§ 216(b) and 256. Section 216(b) provides a procedural "opt-in mechanism" for collective actions. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1275 (11th Cir. 2018). This mechanism permits an action to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b)(2006). The statute makes

4

clear that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. Thus, the *first requirement is upon the named plaintiff* which requires he file suit on behalf of himself and "other 'similarly situated' employees." *Mickles v. Country Club Inc.*, 887 F.3d at 1276, *citing Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).[2] *The second requirement is upon the opt-in employee*, whose written consent must be filed in the court in which the action is filed. *Mickles v. Country Club Inc.*, 887 F.3d at 1276, citing and quoting 29 U.S.C. § 216(b).[3] The plain language of the statute makes clear that *upon filing a consent to join, the opt-in plaintiff becomes a party to the lawsuit, and nothing else is required. Mickles v. Country Club Inc.*, 887 F.3d at 1278. Indeed "by referring to opt-in plaintiffs as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do named plaintiffs" *Id*. quoting *Prickett v. DeKalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003). Likewise the filing of the consent serves to toll the statute of limitations. 29 U.S.C. § 256(b); see also *Hoffman v. Sbarro, Inc.*, 982 F. Supp 249, 260 (S.D.N.Y. 1997) ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled."). Thus, by fulfilling his "requirement" under §216(b) the named Plaintiff's action shall be considered to have been commenced on the date when the complaint is filed, if he is specifically named as a party plaintiff. *See Mickels*, 887 F.3d at 1276; see also 29 U.S.C. § 256(a) (for purpose of limitation period action is commenced "on the date when the complaint is filed, if he is specifically named as a party plaintiff").

---

[2]/    Erik Chavez did this on June 23, 2020 [ECF No. 1].
[3]/    Opt-in plaintiff Leo Diaz did this on December 9, 2020 [ECF No. 39-1].