<u>**PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 10**</u>

**Issue No. 10**: Whether an initial joint pretrial stipulation can be superseded by a later joint pretrial stipulation when a court's operative scheduling order includes a deadline for the later-filed joint pretrial stipulation? In other words, must a party show "manifest injustice" before submitting changes in a later-filed joint pretrial stipulation, when the Court's operative scheduling order includes a deadline for the later-filed joint pretrial stipulation?

**A.      No. Controlling authority makes clear that parties are bound by pretrial stipulations which frame the issues for trial. A district court has discretion to consider new issues, and to disregard stipulated issues of law only to prevent "manifest injustice". Moreover, pretrial conference is designed to restrict the scope of trial by limiting the issues involved, not expanding them in the days before a special set trial.**

**Rule 16 and Pretrial Conference.** The purpose of Rule 16 and pretrial conferences generally is that they establish a mechanism designed to restrict the scope of the trial by defining and limiting the issues involved and therefore expediting the just disposition of cases and reduction of costs of litigation. *Hodges v. U.S.*, 597 F.2d 1014, 1017 (5th Cir. 1979). By manipulating and misleading the Court, Defendants have accomplished the opposite and caused harm to Plaintiffs.

**Stipulations**. Parties are bound by their stipulations and a pretrial stipulation frames the issues for trial. *G.I.C. Corp., Inc. v. U.S.*, 121 F.3d 1447, 1450 (11th Cir 1997), *citing, Hodges v. United States,* 597 F.2d 1014 (5th Cir. 1979). A district court has discretion to consider issues not raised in a pretrial stipulation or to disregard stipulated issues of law, but such discretion is exercised only to consider a party's request for relief to prevent "manifest injustice." *G.I.C. Corp., Inc. v. U.S.*, 121 F.3d at 1450, *citing* Fed.R.Civ.P. 16(e). The question posed refers to a "later-filed joint pretrial stipulation" [ECF No. 144] following an "operative scheduling order" [ECF No. 130], as potentially "superseding" the parties' agreements as reflected in the original stipulation [ECF No. 81] and joint proposed jury instructions [ECF No. 84] wherein the parties stipulated *inter alia* to the legal issues for trial, including the applicable MW rate precisely as identified by controlling authority (*Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1183 (11th Cir. 2022); 29 C.F.R. §541.4).

However, there is nothing about the "operative scheduling order" or the "later-filed" stipulation which permits Defendants to breach prior stipulations, or which opens the door to introduction of new issues only days before a specially scheduled trial [ECF No. 129]; even if *the Court* were not bound by the original stipulations, there is "no good reason in this case why the [Defendants] should not be." *G.I.C. Corp., Inc. v. U.S.*, 121 F.3d at 1450. There is even less reason to excuse the Defendants from their agreements, when the Plaintiffs have clearly objected to the new issues being "shoe-horned" by the Defendants[1], and especially when the effect of introducing the new issues in the "eleventh hour" is to lead the Court to err and to improvident last-minute orders which have the effect of causing unjust prejudice, cost and delay. Further, among the late issues raised are ones which did not even appear in the "later filed" stipulation, raised only *ore tenus* at Pretrial Conference. As previously argued (see footnote 1), Defendants unlawfully introduced new issues without even asking for relief from their agreements and without showing "manifest injustice", and by doing so they wrought "manifest injustice" and prejudice upon Plaintiffs.

**B.      The Defendants have led the Court to error by introducing new issues at the "eleventh hour". This reckless conduct caused Plaintiffs harm.**

**1.      Defendants have failed to show "manifest injustice".**

**a.      The issues and orders which cause harm to Plaintiffs.**

As more specifically set forth in Plaintiffs' briefing on their motion for relief from the Court's orders on "Eleventh Hour Issues" [ECF Nos. 181 and 193], the Court required the parties brief dozens of issues raised over Plaintiffs objections, and then entered various rulings thereon on the eve of the scheduled trial which caused prejudice to the Plaintiffs. On the Thursday and Friday before Monday trial, the Court entered orders summarized below, regarding issues not properly before the Court.

_____

[1] / See Plaintiffs' briefing on motion for relief from trial orders [ECF Nos. 181 and 193].

**Order a New Waiver Defense [ECF No. 169]** First, the Court entered an Order indicating that it would admit into evidence a "DOL Form WH-58" over the Plaintiffs' objection and before any evidentiary predicate had been laid at trial; by so ruling, the Court essentially permitted the Defendants to raise a defense that does not appear in the pleadings, did not appear in the *first* pretrial stipulation, and did not appear in the "later filed" pretrial stipulation. To be clear, the Court ruled on an evidentiary issue pertaining to *a legal defense which is not alluded to even in the "later filed" stipulation mentioned in the predicate question above.*

**Order Requiring Proof of Pre-suit Notice. [ECF No. 170]** On Friday, May 5th, the Court also required that Plaintiff file copies and provide evidence of mailing a "pre-suit notice". [ECF No. 170]. By doing so, the Court implicitly allowed the Defendants to introduce a defense which does not appear in the pleadings, and which did not appear in either of the pretrial stipulations (except over Plaintiffs' written objections in the "later filed"). Plaintiffs complied with the Order by filing a verified response demonstrating complete and utter compliance with the supposed pre-suit notice requirement. [ECF No. 171]. The verified response remains unrebutted.

**Order Dismissing FMWA Complaint of Opt-in Plaintiff. [ECF No. 176]** The Court dismissed the FMWA Act Complaint of Opt-In Plaintiff based upon an unpublished and inapposite case for the idea that he failed to provide pre-suit notice. However, there is no controlling or even published authority to support the idea that an opt-in Plaintiff who joins a lawsuit months *after* filing is required to provide "pre-suit notice". The only published authority recognizes that no such authority exists. *Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F.Supp.3d 1252, 1257 (2020).

**Order Declaring Erroneous Minimum Wage Rate in FLSA Claims [ECF No. 177]** Shortly after dismissing the FMWA claim of opt-in Plaintiff Diaz, the Court also entered an "Order on Remaining Legal Issues" in which it determined, among other things, that the case would

proceed to trial on Monday next as to both Plaintiffs, but that Plaintiff Chavez would be permitted

to seek the higher Florida MW, while opt-in Plaintiff Diaz would only be allowed to seek the lower

"federal" rate of $7.25/hour.[2] This is plainly erroneous and prejudicial and predicated upon the

same supposed "lack of notice" by opt-in Plaintiff.

**b.      The Defendants have not made a showing of manifest injustice.**

Defendants introduced various issues discussed contrary to their stipulations, over Plaintiff

objections, and without even attempting or purporting to meet their burden of showing manifest

injustice. The Court also ruled on the issues without making a finding of manifest injustice.

**2.      Plaintiffs have suffered manifest injustice and prejudice as a result of Defendants' unlawful introduction of "eleventh hour" issues.**

As discussed below, the Plaintiffs have already been prejudiced by the introduction of these

inapposite issues, in that they have suffered unnecessary expense and delay, and also because the

Court has ruled on them incorrectly and contrary to law in ways which prejudice Plaintiffs.

**a.      Plaintiffs lost their special trial setting upon which they relied to their detriment.**

As a preliminary matter, as a result of the Defendants' unlawful introduction of new issues,

the Plaintiffs eventually lost their special trial setting, cancelled on less than 24 hours' notice.

Attached hereto are invoices (totaling $1,943.60) for translation services cancelled on less than 24

hours' notice, and for travel expenses of Plaintiff Chavez who travelled from Oklahoma for his

---

[2] /      In calculating FLSA damages, employers in Florida are held to the higher MW. *Quintero v. DTM Enterprises, Inc.*, 2022 WL 2392477 (S.D. Fla. 2022), citing 29 U.S.C. 206(a)(1) and 29 C.F.R. §541.4. Specifically, the minimum wage in 2018 was $8.25/hour; in 2019, $8.46/hour; and in 2020, $8.56/hour. *Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1183 (11th Cir. 2022). See also *Touzout v. Am. Bet Car Rental KF Corp.*, No. 15-61767-CV, 2017 WL 2541225 (S.D. Fla. June 12, 2017)("courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009).")

special set trial. Plaintiffs also have had to undertake an unusually extensive and expensive briefing schedule as a result of the Court's entertainment of the issues not properly before the Court.

### b. Plaintiffs will suffer harm by the misapplication of the correct minimum wage rate established by law.

Plaintiffs are prejudiced by the Court's erroneous decision to apply an unconstitutionally low MW rate to Plaintiffs' FLSA claims which is contrary to controlling authority. *See Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1183 (11th Cir. 2022) (holding FLSA MW rate in Florida in 2018 was $8.25/hour; in 2019, $8.46/hour; and in 2020, $8.56/hour; 29 C.F.R. § 541.4.[3]

### c. Diaz will suffer harm by erroneously dismissal of FMWA claim.

Opt-in Plaintiff Diaz suffers prejudice and manifest injustice as a result of the unlawful dismissal of his FMWA Claim. As an opt-in Plaintiff, there is not authority requiring him to provide pre-suit notice. *Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F.Supp.3d 1252, 1257 (2020). Moreover, even if notice were required, dismissal (even without prejudice) is contrary to controlling authority since it is tantamount to dismissal with prejudice and too drastic a remedy. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018). The remedy for lack of notice is notice, not dismissal. See *Beardsley v. Admiral Ins. Co.*, 647 So. 2d 327, 330 (3d DCA 1994). Also, there is absolutely no prejudice to Defendants who never even plead this issue.

### d. The issue of the supposed waiver defense does not appear in any stipulation or in the pleadings.

The "later filed" stipulation makes no mention of this defense or legal issue.

---

[3] / A regulation promulgated following notice-and-comment procedures as was §541.4 (see 69 FR 22260), it is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), meaning it receives "**controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute**," *Id.* at 844. *See, e.g., U.S. v. Mead Corp.*, 533 U.S. 218, 230–31 (2001) (describing "notice-and comment" procedures "as significant . . . in pointing to *Chevron* authority (emphasis added).

9:21

< Todos     **Your trip confirmation (...**   ∧   ∨



**Saturday, May 6, 2023**

✈ **OKC**                          AA 3679

Oklahoma City

7:05 AM                           Operated by Envoy
                                  Air
                                  as American Eagle

**MIA**                    Seat:   **16F**

Miami                      Class:  **Economy
                                   (V)**
11:09 AM                   Meals:

**Manage your trip**

**Earn 10,000 bonus miles**

Plus $50 back and no annual
fee. Terms Apply.

**Learn more**



**Your purchase**

**Erik Chavez Rivera**

Join the AAdvantage® Program

New ticket (0012391069528)                    $367.90
[$328.37+ Taxes & carrier-
imposed fees $39.53]

Total cost                                    **$367.90**



9:20

  

< Todos    **Your trip confirmation (...**  ∧    ∨

**Earn 10,000 bonus miles**

Plus $50 back and no annual
fee. Terms Apply.



**Learn more**

# Your purchase

**Erik Chavez Rivera**

Join the AAdvantage® Program

| | |
|---|---|
| New ticket (0012391069528) | $367.90 |
| [$328.37+ Taxes & carrier-imposed fees $39.53] | |

| | |
|---|---|
| **Total cost** | **$367.90** |

# Your payment

| | |
|---|---|
| MasterCard (ending 1952) | $367.90 |

| | |
|---|---|
| **Total paid** | **$367.90** |

Expedia

# Recibo

Itinerario de Expedia: 72551508497081

Fecha de compra: 7 may 2023

## Detalles de la reservación

### Vuelo sencillo

De Miami (MIA) a Oklahoma City (OKC)

American Airlines 1698

Económica/turista (L)

Salida: 8 may 2023

Llegada: 8 may 2023

Pasajero 1: adulto

ERIK CHAVEZRIVERA

No. de boleto: 0017949792594

## Detalles del pago

Precio del vuelo

| | |
|---|---|
| Pasajero 1: adulto | $402.79 |
| Impuestos y cargos | $52.91 |

| | |
|---|---|
| **Total** | **$455.70** |
| Pagado | $455.70 |
| | [MasterCard 1952] |



**Legal Translations, Inc.**

a DBA of: Vega Interpreters, Inc.



3550 NW 20th Street

Miami, Florida 33142

United States

## INVOICE

| | | |
|---|---|---|
| Invoice Number | **F21488** | **Anthony F. Sanchez, P.A..** |
| Invoice Date | Tue May 9, 2023 | 6701 Sunset Drive |
| Due Date | Tue May 9, 2023 | Miami |
| Balance Due | $1,120.00 | faz@laborlawfla.com |

| Service | Description | Rate | hours/ words/ days | Total |
|---|---|---|---|---|
| Interpretation | Trial -  - Eric Chavez et. al vs. GRILL ENTERPRISES, LLC, et al., - Federal Court - ANTHONY F. SANCHEZ, ESQ. - Date of Service:Started: May 08, 2023 at 09:30 AM - Ended: Late Cancellation - Regular hours: 0 at $140 p/h -  - Overtime hours: 0 at $210.0 p/h - Minimum fee: 1120 JobID 21488 - Total: $1120 Requestor: Frank Zwanink | $1,120.00 | 1 | $1,120.00 |

**Terms**

Spanish interpreting jobs have a 24-hour cancellation policy. Other language assignments have a 48-hour cancellation policy.

I understand my card will be debited automatically for any late cancellation fees or for additional work performed in excess of what has been quoted.

I declare I have read and agree with the terms and conditions posted on the website and that I have authority to bind myself and my company into this agreement.

I will be responsible for all collection costs as described in the default clause.

| | |
|---|---|
| Subtotal | $1,120.00 |
| Paid To Date | $0.00 |
| Balance Due | $1,120.00 |