**PLAINTIFFS' MEMORANDUM OF LAW RE: "ISSUE TO BE BRIEFED" NO. 12**

**Issue No. 12**: Did Plaintiffs timely seek a claim for tip confiscation and, if not, what impact does that have on their damages claim?

A.  **There is no statutory or regulatory reference to the phrase "tip confiscation", nor is the phrase used in published or controlling caselaw. To the extent that the question asks whether the Plaintiffs have pleaded that the employer improperly kept tips belonging to them, the answer is clearly: "Yes".**

The statutes and regulations do not mention the phrase "tip confiscation", and neither does any controlling or published caselaw. Accordingly, to answer the question posed by the Court we must first intuit what the Court means by "tip confiscation". We take the phrase to refer the seizing or taking of tips belonging to the Plaintiffs by their employers, or for the benefit of the employers.[1] Plaintiffs have clearly alleged their employer unlawfully kept tips belonging to them.

**Complaint.** The Plaintiffs' Amended Complaint includes the following allegations:

13. During periods of Plaintiff's employment, **the Employer unlawful took a "tip credit" against gratuities received by Plaintiffs**, and/or took a "tip credit" **which was greater than** the "tip credit" **allowed by law**, if any.

14. The **Employer** is not entitled to any so-called "tip credit" toward the applicable minimum wage rate of pay and has actually **paid less than required by law as the result of** among other factors, the following: (a) Plaintiff and others similarly situated are not "tipped employees" within the meaning of the FLSA §3(m); (b) Plaintiffs and others similarly situated were not properly advised of any intention by the employer to take a "tip credit" toward the obligation to pay at least applicable minimum wage rate of pay, nor were they advised of the amount of such credit; (c) Defendant took a "tip credit" in excess actual tips received and kept by Plaintiff; (d) **Defendant took a tip credit greater than permitted by law and regulations**, including 29 CFR §531.59; (e) Defendants took a "tip credit" from revenues which are not "tips"; (f) **took a "tip credit" through an invalid tip pool which requires the sharing of tips with non-tipped employees, including "contractors"** who are not employees at all; (g) **taking possession of Plaintiff's tips without also taking a "tip credit"**; (h) **taking retroactive "tip credits"**; (i) the Employer **failed to timely disburse minimum wage** during the applicable pay day for the corresponding

---

[1] / According to the Merriam-Webster dictionary "confiscate" means "to seize by or as if by authority". https://www.merriam-webster.com/dictionary/confiscate.

pay period, and (j) **requiring unlawful kick-backs to the Employer by requiring Plaintiff to use tips to pay operating costs of the employer**.

\* \* \*

21. At all times material to this action, the **Employer failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R., §§516.2, 516.4, 516.28** *et seq.,* **and §§531.35 and 531.50**[2] *et seq.* and other applicable authority in that Plaintiff and those similarly situated performed services for the benefit of the Defendant for which they were paid well below the minimum wage rates required by both federal law, and under applicable Florida law and Florida Constitution (including §448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution.), whose occasionally higher minimum wage rates are made applicable under the FLSA.

[ECF No. 7, pp. 3-4] (emphasis added).

**Pleading Requirements**. Given that there is no provided definition of "tip confiscation", there is no specific requirement pertaining to pleading "tip confiscation". As such, regular rules of pleading apply. A pleading under Rule 8 "must simply give the defendant fair notice of what the

---

[2] /    29 C.F.R. § 531.50 provides:
(a) With respect to tipped employees, section 3(m)(2)(A) provides that, in determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—
  (1) The cash wage paid such employee which for purposes of such determination shall not be less than the cash wage required to be paid such an employee on August 20, 1996 [*i.e.,* $2.13]; and
  (2) An additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (a)(1) of this section and section 6(a)(1) of the Act.
(b) **Section 3(m)(2)(A)** also provides that an employer that takes a tip credit against its minimum wage obligations to its tipped employees must inform those employees of the provisions of that subsection, and that the **employees must retain all of their tips**, although the employer may require those employees to participate in a tip pool with other tipped employees that customarily and regularly receive tips.
(c) **Section 3(m)(2)(B)** provides that **an employer may not keep tips** received by its employees for any purposes, including allowing managers and supervisors to keep any portion of employees' tips, regardless of whether the employer takes a tip credit under section 3(m)(2)(A).
(d) "Tipped employee" is defined in section 3(t) of the Act as any employee engaged in an occupation in which he or she customarily and regularly receives more than $30 a month in tips.

plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**B.     Tips "confiscated" are recoverable as unpaid MW or as tips "kept".**

**1.     Historical FLSA prohibition against "tip confiscation".**

In 1966 and 1974, the FLSA was amended to extended the protections of the Act to restaurant workers and tipped employees. This was accomplished in large measure by amending how the FLSA defined the statutory term "wage" (in §3(m) of the Act, *i.e.*, 29 USC §203(m)) for purposes of determining compliance with the Act. In 1966 the FLSA's "tip credit" was created, and in 1974 Congress again amended the Act to prohibit employers from taking a tip credit unless "all tips received by [an] employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 85 Fed. Reg. 86,756, 86,757 (Dec. 30, 2020). Then, in 2018, the Act was amended again to expand the prohibition against taking tips to all employers "regardless of whether they take a tip credit" or pay a direct cash minimum wage. *Id*. at 86,756. This resulted in a renumbering of the tip credit language in §3(m) so that the 1974 prohibition applicable to employers who take a tip credit became FLSA §203(m)(2)(A) and the 2018 expansion to all employers became §203(m)(2)(A). *Id*. Thus, both subsections in the definition of the word "wage" prohibit "confiscation" employer "keeping" of tips, and require that employees "retain" them. Prior to 2018, the tip theft was recoverable as unpaid minimum wage, and afterward it remained recoverable irrespective of whether there was a minimum wage violation alleged.

### 2. The prohibition against taking tips is in the definition of "wage".

The FLSA, requires employers pay employees a minimum wage. 29 U.S.C. § 206(a).[3] Accordingly, in determining compliance, what counts as a "wage" matters. The FLSA's definition of "wage" recognizes that employers of "tipped employees" may <u>conditionally</u> use **part** (but not all) of such employees' tips as wage payments. 29 U.S.C. § 203(m)(2). In defining what may be included as a "wage" the FLSA provides:

> (2)(A) In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to —
> (i) **the cash wage paid such employee** which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; **and**
> (ii) **an additional amount on account of the tips received** by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. **The preceding 2 sentences shall not apply with respect to any tipped employee unless** such employee has been informed by the employer of the provisions of this subsection, and **all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among <u>employees</u> who customarily and regularly receive tips.**
>
> (B) **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

29 U.S.C. § 203(m)(2)(A) and (B) (emphasis added).

Relatedly, what counts as "wages" is necessarily diminished by any amounts an employee has to pay to his employer, or for the employers' benefit. This is illustrated in the regulations, including one proscribing "kickbacks", as follows:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be

---

[3] /   The Florida Constitution in creating a right to Florida MW defines "wage" identically and by reference to FLSA (Fla. Const., Art X, §24 (c)). Moreover, the FMWA is expressly interpreted consistently with the FLSA. *Llorca v. Sheriff, Collier Cnty.*, 893 F.3d 1319, 1328 (11th Cir. 2018).

> met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash . . . For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, **there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him** under the Act.

29 C.F.R. § 531.35.

### 3. The effect on damages when tips are taken by employer.

The evidence shows the Employer took a "tip credit" in all or most pay periods. Thus, using or "keeping" Plaintiffs' tips both invalidates the "tip credit" and diminishes the amount Defendants paid as "wages", if anything. Accordingly, in most if not all pay periods, the amounts Defendants took from Plaintiffs tip diminished the amounts that can be considered as having been paid as wages in satisfaction of the statutory requirements. The damages in MW cases are the difference between "wages paid and wages due". *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944)[4]; *see also* https://www.dol.gov/general/topic/wages/backpay ("A common remedy for wage violations is an order that the employer make up the difference between what the employee was paid and the amount he or she should have been paid."); 29 U.S.C.§ 206(a) ("Every employer shall pay" MW); Fla. Const., Art X, § 24(a)-(c); Fla. Stat. § 448.110(6)(b) ("If the employer fails to pay the total amount of unpaid wages . . . the person aggrieved may bring a claim . . .").

The more the Employer takes from the Plaintiffs, the less they paid them. Moreover, since 2018, an employer's taking of tips is prohibited irrespective of "tip credit", all tips taken are recoverable, even in pay periods when Defendants incidentally comply with MW requirements. Plaintiffs have alleged Defendants used Plaintiffs' tips even when they did not take a "tip credit".

---

[4]/   Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).